Oluwamuyiwa Awodiya
15005 Dahlia Dr.
Bowie, MD 20721
(240) 602-1836
Plaintiff, in Proper Person



# UNITED STATES DISTRICT COURT
для
Southern District of Florida

| | | |
|---|---|---|
| Oluwamuyiwa Awodiya<br>*Plaintiff(s)*<br><br>-v-<br><br>Ross University School of Medicine<br>*Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. _____<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial:   ☒ Yes  ☐ No |

## COMPLAINT FOR A CIVIL CASE

Plaintiff, OLUWAMUYIWA AWODIYA, in proper person, complains against Defendants, ROSS UNIVERSITY SCHOOL OF MEDICINE (hereinafter, referred to as "RUSM").

### PARTIES

1. Plaintiff, Oluwamuyiwa Awodiya is currently a resident of the State of Maryland and, at all relevant times, was a student at Ross University School of Medicine.

2. Defendant, RUSM is a private for-profit medical school registered in Tennessee with their principal office located in the State of Florida. RUSM is also registered to do business in Florida as a subsidiary of Adtalem Global Education. RUSM has its administrative offices in Florida, has 5 classrooms in Florida, and gives programs of instruction in Florida.

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

4. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 (questions of federal law) based upon Section 504 of the Rehabilitation Act of 1973 (hereinafter, referred to as "Section 504") and Title III of the Americans with Disabilities Act (hereinafter, referred to as the "ADA").

5. Venue is appropriate in this Court under 28 U.S.C. § 1391 as DEFENDANT'S administrative offices are located in this District.

## FACTS

6. In January 2016, Plaintiff was diagnosed with Attention-deficit/hyperactivity disorder (hereinafter, referred to as "ADHD") by RUSM psychiatrist Dr. Davendranand Sharma.

7. In January 2016, the Plaintiff was also diagnosed again with ADHD, separately and independently, by a second psychiatrist from his personal health provider in the state of Maryland.

8. In January 2016, Plaintiff requested accommodations for his disability but was

instead started on a medication treatment for his disability. This medication was initiated and prescribed by the RUSM psychiatrist.

9. In January 2016, Plaintiff again informed RUSM administration of his disability and notified them that he was experiencing difficulties studying for and taking exams due to his disability.

10. In January 2016, Plaintiff signed a release form that allowed RUSM psychiatrist to send and confirm the ADHD diagnoses with the Accommodations Coordinator.

11. In January 2016, Plaintiff requested in writing for reasonable accommodations from RUSM to address his disability; including additional time to complete exams. RUSM denied his request for additional time to complete exams. The Accommodations Coordinator told Plaintiff that the reason for the denial was because the ADHD was a recent diagnosis and that Plaintiff needed a prior, longer-term history of ADHD.

12. Due to RUSM denial of accommodation for Plaintiff's disability, RUSM caused a hostile academic environment.

13. The Plaintiff's disability worsened as a result of the hostile academic environment created by RUSM. This caused the Plaintiff to visit the counseling center of RUSM health services over 15 documented times.

14. In March 2016, Plaintiff requested RUSM's assistance and guidance to process requests for accommodations on NBME exams. RUSM's Accommodations Coordinator refused and told Plaintiff that he would not be able to get accommodations for NBME examinations because he did not have accommodations for previous exams.

15. Just before the Plaintiff's third attempt of the National Board of Medical Examiners (NBME) Comprehensive Basic Sciences examination (CBSE) (hereinafter, referred

to as "NBME CBSE") again requested for reasonable accommodations from RUSM to address his disability, including to postpone his NBME CBSE until the next testable window. RUSM denied the request also saying that if Plaintiff does not sit for the exam, he will be withdrawn from the school.

16. When Plaintiff enrolled in RUSM the student handbook stated that students are subject to Administrative Withdrawal if they do not pass the NBME CBSE within three consecutive attempts. RUSM changed this policy to state that students are subject to Administrative Withdrawal if they do not sit the NBME CBSE within three consecutive attempts. RUSM essentially forced students to sit for the exam even when they are not ready to do so, by penalizing them with an Academic Withdrawal. RUSM decision to change the policy in order to make students sit for the NBME CBSE was arbitrary, capricious, and lacking any discernable rational basis. Furthermore, RUSM did not make any attempt to notify students in advance of this significant change in policy. And lastly, this significant change in policy put students with learning disabilities at a substantial disadvantage to other students.

