**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO: 0:18-CV-60482-KMM**

OLUWAMUYIWA AWODIYA,

    Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF MEDICINE,

    Defendant.

**DEFENDANT'S REQUEST TO BE HEARD AND**
**RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

Defendant, ROSS UNIVERSITY SCHOOL OF MEDICINE ("Defendant"), by and through its attorneys and pursuant to Rule 201(e) of the Federal Rules of Evidence, hereby submits its request to be heard and response to Plaintiff's Request for Judicial Notice ("Plaintiff's Request").

**SUMMARY OF ARGUMENT**

Plaintiff OLUWAMUYIWA AWODIYA has requested that the Court take judicial notice of three purported facts: (1) that foreign schools approved to participate in a loan program must follow all U.S. regulations covering federal student aid programs; (2) that Defendant's website "acknowledges" that the Americans with Disabilities Act is applicable to Defendant; and (3) that the Florida Administrative Code establishes that an academic catalog is a contractual obligation between a school and a student. Defendant opposes Plaintiff's Request on the grounds that the "facts" alleged by Plaintiff are not proper for judicial notice under Rule 201 of the Federal Rules of Evidence. As an initial matter, Plaintiff's Request does not ask the Court to take judicial notice of in-disputable and widely known *facts*, but rather attempts to circumvent proper

procedure and asks this Court to draw legal conclusions in furtherance of his own case. Second, even to the extent Plaintiff does allege facts (which he does not), these facts are in dispute and therefore not the proper subject of a request for judicial notice. For these reasons, and as more fully stated below, the Court should deny Plaintiff's Request in its entirety.

## LEGAL STANDARD

Federal Rule of Evidence 201 governs the judicial notice of adjudicative facts. Courts may take judicial notice of certain facts if the fact is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *see Absolute Activist Value Master Fund v. Devine*, 233 F. Supp. 3d 1297, 1315-1316 (M.D. Fla. Feb. 8, 2017).

The Eleventh Circuit has urged caution when taking judicial notice of facts because the judicial notice process "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). "[T]he kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." *Id*.

In the instant case, Plaintiff's Request does not fall into (or even anywhere close to) any of the aforementioned categories and is plainly improper. Plaintiff's Request should be denied.

## ARGUMENT

### A.     Plaintiff's First Request For Judicial Notice Is Improper.

First, Plaintiff requests that the Court take judicial notice of the following:

> [T]he U.S. Department of Education's published *Foreign School Participant Responsibilities* establishes that **foreign schools** approved to participate in the William D. Ford Federal Direct Loan (Direct Loan) Program enter into a binding legal agreement with the U.S. Department of Education and therefore must follow **all U.S. regulations** covering federal student aid programs.

(Dkt. No. 26, p. 1-2) (emphasis in original). Such a statement is improper for judicial notice. Courts may take judicial notice only of *facts* that are not subject to *reasonable dispute*. Instead, through his first request, Plaintiff asks the Court to take judicial notice as to whether a binding legal agreement exists and whether certain regulations are applicable to Defendant, undoubtedly an inappropriate request to reach a legal conclusion. *See Reynolds v. United States*, No. cv 109-061, 2010 U.S. Dist. LEXIS 24685, *12 (S.D. Ga. Mar. 17, 2010) ("legal arguments and conclusions subject to more than one interpretation are not the types of statements that are the proper subject of judicial notice"); *126th Ave. Landfill, Inc. v. Pinellas Cty., Fla.*, No. 8:09-CV-307-T-33TBM, 2010 WL 3190606, *2 (M.D. Fla. Aug. 11, 2010) (finding judicial notice of court proceedings proper for the limited purpose of recognizing that the proceedings occurred and their subject matter, but declining to take notice of factual findings, arguments, or legal conclusions advanced within such documents). At any rate, Plaintiff's proposition is disputed in this case, further making it an improper subject for judicial notice. *See* Fed. R. Evid. 201(b).

