UNITED STATES DISTRICT COURT
for the
Southern District of Florida

FILED by PG D.C.
MAY 07 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

| | |
|---|---|
| OLUWAMUYIWA AWODIYA, *Plaintiff,* -v- ROSS UNIVERSITY SCHOOL OF MEDICINE, *Defendant.* | Case No. 0:18-cv-60482-KMM |

**PLAINTIFF'S REPLY TO DEFENDANT'S REQUEST TO BE HEARD AND RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

Plaintiff, OLUWAMUYIWA AWODIYA, in proper person, hereby submits his reply to Defendant's Request to Be Heard and Response to Plaintiff's Request for Judicial Notice ("*Defendant's Response*").

## SUMMARY OF ARGUMENT

Defendant does not dispute the accuracy, the truth, or the source of the facts that are readily determined by the Department of Education. Federal courts routinely take judicial notice of information contained on government websites. Plaintiff's second request was not for it's truth, but rather for the fact that the statements were made by ROSS UNIVERSITY SCHOOL OF MEDICINE ("Defendant" or "RUSM"). Plaintiff's third request is relevant to the instant case. None of the requests reach for legal conclusion. For these reasons, and as more fully stated below, the Court should grant Plaintiff's Request for Judicial Notice.

1

## **LEGAL STANDARD**

Under FRE 201(c)(2) courts shall take judicial notice of adjudicative facts if requested by a party and supplied with the necessary information. "The court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Florida district courts in the Eleventh Circuit as well as other federal courts "routinely take judicial notice of information contained on state and federal government websites." *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017). "The Defendants raise no reasonable or understandable objection to the Court taking judicial notice of information publicly available from an official government website." *Setai Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*, Civil Action No. 16-21296-Civ-Scola (S.D. Fla. Aug. 15, 2017).

Plaintiff's requests for judicial notice are entirely proper and should be granted.

## **ARGUMENT**

### A. **Plaintiff's First Request for Judicial Notice is Proper.**

In *Defendant's Response*, Defendant does not dispute the accuracy, the truth, or the source of the facts readily determined by the Department of Education. The facts stated by the Department of Education are in a published document from a government website whose accuracy cannot be reasonably disputed. See *Setai Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*, Civil Action No. 16-21296-Civ-Scola (S.D. Fla. Aug. 15, 2017) explaining that this district in addition to other federal courts, can take judicial notice of facts from government websites:

> The Defendants raise no reasonable or understandable objection to the Court taking judicial notice of information publically available from an official government website. As such, the Court takes judicial notice of the USPTO file history for the '974 Mark. See *Turbyfill v. Scottsdale Indem. Co.*, No. 3:14CV283-RV/EMT, 2016 WL 741657, at *2 (N.D. Fla. Feb. 24, 2016) (taking judicial notice of information available to the public via the Department of Health official website); *In re Everglades Island Boat Tours, LLC*, 484 F. Supp. 2d 1259, 1261 (M.D. Fla. 2007) (taking judicial notice of government website); *Gent v. CUNA Mutual Ins. Society*, 611 F.3d 79, 84 n.5 (1st Cir. 2010) (taking judicial notice of relevant facts from the official website of the Center for Disease Control and Prevention); *Denius v. Dunlap*, 330 F.3d 919, 927 (7th Cir. 2003) ("The defendants have simply caused additional judicial work by contesting a factual issue that, according to information readily available in the public domain, cannot be reasonably disputed.")

See also *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on state and federal government websites"). "The district court acted well within its discretion when it took judicial notice of the facts contained on the government website." *Id* at 622. Also see *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F.Supp.3d 1011, 1033 (C.D. Cal. 2015) ("Under Rule 201, the court can take judicial notice of [p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies"). They also cite *Paralyzed Veterans of Am. v. McPherson*, No. C 06–4670, 2008 WL 4183981, *5 (N.D.Cal. Sept. 8, 2008)

"Information on government agency websites has often been treated as properly subject to judicial notice". *Id* at 1033-34.

