## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO: 18-CV-60482-KMM

Oluwamuyiwa Awodiya,

   Plaintiff,

  v.

Ross University School of Medicine,

   Defendant.

Hon. Chief Judge: K. Michael Moore
Magistrate Judge: Barry S. Seltzer

### DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COMES Defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM") and answers Plaintiff's Second Amended Complaint as follows:[1]

### PARTIES

**COMPLAINT ¶1:**

Plaintiff, Oluwamuyiwa Awodiya is currently a resident of the State of Maryland and, at all relevant times, was a student at Ross University School of Medicine.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff is currently a resident of Maryland. Defendant admits that Plaintiff was a student at Ross University School of Medicine but lacks knowledge or information sufficient to form a belief about the truth of the allegation that he was a student there at "all relevant times" because Defendant does not know what "times" Plaintiff asserts to be relevant.

**COMPLAINT ¶2:**

Defendant, RUSM is a private for-profit medical school registered in Tennessee with their principal office located in the State of Florida.  RUSM is also registered to do business in

---

[1] Although Plaintiff has named Defendant as, simply, Ross University School of Medicine, the correct name of the corporate entity that operates Ross University School of Medicine is "Ross University School of Medicine, School of Veterinary Medicine Limited," an entity organized under the laws of the Commonwealth of Dominica.

Florida as a subsidiary of Adtalem Global Education.  RUSM has its administrative offices in Florida, has 5 classrooms in Florida, and gives programs of instruction in Florida.  RUSM institution is licensed by Florida Department of Education.

**ANSWER:**

Defendant admits that RUSM is a corporate entity that operates a private, for-profit medical school. Defendant denies that its principal place of business is in the State of Florida. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations that it is "registered in Tennessee" and "licensed by [the] Florida Department of Education" because Defendant does not know what Plaintiff means by these phrases. Ross University School of Medicine does have conditional approval for a temporary location in Tennessee while Dominica is recovering from a hurricane that severely damaged the island in 2017. Further, the Florida Department of Education's Commission on Independent Education approves Ross University School of Medicine's clinical clerkship program in the State of Florida. Defendant denies the allegation that it is registered to do business in Florida as a subsidiary of Adtalem Global Education. Defendant admits that it has five classrooms for activities associated with its clinical clerkship program. Defendant denies any remaining allegations in Complaint Paragraph No. 2.

## JURISDICTION AND VENUE

**COMPLAINT ¶3:**

This court has jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

**ANSWER:**

Defendant admits that the Court possesses subject matter jurisdiction over this matter based on principles of diversity.

2

**COMPLAINT ¶4:**

Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 (questions of federal law) based upon Section 504 of the Rehabilitation Act of 1973 (hereinafter, referred to as "Section 504") and Title III of the Americans with Disabilities Act (hereinafter, referred to as the "ADA").

**ANSWER:**

Defendant admits that the Court possesses subject matter jurisdiction over Plaintiff's

claims under the federal statutes referenced in Complaint Paragraph No. 4 because they raise

federal questions.

**COMPLAINT ¶5:**

This Court also has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a) because Plaintiff's state law claims are so related to his federal claims that both form a part of the same case or controversy.

**ANSWER:**

Defendant admits that the Court would possess subject matter jurisdiction over Plaintiff's

state law claims based on principles of supplemental jurisdiction, even if it lacked such

jurisdiction under principles of diversity.

**COMPLAINT ¶6:**

Venue is appropriate in this Court under 28 U.S.C. § 1391 as DEFENDANT'S administrative offices and principal place of business are in this District.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 6; however, Defendant

admits that venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because he alleges (albeit

incorrectly) that a request for accommodation was denied in violation of law by someone

allegedly working for Defendant in this judicial district.

46444777v.2

## FACTS FOR NBME CBSE EXAM TAKEN IN THE UNITED STATES

### COMPLAINT ¶7:

In January 2016, Plaintiff gave the RUSM counseling center his CONNERS CPT3 assessment results of his ADHD diagnosed by his primary health care provider.  At the same time, for the first time, he requested accommodations for his ADHD which included additional time to complete exams, extra time to study for and between the National Board of Medical Examiners (NBME) Comprehensive Basic Sciences examination (CBSE) (hereinafter, referred to as "NBME CBSE") attempts, as well as assistance and guidance to process requests with NBME for extended test time.

### ANSWER:

Upon information and belief, Defendant admits that the Ross University School of

Medicine Counseling Center came into possession of a copy of Plaintiff's Conners CPT3

Assessment Report at some time on or after December 31, 2015 (the date on which the

Assessment appears to have been administered). At this time, Defendant lacks sufficient

information to admit or deny the truth of the allegation that this Report was furnished by Plaintiff

to the Counseling Center in January 2016. Defendant denies the remaining allegations in

Complaint Paragraph No. 7.

### COMPLAINT ¶8:

After Plaintiff requested accommodations, Dr. Davendranand Sharma and McMillan Cuffy wanted to do their own evaluation and diagnostic assessments for ADHD.

### ANSWER:

Defendant denies that Plaintiff requested accommodations and therefore denies the

entirety of Complaint Paragraph No. 8.

### COMPLAINT ¶9:

In addition to Plaintiff's CONNERS CPT3 assessment already provided to RUSM, Plaintiff took the CAARS assessment which indicated ADHD and took the Test of Variables of Attention (T.O.V.A.) assessment which also indicated ADHD.

