**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No.: 18-cv-60482-KMM

OLUWAMUYIWA AWODIYA,

    Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF MEDICINE,

    Defendant.

_____/

<u>ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE</u>

THIS CAUSE came before the Court upon Plaintiff Oluwamuyiwa Awodiya's ("Plaintiff") Request for Judicial Notice of Adjudicative Facts. ("Request") (ECF No. 26). Defendant filed a Response (ECF No. 30), and Plaintiff filed a Reply. (ECF No. 31).

Plaintiff requests that this Court take judicial notice of the following facts: (1) that a U.S. Department of Education's publication establishes that foreign schools approved to participate in a Federal Direct Loan Program enter into a binding legal agreement with the U.S. Department of Education and therefore must follow all U.S. regulations covering federal student aid programs; (2) that Defendant has acknowledged on its website that the American with Disability Act ("ADA") is applicable to Defendant in Dominica; and (3) that Florida Administrative Code 6E-2.004(11)(b)(1) establishes that the academic catalog, of schools licensed under the provision of Florida's Chapter 6E, is a contractual obligation of the school to the student. Defendant argues that these alleged "facts" are not proper for judicial notice.

Federal Rule of Evidence 201 governs the judicial notice of adjudicative facts. Adjudicative facts are "not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from

sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is a means by which facts not seriously open to dispute are established as true without the normal requirement of proof by evidence. Fed. R. Evid. 201(a) and (b); *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004). A court may take judicial notice on its own or "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

First, Plaintiff requests that the Court take judicial notice of the U.S. Department of Education's publication because it "establishes" a specific fact. A court may take judicial notice of information publically available from an official government website. *See Setai Hotel Acquisition, LLC v. Miami Beach Luxury Rentals, Inc.*, No. 16-cv-21296, 2017 WL 3503371, at *7 (S.D. Fla. Aug. 15, 2017); *Turbyfill v. Scottsdale Indem. Co.*, No. 14-cv-283, 2016 WL 741657, at *2 (N.D. Fla. Feb. 24, 2016) (taking judicial notice of information available to the public via the Department of Health official website). However, Plaintiff's "fact" cannot be accurately and readily determined from the information provided and the Court declines to take judicial notice of the conclusion that Plaintiff has drawn from such publication.

Second, Plaintiff requests that the Court take judicial notice of the fact that Defendant "acknowledged on its website that the [ADA] is applicable to [Defendant]." "Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). The Court will not take judicial notice of a legal conclusion regarding whether the ADA applies to Defendant.

Third, Plaintiff requests that the Court take judicial notice of an administrative code. The Court declines to take judicial notice of the administrative code's application in this case because

"judicial notice is generally not the appropriate means to establish legal principles governing the case." *See Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir.2002).

Accordingly, UPON CONSIDERATION of the Request, the Response, the Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiff's Request for Judicial Notice (ECF No. 26) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 22nd day of June 2018.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record