**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:18-cv-60482-MOORE/SELTZER**

OLUWAMUYIWA AWODIYA,

      Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF
VETERINARY MEDICINE LIMITED,

      Defendant.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM") hereby files its answer and affirmative defenses to the Third Amended Complaint [ECF No. 47] ("Complaint") filed by plaintiff Oluwamuyiwa Awodiya ("Plaintiff").

**PARTIES**

1.      In response to paragraph 1, RUSM is without knowledge or information to admit or deny that Plaintiff is currently a resident of the State of Maryland and therefore denies same. RUSM admits that Plaintiff was a student at Ross University School of Medicine but is without knowledge or information to admit or deny that he was a student there at "all relevant times" and therefore denies same.

2.      In response to paragraph 2, RUSM admits that it is a corporate entity that operates a private, for-profit medical school.  RUSM denies that its principal place of business is in the State of Florida.  RUSM further states that it has conditional approval for a temporary location in Tennessee while Dominica is recovering from a hurricane that severely damaged the island in

46027911;4

2017.  Further, the Florida Department of Education's Commission on Independent Education approves RUSM's clinical clerkship program in the state of Florida.  RUSM admits that Adtalem Global Education is registered with the Florida Department of State to do business in Florida as Ross University School of Medicine.  RUSM admits that it has five classrooms for activities associated with its clinical clerkship program.  RUSM denies any remaining allegations in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      In response to paragraph 3, RUSM admits that the Court possesses subject matter jurisdiction over this matter but denies any remaining allegations in this paragraph and denies that Plaintiff is entitled to any relief whatsoever.

4.      In response to paragraph 4, RUSM admits that the Court possesses subject matter jurisdiction over this matter but denies any remaining allegations in this paragraph and denies that Plaintiff is entitled to any relief whatsoever.

5.      In response to paragraph 5, RUSM admits that the Court possesses subject matter jurisdiction over this matter but denies any remaining allegations in this paragraph and denies that Plaintiff is entitled to any relief whatsoever.

6.      In response to paragraph 6, RUSM admits that venue is proper pursuant to 28 U.S.C. § 1391(b)(2) but denies any remaining allegations in this paragraph and denies that Plaintiff is entitled to any relief whatsoever.

## FACTS FOR NBME CBSE EXAM TAKEN IN THE UNITED STATES

7.      In response to paragraph 7, RUSM admits that the Ross University School of Medicine Counseling Center made certain diagnoses regarding Plaintiff which are documented in

written records, the content of which speak for themselves.   RUSM denies any allegations inconsistent therewith.

8.      In response to paragraph 8, RUSM denies the allegations.

9.      In response to paragraph 9, RUSM denies the allegations.

10.     In response to paragraph 10, RUSM denies the allegations.

11.     In response to paragraph 11, RUSM admits that Ross University School of Medicine Counseling Center came into possession of a copy of Plaintiff's Conners CPT Assessment Report at some time on or after December 31, 2015 (the date on which the Assessment appears to have been administered).  At this time, RUSM is without sufficient information to admit or deny the truth of the allegation that this Report was furnished by Plaintiff to the Counseling Center in January 2016.  RUSM denies the remaining allegations.

12.     In response to paragraph 12, RUSM denies the allegations.

13.     In response to paragraph 13, RUSM admits that the Ross University School of Medicine Counseling Center came into possession of a copy of Plaintiff's Conners CPT3 Assessment Report at some time on or after December 31, 2015 (the date on which the Assessment appears to have been administered).   RUSM admits that the Ross University School of Medicine Counseling Center administered the TOVA and the CAARS on or about January 18, 2016.  RUSM admits that the Counseling Center concluded that the results of the TOVA "suggest[ed] an attention problem, including ADHD" and concluded that the results of the CAARS "indicated ADHD predominantly Inattentive presentation."  RUSM denies the remaining allegations.

14.     In response to paragraph 14, RUSM admits that McMillan Cuffy of the Ross University School of Medicine Counseling Center made the following assessment of Plaintiff:

46027911;4

"Attention Deficit Disorder Without Mention of Hyperactivity – F90.9, 314.00." RUSM denies the remaining allegations.

