UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OLUWAMUYIWA AWODIYA,                    CASE NO. 0:18-cv-60482-KMM-BSS

    Plaintiff,
v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

    Defendant.
_____/

**DEFENDANT'S MOTION FOR RELIEF UNDER RULE 56(d) OF THE
FEDERAL RULES OF CIVIL PROCEDURE OR, ALTERNATIVELY,
MOTION FOR EXTENSION OF TIME TO RESPOND TO SUMMARY JUDGMENT**

Defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM") hereby files its motion for relief pursuant to Rule 56(d) of the Federal Rules of Civil Procedure and asks that the Court deny or defer ruling on the Motion for Partial Summary Judgment [ECF No. 61] (the "Summary Judgment Motion") filed by plaintiff Oluwamuyiwa Awodiya ("Plaintiff"). Alternatively, if the Court is not willing to deny or defer the Summary Judgment Motion pursuant to Rule 56(d), RUSM respectfully requests that the Court grant it a thirty (30) day extension of time so that RUSM may prepare an opposition to the Summary Judgment Motion on the merits.

### I. INTRODUCTION

Plaintiff filed his third amended complaint on July 16, 2018 [ECF No. 47], alleging claims for: (i) violation of Section 504 of the Rehabilitation Act (Count I), (ii) violation of Title III of the Americans with Disabilities Act (Count II), (iii) violation of 34 C.F.R. § 104.4 (Count III), (iv) violation of 34 C.F.R. § 104.44 (Count IV), (v) violation of Florida Administrative Code 6E-2.004(5)(c)(4) (Count V), (vi) breach of contract (Count VI), (vii) breach of the covenant of good

46166398;2

faith and fair dealing (Count VII), (viii) fraudulent inducement (Count VIII), (ix) negligent misrepresentation in the inducement (Count IX) and (x) breach of fiduciary duty (Count X) against RUSM. *See* Declaration of Ryan Roman ("Roman Declaration") at ¶ 2.

RUSM filed its answer and affirmative defenses on August 13, 2018 [ECF No. 58]. Roman Declaration at ¶ 4. Three days later, on August 16, 2018, Plaintiff filed his Summary Judgment Motion. *Id.* at ¶ 5. With the pleadings having only closed less than two weeks ago, it is premature for the Court to consider a partial motion for summary judgment that is based on issues of fact. RUSM has not had an opportunity to conduct written discovery and is working diligently to do so now that the pleadings have closed. *Id.* at ¶ 6. No depositions have taken place. *Id.* at ¶ 7. It is premature for the Court to consider the Summary Judgment Motion and, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, the Summary Judgment Motion should be denied or deferred for a period of no less than ninety (90) days.

## II. LEGAL STANDARD

"In ruling on summary judgment motions, the Eleventh Circuit has held that 'summary judgment may only be decided upon an adequate record.'" *Arch Ins. Co. v. VAS Aero Servs., LLC*, Case No. 16-80749-CIV-MARRA, 2017 WL 7731224 at *1 (S.D. Fla. Mar. 13, 2017). *See also Duvall v. Infinity Sales Group, LLC*, Case No. 13-80768-CIV-MARRA/MATTHEWMAN, 2014 WL 11412697, at *1 (S.D. Fla. Apr. 21, 2014) (citing *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988)). Further, "where a nonmoving party has not had an adequate opportunity for discovery, summary judgment is premature." *Celotex Corp. v. Cartrett*, 477 U.S. 317, 322 (1986). *See also Dagoberto Catalino Diaz Hernandez v. Laundry Zone, Inc.*, Case No. 1:15-cv-22708-KMM, 2015 WL 7890034, at *2 (S.D. Fla. Dec. 4, 2015) ("A court should grant summary judgment only after the parties have conducted sufficient discovery to determine whether there is a genuine issue of

material fact"); *Acosta v. Brothers,* Case No. 1:15-cv-21514-UU, 2015 WL 11022870, at *1( S.D. Fla. Oct. 22, 2015) (denying motion for summary judgment as premature).

"A non-moving party may move pursuant to Federal Rule of Civil Procedure 56(d) for a continuance to obtain further evidence, where additional discovery would enable the non-movant to carry its burden on summary judgment." *Duvall,* 2014 WL 11412697, at *1; *Arch Ins. Co.*, 2017 WL 7731224, at *1 ("A party may oppose summary judgment through advancing a 'reasonable basis for which to infer that discovery would produce evidence of the existence of a genuine issue of material fact that would defeat [the] summary judgment motion'").  Rule 56(d) provides that, "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  For the reasons set forth below and in the accompanying Roman Declaration, the Summary Judgment Motion should be denied or deferred for a period of no less than ninety (90) days.

