UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OLUWAMUYIWA AWODIYA,　　　　　　　CASE NO. 0:18-cv-60482-KMM-BSS

　　　Plaintiff,
v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

　　　Defendant.
_____/

**DECLARATION OF RYAN ROMAN IN SUPPORT OF DEFENDANT'S MOTION FOR RELIEF UNDER RULE 56(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

　　　1.　　Pursuant to Fed. R. Civ. P. 56(d), I, Ryan Roman, as counsel for defendant Ross University of Medicine, School of Veterinary Medicine Limited ("RUSM"), make this declaration in support of Defendant's Motion for Relief Under Rule 56(d) of the Federal Rules of Civil Procedure. I am over 18 years of age and I am competent to testify about the matters discussed herein.

　　　2.　　Plaintiff, a former student of RUSM, filed this lawsuit on March 6, 2018. Since the filing of this lawsuit, Plaintiff has amended his complaint twice. His third amended complaint was filed on July 17, 2018 [ECF No. 47].

　　　3.　　A stipulation for substitute of counsel was filed on July 30, 2018 [ECF No. 48]. My law firm, Akerman LLP substituted in as counsel of record for the law firm of Seyfarth Shaw LLP.

　　　4.　　RUSM's answer and affirmative defenses to the third amended complaint were filed on August 13, 2018 [ECF No. 58].

46172831;2

5. Plaintiff filed his Motion for Partial Summary Judgment on August 16, 2018 [ECF No. 61].

6. While Plaintiff has served written discovery on RUSM prior to the filing of the third amended complaint, RUSM just recently served its first set of written discovery requests now that the pleadings are closed. Copies of Defendant's First Request for Production of Documents and First Set of Interrogatories are attached hereto as Exhibits A and B, respectively.

7. No depositions have taken place in this action. RUSM intends to depose Plaintiff and anticipates that it will need to depose certain third party witnesses identified in documents produced by Plaintiff.

8. RUSM needs an opportunity to take discovery pertaining to the following topics, among others:

    a. Plaintiff's alleged disabilities;

    b. Plaintiff's alleged requests for accommodations;

    c. Treatments sought by Plaintiff and diagnoses made by third parties regarding Plaintiff's alleged disabilities;

    d. Communications between RUSM and Plaintiff upon which Plaintiff is suing for negligent misrepresentation, fraudulent misrepresentation, breach of contract, breach of implied covenant of good faith and fair dealing, and breach of fiduciary duty;

    e. Plaintiff's failure to mitigate damages;

    f. Plaintiff's efforts, or lack thereof, to continue his studies at other medical schools; and

    g. Plaintiff's attempts to seek employment.

9. These areas of inquiry, and others that may only be discovered after reviewing Plaintiff's interrogatory responses and document production, are critical to RUSM's ability to defend itself in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 23rd of August, 2018.

_____
Ryan Roman

46172831;2