UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:18-cv-60482-MOORE/SELTZER

OLUWAMUYIWA AWODIYA,

    Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF
VETERINARY MEDICINE LIMITED,

    Defendant.
_____/

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF OLUWAMUYIWA AWODIYA

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM") hereby requests that plaintiff Oluwamuyiwa Awodiya ("Plaintiff") answer in writing and under oath the following First Set of Interrogatories within thirty (30) days from the date of service hereof.

### DEFINITIONS

1.    The terms "you," "your," "Awodiya" and "Plaintiff" mean plaintiff Oluwamuyiwa Awodiya, his agents, employees, officers, directors, attorneys, accountants, auditors, investigators, subsidiaries, successors, affiliates, parents, representatives, and anyone else acting or purporting to act on his behalf.

2.    The terms "Ross University" and "Defendant" mean defendant Ross University School of Medicine, School of Veterinary Medicine Limited, its agents, employees, officers, directors, attorneys, accountants, auditors, investigators, subsidiaries, successors, affiliates, parents, representatives, and anyone else acting or purporting to act on its behalf.

1

3. The term "mental impairments" shall mean (i) Attention Deficit Disorder Without Mention of Hyperactivity, (ii) Anxiety State, Unspecified, and (iii) Obsessive Compulsive Disorder, as well as any other mental impairment or disorder for which you have been diagnosed or sought treatment.

4. The term "person" means and includes any natural person, individual, proprietorship, association, limited liability company, joint venture, firm, partnership, corporation, estate, trust, receiver, syndicate, municipal corporation, party and/or any other form of business enterprise or legal entity, governmental body, group of natural persons or entity, including any employee or agent thereof.

5. The term "action" means and refers to the lawsuit styled *Oluwamuyiwa Awodiya v. Ross University School of Medicine, School of Veterinary Medicine Limited,* Case No. 0:18-cv-60482-KMM, in the United Stated District Court for the Southern District of Florida.

6. The terms "document" or "documents" refer to and mean any medium upon which information or intelligence can be recorded or retrieved, including, without limitation, any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletypes, telefaxes, electronic mail entries, bulletins, meetings or other communications, inter-office or intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or

46117848;4

newspaper articles, releases (any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or oral records or representations of any kind, including, without limitation, microfilm, photographs, charts, microfiche, videotape, recordings, voice messages, motion pictures, mini-discs, floppy discs, CD-ROM discs, or mechanical or electronic recordings or representations of any kind (including without limitation, tapes, cassettes, discs, and records).  The term "document" shall also encompass "electronically stored information," which shall have the fullest and most complete meaning ascribed to it under the law, and shall include sound recordings, images, e-mails, instant messages, text messages, voice messages, spreadsheets, PowerPoints, databases, and other data or data compilations stored in any medium from which information can be obtained.  A draft or non-identical copy is a separate "document" within the meaning of this term.

      7.     The terms "regarding" or "referring to," or variations thereof, mean discussing, recording, consisting of, constituting, reflecting, showing, identifying, describing, analyzing, naming, or mentioning.

      8.     The term "identify," as used herein in connection with documents, mean and refer to stating the date, title, author and recipient of such document in a manner sufficient to describe the document for purposes of a subpoena duces tecum.

      9.     The term "identify," as used herein in connection with persons mean and refer to stating the full name, residence and business address, and all known telephone numbers of such person.

### Instructions

      1.     Each interrogatory shall be answered separately and fully in writing, under oath, unless it is objected to, in which event the objecting party shall specifically state the grounds for

the objection, including, but not limited to, any privilege or other immunity upon which you are relying, and shall answer to the extent the interrogatory is not objectionable.

2. In answering each interrogatory, identify each document, communication, or act:

    (a) relied upon in the preparation of each answer;

    (b) which forms all or part of the basis for that answer;

    (c) which corroborates the answer; or

    (d) the substance of which forms all or part of the answer.

3. You may, in lieu of identifying any document or written communication, attach a true copy of such document or communication as an exhibit to the answers to these interrogatories, including an explicit reference to the interrogatory to which each such attached document or written communication relates.

