

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| OLUWAMUYIWA AWODIYA,<br>*Plaintiff,*<br><br>-v-<br><br>ROSS UNIVERSITY SCHOOL OF<br>MEDICINE, SCHOOL OF<br>VETERINARY MEDICINE LIMITED<br>*Defendant.* | Case No. 0:18-cv-60482-KMM<br><br>Hon. Chief Judge: K. Michael Moore<br>Magistrate Judge: Barry S. Seltzer |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR RELIEF UNDER RULE 56(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE OR, ALTERNATIVELY, MOTION FOR EXTENSION OF TIME TO RESPOND TO SUMMARY JUDGMENT

Plaintiff Oluwamuyiwa Awodiya ("Plaintiff"), in proper person, hereby files Plaintiff's response to Defendant's Motion for Relief Under Rule 56(d) of the Federal Rules of Civil Procedure or, Alternatively, Motion for Extension of Time to Respond to Summary Judgment [ECF No. 63] (the "Motion to Defer") filed by Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM" or "Defendant"). Plaintiff respectfully ask the Court to deny RUSM's Motion to Defer and its alternative.

i

## **Table of Contents**

Introduction ............................................................................................................................. 1

Procedural History ................................................................................................................. 2

Legal Standard ....................................................................................................................... 3

Argument ................................................................................................................................ 4

    I.    RUSM's Vague Assertions in Its Declaration Did Not Set Forth with Particularity the Facts It Expects to Discover and How Those Facts Would Create a Genuine Issue of Material Fact Precluding Partial Summary Judgment ................................................................................................................. 4

    II.    RUSM Did Not Allege Any Facts, Which Would Create a Genuine Issue of Material Fact Precluding Partial Summary Judgment, are Unavailable to It as Required to do so for Relief Under Fed. R. Civ. P. 56(d) ...................................... 6

    III.    Plaintiff's Motion for Partial Summary Judgment is Timely and Procedurally Proper ................................................................................................................... 7

    IV.    Discovery Began on May 3, 2018 and Both Parties had an Equally, Sufficient Opportunity to Conduct Discovery ................................................................................ 8

    V.    RUSM Delayed Serving Its Discovery Requests as a Dilatory Tactic to Delay Plaintiff's Motion for Partial Summary Judgment ....................................................... 8

        A.    RUSM's Outstanding Discovery Requests ............................................................. 9

        B.    It was Inefficient and Dilatory for RUSM to Forego Discovery Because of Pleadings and Its Affirmative Defenses ............................................................... 9

    VI.    RUSM is Not Entitled to Relief Under Fed. R. Civ. P. 56(d) Since RUSM has Been Dilatory to Discovery and Because of Its Own Lack of Diligence in Pursuing Evidence Through Permitted Methods of Discovery ............................................ 10

    VII.    RUSM Relied on Cases That are Substantively Distinguishable from This Action ................................................................................................................. 12

        A.    RUSM Incorrectly Relied on *Arch Ins. Co. v. VAS Aero Servs., LLC* ................... 12

        B.    RUSM Incorrectly Relied on *Dagoberto Catalino Diaz Hernandez v. Laundry Zone, Inc.* ........................................................................................................ 12

        C.    RUSM Quoted a Statement that Does Not Exist ................................................. 12

Conclusion ............................................................................................................................ 13

# **INTRODUCTION**

After months of discovery requests, Awodiya Declaration[1] at ¶ 4-9, Plaintiff filed his Motion for Partial Summary Judgment [ECF No. 61] (the "Summary Judgment Motion"). Then RUSM filed its Motion to Defer, attempting to seek relief under Rule 56(d) of the Federal Rules of Civil Procedure.

