FILED BY _____ D.C.

SEP - 4 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| OLUWAMUYIWA AWODIYA, <br> *Plaintiff,* <br><br> -v- <br><br> ROSS UNIVERSITY SCHOOL OF MEDICINE, SCHOOL OF VETERINARY MEDICINE LIMITED <br> *Defendant.* | Case No. 0:18-cv-60482-KMM <br><br> Hon. Chief Judge: K. Michael Moore <br> Magistrate Judge: Barry S. Seltzer |

## **PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Plaintiff, Oluwamuyiwa Awodiya ("Plaintiff"), in proper person, hereby files his Motion for Partial Judgment on the Pleadings pursuant to Rule (12)(c) of the Federal Rules of Civil Procedure. Plaintiff respectfully asks the Court to grant judgment for the breach of contract counts mentioned herein.

## **INTRODUCTION**

Plaintiff filed his Third Amended Complaint on July 16, 2018 [ECF No. 47] (the "Compl."). Defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM" or "Defendant") filed its answer and affirmative defenses on August 13, 2018 [ECF No. 58] (the "Def. Ans.").

Based on the pleadings and any judicially noticed facts, Plaintiff moves for judgment individually on "sub-count 5" and "sub-count 6" of his breach of contract claims (Count VI). Compl. at ¶ 95. RUSM breached its contractual obligation as set forth in the Ross University School of Medicine Academic Catalog 2015-2016, VOL. 7 ("Academic Catalog"). Courtesy excerpts of the updated 2016 version of this Academic Catalog are attached to the accompanying

1

declaration as Ex. A. RUSM also breached its contractual obligation as set forth in the RUSM Student Handbook. Courtesy excerpts of the Student Handbook are attached to the accompanying declaration as Ex. B.

In sub-count 5, the RUSM Registrar Department act arbitrarily with the official policy regarding the minimum passing score for the NBME Comprehensive Basic Sciences Examination ("NBME CBSE" or "COMP") and, by breach, dismissed Plaintiff when he had a score (67) above the minimum passing score (66) on one of his NBME CBSE attempts. In sub-count 6, the Dean of RUSM, by breach, made Plaintiff's dismissal final when the Dean did not respond to Plaintiff's appeal within the contractually obligated 15 calendar days.

## LEGAL STANDARD

"After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. Dist. Atty's. Office*, 592 F.3d 1237, 1255 (11th Cir. 2010) (quoting *Andrx Pharm., Inc. v. Elan Corp.*, 421 F.3d 1227, 1232-33 (11th Cir. 2005)).

## ARGUMENT

"Under Florida law, the elements of a breach of contract claim are: '(1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach.'" *Textron Financial Corp. v. Lentine Marine Inc.*, 630 F. Supp. 2d 1352, 1356 (S.D. Fla. 2009) (quoting *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d Dist. Ct. App. 2006) (citations omitted)).

**I.     RUSM's Academic Catalog and Student Handbook are the Terms of an Existing Contract Between RUSM and Plaintiff**

2

"Under Florida law, the legal relationship between a private university and a student is 'solely contractual in character' ... These terms may be derived from university publications such as the student handbook and catalog." *Sirpal v. Univ. of Miami*, No. 11-15210, at 10 (11th Cir. Feb. 19, 2013) (citing *Jallali v. Nova Se. Univ., Inc.*, 992 So. 2d 338, 342 (Fla. 4th DCA 2008)). "The catalog shall constitute a **contractual** obligation of the school to the student and shall be the official statement of the school's policies, programs, services, and charges and fees." Florida Administrative Code Rule 6E-2.004(11)(b)(2) (emphasis added).

It is law that the RUSM Academic Catalog and the RUSM Student Handbook are the terms of RUSM's contractual obligation to Plaintiff.

## II. Breach of Contract (Count VI) Sub-count 5: RUSM Breached the Contract When It Dismissed Plaintiff for Failure to Pass the NBME CBSE

The RUSM Registrar Department acted arbitrarily to the school's official NBME CBSE policy and, by breach, dismissed Plaintiff when he had a passing NBME CBSE score. "RUSM admits that Plaintiff scored a 67 on the NBME CBSE" in "August 2016" when the latest "version" of the Academic Catalog to that date "stated that the minimum passing score on the NBME CBSE was a 66." Def. Ans. at ¶ 33; Ex. A at 1. By rule, this Academic Catalog is "the **official** statement of the school's **policies**." Florida Administrative Code Rule 6E-2.004(11)(b)(2) (emphasis added). "RUSM admits that it dismissed Plaintiff for failure to achieve the minimum passing score on the NBME CBSE." Def. Ans. at ¶ 27.

RUSM alleges that in August 2015, it sent an email that it had intentions to change the NBME CBSE minimum passing score policy, for an unspecified amount of time, in November 2015. Def. Ans. at ¶ 33. Even if we take that as true, in May 2016, *nine months after* RUSM's alleged email, RUSM published online the school's updated official policies and requirements in the Academic Catalog. Ex. A at page ii (*see* the copyright symbol and the "2016" publication

3

year at the bottom left corner of the page). RUSM admits that this updated, most current, and most recently published version of the Academic Catalog stated, "that the minimum passing score on the NBME CBSE was a 66." Def. Ans. at ¶ 33; Ex. A at 1. Therefore, even if RUSM's email assertion was true, any outdated policy that the email referred to was subsequently changed, superseded, and updated in the following semesters by the precedential authority set forth by language in the updated Academic Catalog published in mid-2016 before Plaintiff scored a 67 on his NBME CBSE.

