**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

OLUWAMUYIWA AWODIYA,                    CASE NO. 0:18-cv-60482-KMM-BSS

      Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

      Defendant.

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Ross University School of Medicine, School of Veterinary Medicine Limited

("RUSM"), by counsel, hereby files its Response in Opposition to the Motion for Partial Judgment

on the Pleadings [ECF No. 67] ("Motion") filed by Plaintiff Oluwamuyiwa Awodiya ("Plaintiff").

**I.      INTRODUCTION**

In this action, Plaintiff brings ten (10) causes of action against RUSM alleging violation of

federal and Florida state statutes, including Title III of the Americans with Disabilities Act

("ADA"), and state law claims for breach of contract, breach of the covenant of good faith and fair

dealing, fraudulent inducement, negligent misrepresentation, and breach of fiduciary duty, all

stemming from the same alleged conduct involving Plaintiff's dismissal from RUSM.

On August 16, 2018, three days after the pleadings closed in this action, Plaintiff moved

for partial summary judgment on several counts, including the claim for breach of contract. *See*

[ECF No. 61].  On August 23, 2018, RUSM filed a motion seeking relief pursuant to Rule 56(d)

of the Federal Rules of Civil Procedure, requesting that the Court deny the motion for summary

judgment to allow time for discovery in this action.  *See* [ECF No. 63].  That same day, RUSM

served written discovery requests, to which Plaintiff has not yet responded.

On August 29, 2018, the Court granted RUSM's motion seeking relief under Rule 56(d)

and denied Plaintiff's motion for partial summary judgment as premature.  *See* [ECF No. 66].  Less

than a week after the Court's ruling, on September 4, 2018, Plaintiff moved for partial judgment

on the pleadings as to "Subcounts 5 and 6" of the breach of contract claim.  *See* [ECF No. 67].

Judgment on the pleadings should be denied as there is a genuine issue of material fact as

to whether RUSM breached its contractual obligation to Plaintiff.  As a matter of law, courts give

deference to private universities in setting forth their academic curricula.  Here, RUSM advised

Plaintiff and all students in writing of a change in its passing test score for the NBME CBSE

Examination, which is the relevant examination at issue in "Subcounts 5 and 6" of Plaintiff's

breach of contract claim.  Moreover, Plaintiff asks the Court to determine whether his dismissal

was "arbitrary," a determination that is both disputed and requires the presentation of evidence

outside of the pleadings.

Furthermore, Plaintiff attaches two documents to his motion, neither of which are attached

to the original pleadings in this case.  Plaintiff's motion for judgment on the pleadings would need

to be transformed into a motion for summary judgment in order to be resolved and, as the Court

just recently held, a summary judgment motion is premature.  This latest motion is an effort to

circumvent the Court's prior ruling and should be denied.

## II.    LEGAL STANDARD

Judgment on the pleadings is only appropriate where there are no material facts in dispute

and all facts must be viewed in the light most favorable to the nonmoving party.  *Lehman Brothers*

*Holdings Inc. v. NDF Appraisals, Inc.*, Case No. 12-21993-CIV-Altonaga/Simonton, 2013 WL

12101113, at *2 (S.D. Fla. July 15, 2013) (citing *Scott v. Taylor*, 405 F. 3d 1251, 1253 (11th Cir. 2005)). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Sanchez v. City of Pembroke Pines, Florida*, Case No. 16-cv-62958-BLOOM/Valle, 2017 WL 5068370, at *1 (S.D. Fla. Nov. 3, 2017) (internal quotations and citations omitted).

Furthermore, Rule 12(d) of the Federal Rules of Civil Procedure provides that "if, on motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).  Further, "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).

