UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OLUWAMUYIWA AWODIYA,   CASE NO. 0:18-cv-60482-KMM-AOV

    Plaintiff,
v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

    Defendant.
_____/

**DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF DOCUMENTS AND BETTER RESPONSES TO INTERROGATORIES**

Pursuant to Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure and Local Rule 26.1 of the Local Rules of the United States District Court for the Southern District of Florida, defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM") respectfully moves the Court for an order compelling plaintiff Oluwamuyiwa Awodiya ("Plaintiff") to provide better responses to RUSM's First Set of Interrogatories (the "Interrogatories") and its First Request for Production of Documents (the "Requests"). Pursuant to Rule 37(a)(5), RUSM also requests an award for the costs and fees associated with filing this motion.

    I.    **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, a former RUSM student, alleges that he suffers from several disabilities, including attention-deficit/hyperactivity disorder ("ADHD"), obsessive compulsive disorder ("OCD") and an anxiety disorder. After failure to meet RUSM's academic requirements, Plaintiff was dismissed from his medical school program. This lawsuit followed Plaintiff's dismissal from RUSM.

RUSM propounded its discovery requests on August 23, 2018. A copy of the Interrogatories and Requests are attached as **Exhibits A and B**, respectively. Plaintiff filed his objections and responses to the discovery requests on September 24, 2018. A copy of plaintiff's objections and responses are attached as **Exhibits C and D**, respectively.

In addition to the discovery requests, RUSM also sent a proposed Stipulated Protective Order to plaintiff on October 9, 2018. Plaintiff objected to the proposed draft, arguing that the language provided therein was arbitrary and favored RUSM. To date, Plaintiff has yet to provide a proposed Stipulated Protective Order that he is willing to execute so that the parties can mark discovery material as confidential and avoid having to seek separate protective orders each time they wish to produce a confidential document to the other side. A copy of the proposed Stipulated Protective Order is attached as **Exhibit E**.

RUSM sent Plaintiff a meet and confer letter regarding plaintiff's objections and responses on October 12, 2018, detailing the various deficiencies with plaintiff's responses and sought supplemental responses. Plaintiff responded on October 19, 2018, explaining his position and refusal to produce responsive documents. RUSM sent a follow up letter to plaintiff's response on October 23, 2018. Plaintiff served his supplemental responses and objections to the Requests and Interrogatories on October 25, 2018, withdrawing his general objections and agreeing to produce certain additional responsive documents. A copy of Plaintiff's amended responses and objections to the discovery requests are attached as **Exhibits F and G**, respectively. Plaintiff still refuses to produce certain responsive documents and to answer certain Interrogatories. Therefore, RUSM files this Motion to compel better responses.

## II. PLAINTIFF'S OBJECTION TO THE DEFINITION OF MENTAL IMPAIRMENT SHOULD BE OVERRULED AND PLAINTIFF SHOULD BE COMPELLED TO PROVIDE ANY DOCUMENTS AND INFORMATION WITHHELD

In its Requests and Interrogatories, RUSM defines "mental impairments" to mean: (i) Attention Deficit Disorder Without Mention of Hyperactivity; (ii) Anxiety, Unspecified, and (iii) obsessive compulsive disorder, *as well as any other mental impairment or disorder in which Plaintiff has been diagnosed or sought treatment for*. *See* Exhs. A and B at 2 (emphasis added). Plaintiff objects to this definition as being overbroad and not relevant to the claims or defenses in this action. *See* Exhs. C and D at 2. Such objection is without merit. Plaintiff has put his mental state at issue in this action by bringing claims under Title III of the Americans with Disabilities Act and the Rehabilitation Act. To the extent that Plaintiff has sought treatment for any other impairments, illnesses or disabilities, this information is relevant and discoverable. Among other things, such information is highly relevant to whether Plaintiff's alleged damages are a proximate result of the mental impairments that he claims are at issue in this lawsuit or some other impairment, illness or disability that he suffers from. Plaintiff's objections to the definition of mental impairment should be overruled and Plaintiff should be compelled to produce all documents and information that he is withholding pursuant to this objection.

