**EXHIBIT C**

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| OLUWAMUYIWA AWODIYA, *Plaintiff,* -v- ROSS UNIVERSITY SCHOOL OF MEDICINE, SCHOOL OF VETERINARY MEDICINE LIMITED *Defendant.* | Case No.   0:18-cv-60482-KMM<br><br>Hon. Chief Judge: K. Michael Moore<br>Magistrate Judge: Barry S. Seltzer |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO**

**DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiff Oluwamuyiwa Awodiya ("Plaintiff"), in proper person, hereby serves his responses and objections to Defendant's First Set of Interrogatories filed by Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM" or "Defendant").

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action. These responses are subject to all applicable objections as to competence, relevance, materiality, and admissibility, as well as to any and all other objections on any grounds that would require the exclusion of any statement herein if this document was introduced in Court. All objections and grounds for such objections are expressly reserved and may be interposed at the time of any motion, hearing or trial.

The following responses are given without prejudice to Plaintiff's right to produce or rely on subsequently discovered information, facts, or documents. The responses contained herein are made in a good faith effort to comply with the provisions of the Federal Rules of Civil Procedure

1

but are in no way deemed to prejudice Plaintiff with respect to further discovery, research, and analysis.

Plaintiff reserves the right to provide information or documents that may come to his attention and become available in the future and to use such information or documents at any hearing or proceeding related to this action. Plaintiff further reserves the right to submit any information and documentation provided by RUSM.

## OBJECTIONS TO DEFINITIONS

Plaintiff objects to Definition 1 as overbroad to the extent it requests information not within his possession, custody or control. Plaintiff responds on his own behalf and will only information or documents in his possession, custody or control.

Plaintiff objects to Definition 3 as overbroad in substance and not relevant to Plaintiff's claims or Defendant's defenses. Plaintiff will only interpret the term "mental impairments" to mean (i) Attention Deficit Disorder Without Mention of Hyperactivity, (ii) Anxiety State, Unspecified, and (iii) Obsessive Compulsive Disorder.

## GENERAL OBJECTIONS

1.  Plaintiff objects to RUSM's interrogatories to the extent they seek information and/or documents protected from disclosure by doctor-patient or therapist-patient privilege.

2.  Plaintiff objects to RUSM's interrogatories to the extent they seek information and/or documents protected from disclosure pursuant to FERPA privilege laws regarding Plaintiff's educational records at third party institutions.

3.  Plaintiff objects to RUSM's interrogatories to the extent that they are redundant, overlapping and repetitive, and that the interrogatories, therefore, are unduly burdensome and incommensurate with RUSM's legitimate discovery needs. Accordingly, to the extent that

Plaintiff provides information in response to any of the interrogatories, such information will not necessarily be produced in response to any other interrogatory that may call for its production.

4.      Plaintiff objects to RUSM's interrogatories to the extent that the information and/or documents requested therein are equally accessible to RUSM.

5.      Plaintiff objects to RUSM's interrogatories to the extent that they do not identify the information to be produced with reasonable particularity. Plaintiff has responded to each of the individual interrogatories as he understands and interprets each interrogatory. Certain of the interrogatories, however, are vague and ambiguous. Plaintiff reserves the right to amend or supplement these responses in the event that Defendant later asserts a different interpretation which is accepted by Plaintiff.

6.      Plaintiff objects to RUSM's interrogatories to the extent that they assume facts not admitted nor otherwise established.

7.      Each and every one of Plaintiff's responses are made subject to the foregoing General Objections, regardless of whether a General Objection is stated in the responses. The explicit reference to a General Objection or the making of a specific objection in response to an interrogatory is not intended to constitute a waiver of the General Objections that are not specifically referenced in that response.

## SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 1:**

State the name, address, telephone number, place of employment, and job title of any person who has, claims to have, or whom you believe may have knowledge or information pertaining to any fact, defense, or injury alleged in any pleading filed in this proceeding or that

you intend to file in this proceeding. In your response, please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response may have.

**RESPONSE**: *See* General Objections 1, 2, 4, and 5. Subject to and without waiving these objections Plaintiff states the following individuals have knowledge of facts relevant to Plaintiff's claims and Defendant's defenses:

Plaintiff: his request for accommodations for his disabilities from RUSM, the information he relied upon when enrolling into RUSM, his interactions and communications with RUSM, and his mitigation efforts, as well as the other information found in his Complaint.

Denise H. Unterman, LCSW-C: Plaintiff's OCD, anxiety impairment, and emotional distress caused by both RUSM's dismissal and failure to accommodate his disabilities. Adult psychotherapist at Kaiser Permanente located in Largo, MD.

Earl John Mauricio, M.D: Plaintiff's ADHD. Adult psychiatrist at Kaiser Permanente located in Largo, MD.

RUSM employees and all other people previously disclosed in this action.