17. While Plaintiff was seeking assistance from RUSM, he was unaware of what accommodations he was entitled to under federal law or under RUSM policies and procedures, and RUSM failed to provide Plaintiff any information regarding disability support services provided by the university, accommodations, or his rights under Section 504 and the ADA.

18. RUSM took no action pursuant to Plaintiff's requests for assistance, and RUSM, refused to acknowledge his disability, let alone provide disability accommodations.

19. Despite Plaintiff's numerous attempts to seek assistance and accommodations for his disability, RUSM eventually dismissed Plaintiff for failure to pass the NBME CBSE.

20. Despite RUSM's knowledge of Plaintiff disability, RUSM failed to address his

disability and dismissed him.

21. RUSM was aware that Plaintiff's disability qualifies him under Section 504, which dictates that he is entitled to various "academic adjustments" to ensure that he is not discriminated against, based upon his disabilities. 34 C.F.R. § 104.44. These adjustments can include substitution of specific courses required to complete a degree program and modification "of the manner in which specific courses are conducted." 34 C.F.R. § 104.44(a). Section 504 also requires that a college or university modify how they evaluate academic achievement of a student with disabilities. 34 C.F.R. § 104.44(c).

22. Had RUSM provided the reasonable accommodations Plaintiff requested, which did not materially alter the program and could have been provided by RUSM for minimal (if any) expense, Plaintiff would have had the same opportunity as students without his disability. But, RUSM provided no such accommodations.

23. As a result of not being provided reasonable accommodations, Plaintiff was put at a substantial disadvantage to other students and was ultimately dismissed from the program.

24. RUSM's failures to provide Plaintiff with minimal accommodations and to modify its evaluation of his academic performance in light of his disability, despite RUSM's knowledge of his disability and despite Plaintiff's repeated requests, are in direct violation of law.

25. In August 2016, Plaintiff score a 67 on the NBME Comprehensive exam. At the time of this score, the academic catalog stated that a score of 66 or higher is a passing score. The academic catalog also states that "this catalog supersedes all previous editions and is in effect until a subsequent version is published either in print or online. The latest version published at the time was the 2015-2016, vol. 7 Ross University Academic Catalog. The next version of the

academic catalog was not published until November 2016 in which it changes the passing score from 66 to 68. This publication was months after the Plaintiff had already attained a score of 67. RUSM claims that the 67 score was not a passing score and ultimately dismissed the Plaintiff.

26. The Plaintiff appealed his dismissal to the Dean. The Dean did not respond within 15 calendar days of receipt of the appeal. The student handbook clearly states that on a student's second appeal, the Dean will respond within 15 calendar days of receipt of the appeal.

## FIRST CAUSE OF ACTION

### *VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973 ("SECTION 504"), 29 U.S.C. § 794*

27. Plaintiff reincorporates by reference each and every preceding paragraph as if fully restated herein.

28. Plaintiff is a qualified individual with a disability, as defined by Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 705(20). Plaintiff suffers from ADHD, which is a qualifying disability. This disability substantially limits major life activities; including learning and working, because it substantially limits his ability to complete examinations and assignments on a timely basis and limits his ability to organize and stay on task, limits his ability to take notes in class, and requires him to take medication.

29. Plaintiff is otherwise qualified to participate in RUSM's curriculum and is able to participate in said program with reasonable accommodations in place.

30. Defendants receive federal financial assistance, as defined by 29 U.S.C. §794, and, as such, may not discriminate against a person because of his disability.

31. Despite Plaintiff's requests for reasonable accommodations; including allowing

him the additional time he required to complete the NBME CSBE, as a result of his disability, Defendants refused to provide them.

32. Solely by reason of his disability, Plaintiff was excluded from the participation in, denied the benefits of, subjected to discrimination, exploitation and a hostile educational environment at RUSM, such acts and omissions violating Section 504.

33. Defendant exercised bad faith in failing to provide appropriate and necessary accommodations and modifications to Plaintiff so that he could continue in his educational program, which is a violation of Section 504.