**B.     Plaintiff's Second Request For Judicial Notice Is Improper.**

In his second request, Plaintiff asks the Court to take judicial notice of the following:

> That defendant ROSS UNIVERSITY SCHOOL OF MEDICINE ("RUSM") has acknowledged on its website that the Americans with Disability Act is applicable to RUSM in Dominica and that RUSM will comply with the ADA in Dominica.

(Dkt. No. 26, p. 2.)  To the extent Plaintiff attempts to establish through this request that Defendant is subject to Title III of the ADA in Dominica as a matter of law, such a statement is not only a legal conclusion improper for judicial notice, but also inaccurate.  While courts may take judicial notice of the existence of various publications, such as the above-referenced website, it is improper to take notice of statements within the publications as truth.  *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'") (citing *Premier Growth Fund v. Alliance Capital Mgmt.*, 435 F.3d 396, 401 n. 15 (3d Cir. 2006).  This is precisely what Plaintiff attempts to do here, and his attempt should be denied.

This request further fails because it is a request to reach a legal conclusion that Defendant disputes.  Title III of the Americans with Disabilities Act of 1990 ("ADA") does not extend to conduct occurring outside the United States, and it follows that it does not extend to the Defendant's activities in Dominica.  *See, e.g.*, *Archut v. Ross University School of Medicine*, No. 10-1681 (MLC), 2012 WL 5867148 (D.N.J. Nov. 19, 2012), *aff'd*, 580 Fed. Appx. at 90-91.  Because Plaintiff's second "fact" is both a legal conclusion and in dispute, his request for judicial notice should be denied.

**C.      Plaintiff's Third Request For Judicial Notice Is Improper.**

Finally, Plaintiff asks the Court to take judicial notice of the following:

> That Florida Administrative Code 6E-2.004(11)(b)(2) establishes that the academic catalog of schools licensed under the provisions of Florida's Chapter 6E is a **contractual obligation** of the school to the student.

(Dkt. No. 26, p. 2) (emphasis in original). Like his two previous requests, Plaintiff once again improperly asks the Court to draw a legal conclusion as to the creation of a contractual obligation. Further, it is not clear precisely what Plaintiff classifies as a "catalog" for purposes of this request or how this request is otherwise related to the instant case. Such irrelevant "facts" are also not the proper subject for a request of this nature. *United States v. Falcon,* 957 F. Supp. 1572, 1585 (S.D. Fla. 1997), aff'd, 168 F.3d 505 (11th Cir. 1999) ("court may refuse to take judicial notice of facts that are irrelevant to the proceeding or (in certain contexts) otherwise excludable under the Federal Rules"). Because Plaintiff's request is both a request to reach a legal conclusion and irrelevant, the Court should deny his request for judicial notice on this third point, as well.

## CONCLUSION

For the reasons stated above, Plaintiff's requests are improper for judicial notice, and Defendant respectfully requests that the Court deny Plaintiff's Request for Judicial Notice.

DATED:  May 3, 2018                                Respectfully submitted,

                                                    SEYFARTH SHAW LLP


                                                    By: */s/ Christina F. Meddin*
                                                        Christina F. Meddin
                                                        cmeddin@seyfarth.com


SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA  30309-3958
Telephone:     (404) 885-1500
Facsimile:     (404) 892-7056

Attorneys for Defendant
ROSS UNIVERSITY SCHOOL OF MEDICINE

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 0:18-CV-60482-KMM

OLUWAMUYIWA AWODIYA,

    Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF MEDICINE,

    Defendant.

## CERTIFICATE OF SERVICE

I certify that on May 3, 2018, I electronically filed DEFENDANT'S REQUEST TO BE HEARD AND RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE using the CM/ECF system and sent a copy via U.S. Mail to the following individual:

    Oluwamuyiwa Awodiya
    15005 Dahlia Dr.
    Bowie, Maryland  20721


By:  */s/ Christina F. Meddin*_____
     Christina F. Meddin
     Attorney for Defendant