Also, Defendant quotes *Reynolds v. United States*, No. cv 109-061, 2010 U.S. Dist. LEXIS 24685, *12 (S.D. Ga. Mar. 17, 2010) ("legal arguments and conclusions subject to more than one interpretation are not the types of statements that are the proper subject of judicial notice"). (Dkt. No. 30 at 3); this quote is not persuasive at all. The plain language of the facts obtained from the Department of Education only suggest one interpretation. Furthermore, Defendant **did not offer a second interpretation** of the facts.

Defendant also failed to correctly apply its quote from *126th Ave. Landfill, Inc. v. Pinellas Cty., Fla.* No. 8:09-CV-307-T-33TBM, 2010 WL 3190606, *2 (M.D. Fla. Aug. 11, 2010) (finding judicial notice of court proceedings proper for the limited purpose of recognizing that the proceedings occurred and their subject matter, but declining to take notice of factual findings, arguments, or legal conclusions advanced within such documents.) This quote is referring to facts within court proceedings. It is important to distinguish that the facts from the Department of Education **are not court proceedings**, rather they are facts established by a government authority on a government website whose accuracy cannot reasonably be questioned. Thus, Plaintiff's request for judicial notice is proper. See Fed. R. Evid. 201(b)(2).

### B. Plaintiff's Second Request for Judicial Notice is Proper.

Defendant attempts to assert that Plaintiff's second request for judicial notice is improper because the statement is not true. (Dkt. No. 30 at 4). Plaintiff did not request the Court to take notice of the truth of the statement; Plaintiff merely requested that the Court take notice only for the fact that the statement was made by the Defendant. Whether the statement is true or not, does not change the fact that Defendant published a statement about complying with the Americans

with Disability Act in Dominica. For these reasons, Plaintiff's request for judicial notice is proper.

### C. Plaintiff's Third Request for Judicial Notice is Proper.

Defendant attempts to assert that Plaintiff's third request for judicial notice is not proper because "it is not clear precisely what Plaintiff classifies as a 'catalog'" and that the facts are irrelevant. (Dkt. No. 30 at 5). This is false. Plaintiff did not simply state "catalog," he precisely and clearly states "academic catalog"; this includes the "RUSM Academic Catalog" published by the Defendant. Further, the facts in this request are relevant because of the multiple breach of contract claims arising from the RUSM Academic Catalog. In support of relevance "Under Florida law, the legal relationship between a private university and a student is solely contractual in character. The university may set forth the terms under which it will admit and subsequently graduate students who subject themselves to the rules, regulations and regimen of the college. These terms may be derived from university publications such as the student handbook and catalog." *Sirpal v. Univ. of Miami*, No. 11-15210 (11th Cir. Feb. 19, 2013). For the reasons stated above, Plaintiff's request for judicial notice is proper.

### CONCLUSION

For the reasons stated above, Plaintiff's requests are undoubtedly proper for judicial notice, and Plaintiff respectfully requests that the Court grant Plaintiff's Request for Judicial Notice.

DATED this 4th day of May, 2018:                                        Respectfully submitted,

_____
By: Oluwamuyiwa Awodiya, *pro se* litigant
15005 Dahlia Dr.
Bowie, MD 20721
(240) 602-1836
Plaintiff, in Proper Person

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this 4th day of May, 2018, I have caused a true and correct copy of the foregoing by mailing a copy to the Court, where the Court's CM/ECF system will send notification to the following:

> Christina Meddin
> Seyfarth Shaw LLP
> 1075 Peachtree Street NE
> Suite 2500
> Atlanta, GA 30309
> 404-888-1886
> cmeddin@seyfarth.com

_____
By: Oluwamuyiwa Awodiya, *pro se* litigant

FROM:
Oluwamuyiwa Awodiya
15005 Dahlia Dr.
Bowie, MD 20721

TO:
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue, Room 8009
Miami, FL 33128

US POSTAGE PAID
$6.70

Origin: 20716
Destination: 33128
0 LB 3.50 OZ
May 04, 18
2308370718-05

PRIORITY MAIL 2-Day®
C075
Expected Delivery Day: 05/07/2018

USPS TRACKING NUMBER
9505 5105 6956 8124 2323 70