46444777v.2

**ANSWER:**

Upon information and belief, Defendant admits that the Ross University School of Medicine Counseling Center came into possession of a copy of Plaintiff's Conners CPT3 Assessment Report at some time on or after December 31, 2015 (the date on which the Assessment appears to have been administered). At this time, Defendant lacks sufficient information to admit or deny the truth of the allegation that this Report was furnished by Plaintiff to the Counseling Center in January 2016. Defendant admits that the Ross University School of Medicine Counseling Center administered the TOVA and the CAARS on or about January 18, 2016. Defendant admits that the Counseling Center concluded that the results of the TOVA "suggest[ed] an attention problem, including ADHD" and concluded that the results of the CAARS "indicated ADHD predominantly Inattentive presentation." Defendant denies any remaining allegations in Complaint Paragraph No. 9.

**COMPLAINT ¶10:**

RUSM later confirmed Plaintiff's diagnosis of Attention-deficit/hyperactivity disorder (hereinafter, referred to as "ADHD") and the need for test accommodations.

**ANSWER:**

Defendant admits that McMillan Cuffy of the Ross University School of Medicine Counseling Center made the following assessment of Plaintiff: "Attention Deficit Disorder Without Mention of Hyperactivity - F90.9, 314.00." Defendant denies the remaining allegations in Complaint Paragraph No. 10.

**COMPLAINT ¶11:**

With an already signed 'Release of Information Consent' form addressed to RUSM administration, Plaintiff allowed RUSM psychiatrist and counseling center to confirm the ADHD diagnoses with the Accommodations Coordinator.  Mr. Cuffy then scheduled me to see the Accommodations Coordinator, Matthew J. Stewart-Fulton.

**ANSWER:**

Defendant admits that Plaintiff executed a Consent to Release Confidential Information, authorizing the Counseling Center to discuss otherwise confidential information pertaining to his treatment with "RUSM Administration" to facilitate treatment planning and to provide information relevant to academic accommodations. Defendant admits that this would have permitted the Counseling Center, including the psychiatrist treating Plaintiff, to discuss his ADHD with the school's Accommodations Coordinator, Matthew Stewart-Fulton. At this time, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that McMillan Cuffy scheduled Plaintiff to see the Accommodations Coordinator.

**COMPLAINT ¶12:**

During the Plaintiff's meeting with the Accommodations Coordinator, he again requested the same test accommodations.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 12.

**COMPLAINT ¶13:**

RUSM denied and failed to provide Plaintiff with any accommodations for his ADHD.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 13.

**COMPLAINT ¶14:**

Due to RUSM denial of accommodations for Plaintiff's disability, RUSM caused a hostile and discriminative academic environment.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 14.

46444777v.2

**COMPLAINT ¶15:**

The Plaintiff's disability worsened because of the discriminative academic environment created by RUSM.  Over numerous documented visits to the counseling center of RUSM, Plaintiff continued to express his concern for his ADHD.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 15.

**COMPLAINT ¶16:**

In March 2016, Plaintiff again requested RUSM's assistance and guidance to process requests for accommodations on NBME exams.  RUSM refused again.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 16.

**COMPLAINT ¶17:**

Majority of the Plaintiff's attempts to pass the NBME CBSE took place in Maryland.  He again requested for reasonable accommodations from RUSM administration located in Florida, including to postpone his NBME CBSE until the next testable window.  RUSM denied the request also saying that if Plaintiff does not sit for the exam, he will be withdrawn from the school.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the location of

Plaintiff's attempts to pass the NBME CBSE. Defendant denies the remaining allegations in

Complaint Paragraph No. 17.

**COMPLAINT ¶18:**

When Plaintiff enrolled into RUSM, the student handbook stated that students are subject to administrative withdrawal if they do not "pass" the NBME CBSE within three consecutive attempts.  RUSM changed this policy to state that students are subject to administrative withdrawal if they do not "sit" the NBME CBSE within three consecutive attempts.  RUSM essentially forced students to sit for the exam even when they are not ready to do so, by penalizing them with an Academic Withdrawal.  RUSM decision to change the policy in order to make students sit for the NBME CBSE was arbitrary, capricious, and lacking any discernable rational basis.  Furthermore, RUSM did not make any attempt to notify students in advance of this significant change in policy.  And lastly, this significant change in policy put students with learning disabilities at a substantial disadvantage to other students.

46444777v.2

**ANSWER:**

Defendant admits that when Plaintiff enrolled, the Student Handbook stated that students

are subject to Administrative Withdrawal if they do not pass the NBME CBSE within three

consecutive attempts. Defendant denies the remaining allegations in Complaint Paragraph No.

18.

**COMPLAINT ¶19:**

While Plaintiff was seeking assistance from RUSM, RUSM failed to provide Plaintiff
any information regarding disability support services provided by the university,
accommodations, or his rights under Section 504 and the ADA.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 19.

**COMPLAINT ¶20:**

RUSM took no action pursuant to Plaintiff's requests for assistance, and RUSM, refused
to acknowledge his disability, let alone provide disability accommodations.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 20.

**COMPLAINT ¶21:**

Despite Plaintiff's numerous attempts to seek assistance and accommodations for his
disability, RUSM eventually dismissed Plaintiff for failure to pass the NBME CBSE.

**ANSWER:**

Defendant admits that it dismissed Plaintiff for failure to achieve the minimum passing

score on the NBME **after five attempts** but denies the remaining allegations in Complaint

Paragraph No. 21.

**COMPLAINT ¶22:**

Despite RUSM's knowledge of Plaintiff disability, RUSM failed to address his disability
and dismissed him.

46444777v.2

**ANSWER:**

Defendant admits that it dismissed Plaintiff for failure to achieve the minimum passing score on the NBME **after five attempts** but denies the remaining allegations in Complaint Paragraph No. 22.