15.     In response to paragraph 15, RUSM admits that McMillian Cuffy of the Ross University School of Medicine Counseling Center made the following assessment of Plaintiff: "Anxiety State, Unspecified – F41.9, 300.00." RUSM denies the remaining allegations.

16.     In response to paragraph 16, RUSM admits that the Ross University School of Medicine Counseling Center made certain diagnoses regarding Plaintiff which are documented in written records, the content of which speak for themselves. RUSM denies any allegations inconsistent therewith.

17.     In response to paragraph 17, RUSM admits that Plaintiff executed a Consent to Release Confidential Information, authorizing the Counseling Center to discuss otherwise confidential information pertaining to his treatment with "RUSM Administration" to facilitate treatment planning and to provide information relevant to academic accommodations. RUSM admits that this would have permitted the Counseling Center, including the psychiatrist treating Plaintiff, to discuss his ADHD with the school's Accommodations Coordinator, Matthew Stewart-Fulton. At this time, RUSM lacks knowledge or information sufficient to form a belief as to the truth of the allegation that McMillan Cuffy scheduled Plaintiff to see the Accommodations Coordinator.

18.     In response to paragraph 18, RUSM denies the allegations.

19.     In response to paragraph 19, RUSM denies the allegations.

20.     In response to paragraph 20, RUSM denies the allegations.

21.     In response to paragraph 21, RUSM admits that the Ross University School of Medicine Counseling Center made certain diagnoses regarding Plaintiff which are documented in written records, the content of which speak for themselves. RUSM denies any allegations

4

inconsistent therewith and specifically denies the allegation that a discriminative academic environment was created by RUSM.

22.     In response to paragraph 22, RUSM denies the allegations.

23.     In response to paragraph 23, RUSM admits that Plaintiff's first attempt to pass the NBME CBSE took place in Dominica and that his second through fifth attempts took place at Prometric Test Centers in the United States of America.  RUSM denies the remaining allegations.

24.     In response to paragraph 24, RUSM admits that, when Plaintiff enrolled, the Student Handbook stated that students are subject to Administrative Withdrawal if they do not pass the NBME CBSE within three consecutive attempts.  RUSM denies the remaining allegations.

25.     In response to paragraph 25, RUSM denies the allegations.

26.     In response to paragraph 26, RUSM denies the allegations.

27.     In response to paragraph 27, RUSM admits that it dismissed Plaintiff for failure to achieve the minimum passing score on the NBME CBSE after five attempts but denies the remaining allegations.

28.     In response to paragraph 28, RUSM admits that it dismissed Plaintiff for failure to achieve the minimum passing score on the NBME CBSE after five attempts but denies the remaining allegations.

29.     In response to paragraph 29, RUSM is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff suffered disabilities, as that term is defined under the Rehabilitation Act, during his time at RUSM.  The remaining allegations in this paragraph call for a legal conclusion and do not state any facts requiring a response from RUSM. To the extent paragraph 29 alleges any fact to which RUSM is required to respond, RUSM denies the allegations.

30.     In response to paragraph 30, RUSM denies the allegations.

31.     In response to paragraph 31, RUSM denies the allegations.

32.     In response to paragraph 32, RUSM denies the allegations.

33.     In response to paragraph 33, RUSM admits that Plaintiff scored a 67 on the NBME CBSE (Comprehensive Basic Science Exam) in August 2016 and admits that the last published Academic Catalog prior to that date was the ROSS UNIVERSITY SCHOOL OF MEDICINE ACADEMIC CATALOG 2015-2016, VOL. 7, and that it stated that the minimum passing score on the NBME CBSE was 66.  RUSM also admits that this version of the Academic Catalog stated:

> This catalog supersedes all previous editions and is in effect until a subsequent version is published either in print or online. All information in this catalog is current at the time of printing. **Statements regarding** tuition and fees, curriculum, course offerings, admissions, and **graduation requirements are subject to change at any time and are applicable to all enrolled students** unless otherwise stated.

(Emphasis added).  RUSM admits that the 2016-2017 version of the Academic Catalog was not published until November 2016, months after Plaintiff scored a 67, and that this version states that 68 is the minimum passing score on the exam.