### III.   ARGUMENT

The Summary Judgment Motion should be denied as premature or deferred.  Plaintiff only recently filed his Third Amended Complaint on July 17, 2018 and the pleadings did not close until August 13, 2018.  Roman Declaration at ¶¶ 2, 4.  It would have been inefficient for RUSM to have conducted discovery on a prior iteration of the complaint and before it had the opportunity to evaluate its affirmative defenses.  Having now done so, RUSM has recently served its first set of written discovery requests and is moving expeditiously to advance this case through discovery. *See* Roman Declaration at ¶ 6, Exhs. A & B.

There are a number of key areas for which discovery is necessary in this action. They include, among other things, discovery into Plaintiff's alleged disabilities, his alleged requests for accommodations, treatments sought by Plaintiff and diagnoses made by third parties regarding Plaintiff's alleged disabilities, key correspondence between the parties and between Plaintiff and third parties relating to the claims that are the subject of the Summary Judgment Motion, Plaintiff's failure to mitigate damages, Plaintiff's efforts, or lack thereof, to continue his studies at other medical schools, and Plaintiff's attempts to seek employment. Roman Declaration at ¶ 8. These areas of inquiry are directly related to the claims at issue in the Summary Judgment Motion and discovery into these areas is critical so that RUSM may put forth its defense. *Id*. at ¶ 9.

This Court has held that, where substantive discovery is needed in order to adjudicate the merits of the case, it is appropriate to grant the relief requested under Rule 56(d). *Dagoberto Catalino Diaz Hernandez*, 2015 WL 7890034, at *2. In *Dagoberto Catalino Diaz Hernandez*, the defendants moved for summary judgment, relying on a single affidavit. *Id*. The Court found that this was insufficient to adjudicate the merits of the case. *Id.* Here, Plaintiff filed his Summary Judgment Motion immediately after RUSM filed its answer and affirmative defenses. Plaintiff relies heavily on his own declaration, which RUSM has not had an opportunity to explore through discovery and deposition.

Courts have granted such relief where a party has been unable to conduct depositions or when there are outstanding discovery requests. *See Duvall*, 2014 WL 11412697 at *1 (relying on *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F. 2d 865, 870 (11th Cir. 1988), for the proposition that "generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests"); *Acosta*, 2015 WL

11022870 at *1 ("A party opposing summary judgment 'should be permitted an adequate opportunity to complete discovery prior to consideration of the motion'").

If the Court is not able to grant the requested relief pursuant to Rule 56(d), then RUSM requests an extension of time of thirty (30) days, through and including October 1, 2018, to respond to the Summary Judgment Motion on the merits.

**WHEREFORE,** defendant Ross School of Medicine, School of Veterinary Medicine Limited respectfully requests that this Court enter an Order: (i) denying or deferring ruling on the Motion for Partial Summary Judgment [ECF No. 61]; (ii) or, alternatively, granting RUSM a thirty (30) day extension of time, through and including October 1, 2018, so that RUSM may prepare an opposition to the Summary Judgment Motion on the merits; and (iii) grant such other and further relief as this Court deems just and proper.

## CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1(a)(1)(3)

Undersigned counsel hereby certifies that he conferred with plaintiff Oluwamuyiwa Awodiya and that Mr. Awodiya states that he opposes the relief requested in the Motion except that he would agree to a fourteen (14) day extension of time for RUSM to respond to the Partial Summary Judgment Motion provided that the Court also grants Mr. Awodiya a seven (7) day extension of time to file his reply brief.

5

| | |
|---|---|
| Dated: August 23, 2018 | Respectfully submitted,<br><br>**AKERMAN LLP**<br>Three Brickell City Centre<br>98 Southeast Seventh Street<br>Suite 1100<br>Miami, Florida 33131<br>Telephone: (305) 374-5600<br>Facsimile: (305) 374-5095<br><br>By: *s/Ryan Roman*_____<br>Michael C. Marsh<br>Florida Bar No. 0072796<br>michael.marsh@akerman.com<br>simone.tobie@akerman.com<br>Ryan Roman<br>Florida Bar. No. 0025509<br>ryan.roman@akerman.com<br>dorothy.matheis@akerman.com<br>Octavia M. Green<br>Florida Bar No. 119179<br>octavia.green@akerman.com<br>simone.tobie@akerman.com |

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that, on August 23, 2018, a true and correct copy of the foregoing document was served via CM/ECF on:

Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721
Telephone: (240) 602-1836
E-mail: drmuyiwa.a@gmail.com

                                                *s/Ryan Roman*
                                                Ryan Roman

46166398;2