4. If you choose to withhold identification of a document from production or inspection on the grounds of privilege or other immunity from discovery, please provide the following information: the type of document, general subject matter of the document, its date, author(s), signatory(ies), addressee(s) or recipient(s), relationship of the author(s) and addressee(s), present location, present and all previous custodian(s), number of pages, and the nature of the privilege claimed (including work-product), and sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

5. If you object to fully identifying an oral communication because of a privilege, you must nevertheless provide the following information:

    (a) the nature of the privilege claimed (including work product);

    (b) if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

   (c)  the date of the oral communication;

   (d)  the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

   (e)  the general subject matter of the oral communication.

  6. Where in answer to an interrogatory it is plain that there is or was communication or notice that substantiates or relates to said answer, state whether each such communication or notice was oral or written.  If written, attach a true copy thereof to your answers.  If oral, identify (as defined herein) each such communication.

  7. If the answer to all or any part of the interrogatory is not presently known, or available, include a statement to that effect, furnish the information known or available, specify the nature and extent of your inability to answer the remainder, and respond to the entire interrogatory by supplemental answer, in writing, under oath.  Please also state whatever information you have concerning the unanswered portions and identify the person(s) who may have additional knowledge or information regarding the subject.

  8. For each interrogatory, please identify the person(s) from whom the information contained in the answer was obtained and the person(s) who swears to the truth of that information.

  9. Whenever, in any answer to any interrogatory, a reference is made to one or more persons, specify by name the particular person to whom the reference is intended.

  10. Where an individual interrogatory calls for an answer that involves more than one part, each part of the answer should be clearly set forth and numbered or lettered to correspond with the appropriate subpart of that interrogatory.

11. These interrogatories shall be construed to make the interrogatories inclusive rather than exclusive. For example, the past tense shall be construed to include the present tense, and vice versa; the singular shall include the plural, and vice versa; "and" and "or" shall be construed both conjunctively and disjunctively; and "any" or "each" shall mean "each and every" as well as "any one." The singular form of a noun or pronoun includes the plural form of the noun or pronoun so used, and vice versa; and the use of any tense of any verb includes all other tenses of the verb so used.

12. Unless otherwise specified in the individual interrogatories, these interrogatories are limited in time to the period from January 1, 2014 to the present.

46117848;4

7

## INTERROGATORIES

**Interrogatory No. 1:**

State the name, address, telephone number, place of employment, and job title of any person who has, claims to have, or whom you believe may have knowledge or information pertaining to any fact, defense, or injury alleged in any pleading filed in this proceeding or that you intend to file in this proceeding. In your response, please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response may have.

**ANSWER:**

46117848;4

**Interrogatory No. 2:**

Please identify all communications, whether oral or written, that you, or anyone acting on your behalf, have had with RUSM or any of its employees, agents, members, managers, or owners regarding the subject matter of your Third Amended Complaint, and describe in detail the content of each such communication. In your response, please include the date(s) these communications occurred, the location(s) of these communications, the substance of such communications and the name of any individuals with knowledge of same.

**ANSWER:**

**Interrogatory No. 3:**

Please identify any doctors, counselors or other treating physicians who you have visited during the relevant time period and anyone who has diagnosed and/or treated you for any mental impairment. In your answer, please include the name, address and contact information for anyone with knowledge of same.

**ANSWER:**

**Interrogatory No. 4:**

Please identify all mental impairments or any other illness, impairment or disability that you are alleging is relevant to the claims in this action, including in your answer (i) the date on which a diagnosis was made regarding that impairment, illness or disability, (ii) the identity of the person that made the diagnosis, (iii) when you first began experiencing symptoms pertaining to that impairment, illness or disability, (iv) the date on which you ceased experiencing any of those symptoms, (v) any medication you take for each impairment, illness or disability (whether prescribed or otherwise), (vi) the dosage of each such medication, and (vii) the date on which you took each medication.

**ANSWER:**

**Interrogatory No. 5:**

Regardless of time period, please identify each medical school or other institution you have applied to, including in your answer the date on which you applied, the date on which you received a response from the school and the outcome of the application process. Please include in your response all schools you applied to both prior to your enrollment at RUSM and after your dismissal from RUSM.