RUSM's Motion to Defer should be denied because: (1) RUSM's vague assertions in its declaration did not set forth with particularity the facts it expects to discover and how those facts would create a genuine issue of material fact precluding partial summary judgment; (2) RUSM did not allege any facts, which would create a genuine issue of material fact precluding partial summary judgment, are unavailable to it as required to do so for relief under Fed. R. Civ. P. 56(d); (3) Plaintiff's Motion for Partial Summary Judgment is timely and procedurally proper; (4) Discovery began on May 3, 2018 and both parties had an equally, sufficient opportunity to conduct discovery; (5) RUSM delayed serving its discovery requests as a dilatory tactic to delay Plaintiff's Motion for Partial Summary Judgment; (6) RUSM is not entitled to relief under Fed. R. Civ. P. 56(d) since RUSM has been dilatory to discovery and because of its own lack of diligence in pursuing evidence through permitted methods of discover; and (7) RUSM relied on cases that are substantively distinguishable from this action and RUSM quoted nonexistent statements from cases that it cited.

In Plaintiff's Summary Judgment Motion, he only moves for partial summary judgment on *parts* of most claims. Accordingly, no facts from further discovery will be material to any of the bases upon which Plaintiff asserts he is entitled to partial summary judgment. The bases of

---

[1] "Awodiya Declaration" refers to the accompanying Declaration of Oluwamuyiwa Awodiya in Support of Plaintiff's Response to Defendant's Motion for Relief Under Rule 56(d) of the Federal Rules of Civil Procedure or, Alternatively, Motion for Extension of Time to Respond to Summary Judgment.

1

Plaintiff's Summary Judgment Motion are as follows: RUSM knew about Plaintiff's disabilities; Plaintiff informed RUSM of the 'need' for an accommodation, Plaintiff's 'need' for an accommodation was obvious, and/or Plaintiff requested an accommodation; A fiduciary relationship existed between the RUSM Counseling Center and Plaintiff; RUSM's Academic Catalog and Student Handbook are the terms of a contract between RUSM and Plaintiff; RUSM breached the contract when it dismissed Plaintiff for failure to pass the NBME CBSE; RUSM breached the contract when it made Plaintiff's dismissal final; Damages[2] resulted from RUSM's breaches; RUSM made a false statement regarding material fact and/or RUSM misrepresented a material fact; RUSM intended to induce Plaintiff's reliance on its ADA-Statement; and RUSM omitted facts that it had a duty to disclose.

## PROCEDURAL HISTORY

On March 6, 2018, Plaintiff filed his original Complaint [ECF No. 1]. RUSM first appeared in this case on April 6, 2018 [ECF No. 17]. After the parties conferred on May 3, 2018, as required by Rule 26(f) of the Federal Rules of Civil Procedure, the parties filed their Joint Scheduling Report on May 14, 2018 [ECF No. 36]. On May 14, 2018, Plaintiff also filed his Second Amended Complaint [ECF No. 39]. RUSM answered Plaintiff's Second Amended Compliant on May 29, 2018 [ECF No. 40]. After over two months of discovery, Plaintiff filed his Third Amended Complaint on July 16, 2018 [ECF No. 47]. With granted extensions, RUSM answered Plaintiff's Third Amended Complaint on August 13, 2018 [ECF No. 58]. Plaintiff filed his Motion for Partial Summary Judgment on August 16, 2018 [ECF No. 61]. On August 23,

---

[2] Plaintiff's Summary Judgment Motion only seeks partial judgment that a "damage" simply **occurred** (displaying that the RUSM's breaches were material to the contracts); the *extent, amount, or mitigation* efforts of each damage are not a basis for any part of any claim within Plaintiff's Summary Judgment Motion.

2

2018, RUSM emailed its first set of discovery request and approximately six minutes later it filed its Motion to Defer [ECF No. 63].

## LEGAL STANDARD

"[A] party will not be entitled to conduct further discovery under Rule 56(d) where the absence of evidence essential to that party's case is the result of that party's lack of diligence in pursuing such evidence through permitted methods of discovery." *Touzout v. Am. Best Car Rental Kf Corp.*, CASE NO. 15-61767-CV-MATTHEWMAN, at *13 (S.D. Fla. May. 11, 2017) (citing *Cordero v. Readiness Mgmt. Support, L.C.*, No. 6:11-cv-1692-Orl-19DAB, 2012 WL 3744513, at *3 (M.D. Fla. Aug. 29, 2012)).