RUSM admits that when "Plaintiff scored a 67 on the NBME CBSE" in "August 2016," the terms of the latest "version" of the "Academic Catalog" stated, "[t]his catalog supersedes all previous editions and is in effect until a subsequent version is published." Def. Ans. at ¶ 33; Ex. A at page ii. RUSM also admits that the next "version of the Academic Catalog was not published until ... *months after* Plaintiff scored a 67" on the NBME CBSE. Def. Ans. at ¶ 33. RUSM admits that the latest version of the Academic Catalog, when Plaintiff scored a 67 on the NBME CBSE, stated, "[s]tatements regarding ... graduation requirements are subject to change at any time and are applicable to all enrolled students." Def. Ans. at ¶ 33; Ex. A at page ii. This version of the Academic Catalog's statement regarding the minimum passing score for the NBME CBSE stated, "[s]tudents receiving a score of 66 or higher on the [NBME] CBSE are certified to take the USMLE Step 1." Ex. A at 1; Def. Ans. at ¶ 33. RUSM also admits that it states, "**All information in this catalog is current.**" Def. Ans. at ¶ 33 (emphasis added); Ex. A at page ii. This version of the Academic Catalog is "the most current and accurate representation of Ross University School of Medicine's programs and policies." Ex. A at page ii. It also states, "[s]tudents must be familiar with the policies and procedures of RUSM as stated in this catalog." *Id.* at 1.

Therefore, in 2016, RUSM firmly mandated that all policies and statements within the updated Academic Catalog are current and supersedes any previously established policies. "RUSM admits that Plaintiff scored a 67 on the NBME CBSE" in "August 2016" when the latest "version" of the Academic Catalog to that date "stated that the minimum passing score on the NBME CBSE was a 66." Def. Ans. at ¶ 33. As a matter of law, the rules and regulations, the terms of the Academic Catalog, and RUSM's admissions, the most current and official statement of the NBME CBSE policy stated that a 66 or above was a passing score when Plaintiff received a 67 on the NBME CBSE. RUSM's arbitrary act of dismissing "Plaintiff for failure to achieve the minimum passing score on the NBME CBSE" was a breach of its contractual obligation. Def. Ans. at ¶ 27.

### III. Breach of Contract (Count VI) Sub-count 5: Damages Resulted from RUSM's Breach

As a result of the RUSM Registrar Department's breach, Plaintiff was wrongfully dismissed from RUSM when he actually had a passing NBME CBSE score on one of his attempts. Def. Ans. at ¶¶ 27, 33.

### IV. Breach of Contract (Count VI) Sub-count 6: RUSM Breached the Contract When It Made Plaintiff's Dismissal Final

The Dean did not have the contractual right to make Plaintiff's dismissal final after the contractually obligated 15 calendar days. RUSM admits that Plaintiff appealed his dismissal to the Dean. Def. Ans. at ¶ 34. The terms of the RUSM Student Handbook state, "The Dean will respond within 15 calendar days of receipt of the appeal. The Dean's decision is final." Def. Ans. at ¶ 34; Ex. B at 37. RUSM admits that the Dean made Plaintiff's dismissal final after the required 15 calendar days from receipt of Plaintiff's appeal. Def. Ans. at ¶ 34.

Therefore, the Dean, by breach, made Plaintiff's dismissal final.

### V. Breach of Contract (Count VI) Sub-count 6: Damages Resulted from RUSM's Breach

This breach, by the Dean, directly and proximately deprived Plaintiff of any future opportunity to continue his medical education at RUSM when the Dean made Plaintiff's dismissal *final*. Def. Ans. at ¶ 34. Plaintiff's dismissal should not have been final and at the very least should have been tentative, inconclusive, subject to change in the event of new information, or allowed to appeal again.

### CONCLUSION

Based on the substance of the pleadings and any judicially noticed facts, Plaintiff respectfully requests this Court to grant partial judgment on the pleadings for "sub-count 5" and "sub-count 6" of Plaintiff's breach of contract claims.

DATED this 4th day of September, 2018:    Respectfully submitted,

By: Oluwamuyiwa Awodiya, *pro se litigant*
15005 Dahlia Dr.
Bowie, MD 20721
(240) 602-1836
Plaintiff, in Proper Person

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this 4th day of September, 2018, I have caused a true and correct copy of the PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS by delivering a copy to the Court, where the Court's CM/ECF system will send notification to the following:

> Ryan Roman
> Akerman Senterfitt
> Suntrust International Center
> 1 SE 3rd Avenue
> 25th Floor
> Miami, FL 33131-1714
> 305-374-5600
> Fax: 305-374-5095
> Email: ryan.roman@akerman.com

By: Oluwamuyiwa Awodiya, *pro se* litigant