III.    **ARGUMENT**

a.      **Plaintiff's Motion is an Attempt to Circumvent the Court's Prior Ruling**

On August 16, 2018, Plaintiff filed his Motion for Partial Summary Judgment. [ECF No. 61].  In response, RUSM filed a Motion for Relief under Rule 56(d) of the Federal Rules of Civil Procedure, or alternatively, Motion for Extension of Time to Respond to Summary Judgment. [ECF No. 63].  In its Motion for Relief, RUSM requested that the Court defer ruling on Plaintiff's Motion for Partial Summary Judgment. RUSM argued that substantive discovery was necessary before the Court could adjudicate the merits of the case.  [ECF No. 63] at 3-4.   RUSM has served written discovery requests on Plaintiff but has not received any responses, objections or production of document at this time.   Furthermore, RUSM should be afforded sufficient time to depose Plaintiff after reviewing his production of documents.  The Court agreed with RUSM's position that summary judgment was premature and entered an Order denying Plaintiff's Motion for Partial Summary Judgment. [ECF No. 66].

Less than a week later, Plaintiff filed his Motion for Judgment on the Pleadings.  This appears to be nothing more than an attempt to get around the Court's prior ruling.  As set forth below, "subcounts 5 and 6" of Plaintiff's breach of contract claim cannot be decided on a Motion for Judgment on the Pleadings.  Taking the facts in the light most favorable to the nonmoving party, the Motion must be denied.

### b.     Plaintiff is Not Entitled to Judgment as to "Subcounts 5 and 6" of the Breach of Contract Claim

Even if the Court reaches the merits of Plaintiff's Motion, it must be denied.  As a matter of law, to succeed on a breach of contract claim, a plaintiff must show: (i) a valid contract; (ii) a material breach; (iii) damages flowing from the breach of contract.  *See Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008).

#### i.   The Pleadings Reveal Several Disputes as to the Elements of the Claim

On their face, the pleadings reveal a material dispute of fact.  *See Sanchez,* 2017 WL 5068370 at *1 (denying plaintiff's motion for judgment on the pleadings after finding that plaintiff's allegations and defendant's admissions revealed a material dispute of fact).

Plaintiff alleges that RUSM breached its contractual obligations by allegedly changing the passing score for the NBME CBSE examination and by allegedly failing to respond to Plaintiff's appeal within 15 days. *See* Compl. at ¶ 95.  The pleadings contain several disputes of material fact as to these specific allegations.

In paragraph 33 of the Complaint, Plaintiff alleges as follows:

ln August 2016, Plaintiff scored a 67 on the NBME Comprehensive exam.  At the time of this score, the academic catalog stated that a score of 66 or higher is a passing score.  The academic catalog also states that "this catalog supersedes all previous editions and is in effect until a subsequent version is published either in print or online.  The latest version published at the time was the 2015-2016, vol. 7 Ross University Academic Catalog.  The next version of the academic catalog was not published until November 2016 in which it changes the passing score from 66 to 68.  This publication was months after the Plaintiff had already attained a score

4

of 67.  RUSM claims that the 67 score was not a passing score leading to the dismissal of the Plaintiff.

Compl. [ECF No. 47] at ¶ 33.

RUSM responded to the allegation in paragraph 33 as follows:

In response to paragraph 33, RUSM admits that Plaintiff scored a 67 on the NBME CBSE (Comprehensive Basic Science Exam) in August 2016 and admits that the last published Academic Catalog prior to that date was the ROSS UNIVERSITY SCHOOL OF MEDICINE ACADEMIC CATALOG 2015-2016, VOL. 7, and that it stated that the minimum passing score on the NBME CBSE was 66. RUSM also admits that this version of the Academic Catalog stated:

> This catalog supersedes all previous editions and is in effect until a subsequent version is published either in print or online. All information in this catalog is current at the time of printing. **Statements regarding** tuition and fees, curriculum, course offerings, admissions, and **graduation requirements are subject to change at any time and are applicable to all enrolled students** unless otherwise stated.

(Emphasis added). RUSM admits that the 2016-2017 version of the Academic Catalog was not published until November 2016, months after Plaintiff scored a 67, and that this version states that 68 is the minimum passing score on the exam.