## III. PLAINTIFF SHOULD BE COMPELLED TO PROVIDE BETTER RESPONSES

RUSM seeks better responses to each of the following Requests and Interrogatories for the reasons set forth below:

**Interrogatory No. 4**

> Please identify all mental impairments or any other illness, impairment or disability that you are alleging is relevant to the claims in this action, including in your answer (i) the date on which a diagnosis was made regarding that impairment, illness or disability, (ii) the identity of the person that made the diagnosis, (iii) when you first began experiencing symptoms pertaining to that impairment, illness or disability, (iv) the date on which you ceased experiencing any of those symptoms, (v) any medication you take for each impairment, illness or disability (whether prescribed

or otherwise), (vi) the dosage of each such medication, and (vii) the date on which you took each medication.

**Response to Interrogatory No. 4**

Plaintiff's mental impairments consist of both attention/concentration impairments and anxiety disorders. Plaintiff's attention impairment was diagnosed as Attention Deficit Disorder Without Mention of Hyperactivity by Mr. Cuffy of RUSM on January 18, 2016. Dr. Mauricio also diagnosed Plaintiff with ADHD in 2016. Plaintiff's anxiety disorder was first diagnosed as "Anxiety State, Unspecified" by Mr. Cuffy on February 17, 2016. Plaintiff's anxiety disorder was diagnosed again but as Obsessive-Compulsive Disorder by Ms. Unterman on April 18, 2017. Plaintiff does not know when he "first began experiencing symptoms" per se. Plaintiff continues to experience symptoms of said disabilities which are active and ongoing. In regard to medication, Plaintiff objects to the rest of the subparts of Interrogatory No. 4 as they are unduly burdensome, not proportional to the needs of the case, overbroad in substance, not relevant to Plaintiff's claims or Defendant's defenses, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence because "[t]he determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures." 42 U.S.C. § 12102(4)(E)(i).

**Reason to Compel Better Response**

Plaintiff contends that RUSM is not entitled to information regarding medication taken by Plaintiff because, he argues, such information may not be admissible. Admissibility is irrelevant to the question of whether information is properly discoverable. In fact, Rule 26 provides for discovery of relevant information, regardless of whether that information is admissible at trial. The rules of discovery are broader than the rules of evidence and the production of information that is not itself admissible may be likely to lead to admissible evidence, which therefore makes such information discoverable.

Further, information regarding medication to treat any illness, impairment or disability is relevant to this dispute. Plaintiff has put his mental state at issue in this action, claiming to suffer from three different mental impairments. Moreover, to the extent that his alleged damages are caused by some other illness, impairment or disability, RUSM is entitled to take discovery of that area of inquiry so it can explore whether there is some other proximate cause of his purported

4

injury.  Thus, information pertaining to any medication taken by Plaintiff for his purported disabilities is relevant and discoverable.  *See Sutherland v. City of Cincinnati*, No. 1:12-cv-205, 2013 WL 2255885 at *5-6 (S.D. Ohio May 22, 2013) (granting motion to compel and ordering plaintiff to produce information related to plaintiff's medical records in ADA case); *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 558 (N.D. Ga. 2001) (ordering plaintiff to answer interrogatory seeking identification of all medication taken as a result of the alleged harassment, emotional distress or discrimination).  Plaintiff should be compelled to provide a better response to this interrogatory.

### IV. **PLAINTIFF SHOULD BE COMPELLED TO PROVIDE UNREDACTED MEDICAL RECORDS**

Plaintiff has produced redacted copies of his medical records.  *See* AWOD004892-AWOD004907, a copy of which is attached as **Exhibit H** (filed under seal).  Plaintiff should be compelled to produce unredacted copies of these records.  Plaintiff has unilaterally redacted information that is likely relevant to this action.  As already set forth above, to the extent that his alleged damages are caused by some other illness, impairment or disability, RUSM is entitled to take discovery of that area of inquiry so it can explore whether there is some other proximate cause of his purported injury.