**Interrogatory No. 2:**

Please identify all communications, whether oral or written, that you, or anyone acting on your behalf, have had with RUSM or any of its employees, agents, members, managers, or owners regarding the subject matter of your Third Amended Complaint, and describe in detail the content of each such communication. In your response, please include the date(s) these communications occurred, the location(s) of these communications, the substance of such communications and the name of any individuals with knowledge of same.

**RESPONSE**: *See* General Objections 1, 4, and 5. Subject to and without waiving these objections, Plaintiff refers RUSM to the documents produced in response to Defendant's First

4

Request for Production, to the documents produced in response to Plaintiff's Request for Production of Documents, and to ECF No. 59.

**Interrogatory No. 3:**

Please identify any doctors, counselors or other treating physicians who you have visited during the relevant time period and anyone who has diagnosed and/or treated you for any mental impairment. In your answer, please include the name, address and contact information for anyone with knowledge of same.

**RESPONSE**: *See* Plaintiff's Response to Interrogatories Nos. 1 and 2.

**Interrogatory No. 4:**

Please identify all mental impairments or any other illness, impairment or disability that you are alleging is relevant to the claims in this action, including in your answer (i) the date on which a diagnosis was made regarding that impairment, illness or disability, (ii) the identity of the person that made the diagnosis, (iii) when you first began experiencing symptoms pertaining to that impairment, illness or disability, (iv) the date on which you ceased experiencing any of those symptoms, (v) any medication you take for each impairment, illness or disability (whether prescribed or otherwise), (vi) the dosage of each such medication, and (vii) the date on which you took each medication.

**RESPONSE**: Plaintiff's mental impairments consist of both attention and anxiety impairments. Plaintiff's attention impairment was diagnosed as Attention Deficit Disorder Without Mention of Hyperactivity by Mr. Cuffy of RUSM on January 18, 2016. Dr. Mauricio also diagnosed Plaintiff with ADHD in 2016. Plaintiff's anxiety was first diagnosed as "Anxiety State, Unspecified" by Mr. Cuffy on February 17, 2016. Plaintiff's anxiety was diagnosed again but as Obsessive-Compulsive Disorder by Ms. Unterman on April 18, 2017. Plaintiff does not

know when he "first began experiencing symptoms." Plaintiff continues to experience symptoms of said disabilities which are active and ongoing. In regard to medication, Plaintiff objects to the rest of the subparts of Interrogatory No. 4 as they are unduly burdensome, not proportional to the needs of the case overbroad in substance, not relevant to Plaintiff's claims or Defendant's defenses, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence because "[t]he determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures." 42 U.S.C. § 12102(4)(E)(i).

**Interrogatory No. 5:**

Regardless of time period, please identify each medical school or other institution you have applied to, including in your answer the date on which you applied, the date on which you received a response from the school and the outcome of the application process. Please include in your response all schools you applied to both prior to your enrollment at RUSM and after your dismissal from RUSM.

**RESPONSE**: *See* General Objections 2 and 4. Plaintiff further objects to this Interrogatory to the extent that it calls for information outside the relevant time period and is unduly burdensome to the extent that it calls for "all schools" regardless of time period. Subject to and without waiving these objections, Plaintiff identifies the following medical schools that he applied to or tried to apply to after his dismissal from RUSM:

- University of Maryland School of Medicine; Plaintiff was ineligible because "[y]ou must also be in good standing and eligible for promotion at your medical school [RUSM]."

- George Washington University Medical School; "Must be in good standing and be eligible to reenter medical school, if your education has been interrupted."

- Howard University College of Medicine; Plaintiff was ineligible because this school required that he be in "good standing" at previous medical school.

- Eastern Virginia Medical School; Plaintiff was ineligible because only applicants "in good standing can be considered."

- Florida State University College of Medicine; Will only consider "students in good standing" at previous medical school.

- University of South Florida College of Medicine; "An applicant who is, for any reason, on probation or not in good academic standing at the school from which transfer is sought will not be accepted for transfer to our college."

- Xavier University School of Medicine; School refused to respond to Plaintiff after his many attempts to contact their admissions department.

- Saint James School of Medicine; "The applicant must be in good academic standing" at previous medical school.

- Saba University School of Medicine; Plaintiff was ineligible because Plaintiff "must be in good academic standing" at previous medical school.

- Medical University of the Americas; Plaintiff was ineligible because Plaintiff "must be in good academic standing" at previous medical school.

- Windsor University School of Medicine; Plaintiff's conditional acceptance was cancelled because a "[l]etter of good standing is required from the previous school [RUSM]."

- St. George's University; "Unfortunately based on your dismissal by another medical school there are no options available to you at SGU."

**Interrogatory No. 6:**

Describe all efforts you have made to obtain employment or other work for compensation since your dismissal from RUSM, including in your answer (i) the name of each employer you contacted, (ii) the employer's contact information, including address, (iii) the date on which you contacted the employer, (iv) whether you were offered a position with the employer, (v) the salary or hourly wage offered, (vi) the approximate number of hours per week you would be expected to work (if hourly), and (vii) any other benefits, including but not limited to paid vacation time, health benefits, stock options or other benefits offered as part of the employment. For all jobs identified in your response, please state whether you accepted employment with that employer and, if so, the dates of employment, your job title(s), and the actual salary and benefits received by you.