34. Such acts, omissions and failures by RUSM proximately caused injuries to Plaintiff.

35. Defendant has wrongly caused Plaintiff to be discriminated against, denied reasonable accommodations, forcibly withdrawn him from the program, all in violation of his rights pursuant to Section 504, depriving him of the opportunity to complete his education and further his career, including the value of the lost degree with respect to future earnings, and inflicting emotional distress and physical injury, all to his damage in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

36. Plaintiff is entitled to injunctive and declaratory relief to allow his immediate access and participation in this education program.

## SECOND CAUSE OF ACTION

*VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT (ADA), 42 U.S.C. §12101, et. Seq*

37. Plaintiff reincorporates by reference each and every preceding paragraph as if

fully restated herein.

38. Plaintiff is a qualified individual with a disability, as defined by Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 705(20). Plaintiff suffers from ADHD, which is a qualifying disability. This disability substantially limits major life activities; including learning and working, because it substantially limits his ability to complete examinations and assignments on a timely basis and limits his ability to organize and stay on task, limits his ability to take notes in class, and requires him to take medication.

39. Plaintiff is able to perform the essential functions to participate in Defendant's curriculum with or without accommodations but was discriminated against and placed at a disadvantage because of his disability.

40. RUSM is considered to be a "place of public accommodation," as defined in 42 U.S.C. § 12181(7), as it is a private school, so as to be covered by the mandate of the ADA.

41. RUSM is a facility, the operation of which constitutes a program and services for ADA purposes.

42. RUSM failed and refused to reasonably accommodate Plaintiff in violation of Title III of the ADA. Plaintiff required additional time in which to complete his NBME CBSE as a result of his disability, which was a reasonable accommodation he requested and RUSM refused to provide.

43. Plaintiff's inability to pass the NBME CBSE was a direct manifestation of his disability and RUSM's failure to provide the reasonable accommodations he required to address this disability. As a result, RUSM dismissed Plaintiff on the basis of his known disability.

44. RUSM failed and refused to reasonably modify its services in violation of Title III of the ADA. Such failures by RUSM proximately caused injuries to Plaintiff.

45. Plaintiff's disabilities were well known to RUSM but, despite Plaintiff's multiple requests for reasonable accommodations, RUSM refused to provide the reasonable accommodations of allowing him additional time in which to complete his NBME CBSE to address the difficulties he was having with his ADHD and with his medication.

46. Defendant has wrongly caused Plaintiff to be discriminated against, denied reasonable accommodations, forcibly withdrawn him from the program, all in violation of his rights pursuant to ADA, depriving him of the opportunity to complete his education and further his career, including the value of the lost degree with respect to future earnings, and inflicting emotional distress and physical injury, all to his damage in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

47. Plaintiff is entitled to injunctive and declaratory relief to allow his immediate access and participation in this education program.

## THIRD CAUSE OF ACTION

### *BREACH OF CONTRACT*

48. Plaintiff reincorporates by reference each and every preceding paragraph as if fully restated herein.

49. By admitting Plaintiff and accepting his tuition payments, RUSM has an express and implied contract with Plaintiff in connection with rights explicitly guaranteed him by RUSM pursuant to the RUSM Student Handbook and RUSM Academic Catalog.

50. Defendant's actions constitute a material and substantial breach of the express and implied contract by:

    (a) denying Plaintiff his right to equal opportunity and denying Plaintiff, a

"qualified person with a disability," "reasonable accommodations" as is set forth in the Student Handbook - Accommodations for Students with Disabilities.

(b) denying Plaintiff his right to a productive learning environment free from harassment or discrimination – Student Complaint Procedure.

51. At all times relevant, Plaintiff abided by and governed his conduct by the terms of the aforementioned contract and met all financial obligations.

52. As a direct and proximate result of Defendants' actions, Plaintiff has lost the difference in value over a lifetime of earnings expected to be earned by an individual who graduated from RUSM and Plaintiff's earning capacity without a medical degree from RUSM.