**COMPLAINT ¶23:**

RUSM was aware that Plaintiff's disability qualifies him under Section 504, which dictates that he is entitled to various "academic adjustments" to ensure that he is not discriminated against, based upon his disabilities.  These adjustments can include substitution of specific courses required to complete a degree program and modification "of the manner in which specific courses are conducted."  Section 504 also requires that a college or university modify how they evaluate academic achievement of a student with disabilities.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff suffered a disability, as that term is defined under the Rehabilitation Act, during his time at Ross University Medical School. Defendant lacks knowledge or information sufficient to admit or deny the additional legal conclusions alleged in Complaint Paragraph No. 23 because it does not know how Plaintiff intends them to be applied or understood. Defendant denies that the Rehabilitation Act applies in the Commonwealth of Dominica, denies that it violated the Act with respect to any actions it took in the United States of America, and denies that it would have violated the Act by its actions in Dominica even if the statute applied there.

**COMPLAINT ¶24:**

Had RUSM provided the reasonable accommodations Plaintiff requested, which did not materially alter the program and could have been provided by RUSM for minimal (if any) expense, Plaintiff would have had the same opportunity as students without his disability.  But, RUSM provided no such accommodations.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 24.

**COMPLAINT ¶25:**

As a result of not being provided reasonable accommodations, Plaintiff was put at a substantial disadvantage to other students ultimately leading to his dismissal from the program.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 25.

**COMPLAINT ¶26:**

RUSM's failures to provide Plaintiff with minimal accommodations and to modify its evaluation of his academic performance in light of his disability, despite RUSM's knowledge of his disability and despite Plaintiff's repeated requests, are in direct violation of law.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 26.

**COMPLAINT ¶27:**

In August 2016, Plaintiff scored a 67 on the NBME Comprehensive exam.  At the time of this score, the academic catalog stated that a score of 66 or higher is a passing score.  The academic catalog also states that "this catalog supersedes all previous editions and is in effect until a subsequent version is published either in print or online.  The latest version published at the time was the 2015-2016, vol. 7 Ross University Academic Catalog.  The next version of the academic catalog was not published until November 2016 in which it changes the passing score from 66 to 68.  This publication was months after the Plaintiff had already attained a score of 67.  RUSM claims that the 67 score was not a passing score leading to the dismissal of the Plaintiff.

**ANSWER:**

Defendant admits that Plaintiff scored a 67 on the NBME CBSE (Comprehensive Basic Science Exam) in August 2016 and admits that the last published Academic Catalog prior to that date was the ROSS UNIVERSITY SCHOOL OF MEDICINE ACADEMIC CATALOG 2015-2016, VOL. 7, and that it stated that the minimum passing score on the NBME CBSE was 66.

Defendant also admits that this version of the Academic Catalog stated:

This catalog supersedes all previous editions and is in effect until a subsequent version is published either in print or online. All information in this catalog is current at the time of printing. **Statements regarding** tuition and fees, curriculum, course offerings, admissions, and **graduation requirements are subject to change at any time and are applicable to all enrolled students** unless otherwise stated.

(Emphasis supplied.) Defendant admits that the 2016-2017 version of the Academic Catalog was not published until November 2016, months after Plaintiff scored a 67, and that this version states that 68 is the minimum passing score on the exam.

By way of further answer, Defendant states that it sent an e-mail communication to all students, including Plaintiff, in August 2015, advising them that the minimum passing score on the exam would be a 68 as of mid-November 2015, more than five months before Plaintiff's first attempt at the exam in April 2015, when he scored a 58, and more than nine months before the only time he scored above a 64, when he scored a 67 on his third attempt. Defendant admits that Plaintiff's score of 67 in August 2016 was <u>not</u> a passing score and that his failure to pass the exam, despite being allowed five attempts (one more than ordinarily permitted by school policy), resulted in his dismissal from school.

Defendant denies any remaining allegations in Complaint Paragraph No. 27.

**<u>COMPLAINT ¶28:</u>**

The Plaintiff appealed his dismissal to the Dean.  The Dean did not make his final decision to permanently dismiss Plaintiff within 15 calendar days of receipt of the appeal.  The student handbook clearly states that on a student's second appeal, the Dean will respond within 15 calendar days of receipt of the appeal.

**<u>ANSWER:</u>**

Defendant admits that he appealed his dismissal to the Dean. Defendant admits that the Student Handbook in effect at the time stated that "[t]he Dean will respond within 15 calendar days of receipt of the appeal." Defendant admits that the Dean responded 16 days after receipt of Plaintiff's appeal. Defendant denies any remaining allegations in Complaint Paragraph No. 28.

46444777v.2

## FACTS FOR NBME CBSE EXAM TAKEN IN DOMINICA
## (FACTS FOR FRAUDULENT INDUCEMENT)

**COMPLAINT ¶29:**

In early 2014, Plaintiff was a prospective student who had applied to RUSM for its medical degree program.

**ANSWER:**

Defendant admits that by early 2014, Plaintiff was a prospective student who had applied to Ross University School of Medicine in January 2013, seeking admission to its medical degree program.

**COMPLAINT ¶30:**

While Plaintiff was searching for medical schools that he could apply to, he would go to their websites and read their admission requirements. Plaintiff used RUSM's website to make an important life decision to apply and attend its medical degree program.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph No. 30.

**COMPLAINT ¶31:**

During his search and before Plaintiff applied to RUSM, RUSM put this exact statement, word for word, in the admission requirement section of their website:

It is the policy and practice of the University to **comply** with the Americans with Disabilities Act as **applicable** and practical **in Dominica**. No qualified individual with a disability will be denied access to or participation in services, programs, or activities of Ross University.

(Emphasis added). This statement made by RUSM tells prospective student that the Americans with Disability ("ADA") is applicable in Dominica and that the school will comply with this law in Dominica.