By way of further answer, RUSM states that it sent an e-mail communication to all students, including Plaintiff, in August 2015, advising them that the minimum passing score on the exam would be a 68 as of mid-November 2015, more than five months before Plaintiff's first attempt at the exam in April 2015, when he scored a 58, and more than nine months before the only time he scored above a 64, when he scored a 67 on his third attempt.  RUSM admits that Plaintiff's score of 67 in August 2016 was not a passing score and that his failure to pass the exam, despite being allowed five attempts (one more than ordinarily permitted by school policy), resulted in his dismissal from school.  RUSM denies any remaining allegations.

46027911;4

34.     In response to paragraph 34, RUSM admits that Plaintiff appealed his dismissal to the Dean.  RUSM admits that the Student Handbook in effect at the time stated that "[t]he Dean will respond within 15 calendar days of receipt of the appeal."  RUSM admits that the Dean responded 16 days after receipt of Plaintiff's appeal.  The remaining allegations are denied.

### FACTS FOR NBME CBSE EXAM TAKEN IN DOMINICA

35.     In response to paragraph 35, RUSM admits the allegations.

36.     In response to paragraph 36, RUSM is without knowledge or information to admit or deny the allegations and therefore denies same.

37.     In response to paragraph 37, RUSM states that its website speaks for itself and RUSM denies any allegations inconsistent therewith.  The remaining allegations in this paragraph call for a legal conclusion and do not state any facts requiring a response from RUSM.  To the extent the remaining allegations in paragraph 37 allege any fact to which RUSM is required to respond, the allegations are denied.

38.     In response to paragraph 38, RUSM denies the allegations.

39.     In response to paragraph 39, RUSM is without knowledge or information to admit or deny the allegations and therefore denies same.

40.     In response to paragraph 40, RUSM denies the allegations.

41.     In response to paragraph 41, RUSM denies that, while enrolled, Plaintiff requested accommodations to address his mental impairments for the NBME CBSE exam that he first attempted in Dominica. RUSM is without knowledge or information to admit or deny the remaining allegations in paragraph 41 and there denies same.

42.     RUSM is without knowledge or information to admit or deny the allegations and therefore denies same.

46027911;4

43.     In response to paragraph 42, RUSM denies the allegations.

44.     In response to paragraph 43, RUSM denies the allegations.

45.     In response to paragraph 44, RUSM denies the allegations.

**FIRST CAUSE OF ACTION**

**VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973 ("SECTION 504"), 29 U.S.C. § 794**

46.     RUSM restates, re-alleges, and incorporates by reference its responses to each and every preceding paragraph of the Complaint as if fully set forth herein.

47.     In response to paragraph 46, RUSM neither admits nor denies the allegations contained therein because such allegations call for a legal conclusion and do not state any facts requiring a response from RUSM.  To the extent paragraph 46 alleges any fact to which RUSM is required to respond, RUSM denies the allegations.

48.     In response to paragraph 47, RUSM denies the allegations.

49.     In response to paragraph 48, RUSM admits that it receives federal financial assistance.  The remaining allegations in paragraph 48 call for a legal conclusion and do not state any facts requiring a response from RUSM.  To the extent the remaining allegations allege any facts to which RUSM is required to respond, RUSM denies the allegations.

50.     In response to paragraph 49, RUSM denies the allegations.

51.     In response to paragraph 50, RUSM denies the allegations.

52.     In response to paragraph 51, RUSM denies the allegations.

53.     In response to paragraph 52, RUSM denies the allegations.

54.     In response to paragraph 53, RUSM denies the allegations and denies that Plaintiff is entitled to any relief.

46027911;4

## SECOND CAUSE OF ACTION

### VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT (ADA), 42 U.S.C. § 12101, *et. seq.*

55.     RUSM restates, re-alleges, and incorporates by reference its responses to each and every preceding paragraph of the Complaint as if fully set forth herein.

56.     In response to paragraph 55, RUSM neither admits nor denies the allegations contained therein because such allegations call for a legal conclusion and do not state any facts requiring a response from RUSM.  To the extent paragraph 55 alleges any fact to which RUSM is required to respond, RUSM denies the allegations.