**ANSWER:**

46117848;4

**Interrogatory No. 6:**

Describe all efforts you have made to obtain employment or other work for compensation since your dismissal from RUSM, including in your answer (i) the name of each employer you contacted, (ii) the employer's contact information, including address, (iii) the date on which you contacted the employer, (iv) whether you were offered a position with the employer, (v) the salary or hourly wage offered, (vi) the approximate number of hours per week you would be expected to work (if hourly), and (vii) any other benefits, including but not limited to paid vacation time, health benefits, stock options or other benefits offered as part of the employment.  For all jobs identified in your response, please state whether you accepted employment with that employer and, if so, the dates of employment, your job title(s), and the actual salary and benefits received by you.

**ANSWER:**

46117848;4

**Interrogatory No. 7:**

For each impairment, illness or disability identified in response to Interrogatory No. 4, above, please state whether you requested an accommodation for that impairment, illness or disability from RUSM, including in your response (i) the name of the RUSM employee, officer or agent from whom you requested the accommodation, (ii) the location where the request was made, (iii) the precise nature of the accommodation you requested, (iv) the date on which you requested the accommodation, (v) the name of any other individual who has personal knowledge of your request, (vi) and the outcome of the request for accommodation.

**ANSWER:**

**Interrogatory No. 8:**

Please identify all communications, whether oral or written, that you, or anyone acting on your behalf, have had with the National Board of Medical Examiners or any of its employees, agents, members, managers, or owners. In your response, please include the date(s) these communications occurred, the location(s) of these communications, the substance of such communications and the name of any individuals with knowledge of same.

**ANSWER:**

**Interrogatory No. 9:**

Please describe in detail all of the damages you are seeking in this action. In your response, please include the manner in which the category of damages is calculated and the name and contact information of any individual with knowledge of same.

**ANSWER:**

46117848;4

**Interrogatory No. 10:**

Describe all income, including but not limited to, wages, salaries, loan proceeds and welfare or disability benefits that you have received since your dismissal from RUSM. In your response, please provide the amounts received for each source of income, the date on which the amounts were received, the name of each source of income, and the time period during which you received the income from each source. Also, please provide the name and contact information of any individual with knowledge of same.

**ANSWER:**

46117848;4

**Interrogatory No. 11:**

Please describe with specificity how much you have paid in tuition, fees or other monies as a result of your enrollment at RUSM. In your response, please provide (i) subtotals for each category, (ii) state how much you borrowed, (iii) state how much is due and owing to RUSM or any loan provider or other source of funding, (iv) state how much interest paid to date, and (v) state how much interest is still owed. Also, please provide the name and contact information of any individual with knowledge of same.

**ANSWER:**

## **VERIFICATION**

I, Oluwamuyiwa Awodiya, being duly sworn and according to law do hereby verify and affirm that the attached Responses to Defendants' First Set of Interrogatories are true and correct based upon my personal knowledge and belief, and that I have read the Responses and know the contents thereof based upon my personal knowledge.

_____
Oluwamuyiwa Awodiya

STATE OF MARYLAND         )
                          ) SS:
COUNTY OF PRINCE GEORGE'S )

The foregoing instrument was acknowledged before me on this \_\_\_ day of _____ 2018, by Oluwamuyiwa Awodiya, and that he acknowledged before me that he executed the same freely and voluntarily for the purposes described therein.

PERSONALLY KNOWN _____ or Produced Identification_____

Type of Identification Produced: _____

_____
Print or Stamp Name
Notary Public, State of _____
Commission No.:
My Commission Expires:

46117848;4

Dated: August 23, 2018.

Respectfully submitted,

*/s/Ryan Roman*
MICHAEL C. MARSH
Florida Bar Number:  0072796
Email:  michael.marsh@akerman.com
Secondary:  sharon.luesang@akerman.com
RYAN A. ROMAN
Florida Bar Number:  0025509
Email:  ryan.roman@akerman.com
Secondary:  dorothy.matheis@akerman.com
OCTAVIA M. GREEN
Florida Bar Number: 119179
Email: octavia.green@akerman.com
Secondary: simone.tobie@akerman.com
AKERMAN LLP
98 SE 7th Street, Suite 1100
Miami, FL 33131
Phone:  (305) 374-5600
Fax:  (305) 374-5095

*Attorneys for Defendant Ross University School of Medicine, School of Veterinary Medicine Limited*

46117848;4

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on August 23, 2018 a true and correct copy of the foregoing document was served via e-mail on:

Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721
Telephone: (240) 602-1836
E-mail: drmuyiwa.a@gmail.com

                                            *s/Ryan Roman*
                                            Ryan Roman

46117848;4