"Rule 56(d) provides a remedy 'when *facts* are unavailable to the nonmovant.'" (Emphasis in original). *Garner v. City of Ozark*, No. 13-15080, at *6 (11th Cir. Sep. 17, 2014) (quoting Fed. R. Civ. P. 56(d)). "[T]he non-moving party must specify the reasons, by affidavit or declaration, that it cannot present facts necessary to justify its opposition to summary judgment." *Touzout v. Am. Best Car Rental Kf Corp.*, CASE NO. 15-61767-CV-MATTHEWMAN, at *13 (S.D. Fla. May. 11, 2017). "This affidavit or declaration must 'set forth **with particularity the facts** the [non-moving] party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment.'" (Emphasis added; brackets in original). *Id.* (quoting *Garner v. City of Ozark*, 587 Fed. Appx. 515, 518 (11th Cir. 2014)).

"[Nonmovant's] argument that summary judgment was premature because the time for discovery had not yet lapsed misses the mark. 'The district court is not required to await the completion of discovery before ruling on a motion for summary judgment.'" *Deer v. Saltzman, Tanis, Pittell, Levin & Jacobson, Inc.*, CASE NO. 10-61588-CIV-HUCK/BANDSTRA, at *3

(S.D. Fla. Aug. 15, 2011) (quoting *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990)).

"As stated in Federal Rule of Civil Procedure 1, the Federal Rules of Civil Procedure 'should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Touzout v. Am. Best Car Rental Kf Corp.*, CASE NO. 15-61767-CV-MATTHEWMAN, at *15 (S.D. Fla. May. 11, 2017) (quoting Fed. R. Civ. P. 1). For the reasons set forth below, RUSM's Motion to Defer should be denied in its entirety.

## ARGUMENT

**I.     RUSM's Vague Assertions in Its Declaration Did Not Set Forth with Particularity the Facts It Expects to Discover and How Those Facts Would Create a Genuine Issue of Material Fact Precluding Partial Summary Judgment**

RUSM does not meet the requirements for relief under Fed. R. Civ. P. 56(d) as a matter of law. RUSM's supporting Declaration of Ryan Roman [ECF No. 63-1] ("Roman Declaration") in support of its Motion to Defer, does not specify or articulate what particular facts it expects to discover and neither does it provided any explanation of how those facts would create a genuine issue of material fact precluding Plaintiff's Motion for Partial Summary Judgment as is required by law.

Regarding RUSM's Roman Declaration, "This affidavit or declaration must 'set forth **with particularity the facts** the [non-moving] party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment.'" (Emphasis added; brackets in original). *Touzout v. Am. Best Car Rental Kf Corp.*, CASE NO. 15-61767-CV-MATTHEWMAN, at *13 (S.D. Fla. May. 11, 2017) (quoting *Garner v. City of Ozark*, 587 Fed. Appx. 515, 518 (11th Cir. 2014)); "[Nonmovant] has not shown that she meets the requirements of Rule 56(d). [Nonmovant] has not articulated what particular facts she expects to discover.

4

Neither has she provided any explanation of how those facts would be relevant to the issue." *Garner v. City of Ozark*, No. 13-15080, at *6 (11th Cir. Sep. 17, 2014).

Neither RUSM's Motion to Defer nor the Roman Declaration set forth with *particularity* the facts it expects to discover. Its supporting declaration only states that it wants the "opportunity" to explore "**topics**." (Emphasis added). Roman Declaration at ¶ 8. Its declaration further states that RUSM wants to explore "[t]hese **areas** of inquiry." (Emphasis added). *Id.* at ¶ 9. RUSM's Motion to Defer states that discovery is necessary for "key **areas**" and for "**areas** of inquiry" and additionally states that "discovery into these **areas** is critical." (Emphasis added). Motion to Defer at 4. It is significantly and abundantly clear that RUSM did not meet this requirement for relief under Fed. R. Civ. P. 56(d) because it does not set forth any, at all, not even one, particular fact that it expects discover. RUSM continuously and numerously states that it wants further discovery to vaguely explore certain "areas" and "topics." 'Areas' and 'topics' of information are not facts and are not particular.