By way of further answer, RUSM states that it sent an e-mail communication to all students, including Plaintiff, in August 2015, advising them that the minimum passing score on the exam would be a 68 as of mid-November 2015, more than five months before Plaintiff's first attempt at the exam in April 2015, when he scored a 58, and more than nine months before the only time he scored above a 64, when he scored a 67 on his third attempt. RUSM admits that Plaintiff's score of 67 in August 2016 was not a passing score and that his failure to pass the exam, despite being allowed five attempts (one more than ordinarily permitted by school policy), resulted in his dismissal from school. RUSM denies any remaining allegations.

Answer and Affirmative Defenses [ECF No. 58] ("Answer") at ¶ 33.

With regards to the allegation pertaining to Plaintiff's appeal of his dismissal, Plaintiff

alleges in paragraph 34 of his Complaint as follows:

The Plaintiff appealed his dismissal to the Dean.  The Dean did not make his final decision to permanently dismiss Plaintiff within 15 calendar days of receipt of the appeal.  The student handbook clearly states that on a student's second appeal, the Dean will respond within 15 calendar days of receipt of the appeal.

5

Compl. at ¶ 34.

> RUSM responded as follows:
>
> In response to paragraph 34, RUSM admits that Plaintiff appealed his dismissal to the Dean. RUSM admits that the Student Handbook in effect at the time stated that "[t]he Dean will respond within 15 calendar days of receipt of the appeal." RUSM admits that the Dean responded 16 days after receipt of Plaintiff's appeal. The remaining allegations are denied.

Answer at ¶ 34.

Clearly, a dispute of material fact exists as to the allegations in paragraph 33 of the Complaint and a dispute over the materiality of any breach exists as to the allegations in paragraph 34.  Furthermore, Plaintiff fails to allege the specific damages that would result from a failure to respond to an appeal within 15 days and he cannot do so because failure to respond would not result in the appeal being overturned but rather it would simply affirm the decision that is on appeal.

RUSM further denies the remaining allegations of the Complaint pertaining to Subcounts 5 and 6 of the breach of contract claim.  *See* Answer at ¶¶ 95-100.

Plaintiff's Motion further confirms that there are open issues of material fact requiring both discovery and the consideration of matters outside of the pleadings.  In the Motion, Plaintiff alleges that the RUSM Registrar Department "acted arbitrarily" when it dismissed Plaintiff for failing to achieve the minimum passing score required for the NBME CBSE examination.  *See* Motion at 3 ("The RUSM Registrar Department acted arbitrarily to the school's official NBME CBSE policy and, by breach, dismissed Plaintiff when he had a passing NBME CBSE score.") and 5 ("RUSM's arbitrary act of dismissing 'Plaintiff for failure to achieve the minimum passing score of the NBME CBSE' was a breach of its contractual obligation.").  The Court cannot make a determination as to whether the non-moving party acted arbitrarily on a motion for judgment on the pleadings. Therefore, the Motion must be denied.

46362508;5

Plaintiff relies on case law that actually supports denial of his Motion.   In *Sirpal v. University of Miami*, Case No. 09-22662-CIV, 2011 WL 3101791 (S.D. Fla. July 25, 2011), the Court granted summary judgment in favor of the university after finding that ***great deference*** was to be given to private universities in setting their degree requirements.  *Id.* at \*14.  *See also Jallali v. Nova Se. Univ., Inc.*, 992 So. 2d 338, 342 (Fla. 4th DCA 2008) (holding that neither the university's change in the degree requirement nor its application to student was arbitrary and capricious, or done for a fraudulent purpose).

In fact, "a court will not interfere with a private university's enforcement of its regulations unless the university has acted arbitrarily and capriciously, in violation of a constitution or statute, or for fraudulent purposes."  *Sirpal*, 2011 WL 3101791, at \*14 (citing *Jallali*, 992 So. 2d at 342). "A decision is 'arbitrary' if it is 'founded on prejudice or preference rather than on reason or fact.'" *Id.*  *See also Militana v. Univ. of Miami*, 236 So. 2d 162, 164 (Fla. 3d DCA 1970) ("A medical school must be the judge of the qualifications of its students to be granted a degree; Courts are not supposed to be learned in medicine and are not qualified to pass opinion as to the attainments of a student in medicine."); *Mahavongsanan v. Hall*, 529 F.2d 448, 450 (5th Cir. 1976) ("Implicit in the student's contract with the university upon matriculation is the student's agreement to comply with the university's rules and regulations, which the university is entitled to modify so as to properly exercise its educational responsibility."). Because courts are likely to defer to a university's enforcement of its regulations, and because the evidence will establish that RUSM changed its passing score requirement prior to Plaintiff taking the examination, Plaintiff will be unsuccessful on his breach of contract claim.