Even if the otherwise relevant records contain additional information that is not directly relevant, courts have found the practice of redacting documents on a relevance basis to be problematic.  *See ADP, LLC v. Ultimate Software Group, Inc.*, Case No. 17-cv-61272-Middlebrooks, 2017 WL 7794595, at *1 (S.D. Fla. Dec. 15, 2017).  "It is a rare document that contains only relevant information, and prohibiting the practice of unilaterally redacting irrelevant information 'is the only interpretation of Fed. R. Civ. P. 34 that yields 'just, speedy, and

inexpensive determination[s] of every action and proceeding." *Id.* (citing *Bartholomew v. Avalon Capital Group, Inc.*, 278 F.R.D. 441, 451 (D. Minn. 2011)).

It does not appear that Plaintiff is redacting information for confidentiality reasons because the unredacted portion of the document is already marked as "confidential."  In any event, even if there were a concern regarding confidentiality or privacy, RUSM has already offered to sign an Stipulated Protective Order and has provided a draft document for Plaintiff to review.  Absent a confidentiality agreement, which RUSM stands ready to execute, Plaintiff must still make his production of responsive documents.  *See RGF Environment Group, Inc. v. Activ Tek Environmental Corp.*, Case No. 08-80682-Civ-Dimitrouleas/Snow, 2009 WL 10667093 at *2 (S.D. Fla. July 17, 2009) ("The parties may enter into a confidentiality agreement regarding those invoice, but failure to enter into such an agreement shall not affect defendants' obligation to produce unredacted invoices").  Plaintiff should be compelled to produce unredacted copies of his medical records.

### LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL

Counsel for RUSM certifies that he conferred with Plaintiff in an effort to resolve or narrow the issues set forth in this Motion.  The Motion includes only those matters which the parties were unable to resolve after a good faith conferral effort.

### REQUEST FOR ATTORNEY'S FEES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a)(5)

Pursuant to Rule 37(a)(5), Fed. R. Civ. P., undersigned counsel requests reimbursement of the costs incurred in having to file this motion, including reasonable attorneys' fees.

### CONCLUSION

Defendant Ross University School of Medicine, School of Veterinary Medicine Limited, respectfully requests that the Court overrule plaintiff Oluwamuyiwa Awodiya's objections and

enter an Order (i) overruling Plaintiff's objection to the definition of "mental impairment" in Definition 3 of the Requests and Interrogatories, and compelling the production of all documents and information withheld pursuant to this objection; (ii) compelling better responses to Interrogatories No. 4; (iii) compelling the production of unredacted copies of documents previously produced; (iv) awarding RUSM its costs, including reasonable attorneys' fees, and (v) granting RUSM such other and further relief as the Court deems just and proper.

Dated: October 30, 2018.

                                      Respectfully submitted,

                                      */s/Ryan Roman*
MICHAEL C. MARSH
Florida Bar Number: 0072796
Email: michael.marsh@akerman.com
Secondary: sharon.luesang@akerman.com
RYAN A. ROMAN
Florida Bar Number: 0025509
Email: ryan.roman@akerman.com
Secondary: dorothy.matheis@akerman.com
OCTAVIA M. GREEN
Florida Bar Number: 119179
Email: octavia.green@akerman.com
Secondary: simone.tobie@akerman.com
AKERMAN LLP
98 SE 7th Street, Suite 1100
Miami, FL 33131
Phone: (305) 374-5600
Fax: (305) 374-5095

*Attorneys for Defendant Ross University School of Medicine, School of Veterinary Medicine Limited*

7

46789670;3

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on October 30, 2018 a true and correct copy of the foregoing document was served via CM/ECF on:

Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721
Telephone: (240) 602-1836
E-mail: drmuyiwa.a@gmail.com

              *s/Ryan Roman*
              Ryan Roman