**RESPONSE**: Plaintiff refers RUSM to the documents produced in response to Defendant's First Request for Production.

**Interrogatory No. 7:**

For each impairment, illness or disability identified in response to Interrogatory No. 4, above, please state whether you requested an accommodation for that impairment, illness or disability from RUSM, including in your response (i) the name of the RUSM employee, officer or agent from whom you requested the accommodation, (ii) the location where the request was made, (iii) the precise nature of the accommodation you requested, (iv) the date on which you requested the accommodation, (v) the name of any other individual who has personal knowledge of your request, (vi) and the outcome of the request for accommodation.

**RESPONSE**: Plaintiff refers RUSM to the documents produced in response to Defendant's First Request for Production and to documents at ECF No. 59.

**Interrogatory No. 8:**

Please identify all communications, whether oral or written, that you, or anyone acting on your behalf, have had with the National Board of Medical Examiners or any of its employees, agents, members, managers, or owners. In your response, please include the date(s) these communications occurred, the location(s) of these communications, the substance of such communications and the name of any individuals with knowledge of same.

**RESPONSE**: *See* General Objections 2, 4, and 5. Plaintiff is willing to discuss an appropriate narrowing of this Request with RUSM.

**Interrogatory No. 9:**

Please describe in detail all of the damages you are seeking in this action. In your response, please include the manner in which the category of damages is calculated and the name and contact information of any individual with knowledge of same.

**RESPONSE**: Plaintiff objects to this Interrogatory on the grounds that it is vague and ambiguous as to the term "in detail." Subject to and without waiving these objections, Plaintiff provides the following categories of damages:

- Emotional distress as compensatory damages: $5,000,000.
- Loans purposed for RUSM's cost of attendance: Approximately $200,000.
- Loss of earning capacity: $7,724,220.
    - Annual wage for taxi driver (UBER/Lyft driver): <u>$27,480</u>. 53-3041 Taxi Drivers and Chauffeur, U.S. Department of Labor, Bureau of Labor

9

   Statistics, https://www.bls.gov/oes/current/oes533041.htm (Last Modified March 30, 2018).

   o Annual wage for physician: $211,390. 29-1069 Physicians and Surgeons, All Other, U.S. Department of Labor, Bureau of Labor Statistics, https://www.bls.gov/oes/current/oes291069.htm (Last Modified March 30, 2018).

   o Years to work: 42 years. Retirement & Survivors Benefits: Life Expectancy Calculator, Social Security, https://www.ssa.gov/cgi-bin/longevity.cgi (Last Modified May 9, 2018).

   o Total Lost Earning Capacity: $7,724,220.

- Punitive damages for fraud/misrepresentation claims: $14,000,000.
- Punitive damages for breach of fiduciary duty claim: $14,000,000.

**Interrogatory No. 10:**

Describe all income, including but not limited to, wages, salaries, loan proceeds and welfare or disability benefits that you have received since your dismissal from RUSM. In your response, please provide the amounts received for each source of income, the date on which the amounts were received, the name of each source of income, and the time period during which you received the income from each source. Also, please provide the name and contact information of any individual with knowledge of same.

**RESPONSE**: *See* Plaintiff's Response to Interrogatory No. 6.

**Interrogatory No. 11:**

Please describe with specificity how much you have paid in tuition, fees or other monies as a result of your enrollment at RUSM. In your response, please provide (i) subtotals for each

10

category, (ii) state how much you borrowed, (iii) state how much is due and owing to RUSM or any loan provider or other source of funding, (iv) state how much interest paid to date, and (v) state how much interest is still owed. Also, please provide the name and contact information of any individual with knowledge of same.

    **RESPONSE**: Plaintiff refers RUSM to the documents produced in response to Defendant's First Request for Production.

**CERTIFICATION**

I certify that the foregoing statements made by me are true and correct based upon my personal knowledge and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED this 24th day of September, 2018:

                                                          Respectfully submitted,

                                            */s/Oluwamuyiwa Awodiya*
                                            By: Oluwamuyiwa Awodiya, *pro se* litigant
                                                               15005 Dahlia Dr.
                                                               Bowie, MD 20721
                                                               (240) 602-1836
                                                           Plaintiff, in Proper Person

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 24th day of September, 2018, I have caused a true and correct copy of the foregoing by emailing a copy to:

                Ryan Roman
                Akerman Senterfitt
                Suntrust International Center
                1 SE 3rd Avenue
                25th Floor
                Miami, FL 33131-1714
                305-374-5600
                Fax: 305-374-5095
                Email: ryan.roman@akerman.com

                                            */s/Oluwamuyiwa Awodiya*
                                            By: Oluwamuyiwa Awodiya, *pro se* litigant