53. As a direct and proximate result of Defendants' actions, Plaintiff has lost tuition he paid to RUSM.

54. As a result of the breach committed against Plaintiff, he has suffered loss, damage and detriment; including incidental and consequential damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

## FOURTH CAUSE OF ACTION

### *BREACH OF CONTRACT*

55. Plaintiff reincorporates by reference each and every preceding paragraph as if fully restated herein.

56. By admitting Plaintiff and accepting his tuition payments, RUSM has an express and implied contract with Plaintiff in connection with rights explicitly guaranteed him by RUSM pursuant to the RUSM Student Handbook and RUSM Academic Catalog.

57. Defendant's actions constitute a material and substantial breach of the express and

implied contract by:

    (a) Refusing Plaintiffs request for assistance and guidance to process requests for accommodations on NBME exams as is set forth in the RUSM Academic Catalog - Accommodations and USMLE/NBME Testing.

    (b) Making Plaintiff sit the NBME CBSE within three consecutive attempts which had not existed in the RUSM Student Handbook when Plaintiff had enrolled in 2014 and has no basis in academic or professional requirements. Defendant's decision to change the policy in order to make students sit for the NBME CBSE within three consecutive attempts was arbitrary, capricious, and lacking any discernable rational basis which also put students with learning disabilities at a substantial disadvantage to other students. Even if the Defendant's reserved the right to change the university's academic degree requirements, it cannot if such changes are arbitrary or capricious. See University of Mississippi Medical Center v. Hughes, 765 So.2d 528 (Miss. 2000).

    (c) Dismissing Plaintiff when he obtained a score of 67 on the NBME CBSE. The latest version of the Ross University Academic Catalog published at that time was the 2015-2016, vol. 7 which stated that the passing score for NBME CBSE was a 66. This version was in effect until a subsequent version is published online.

    (d) The Dean not responding to the Plaintiff within 15 calendar days of receipt of the second appeal as is set forth in the RUSM Student Handbook. Therefore the Dean's decision to be final should be void.

58.     At all times relevant, Plaintiff abided by and governed his conduct by the terms of the aforementioned contract and met all financial obligations.

59.     As a direct and proximate result of Defendants' actions, Plaintiff has lost the

difference in value over a lifetime of earnings expected to be earned by an individual who graduated from RUSM and Plaintiff's earning capacity without a medical degree from RUSM.

60. As a direct and proximate result of Defendants' actions, Plaintiff has lost tuition he paid to RUSM.

61. As a result of the breach committed against Plaintiff, he has suffered loss, damage and detriment; including incidental and consequential damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

## FIFTH CAUSE OF ACTION

### *BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING*

62. Plaintiff reincorporates by reference each and every preceding paragraph as if fully restated herein.

63. The aforementioned contract between the parties contained an implied covenant of good faith and fair dealing, which precludes Defendants from evading the spirit of the contract, willfully rendering imperfect performance, interfering with Plaintiff's ability to benefit from its terms, acting in contravention of Plaintiff's reasonable expectations, failing to abide by the standards and policies promulgated by Defendants, or otherwise acting in an arbitrary and capricious manner with respect to Plaintiff.

64. Defendants breached this implied covenant of good faith and fair dealing by making it impossible for Plaintiff to realize the benefit of his contract and by permitting its agents to act in bad faith and in a manner which interfered with Plaintiff's contractual expectations.

65. As a result of the breach committed against Plaintiff, he has suffered loss, damage

and detriment; including incidental and consequential damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

## JURY DEMAND

Plaintiff respectfully prays a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in Plaintiffs favor, and against Defendants, for:

(1) An injunction requiring RUSM to reinstate Plaintiff into his program.

(2) Compensatory damages in the amount of $5,751,354, including a lifetime of earnings expected to be earned by an individual who graduated from RUSM.

(3) Compensatory damages for lost tuition paid to RUSM in the amount of $207,917.

(4) Compensatory damages pursuant to Section 504, 29 U.S.C. § 794.

(3) The costs and disbursements of this action, for interest, and such other attorney's fees and further relief as justice requires.

DATED this 1st day of March, 2018:

> **Oluwamuyiwa Awodiya** (I consent this
> to be my electronic signature)
> By: Oluwamuyiwa Awodiya, *pro se* litigant
> 15005 Dahlia Dr.
> Bowie, MD 20721
> (240) 602-1836
> Plaintiff, in Proper Person