**ANSWER:**

Because Defendant does not know when Plaintiff was searching for a medical school and because the time "before Plaintiff applied" is all time prior to January 25, 2013, Defendant lacks

knowledge or information sufficient to admit or deny the truth of the first sentence (including the purported quotation) in Complaint Paragraph No. 31. Regardless, Defendant denies that this statement tells prospective student that the Americans with Disabilities Act ("ADA") is applicable in the Commonwealth of Dominica or that the school will comply with this law in Dominica.

**COMPLAINT ¶32:**

When Plaintiff applied to RUSM, he fully relied and depended on RUSM's statement about ADA applicability and compliance that they advertised to prospective students. Plaintiff felt that it was safe to attend the school because he knew that even though he would be using federal student aid from the U.S. government to pay for RUSM's medical degree program, that he would still have the protection of the Americans with Disability Act in any event that he becomes disabled or if any disabilities are discovered during his enrollment in Dominica.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 32.

**COMPLAINT ¶33:**

RUSM published this statement in its admission requirements with the intentions of persuading U.S. prospective students to apply to its medical degree program in Dominica.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 33.

**COMPLAINT ¶34:**

When plaintiff was enrolled in RUSM, he requested accommodations to address his ADHD for the NBME CBSE exam that he first attempted in Dominica. Plaintiff believed that he would get those accommodations because of RUSM's stated compliance with the ADA in Dominica.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 34.

13

**COMPLAINT ¶35:**

RUSM did not provide any test accommodations for Plaintiff's ADHD disability, despite providing them with his ADHD assessment from his private health provider in the U.S. and despite the multiple ADHD diagnostic assessments that RUSM administered to the Plaintiff in Dominica

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 35.

**COMPLAINT ¶36:**

The same NBME CBSE exam that Plaintiff requested accommodations for, he did not pass and RUSM dismissed him for not passing that exam.  Due to his dismissal from the program, Plaintiff suffered direct and proximate damages.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 36.

**COMPLAINT ¶37:**

It is recently learned that RUSM publicly admits that its statements of ADA compliance and applicability in Dominica were false.  Also, from previous lawsuits against RUSM and its veterinary sister school, it is easily apparent that RUSM knew that its statements on its website, used to induce prospective students to enroll into their school, were false.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 37.

**FIRST CAUSE OF ACTION**
***VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973***
***("SECTION 504"), 29 U.S.C. § 794***

**COMPLAINT ¶38:**

Plaintiff reincorporates by reference each and every preceding paragraph as if fully restated herein.

**ANSWER:**

Defendant incorporates by reference its answers to each and every preceding paragraph

as if fully restated herein.

**COMPLAINT ¶39:**

Plaintiff is a qualified individual with a disability, as defined by Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 705(20).  Plaintiff suffers from ADHD, which is a qualifying disability.  This disability substantially limits major life activities; including learning and working, because it substantially limits his ability to complete examinations and assignments on a timely basis and limits his ability to organize and stay on task, limits his ability to take notes in class, and requires him to take medication.

**ANSWER:**

Defendant admits that Plaintiff was diagnosed with ADHD but does not know if he suffers from it currently, and denies that a mere diagnosis equates to a disability as that term is defined by the Rehabilitation Act. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Complaint Paragraph No. 39.

**COMPLAINT ¶40:**

Plaintiff is otherwise qualified to participate in RUSM's curriculum and is able to participate in said program with or without accommodations, but was discriminated against because of his disability.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 40.

**COMPLAINT ¶41:**

Defendants receive federal financial assistance, as defined by 29 U.S.C. § 794, and, as such, may not discriminate against a person because of his disability.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 41.

**COMPLAINT ¶42:**

Despite Plaintiff's requests for reasonable accommodations; including allowing him the additional time he required to complete the NBME CSBE, as a result of his disability, Defendants refused to provide them.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 42.

**COMPLAINT ¶43:**

Solely by reason of his disability, Plaintiff was excluded from the participation in, denied the benefits of, subjected to discrimination, exploitation and a hostile educational environment at RUSM, such acts and omissions violating Section 504.  Plaintiff's inability to pass the NBME CBSE was a direct manifestation of his disability and RUSM's failure to provide the reasonable accommodations he required to address this disability.  As a result, RUSM dismissed Plaintiff on the basis of his known disability.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 43.

**COMPLAINT ¶44:**

Defendant exercised bad faith in failing to provide appropriate and necessary accommodations and modifications to Plaintiff so that he could continue in his educational program, which is a violation of Section 504.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 44.

**COMPLAINT ¶45:**

Such acts, omissions and failures by RUSM proximately caused injuries to Plaintiff.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 45.

**COMPLAINT ¶46:**

Defendant has wrongly caused Plaintiff to be discriminated against, denied reasonable accommodations, forcibly dismissed him from the program, all in violation of his rights pursuant to Section 504, depriving him of the opportunity to complete his education and further his career, including the value of the lost degree with respect to future earnings, and inflicting emotional distress and physical injury, all to his damage in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 46.

## SECOND CAUSE OF ACTION
### *VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT (ADA), 42 U.S.C. §12101, et. seq.*

**COMPLAINT ¶47:**

Plaintiff reincorporates by reference each and every preceding paragraph as if fully restated herein.

**ANSWER:**

Defendant incorporates by reference its answers to each and every preceding paragraph

as if fully restated herein.

**COMPLAINT ¶48:**

Plaintiff is a qualified individual with a disability, as defined in the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101, *et seq.*.  Plaintiff suffers from ADHD, which is a qualifying disability.  This disability substantially limits major life activities; including learning and working, because it substantially limits his ability to complete examinations and assignments on a timely basis and limits his ability to organize and stay on task, limits his ability to take notes in class, and requires him to take medication.