57.     In response to paragraph 56, RUSM denies the allegations.

58.     In response to paragraph 57, RUSM denies the allegations.

59.     In response to paragraph 58, RUSM denies the allegations.

60.     In response to paragraph 59, RUSM denies the allegations.

61.     In response to paragraph 60, RUSM denies the allegations.

62.     In response to paragraph 61, RUSM denies the allegations.

63.     In response to paragraph 62, RUSM denies the allegations.

64.     In response to paragraph 63, RUSM denies the allegations.

65.     In response to paragraph 64, RUSM denies the allegations and denies that Plaintiff is entitled to any relief.

## THIRD CAUSE OF ACTION

### VIOLATION OF 34 C.F.R. §104.4, *et. seq.*

66.     RUSM restates, re-alleges, and incorporates by reference its responses to each and every preceding paragraph of the Complaint as if fully set forth herein.

46027911;4

67.     In response to paragraph 66, RUSM neither admits nor denies the allegations contained therein because such allegations call for a legal conclusion and do not state any facts requiring a response from RUSM. To the extent paragraph 66 alleges any fact to which RUSM is required to respond, RUSM denies the allegations.

68.     In response to paragraph 67, RUSM denies the allegations.

69.     In response to paragraph 68, RUSM admits that it receives federal financial assistance. The remaining allegations in paragraph 68 call for a legal conclusion and do not state any facts requiring a response from RUSM. To the extent the remaining allegations allege any facts to which RUSM is required to respond, RUSM denies the allegations.

70.     In response to paragraph 69, RUSM denies the allegations.

71.     In response to paragraph 70, RUSM denies the allegations.

72.     In response to paragraph 71, RUSM denies the allegations.

73.     In response to paragraph 72, RUSM denies the allegations.

74.     In response to paragraph 73, RUSM denies the allegations and denies that Plaintiff is entitled to any relief.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF 34 C.F.R. § 104.44, *et. seq.***

75.     RUSM restates, re-alleges, and incorporates by reference its responses to each and every preceding paragraph of the Complaint as if fully set forth herein.

76.     In response to paragraph 75, RUSM neither admits nor denies the allegations contained therein because such allegations call for a legal conclusion and do not state any facts requiring a response from RUSM. To the extent paragraph 75 alleges any fact to which RUSM is required to respond, RUSM denies the allegations.

77.     In response to paragraph 76, RUSM denies the allegations.

46027911;4

78.     In response to paragraph 77, RUSM admits that it receives federal financial assistance.  The remaining allegations in paragraph 77 call for a legal conclusion and do not state any facts requiring a response from RUSM.  To the extent the remaining allegations allege any facts to which RUSM is required to respond, RUSM denies the allegations.

79.     In response to paragraph 78, RUSM denies the allegations.

80.     In response to paragraph 79, RUSM denies the allegations.

81.     In response to paragraph 80, RUSM denies the allegations.

82.     In response to paragraph 81, RUSM denies the allegations.

83.     In response to paragraph 82, RUSM denies the allegations and denies that Plaintiff is entitled to any relief.

## <u>FIFTH CAUSE OF ACTION</u>

**VIOLATION OF FLORIDA ADMINISTRATIVE CODE 6E-2.004(5)(c)(4);**
**VIOLATION OF §760.08, FLA. STAT. (2018) (IN THE ALTERNATIVE)**

84.     RUSM restates, re-alleges, and incorporates by reference its responses to each and every preceding paragraph of the Complaint as if fully set forth herein.

85.     In response to paragraph 84, RUSM neither admits nor denies the allegations contained therein because such allegations call for a legal conclusion and do not state any facts requiring a response from RUSM.  To the extent paragraph 84 alleges any fact to which RUSM is required to respond, RUSM denies the allegations.