Since RUSM failed to set forth any particular fact that it expects to discover, it consequently failed to, cannot, and did not provided any explanation of how such facts would create a genuine issue of material fact to preclude the partial summary judgment as is also required by law to qualify for relief under Fed. R. Civ. P. 56(d).

These requirements for relief under Fed. R. Civ. P. 56(d) also apply to RUSM's alleged need to depose people. Depositions are a type of discovery in which RUSM had since May 3, 2018 to conduct. Awodiya Declaration at ¶ 2. Despite RUSM's own failure to participate in the discovery process, including depositions, it still failed to set forth any particular fact it expects to discover from depositions or from any of its "anticipated" third parties; and thus, again also

5

failed to explain how such facts would create a genuine issue of material fact to preclude the partial summary judgment.

Accordingly, for the foregoing reasons and in accordance with the Eleventh Circuit authority, RUSM's Motion to Defer should be denied because RUSM did not meet the requirements for relief under Fed. R. Civ. P. 56(d).

## II.  RUSM Did Not Allege Any Facts, Which Would Create a Genuine Issue of Material Fact Precluding Partial Summary Judgment, are Unavailable to It as Required to do so for Relief Under Fed. R. Civ. P. 56(d)

Another requirement for relief under Fed. R. Civ. P. 56(d) is that the facts must be unavailable to RUSM. "Rule 56(d) provides a remedy 'when *facts* are unavailable to the nonmovant.'" *Garner v. City of Ozark*, No. 13-15080, at *6 (11th Cir. Sep. 17, 2014) (quoting Fed. R. Civ. P. 56(d) (emphasis added)). RUSM did not allege any fact that is unavailable to it because RUSM only alleged that it needed to explore certain "areas" and "topics."

Even though RUSM did not bear its burden to explain how such facts, if existed, would create a genuine issue of material fact precluding Plaintiff's Motion for Partial Summary Judgment, Plaintiff herein will still address RUSM's dilatorily submitted discovery requests, that RUSM submitted in bad faith.

Even if we assume, hypothetically, that RUSM alleged any fact that is unavailable to it, the overbroad "areas" of facts that are in RUSM's discovery requests (served **six minutes** before it served Plaintiff with its Motion to Defer) are areas of facts that are either in RUSM's custody or are already in RUSM's possession and therefore are areas of facts that were **available** to it since discovery began on May 3, 2018.

Before Plaintiff explains how RUSM requests information already available to it, Plaintiff would like to remind the Court that RUSM diagnosed Plaintiff, counseling or medical documents diagnosing Plaintiff's mental impairments were produced by RUSM during

6

discovery, any 'correspondences' or communication between RUSM and Plaintiff is obviously already available to it because RUSM is a party to this action and either initiated or received said correspondences or communications, and the topic of the extent or amount of damages or the mitigation of those damages are not relevant to Plaintiff's Summary Judgment Motion.

In RUSM's First Request for Production of Documents [ECF No. 63-2]: Requests numbered 1-4, 6, 7, 10-15, 19, 21-26, 28, 29, 31-54-56, 58, and 61, requested documents in RUSM's custody or already in its possession; Requests numbered 17, 18, 20, 27, 30, 59, 60, and 62-71, requested documents regarding Plaintiff's mitigation of damages; Requests numbered 8 and 9, requested documents that, upon current belief, don't exist; Any other numbered requests cannot create a genuine issue of material fact to preclude the partial summary judgment.

In RUSM's First Set of Interrogatories [ECF No. 63-3]: Interrogatories numbered 1-4 and 7-8, request information already available and known to RUSM. *See generally* documents produced by RUSM [ECF No. 59, pgs. 16-53]; Interrogatories numbered 5, 6, and 9-11 request information regarding Plaintiff's mitigation of damages.