**i.     As a Factual Matter, RUSM Complied with the Terms of the Academic Catalog, Which Permits Modification**

Plaintiff's claim also fails because RUSM has the right to modify or change its course offerings or other information contained in its Academic Catalog.  Specifically, the Academic Catalog states:

> RUSM reserves the right to change, modify or alter, without notice, all fees, charges, tuition and costs of any kind.  ***RUSM further reserves the right to add, modify or delete, without notice, any course offering or information contained in this catalog.*** Class and exam schedules published each semester will indicate additions or other changes.
>
> Following a student's entry into the program, ***the curriculum may undergo modification(s).***  Students are held responsible for degree requirements in effect at the time of enrollment, ***plus any changes made during the student's progress toward the degree as long as such changes do not delay graduation.***

*See* Academic Catalog attached as an Exhibit to Plaintiff's Declaration [D.E. 67-1] at 5 (emphasis added).

Not only does the breach of contract claim fail because of the dispute within the four corners of the pleadings, but once the Court examines the issue on the merits after full and fair discovery, the claim must also fail at that time.

**c.     Plaintiff  Attaches Documents Outside of the Pleadings that Convert the Motion Into a Summary Judgment Motion**

In support of his Motion, Plaintiff attached documents outside of the pleadings.  Under Rule 12(d), when matters outside of the pleadings are presented with a motion for judgment on the pleadings, the motion is converted into a motion for summary judgment.  *See Poulsen v. Publix Super Markets, Inc.*, 302 Fed. Appx. 906, 908 (11th Cir. 2008); *StoneEagle Servs., Inc. v. Pay-Plus Solutions, Inc.*, No. 8:13-cv-2240-T-33MAP, 2015 WL 518852 at *2 (M.D. Fla. Feb. 9, 2015) ("Rule 12(d) instructs that when matters outside of the pleadings are presented to the court on a motion for judgment on the pleadings, the motion must be treated as one for summary judgment").

46362508;5

As such, the Court should uphold its prior ruling denying Plaintiff's Motion for Partial Summary

Judgment and deny this Motion.

WHEREFORE, defendant Ross School of Medicine, School of Veterinary Medicine

Limited respectfully requests that this Court enter an Order: (i) denying Plaintiff's Motion for

Partial Judgment on the Pleadings and (ii) granting RUSM such other and further relief as the

Court deems just and proper.

Dated: September 18, 2018                    Respectfully submitted,

                                             AKERMAN LLP
                                             Three Brickell City Centre
                                             98 Southeast Seventh Street
                                             Suite 1100
                                             Miami, Florida 33131
                                             Telephone: (305) 374-5600
                                             Facsimile:  (305) 374-5095

                                             By: s/Ryan Roman_____
                                             Michael C. Marsh
                                             Florida Bar No. 0072796
                                             michael.marsh@akerman.com
                                             simone.tobie@akerman.com
                                             Ryan Roman
                                             Florida Bar. No. 0025509
                                             ryan.roman@akerman.com
                                             dorothy.matheis@akerman.com
                                             Octavia M. Green
                                             Florida Bar No. 119179
                                             octavia.green@akerman.com
                                             simone.tobie@akerman.com

46362508;5

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on September 18, 2018, a true and correct copy of the foregoing

document was served via CM/ECF on:

Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721
Telephone: (240) 602-1836
E-mail: drmuyiwa.a@gmail.com

*s/Ryan Roman*
Ryan Roman

46362508;5