**ANSWER:**

Defendant admits that Plaintiff was diagnosed with ADHD but does not know if he

suffers from it currently, and denies that a mere diagnosis equates to a disability as that term is

defined by the Americans with Disabilities Act. Defendant lacks knowledge and information

sufficient to form a belief as to the truth of the remaining allegations in Complaint Paragraph No.

48.

**COMPLAINT ¶49:**

Plaintiff is able to perform the essential functions to participate in Defendant's curriculum with or without accommodations but was discriminated against and placed at a disadvantage because of his disability.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 49.

46444777v.2

**COMPLAINT ¶50:**

RUSM is considered to be a "place of public accommodation," as defined in 42 U.S.C. § 12181(7), as it is a private school, so as to be covered by the mandate of the ADA.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 50.

**COMPLAINT ¶51:**

RUSM is a facility, the operation of which constitutes a program and services for ADA purposes.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 51.

**COMPLAINT ¶52:**

RUSM failed and refused to reasonably accommodate Plaintiff in violation of Title III of the ADA.  Plaintiff required additional time in which to complete his NBME CBSE as a result of his disability, which was a reasonable accommodation he requested and RUSM refused to provide.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 52.

**COMPLAINT ¶53:**

Plaintiff's inability to pass the NBME CBSE was a direct manifestation of his disability and RUSM's failure to provide the reasonable accommodations he required to address this disability.  As a result, RUSM dismissed Plaintiff on the basis of his known disability.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 53.

**COMPLAINT ¶54:**

RUSM failed and refused to reasonably modify its services in violation of Title III of the ADA.  Such failures by RUSM proximately caused injuries to Plaintiff.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 54.

**COMPLAINT ¶55:**

Plaintiff's disabilities were well known to RUSM but, despite Plaintiff's multiple requests for reasonable accommodations, RUSM refused to provide the reasonable accommodations of allowing him additional time in which to complete his NBME CBSE to address the difficulties he was having with his ADHD and with his medication.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 55.

**COMPLAINT ¶56:**

Defendant has wrongly caused Plaintiff to be discriminated against, denied reasonable accommodations, forcibly dismissed him from the program, all in violation of his rights pursuant to ADA, depriving him of the opportunity to complete his education and further his career, including the value of the lost degree with respect to future earnings, and inflicting emotional distress and physical injury, all to his damage in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 56.

**COMPLAINT ¶57:**

Plaintiff is entitled to injunctive reliefs consisting of:  (1) An order that RUSM clarifies the dismissal comment on his transcript by including language that he was 'unlawfully' dismissed.  This clarification is needed to hopefully lessen the impact of further discrimination by a third party who may need access to the Plaintiff's transcript; and (2) An order preventing RUSM from releasing any comments, statements, documentations, 'Dean's Letters' or records of any kind directly or indirectly relating to the Plaintiff's failure to pass the NBME CBSE exam.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 57.

**THIRD CAUSE OF ACTION**
***VIOLATION OF 34 C.F.R. § 104.44(a)***

**COMPLAINT ¶58:**

Plaintiff reincorporates by reference each and every preceding paragraph as if fully restated herein.

**ANSWER:**

Defendant incorporates by reference its answers to each and every preceding paragraph

as if fully restated herein.

**COMPLAINT ¶59:**

Plaintiff is a qualified individual with a handicap, as defined by 34 CFR § 104.3.
Plaintiff suffers from ADHD, which is a qualifying handicap.  This handicap substantially limits
major life activities; including learning and working, because it substantially limits his ability to
complete examinations and assignments on a timely basis and limits his ability to organize and
stay on task, limits his ability to take notes in class, and requires him to take medication.

**ANSWER:**

Defendant admits that Plaintiff was diagnosed with ADHD but does not know if he

suffers from it currently, and denies that a mere diagnosis equates to a handicap as that term is

defined by the referenced regulation. Defendant lacks knowledge and information sufficient to

form a belief as to the truth of the remaining allegations in Complaint Paragraph No. 58.

**COMPLAINT ¶60:**

Plaintiff is otherwise qualified to participate in RUSM's curriculum and is able to
participate in said program with reasonable accommodations in place.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 60.

**COMPLAINT ¶61:**

Defendant is a recipient that receives federal financial assistance, as defined by 34 CFR §
104.3, and, as such, may not discriminate against a person because of his handicap.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 61.

**COMPLAINT ¶62:**

Despite Plaintiff's requests for reasonable accommodations; including allowing him the
additional time he required to complete the NBME CSBE, as a result of his disability, Defendant
refused to provide them.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 62.

**COMPLAINT ¶63:**

Solely by reason of his disability, Plaintiff was excluded from the participation in, denied the benefits of, subjected to discrimination, exploitation and a hostile educational environment at RUSM, such acts and omissions violating 34 C.F.R. § 104.44(a).  Plaintiff's inability to pass the NBME CBSE was a direct manifestation of his disability and RUSM's failure to provide the reasonable accommodations he required to address this disability.  As a result, RUSM dismissed Plaintiff on the basis of his known disability.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 63.

**COMPLAINT ¶64:**

Defendant exercised bad faith in failing to provide appropriate and necessary accommodations and modifications to Plaintiff so that he could continue in his educational program, which is a violation of 34 C.F.R. § 104.44(a).

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 64.

**COMPLAINT ¶65:**

Such acts, omissions and failures by RUSM proximately caused injuries to Plaintiff.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 65.