86.     In response to paragraph 85, RUSM denies the allegations.

87.     In response to paragraph 86, RUSM admits the allegations.

88.     In response to paragraph 87, RUSM admits the allegations.

89.     In response to paragraph 88, RUSM denies the allegations.

90.     In response to paragraph 89, RUSM denies the allegations.

11

91.     In response to paragraph 90, RUSM denies the allegations.

92.     In response to paragraph 91, RUSM denies the allegations.

93.     In response to paragraph 92, RUSM denies the allegations and denies that Plaintiff is entitled to any relief.

## SIXTH CAUSE OF ACTION

### BREACH OF CONTRACT

94.     RUSM restates, re-alleges, and incorporates by reference its responses to each and every preceding paragraph of the Complaint as if fully set forth herein.

95.     In response to paragraph 94, RUSM denies the allegations.

96.     In response to paragraph 95, RUSM denies the allegations, including all subparts.

97.     In response to paragraph 96, RUSM denies the allegations.

98.     In response to paragraph 97, RUSM denies the allegations.

99.     In response to paragraph 98, RUSM denies the allegations.

100.    In response to paragraph 99, RUSM denies the allegations and denies that Plaintiff is entitled to any relief.

## SEVENTH CAUSE OF ACTION

### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

101.    RUSM restates, re-alleges, and incorporates by reference its responses to each and every preceding paragraph of the Complaint as if fully set forth herein.

102.    In response to paragraph 101, RUSM denies the allegations.

103.    In response to paragraph 102, RUSM denies the allegations.

104.    In response to paragraph 103, RUSM denies the allegations and denies that Plaintiff is entitled to any relief.

46027911;4

**EIGHTH CAUSE OF ACTION**

**FRAUDULENT INDUCEMENT**
**(BOTH FALSE STATEMENT AND OMISSION OF FACT)**

105.    RUSM restates, re-alleges, and incorporates by reference its responses to each and every preceding paragraph of the Complaint as if fully set forth herein.

106.    In response to paragraph 105, RUSM admits that it published information for prospective students on its website, including in the Admissions Requirements section.  RUSM is without knowledge of information to admit or deny the remaining allegations in paragraph 105 of the Complaint and therefore denies same.

107.    In response to paragraph 106, RUSM states that the website speaks for itself and RUSM denies any allegations inconsistent therewith.

108.    In response to paragraph 107, RUSM denies the allegations.

109.    In response to paragraph 108, RUSM denies the allegations.

110.    In response to paragraph 109, RUSM denies the allegations.

111.    In response to paragraph 110, RUSM is without sufficient information to admit or deny the allegations and therefore denies the same.

112.    In response to paragraph 111, RUSM denies the allegations.

113.    In response to paragraph 112, RUSM denies the allegations and denies that Plaintiff is entitled to any relief.

114.    In response to paragraph 113, RUSM denies the allegations and denies that Plaintiff is entitled to any relief.

46027911;4

## NINTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION IN THE INDUCEMENT

115.     RUSM restates, re-alleges, and incorporates by reference its responses to each and every preceding paragraph of the Complaint as if fully set forth herein.

116.     In response to paragraph 115, RUSM states that the website speaks for itself and RUSM denies any allegations inconsistent therewith.

117.     In response to paragraph 116, RUSM denies the allegations.

118.     In response to paragraph 117, RUSM denies the allegations.

119.     In response to paragraph 118, RUSM denies the allegations.

120.     In response to paragraph 119, RUSM is without sufficient information to admit or deny the allegations and therefore denies the same.

121.     In response to paragraph 120, RUSM denies the allegations.

122.     In response to paragraph 121, RUSM denies the allegations and denies that Plaintiff is entitled to any relief.

123.     In response to paragraph 122, RUSM denies the allegations and denies that Plaintiff is entitled to any relief.

## TENTH CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY

124.     RUSM restates, re-alleges, and incorporates by reference its responses to each and every preceding paragraph of the Complaint as if fully set forth herein.

125.     In response to paragraph 124, RUSM denies the allegations.

126.     In response to paragraph 125, RUSM states that the Academic Catalog speaks for itself and RUSM denies any allegations inconsistent therewith.

127.     In response to paragraph 126, RUSM denies the allegations.

46027911;4

128.    In response to paragraph 127, RUSM is without sufficient information to admit or deny the allegations and therefore denies the same.