Accordingly, even though RUSM's argument already failed because it did not set forth any facts with particularity, the areas and topics that RUSM contends that it wants to explore will not generate any facts that are *unavailable* to it that would create a genuine issue of material fact to preclude the partial summary judgment. And therefore, there is no remedy available to RUSM pursuant to Fed. R. Civ. P. 56(d) because Rule 56(d) *only* provides a remedy 'when *facts* are *unavailable* to the nonmovant.'

### III. Plaintiff's Motion for Partial Summary Judgment is Timely and Procedurally Proper

"Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed.

7

R. Civ. P. 56(b). The Court's Order states that "[M]otions for summary judgment ... must be filed no later than eighty (80) days prior to the trial date." [ECF No. 37].

IV. **Discovery Began on May 3, 2018 and Both Parties had an Equally, Sufficient Opportunity to Conduct Discovery**

Rule 26(d)(1) of the Federal Rules of Civil Procedure provides that discovery begins when the parties have conferred as required by Rule 26(f) of the Fed. R. Civ. P. RUSM and Plaintiff conferred, pursuant to Fed. R. Civ. P. 26(f), on May 3, 2018. Awodiya Declaration at ¶ 2. Accordingly, discovery began on May 3, 2018.

Since the beginning of discovery on May 3, 2018, the parties had exchanged initial disclosures and Plaintiff served RUSM with four separate discovery requests. Awodiya Declaration at ¶ 3-4. Plaintiff served his first discovery request on RUSM on May 11, 2018. *Id.* at ¶ 5. Plaintiff served his second discovery request on RUSM on June 6, 2018. *Id.* at ¶ 6. Plaintiff served his third discovery request on RUSM on June 13, 2018. *Id.* at ¶ 7. Plaintiff served his fourth discovery request on RUSM on July 9, 2018. *Id.* at ¶ 8. Following Plaintiff's discovery requests, RUSM has produced over 500 pages of documents and responded to a total of 77 requests for admission. *Id.* at ¶ 9. RUSM did not serve any discovery request since the start of discovery until the day it filed its Motion to Defer. *Id.* at ¶ 10; *see also* Roman Declaration at ¶ 6.

Plaintiff, who is *pro se*, diligently conducted a productive discovery since the beginning of the discovery period. Plaintiff has and continues to use the opportunities provided by the Court to ensure a just, speedy, and inexpensive determination of this case. RUSM and its teams of law firms should be held to the same standard. RUSM failed to use the opportunities that were available to it and as such should not be rewarded for its dilatory decisions.

V. **RUSM Delayed Serving Its Discovery Requests as a Dilatory Tactic to Delay Plaintiff's Motion for Partial Summary Judgment**

8

Following the parties conference, pursuant to Fed. R. Civ. P. 26(f), the parties filed their Joint Scheduling Report on May 14, 2018. [ECF No. 36]. In the parties Joint Scheduling Report, the parties agreed to complete discovery by October 29, 2018. [ECF No. 36, pg. 2]. Acting on this information at that time, the Joint Scheduling Report states that "Plaintiff anticipates filing a motion for summary judgment or partial summary judgment. He anticipates doing so before the close of the discovery period." *Id.*

### A. RUSM's Outstanding Discovery Requests

RUSM states that it "recently" served Plaintiff with its first written discovery requests. Motion to Defer at 3; Roman Declaration at ¶ 6. On August 23, 2018, RUSM, in bad faith, served its first discovery requests on Plaintiff literally ***six minutes*** before it served Plaintiff with its Motion to Defer. *See* Awodiya Declaration at ¶ 10, Exhibits 01 and 02. RUSM's "outstanding" discovery requests are only outstanding because it served these delayed, nonmaterial, last-minute discovery requests to delay Plaintiffs Motion for Partial Judgment by attempting to circumvent the of the merits of the Summary Judgment Motion.