**COMPLAINT ¶66:**

Defendant has wrongly caused Plaintiff to be discriminated against, denied reasonable accommodations, forcibly dismissed him from the program, all in violation of his rights pursuant to 34 C.F.R. § 104.44(a), depriving him of the opportunity to complete his education and further his career, including the value of the lost degree with respect to future earnings, and inflicting emotional distress and physical injury, all to his damage in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 66.

## FOURTH CAUSE OF ACTION
### *VIOLATION OF 34 C.F.R. § 104.44(6)*

**COMPLAINT ¶67:**

Plaintiff reincorporates by reference each and every preceding paragraph as if fully restated herein.

**ANSWER:**

Defendant incorporates by reference its answers to each and every preceding paragraph

as if fully restated herein.

**COMPLAINT ¶68:**

Plaintiff is a qualified individual with a handicap, as defined by 34 CFR § 104.3. Plaintiff suffers from ADHD, which is a qualifying handicap.  This handicap substantially limits major life activities; including learning and working, because it substantially limits his ability to complete examinations and assignments on a timely basis and limits his ability to organize and stay on task, limits his ability to take notes in class, and requires him to take medication.

**ANSWER:**

Defendant admits that Plaintiff was diagnosed with ADHD but does not know if he

suffers from it currently, and denies that a mere diagnosis equates to a handicap as that term is

defined by the referenced regulation. Defendant lacks knowledge and information sufficient to

form a belief as to the truth of the remaining allegations in Complaint Paragraph No. 68.

**COMPLAINT ¶69:**

Plaintiff is otherwise qualified to participate in RUSM's curriculum and is able to participate in said program with reasonable accommodations in place.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 69.

46444777v.2

**COMPLAINT ¶70:**

Defendant is a recipient that receives federal financial assistance, as defined by 34 CFR § 104.3, and, as such, may not discriminate against a person because of his handicap.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 70.

**COMPLAINT ¶71:**

RUSM changed the handbook to make students "sit" for the NBME CBSE exam within 3 consecutive attempts or be removed from the school.  This rule change is a discrimination against ADHD students.  ADHD students need more time to study therefore need the ability to space out their attempts instead of doing them without an option to take more time to study for an attempt.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 71.

**COMPLAINT ¶72:**

Solely by reason of his disability, Plaintiff was excluded from the participation in, denied the benefits of, subjected to discrimination, exploitation and a hostile educational environment at RUSM, such acts and omissions violating 34 C.F.R. § 104.44(b).  Plaintiff's inability to pass the NBME CBSE was a direct manifestation of his disability and RUSM's unlawful rule imposed upon handicapped students that had the effect of limiting the participation of handicapped students.  As a result, RUSM dismissed Plaintiff on the basis of his known disability.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 72.

**COMPLAINT ¶73:**

Defendant exercised bad faith when RUSM imposed an unlawful rule upon handicapped students that had the effect of limiting the participation of handicapped students, which is a violation of 34 C.F.R. § 104.44(b).

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 73.

**COMPLAINT ¶74:**

Such acts, omissions and failures by RUSM proximately caused injuries to Plaintiff.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 74.

**COMPLAINT ¶75:**

Defendant has wrongly caused Plaintiff to be discriminated against, denied reasonable accommodations, forcibly dismissed him from the program, all in violation of his rights pursuant to 34 C.F.R. § 104.44(b), depriving him of the opportunity to complete his education and further his career, including the value of the lost degree with respect to future earnings, and inflicting emotional distress and physical injury, all to his damage in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 75.

**FIFTH CAUSE OF ACTION**
***VIOLATION OF FLORIDA ADMINISTRATIVE CODE 6E-2.004(5)(c)(4)***

**COMPLAINT ¶76:**

Plaintiff reincorporates by reference each and every preceding paragraph as if fully restated herein.

**ANSWER:**

Defendant incorporates by reference its answers to each and every preceding paragraph

as if fully restated herein.

**COMPLAINT ¶77:**

Plaintiff is a qualified individual with a disability.  Plaintiff suffers from ADHD, which is a qualifying disability.  This disability substantially limits major life activities; including learning and working, because it substantially limits his ability to complete examinations and assignments on a timely basis and limits his ability to organize and stay on task, limits his ability to take notes in class, and requires him to take medication.

**ANSWER:**

Defendant admits that Plaintiff was diagnosed with ADHD but does not know if he

suffers from it currently, and denies that a mere diagnosis equates to a disability under the

referenced statute. Defendant lacks knowledge and information sufficient to form a belief as to

the truth of the remaining allegations in Complaint Paragraph No. 77.

24

**COMPLAINT ¶78:**

Plaintiff is able to perform the essential functions to participate in Defendant's curriculum with or without accommodations but was discriminated against and placed at a disadvantage because of his disability.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 78.

**COMPLAINT ¶79:**

Plaintiff is otherwise qualified to participate in RUSM's curriculum and is able to participate in said program with reasonable accommodations in place.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 79.

**COMPLAINT ¶80:**

RUSM institution is licensed by Florida Department of Education, under the provision of Chapter 1005 of Florida Statues also under the provision Chapter 6E of the Florida Administrative Code.

**ANSWER:**

Defendant admits the allegation in Complaint Paragraph No. 80.

**COMPLAINT ¶81:**

Despite Plaintiff's requests for reasonable accommodations; including allowing him the additional time he required to complete the NBME CSBE, as a result of his disability, Defendants refused to provide them.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 81.

**COMPLAINT ¶82:**

Solely by reason of his disability, Plaintiff was excluded from the participation in, denied the benefits of, subjected to discrimination, exploitation and a hostile educational environment at RUSM, such acts and omissions violating 6E-2.004(5)(c)(4).  Plaintiff's inability to pass the NBME CBSE was a direct manifestation of his disability and RUSM's failure to provide the

reasonable accommodations he required to address this disability.  As a result, RUSM dismissed Plaintiff on the basis of his known disability

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 82.