129.    In response to paragraph 128, RUSM denies the allegations.

130.    In response to paragraph 129, RUSM denies the allegations and denies that Plaintiff is entitled to any relief.

131.    In response to paragraph 130, RUSM denies the allegations and denies that Plaintiff is entitled to any relief.

RUSM further denies (i) any allegation of Plaintiff's Complaint not specifically responded to above and (ii) that Plaintiff is entitled to any relief whatsoever.

**WHEREFORE,** defendant Ross University School of Medicine, School of Veterinary Medicine Limited respectfully requests that the Court (i) dismiss plaintiff Oluwamuyiwa Awodiya's Complaint with prejudice, (ii) award RUSM its reasonable attorneys' fees and costs, and (iii) grant such other and further relief to RUSM as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

RUSM asserts the following affirmative defenses without assuming the burden of proof on such defenses that otherwise would rest on Plaintiff.

### First Affirmative Defense

The Third Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

There is no private right of action for alleged violations of the Administrative Code or statutory sections referenced in Plaintiff's Fifth Cause of Action, so the entire cause of action should be dismissed.

**Third Affirmative Defense**

Neither the Student Handbook nor the Academic Catalog constitutes a contract between Plaintiff and RUSM and, to the extent either could be said to constitute a contract in whole or in part, Plaintiff has not alleged, nor could he prove, a material breach of said contract.

**Fourth Affirmative Defense**

Any monetary recovery by Plaintiff should be reduced by his mitigation of and/or failure to mitigate damages.

**Fifth Affirmative Defense**

Plaintiff's claims are barred in whole or in part, because RUSM promulgated firm policies against discrimination and otherwise exercised reasonable care to prevent and promptly correct any alleged discrimination, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided or to avoid harm otherwise.

**Sixth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

**Seventh Affirmative Defense**

To the extent Plaintiff alleges that any of RUSM's employees acted in an unlawful manner, such conduct, if it occurred, was outside of the course and scope of that individual's employment, was not authorized or condoned by RUSM, and was undertaken without the knowledge or consent of RUSM.  Thus, RUSM is not liable for any such conduct, if it occurred.

**Eighth Affirmative Defense**

If Plaintiff sustained any injury, damage or loss by reason of any act, error or omission on the part of RUSM, said injury, damage, or loss must be reduced to the extent that he failed to exercise reasonable care to avoid or limit the alleged harm.

46027911;4

**<ins>Ninth Affirmative Defense</ins>**

Plaintiff is barred from seeking punitive damages because RUSM cannot be vicariously liable for discriminatory decisions of managerial agents, as those decisions, if any, were contrary to RUSM's good faith efforts to comply with applicable laws and regulations prohibiting discrimination.

**<ins>Tenth Affirmative Defense</ins>**

Plaintiff's request for punitive damages is barred because RUSM engaged in good faith efforts to comply with the law and had reasonable grounds to believe that any act or omission taken was not a violation of the law.

**<ins>Eleventh Affirmative Defense</ins>**

Plaintiff's claims are barred to the extent they are based upon any act or omission occurring outside the applicable limitations period.

**<ins>Twelfth Affirmative Defense</ins>**

Plaintiff's claim for breach of fiduciary duty is barred because RUSM is not a fiduciary, does not act as a fiduciary and does not owe a fiduciary duty to Plaintiff.

46027911;4

Dated: August 13, 2018

Respectfully submitted,

**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, Florida 33131
Telephone: (305) 374-5600
Facsimile:  (305) 374-5095

By: *s/ Michael C. Marsh*
Michael C. Marsh
Florida Bar No. 0072796
michael.marsh@akerman.com
simone.tobie@akerman.com
Ryan Roman
Florida Bar. No. 0025509
ryan.roman@akerman.com
dorothy.matheis@akerman.com
Octavia M. Green
Florida Bar No. 119179
octavia.green@akerman.com
simone.tobie@akerman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on August 13, 2018, a true and correct copy of the foregoing

document was served via CM/ECF on:

Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721
Telephone: (240) 602-1836
E-mail: drmuyiwa.a@gmail.com

*s/Michael C. Marsh*
Michael C. Marsh

46027911;4