### B. It was Inefficient and Dilatory for RUSM to Forego Discovery Because of Pleadings and Its Affirmative Defenses

RUSM contends that it did not engage in discovery because it did not want to conduct discovery on a "prior iteration of the complaint." Motion to Defer at 3. First, RUSM does not explain why it would have been inefficient to conduct discovery on a prior iteration of the complaint (assuming that RUSM meant the most current iteration of the complaints, when they were served and filed). For this reason, Plaintiff is unable to adequately address what RUSM attempts to contend because RUSM's argument is not clear. Secondly, RUSM cannot predict the future. It is only logical and reasonable for RUSM to treat every iteration of the complaint as the final iteration until a new or amended iteration is served or filed with the Court. RUSM's

9

argument is flawed since there is always a possibility that the current complaint will not be the final version of the complaint because if good cause exists and if justice so requires, the Court can freely give leave to amend a complaint after the closing of pleadings. Fed. R. Civ. P. 15.

RUSM also contends that it did not engage in discovery because it was evaluating its affirmative defenses. Motion to Defer at 3. RUSM again, did not explain how evaluating its affirmative defenses prevented its ability to engage in discovery, especially, regarding facts relevant to Plaintiff's claims. Plaintiff cannot address what RUSM contends because RUSM's argument is not clear and is vague.

Additionally, when Plaintiff did not have RUSM's answers or its affirmative defenses, he did not let this prevent him from conducting discovery. Plaintiff served his first discovery request on May 11, 2018. Awodiya Declaration at ¶ 5. RUSM did not submit its first answer and affirmative defenses until May 29, 2018. [ECF No. 40]. Hence, both parties had the opportunity to conduct discovery since May 3, 2018 regardless of pleadings or affirmative defenses that were filed or not filed.

## VI. RUSM is Not Entitled to Relief Under Fed. R. Civ. P. 56(d) Since RUSM has Been Dilatory to Discovery and Because of Its Own Lack of Diligence in Pursuing Evidence Through Permitted Methods of Discovery

As stated above and restated herein, RUSM had a sufficient opportunity to conduct discovery but did not use any of this opportunity because of its own unexplained, unsupported and improper reasonings. RUSM's dilatory conduct did not conform with Fed. R. Civ. P. 1 providing that the parties are to secure the just, speedy, and inexpensive determination of every action and proceeding.

This Court has repeatedly denied Fed. R. Civ. P. 56(d) motions on the basis that nonmovants were dilatory to discovery. In *Touzout v. Am. Best Car Rental Kf Corp.*, CASE NO. 15-61767-CV-MATTHEWMAN, at *13 (S.D. Fla. May. 11, 2017) (with the Plaintiff as the

10

nonmovant, this Court finds that Plaintiff "asserts that Plaintiff had a falling out with his previous attorney, who did not conduct discovery in Plaintiff's defense, and that he should now be allowed to take depositions of key parties and witnesses."). "Plaintiff apparently did not attempt to conduct any discovery despite being aware of these undisclosed witnesses." *Id.* at 15. "Plaintiff's need to conduct additional discovery is a result of his own delay and lack of diligence. Plaintiff has only himself to blame for his failure to participate in the discovery process." *Id.* "[A] party will not be entitled to conduct further discovery under Rule 56(d) where the absence of evidence essential to that party's case is the result of that party's lack of diligence in pursuing such evidence through permitted methods of discovery." *Id.* at 13.

This Court again holds that the same applies to cases involving Fed. R. Civ. P. 56(d) and summary judgment motions that occur before awaiting the completion of discovery. "[Nonmovant's] argument that summary judgment was premature because the time for discovery had not yet lapsed misses the mark. 'The district court is not required to await the completion of discovery before ruling on a motion for summary judgment.'" *Deer v. Saltzman, Tanis, Pittell, Levin & Jacobson, Inc.*, CASE NO. 10-61588-CIV-HUCK/BANDSTRA, at *3 (S.D. Fla. Aug. 15, 2011) (quoting *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990)). "[Nonmovant] had ample opportunity to seek discovery prior to the Court's ruling on summary judgment; Plaintiff simply did not take advantage of the discovery methods available to her." *Id.*

Accordingly, this Court has held that nonmovants, who were dilatory to discovery before a movant's motion for summary judgment, are not entitled to relief under Fed. R. Civ. P. 56(d). RUSM's ill-timed need to conduct additional discovery is a result of his own delay and lack of diligence. The Fed. R. Civ. P. are purposed to secure the just, speedy, and inexpensive

11

determination of every action and proceeding. RUSM's own failure to participate in the discovery process should not be allowed to diminish the purpose of Fed. R. Civ. P. 1.