**COMPLAINT ¶83:**

Defendant exercised bad faith in failing to provide appropriate and necessary accommodations and modifications to Plaintiff so that he could continue in his educational program, which is a violation of 6E-2.004(5)(c)(4).

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 83.

**COMPLAINT ¶84:**

Such acts, omissions and failures by RUSM proximately caused injuries to Plaintiff.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 84.

**COMPLAINT ¶85:**

Defendant has wrongly caused Plaintiff to be discriminated against, denied reasonable accommodations, forcibly dismissed him from the program, all in violation of his rights pursuant to 6E-2.004(5)(c)(4), depriving him of the opportunity to complete his education and further his career, including the value of the lost degree with respect to future earnings, and inflicting emotional distress and physical injury, all to his damage in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 85.

**SIXTH CAUSE OF ACTION**
*BREACH OF CONTRACT*

**COMPLAINT ¶86:**

Plaintiff reincorporates by reference each and every preceding paragraph as if fully restated herein.

46444777v.2

**ANSWER:**

Defendant incorporates by reference its answers to each and every preceding paragraph

as if fully restated herein.

**COMPLAINT ¶87:**

By admitting Plaintiff and accepting his tuition payments, RUSM has an express and implied contract with Plaintiff in connection with rights explicitly guaranteed him by RUSM pursuant to the RUSM Student Handbook and RUSM Academic Catalog.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 87.

**COMPLAINT ¶88:**

Defendant's actions constitute a material and substantial breach of the express and implied contract by:

(***COUNT 1***) denying Plaintiff his right to equal opportunity and denying Plaintiff, a "qualified person with a disability," "reasonable accommodations" as is set forth in the RUSM Academic Catalog.

(***COUNT 2***) denying Plaintiff his right to a productive learning environment free from harassment or discrimination as is set forth in the RUSM Academic Catalog.

(***COUNT 3***) Refusing Plaintiff's request for assistance and guidance to process requests for accommodations on USLME exams as is set forth in the RUSM Academic Catalog - Accommodations and USMLE/NBME Testing.

(***COUNT 4***) Making Plaintiff sit the NBME CBSE within three consecutive attempts which had not existed in the RUSM Student Handbook when Plaintiff had enrolled in 2014 and has no basis in academic or professional requirements.  Defendant's decision to change the policy in order to make students sit for the NBME CBSE within three consecutive attempts was arbitrary, capricious, and lacking any discernable rational basis which also put students with learning disabilities at a substantial disadvantage to other students.  Even if the Defendant's reserved the right to change the university's academic degree requirements, it cannot if such changes are arbitrary or capricious.

(***COUNT 5***) Dismissing Plaintiff when he obtained a score of 67 on the NBME CBSE.  The latest version of the Ross University Academic Catalog published at that time was the 2015-2016, vol. 7 which stated that the passing score for NBME CBSE was a 66.  This version was in effect until a subsequent version is published online.

(***COUNT 6***) The Dean's failure to respond to the Plaintiff within 15 calendar days of receipt of the second appeal as is set forth in the RUSM Student Handbook.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 88.

**COMPLAINT ¶89:**

At all times relevant, Plaintiff abided by and governed his conduct by the terms of the aforementioned contract and met all financial obligations.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 89.

**COMPLAINT ¶90:**

As a direct and proximate result of Defendants' actions, Plaintiff has lost the difference in value over a lifetime of earnings expected to be earned by an individual who graduated from RUSM and Plaintiff's earning capacity without a medical degree from RUSM.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 90.

**COMPLAINT ¶91:**

As a direct and proximate result of Defendants' actions, Plaintiff has lost tuition he paid to RUSM.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 91.

**COMPLAINT ¶92:**

As a result of the breach committed against Plaintiff, he has suffered loss, damage and detriment; including incidental and consequential damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 92.

46444777v.2

### SEVENTH CAUSE OF ACTION
### *BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING*

**COMPLAINT ¶93:**

Plaintiff reincorporates by reference each and every preceding paragraph as if fully restated herein.

**ANSWER:**

Defendant incorporates by reference its answers to each and every preceding paragraph as if fully restated herein.

**COMPLAINT ¶94:**

The aforementioned contract between the parties contained an implied covenant of good faith and fair dealing, which precludes Defendants from evading the spirit of the contract, willfully rendering imperfect performance, interfering with Plaintiff's ability to benefit from its terms, acting in contravention of Plaintiff's reasonable expectations, failing to abide by the standards and policies promulgated by Defendants, or otherwise acting in an arbitrary and capricious manner with respect to Plaintiff.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 94.

**COMPLAINT ¶95:**

Defendants breached this implied covenant of good faith and fair dealing by making it impossible for Plaintiff to realize the benefit of his contract and by permitting its agents to act in bad faith and in a manner which interfered with Plaintiff's contractual expectations.

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 95.

**COMPLAINT ¶96:**

As a result of the breach committed against Plaintiff, he has suffered loss, damage and detriment; including incidental and consequential damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

**ANSWER:**

Defendant denies the allegation in Complaint Paragraph No. 96.

46444777v.2

## EIGHTH CAUSE OF ACTION
### *FRAUDULENT INDUCEMENT*

**COMPLAINT ¶97:**

Plaintiff reincorporates by reference each and every preceding paragraph as if fully restated herein.

**ANSWER:**

Defendant incorporates by reference its answers to each and every preceding paragraph

as if fully restated herein.