## VII. RUSM Relied on Cases That are Substantively Distinguishable from This Action

### A. RUSM Incorrectly Relied on *Arch Ins. Co. v. VAS Aero Servs., LLC*

In *Arch Ins. Co. v. VAS Aero Servs., LLC*, Case No. 16-80749-CIV-MARRA, at *2 (S.D. Fla. Mar. 13, 2017) (the reason the Court ruled that the plaintiff's Motion for summary judgment was premature, was because the plaintiff's Motion in that case "was brought prior to its Rule 26 disclosures.").

Here, in this present action, Plaintiff and RUSM exchanged initial disclosures and conferred pursuant to Fed. R. Civ. P. 26. Awodiya Declaration at ¶ 2-3. After months of discovery requests, Awodiya Declaration at ¶ 4-9, Plaintiff then filed his Motion for Partial Summary Judgment.

### B. RUSM Incorrectly Relied on *Dagoberto Catalino Diaz Hernandez v. Laundry Zone, Inc.*

In *Dagoberto Catalino Diaz Hernandez v. Laundry Zone, Inc.*, Case No. 1:15-cv-22708-KMM, at *4 (S.D. Fla. Dec. 4, 2015) (the reason the Court ruled that the Defendant's Motion for summary judgment was premature, was because facts solely "on the basis of one affidavit … is not enough for th[e] Court to adjudicate the merits of the case.").

Here, in this present action, Plaintiff does not move for partial summary judgment only on the basis of one declaration. Accompanying Plaintiff's Motion for Partial Summary Judgment is 38 exhibits with 96 pages of document evidence [ECF No. 59, pgs. 16-111], produced after months of discovery requests, Awodiya Declaration at ¶ 4-9.

### C. RUSM Quoted a Statement that Does Not Exist

In the Legal Standard section of RUSM's Motion to Defer [ECF No. 63], it writes:

> Further, "where a nonmoving party has not had an adequate opportunity for discovery, summary judgment is premature." *Celotex Corp. v. Cartrett*, 477 U.S. 317, 322 (1986).

Motion to Defer at 2. RUSM's quoted statement does not exist anywhere in *Celotex Corp. v. Cartrett*, 477 U.S. 317 (1986).

## **CONCLUSION**

Plaintiff respectfully requests that this Court enter an Order denying Defendant's Motion for Relief Under Rule 56(d) of the Federal Rules of Civil Procedure or, Alternatively, Motion for Extension of Time to Respond to Summary Judgment [ECF No. 63] in its entirety.

DATED this 26th day of August, 2018:                               Respectfully submitted,

                                                                   _____
                                                                   By: Oluwamuyiwa Awodiya, *pro se litigant*
                                                                   15005 Dahlia Dr.
                                                                   Bowie, MD 20721
                                                                   (240) 602-1836
                                                                   Plaintiff, in Proper Person

## CERTIFICATE OF SERVICE

I do hereby certify that on this 26th day of August, 2018, I have caused a true and correct copy of the PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR RELIEF UNDER RULE 56(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE OR, ALTERNATIVELY, MOTION FOR EXTENSION OF TIME TO RESPOND TO SUMMARY JUDGMENT by delivering a copy to the Court, where the Court's CM/ECF system will send notification to the following:

> Ryan Roman
> Akerman Senterfitt
> Suntrust International Center
> 1 SE 3rd Avenue
> 25th Floor
> Miami, FL 33131-1714
> 305-374-5600
> Fax: 305-374-5095
> Email: ryan.roman@akerman.com

_[signature]_