**COMPLAINT ¶98:**

RUSM publishes important information to prospective students on its website. This information includes statements made in its admission requirements section of its website. The statement made has not changed since 2013 and is currently (as of 2018) still on RUSM's website advertised to prospective students looking to gain admission into the medical degree program.

**ANSWER:**

Defendant admits that it published important information for prospective students on its

website, including in the Admissions Requirements section. Defendant lacks knowledge or

information sufficient to admit or deny the truth of the remaining allegations in Complaint

Paragraph No. 98 because Plaintiff does not identify "the statement made."

**COMPLAINT ¶99:**

In 2014, before Plaintiff applied and enrolled into RUSM's medical degree program, RUSM published a false statement on its website stating "It is the policy and practice of the University to **comply** with the Americans with Disabilities Act as **applicable** and practical **in Dominica**. (Emphasis added).

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 99.

**COMPLAINT ¶100:**

This false statement published by RUSM intended to induce and persuade prospective students to apply and enroll into its medical degree program.

46444777v.2

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 100.

**COMPLAINT ¶101:**

RUSM was fully aware that the statement was false.  Even after the numerous past ADA lawsuits against RUSM, they continued to advertise the false statement to prospective students on its admission requirements website.  Previous lawsuits reveal that RUSM knew that the statement was false for almost 10 years.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 101.

**COMPLAINT ¶102:**

Plaintiff relied on RUSM's fraudulent statement to get reasonable accommodations on his NBME CBSE exam for his ADHD.  RUSM denied and failed to provide Plaintiff with reasonable accommodations pursuant to the ADA.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 102.

**COMPLAINT ¶103:**

As a result of RUSM's fraudulent statement, Plaintiff was discriminated against, denied reasonable accommodations, forcibly dismissed him from the program, depriving him of the opportunity to complete his education and further his career, including the value of the lost degree with respect to future earnings, and inflicting emotional distress and physical injury, all to his damage in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 103.

**COMPLAINT ¶104:**

Plaintiff is also entitled to punitive damages at a 2:1 or 3:1 ratio of the compensatory damages.

**ANSWER:**

Defendant denies the allegations in Complaint Paragraph No. 104.

**<u>Affirmative and Other Defenses</u>**

1.      The Second Amended Complaint fails to state a claim upon which relief may be granted.

2.      None of the federal or state laws or regulations mentioned in Plaintiff's Second Amended Complaint applies to Defendant's alleged conduct in the Commonwealth of Dominica.

3.      There is no private right of action for alleged violations of the Administrative Code or statutory sections referenced in Plaintiff's Fifth Cause of Action, so the entire cause of action should be dismissed.

4.      Neither the Student Handbook nor the Academic Catalog constitutes a contract between Plaintiff and Defendant, and to the extent either could be said to constitute a contract in whole or in part, Plaintiff has not alleged, nor could he prove, a material breach of said contract.

5.      Any monetary recovery by Plaintiff should be reduced by his mitigation of and/or failure to mitigate damages.

6.      Plaintiff's claims are barred in whole or in part, because Defendants promulgated firm policies against discrimination and otherwise exercised reasonable care to prevent and promptly correct any alleged discrimination, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided or to avoid harm otherwise.

7.      Plaintiff's claims are barred by the doctrine of accord and satisfaction.

8.      To the extent Plaintiff alleges that any of Defendant's employees acted in an unlawful manner, such conduct, if it occurred, was outside of the course and scope of that individual's employment, was not authorized or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant. Thus, Defendant is not liable for any such conduct, if it occurred.

46444777v.2

9.      If Plaintiff sustained any injury, damage or loss by reason of any act, error or omission on the part of Defendant, said injury, damage, or loss must be reduced to the extent that he failed to exercise reasonable care to avoid or limit the alleged harm.

10.      Plaintiff is barred from seeking punitive damages because Defendant cannot be vicariously liable for discriminatory decisions of managerial agents, as those decisions, if any, were contrary to Defendant's good faith efforts to comply with applicable laws and regulations prohibiting discrimination.

11.      Plaintiff's request for punitive damages is barred because Defendant engaged in good faith efforts to comply with the law and had reasonable grounds to believe that any act or omission taken was not a violation of the law.

12.      Plaintiff's claims are barred to the extent they are based upon any act or omission occurring outside the applicable limitations period.

46444777v.2

DATED:  May 29, 2018

Respectfully submitted,

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED


By:   *s/Christina F. Meddin*
     Christina Forte Meddin
     cmeddin@seyfarth.com
     SEYFARTH SHAW LLP
     1075 Peachtree Street, N.E., Suite 2500
     Atlanta, GA  30309-3958
     Telephone:  (404) 885-1500
     Facsimile:  (404) 892-7056

     Brian Stolzenbach
     bstolzenbach@seyfarth.com
     SEYFARTH SHAW LLP
     233 South Wacker Drive, Suite 8000
     Chicago, Illinois  60606-6448
     Telephone:  (312) 460-5000
     Facsimile:  (312) 460-7000

     Attorneys for Defendant

46444777v.2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO: 18-CV-60482-KMM**

Oluwamuyiwa Awodiya,

       Plaintiff,

   v.

Ross University School of Medicine,

       Defendant.

Hon. Chief Judge: K. Michael Moore
Magistrate Judge: Barry S. Seltzer

## CERTIFICATE OF SERVICE

I certify that on May 29, 2018, I electronically filed DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT using the CM/ECF system which will automatically send a copy of such filing to the following individual:

Oluwamuyiwa Awodiya
15005 Dahlia Dr.
Bowie, Maryland  20721

By:  */s/ Christina F. Meddin*_____
Christina F. Meddin
Attorney for Defendant

46444777v.2