# **EXHIBIT D**

# UNITED STATES DISTRICT COURT
для
Southern District of Florida

| | |
|---|---|
| OLUWAMUYIWA AWODIYA,<br>*Plaintiff,*<br><br>-v-<br><br>ROSS UNIVERSITY SCHOOL OF MEDICINE, SCHOOL OF VETERINARY MEDICINE LIMITED<br>*Defendant.* | Case No.   0:18-cv-60482-KMM<br><br>Hon. Chief Judge: K. Michael Moore<br>Magistrate Judge: Barry S. Seltzer |

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, Oluwamuyiwa Awodiya ("Plaintiff"), in proper person, hereby serves his responses and objections to defendant's First Request for Production (the "Requests") filed by Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM" or "Defendant").

### PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action. Documents provided in response to the Requests are subject to all applicable objections as to competence, relevance, materiality, and admissibility, as well as to any and all other objections on any grounds that would require the exclusion of any statement therein if the document was introduced in Court. All objections and grounds for such objections are expressly reserved and may be interposed at the time of any motion, hearing or trial.

The following responses are given without prejudice to Plaintiff's right to produce or rely on subsequently discovered information, facts, or documents. The responses contained herein are

1

made in a good faith effort to comply with the provisions of the Federal Rules of Civil Procedure but are in no way deemed to prejudice Plaintiff with respect to further discovery, research, and analysis.

Plaintiff does not intend to disclose documents that are privileged or otherwise immune from discovery. Disclosure of any documents protected by applicable privilege, except pursuant to a specific written agreement covering such documents, shall be deemed inadvertent. Inadvertent disclosure of any such documents shall not constitute a waiver or prejudice of any privilege or any other ground for objecting to discovery with respect to any such documents, nor shall such inadvertent disclosure waive or prejudice the right of Plaintiff to object to the use of any such documents during this or any subsequent proceeding.

## OBJECTIONS TO DEFINITIONS

Plaintiff objects to Definition 1 as overbroad to the extent it requests documents not within his possession, custody or control. Plaintiff responds on his own behalf and will only produce documents in his possession, custody or control, as required by Fed. R. Civ. P. 34.

Plaintiff objects to Definition 3 as overbroad in substance and not relevant to Plaintiff's claims or Defendant's defenses. Plaintiff will only interpret the term "mental impairments" to mean (i) Attention Deficit Disorder Without Mention of Hyperactivity, (ii) Anxiety State, Unspecified, and (iii) Obsessive Compulsive Disorder.

## GENERAL OBJECTIONS

1. Plaintiff objects to RUSM's Requests to the extent they seek documents protected from disclosure by doctor-patient or therapist-patient privilege.

2. Plaintiff objects to RUSM's Requests to the extent they seek documents protected from disclosure pursuant to FERPA privilege laws regarding Plaintiff's educational records at third party institutions.

3. Plaintiff objects to RUSM's Requests to the extent that they are redundant, overlapping and repetitive.

4. Each and every one of Plaintiff's responses are made subject to the foregoing General Objections, regardless of whether a General Objection is stated in the responses. The explicit reference to a General Objection or the making of a specific objection in response to a Request is not intended to constitute a waiver of the General Objections that are not specifically referenced in that response.

## SPECIFIC RESPONSES AND OBJECTIONS

1. Regardless of time period, all documents referring or relating to any diagnosis or treatment you received for any mental impairments, including but not limited to any doctors' notes, psychological evaluations, and prescriptions.

**RESPONSE**: *See* General Objection 1. Plaintiff further objects to this Request on the grounds that it is overbroad in temporal scope, unduly burdensome, not proportional to the needs of the case, and seeks documents that are not relevant to Plaintiff's claims or Defendant's defenses. Subject to and without waiving these objections and subject to the entry of a mutually agreeable protective order governing confidentiality, Plaintiff is willing to discuss an appropriate narrowing of this Request with Defendant. Plaintiff also identifies the documents labeled RUSM 000109 to 000178 already produced in this action.

2. Regardless of time period, all documents reflecting any assessments by health providers, whether affiliated with RUSM or unaffiliated, referring or relating to any diagnosis or

3

treatment you received for any mental impairments, including but not limited to records from the health provider you claim to have visited in Maryland in December 2015.

**RESPONSE**: *See* General Objection 3. *See* response to Request No. 1.

3. Regardless of time period, all documents referring or relating to any Conners CPT3 assessment taken by you, including any correspondence related thereto.

**RESPONSE**: *See* General Objections 1 and 3. *See* response to Request No. 1. Subject to and without waiving these objections, Plaintiff will provide documents responsive to this Request.

4. All correspondence between you and RUSM referring or relating to any diagnosis or treatment you received for any mental impairments.

**RESPONSE**: *See* General Objection 3. *See* response to Request No. 17.

5. All correspondence between you and any third party referring or relating to any diagnosis or treatment you received for any mental impairments.

**RESPONSE**: *See* General Objections 1 and 3. *See* response to Request No. 1.

6. All documents referring or relating to any request for accommodations made by you to RUSM or any third party.

**RESPONSE**: Plaintiff will produce documents responsive to Request No. 6. Plaintiff also identifies the documents labeled RUSM 000109 to 000178 already produced in this action.

7. All correspondence between you and RUSM referring or relating to any request for accommodations.

**RESPONSE**: *See* General Objection 3. *See* responses to Requests Nos. 6 and No. 17.

8.      All correspondence between you and any third party, including but not limited to the National Board of Medical Examiners, referring or relating to any request for accommodations.

**RESPONSE**: Plaintiff does not have any documents responsive to Request No. 8.

9.      Regardless of time period, all correspondence between you and any prior academic institution that you attended, including but not limited to any community colleges or undergraduate institutions, referring or relating to any request for accommodations.

**RESPONSE**: Plaintiff does not have any documents responsive to Request No. 9.

10.     All written forms submitted by you or on your behalf to the Accommodations Coordinator for RUSM or his office requesting an accommodation.

**RESPONSE**: Plaintiff identifies the document labeled RUSM 000168 already produced in this action.

11.     All documents referring or relating to your academic performance during your fifth semester at RUSM.

**RESPONSE**: Plaintiff objects to this Request on the grounds that it is vague and ambiguous as to the term "fifth semester." It is not clear if RUSM is referring to his fifth semester in 2015 or his repeat fifth semester in 2016. Plaintiff further objects to this Request to the extent that it calls for documents equally accessible to RUSM. Subject to and without waiving these objections, Plaintiff will provide his RUSM exam scores as posted in myRoss.

12.     All correspondence between you and RUSM referring or relating to your academic performance during your fifth semester at RUSM.

**RESPONSE**: *See* General Objection 3. *See* responses to Requests No. 11 and No. 17.

5

13. All correspondence between you and any third party referring or relating to your academic performance during your fifth semester at RUSM.

**RESPONSE**: Plaintiff objects to this Request on the grounds that it is vague and ambiguous as to the term "fifth semester." It is not clear if RUSM is referring to his fifth semester in 2015 or his repeat fifth semester in 2016. Subject to and without waiving these objections, Plaintiff does not have any documents responsive to Request No. 13.

14. All documents referring or relating to any examinations or tests taken by you and the scores you received on those examinations or tests, including but not limited to the NBME CBSE exams.

**RESPONSE**: *See* General Objection 2. Plaintiff further objects to this Request on the grounds that it is overbroad in temporal scope, unduly burdensome, not proportional to the needs of the case, seeks documents that are not relevant to Plaintiff's claims or Defendant's defenses, and does not identify the documents requested with a reasonable level of particularity to the extent that it calls for documents not limited to study notes, assignments, lectures, discussions, practice exams, study guides, textbooks, videos, and etc. for every exam that Plaintiff took and prepared for since 2014. Once RUSM reviews the documents already being produced herewith (some of which would respond to this Request), Plaintiff is willing to discuss an appropriate narrowing of this Request with RUSM, to the extent that it wishes to request additional documents.

15. All correspondence between you and RUSM referring or relating to any examinations or tests taken by you, including but not limited to the NBME CBSE exams.

**RESPONSE**: *See* General Objection 3. *See* response to Request No. 17.

16.     All correspondence between you and any third party referring or relating to any examinations or tests taken by you, including but not limited to the NBME CBSE exams.

**RESPONSE**: *See* General Objection 2. Plaintiff further objects to this Request on the grounds that it is overbroad in temporal scope, unduly burdensome, and not proportional to the needs of the case, seeks documents that are not relevant to Plaintiff's claims or Defendant's defenses, and does not identify the documents requested with a reasonable level of particularity in that it calls for correspondences from every person including friends, fellow students, students from other schools, alumni, prep courses, and tutors, relating to study notes, knowledge, discussions, practice exams, study guides, textbooks, lectures, and etc. for every exam that Plaintiff took and prepared for since 2014. Once RUSM reviews the documents already being produced herewith (some of which would respond to this Request), Plaintiff is willing to discuss an appropriate narrowing of this Request with RUSM, to the extent that it wishes to request additional documents.

17.     All correspondence with any medical school or other institution offering a doctor of medicine degree, including RUSM.

**RESPONSE**: *See* General Objection 2. Plaintiff further objects to this Request on the grounds that it is overbroad in temporal scope, unduly burdensome, and not proportional to the needs of the case, seeks documents that are not relevant to Plaintiff's claims or Defendant's defenses, and does not identify the documents requested with a reasonable level of particularity in that it calls for the almost daily spamming, news-letters, marketing, and soliciting correspondences (junk mail) from many medical schools that obtained Plaintiff's email address and home address following his inquiries. Subject to and without waiving these objections, Plaintiff will provide his correspondences with RUSM.

18. All applications, requests for financial aid or other documents submitted by you to any medical school or other institution offering a doctor of medicine degree, including RUSM.

**RESPONSE**: *See* General Objections 2 and 3. Plaintiff further objects to this Request on the grounds that it is overbroad in temporal scope, unduly burdensome, and not proportional to the needs of the case, seeks documents that are not relevant to Plaintiff's claims or Defendant's defenses, and does not identify the documents requested with a reasonable level of particularity. Plaintiff also objects to this Request to the extent that it calls for documents equally accessible to RUSM. Plaintiff is not producing documents responsive to this Request.

19. All documents that you relied upon while completing your application to RUSM.

**RESPONSE**: Plaintiff objects to this Request on the grounds that it is overbroad in substance, unduly burdensome, and not proportional to the needs of the case, seeks documents that are not relevant to Plaintiff's claims or Defendant's defenses, and does not identify the documents requested with a reasonable level of particularity. Subject to and without waiving these objections and once RUSM reviews the documents already being produced herewith (some of which would respond to this Request), Plaintiff is willing to discuss an appropriate narrowing of this Request with RUSM, to the extent that it wishes to request additional documents.

20. All documents received by you from any medical school or other institution offering a doctor of medicine degree, other than RUSM.

**RESPONSE**: *See* General Objections 2 and 3. *See* responses to Requests Nos. 17 and 18.

21. All correspondence you received from RUSM relating to your application, your admission, or your request for financial aid.

**RESPONSE**: *See* General Objection 3. *See* responses to Requests Nos. 17 and 18.

22.     All Release of Information Consents submitted by you to RUSM, as well as any requests made by you to revoke such consent.

**RESPONSE**: These documents were produced already. Plaintiff also identifies documents labeled RUSM 000109 to 000178 already produced in this action.

23.     All correspondence with the National Board of Medical Examiners.

**RESPONSE**: *See* General Objections 2 and 3. Plaintiff further objects to this Request on the grounds that it is overbroad in substance, unduly burdensome, and not proportional to the needs of the case, seeks documents that are not relevant to Plaintiff's claims or Defendant's defenses, and does not identify the documents requested with a reasonable level of particularity. Subject to and without waiving these objections and once RUSM reviews the documents already being produced herewith (some of which would respond to this Request), Plaintiff is willing to discuss an appropriate narrowing of this Request with RUSM, to the extent that it wishes to request additional documents.

24.     All documents that you allege constitute a contract between you and RUSM.

**RESPONSE**: Plaintiff objects to this Request to the extent that it calls for documents equally accessible to RUSM and is therefore unduly burdensome. Plaintiff also objects to the extent that this Request seeks documents that are not relevant to Plaintiff's claims or Defendant's defenses. Subject to and without waiving these objections, Plaintiff will produce the RUSM Academic Catalog 2015-2016, VOL. 7 that was published in May 2016.

25-52 Requests Nos. as if restated here.

**RESPONSES**: *See* General Objections 1, 2, and 3. *See* responses to Requests Nos. 16, 17, and 18.

53.     All student handbooks received by you while enrolled at RUSM.

9

**RESPONSE**: Plaintiff objects to this Request to the extent that it calls for documents equally accessible to RUSM and is unduly burdensome. Plaintiff also objects to the extent that this Request seeks documents that are not relevant to Plaintiff's claims or Defendant's defenses.

54. All academic catalogs received by you while enrolled at RUSM.

**RESPONSE**: Plaintiff objects to this Request to the extent that it calls for documents equally accessible to RUSM and is unduly burdensome. Plaintiff also objects to the extent that this Request seeks documents that are not relevant to Plaintiff's claims or Defendant's defenses.

55. All documents referring or relating to any attempt by you, successful or not, to sit for the USMLE Step 1 Exam.

**RESPONSE**: *See* General Objection 2. Plaintiff is not producing documents responsive to this Request.

56. All correspondence between you and RUSM referring or relating to any attempt by you, successful or not, to sit for the USMLE Step 1 Exam.

**RESPONSE**: *See* General Objection 3. *See* response to Requests No. 17.

57. All correspondence between you and any third party referring or relating to any attempt by you, successful or not, to sit for the USMLE Step 1 Exam.

**RESPONSE**: *See* General Objections 2 and 3. Plaintiff is not producing documents responsive to this Request.

58. All documents referring or relating to your performance on the USMLE Step 1 Exam.

**RESPONSE**: *See* General Objection 2. Subject to and without waiving this objection, Plaintiff will provide his USMLE Step 1 score.

59. All correspondence between you and Windsor University School of Medicine, St. Kitts.

**RESPONSE**: *See* General Objections 2 and 3. *See* responses to Requests Nos. 17, 18, and 20.

60. All documents referring or relating to Windsor University School of Medicine, St. Kitts.

**RESPONSE**: *See* General Objections 2 and 3. *See* responses to Requests Nos. 17, 18, and 20. Subject to and without waiving these objections, Plaintiff will produce Windsor University School of Medicine, St. Kitts' student handbook.

61. All screenshots or other documentation of RUSM's website upon which you rely in paragraphs 36 and 37 of your Third Amended Complaint.

**RESPONSE:** Plaintiff will produce documents responsive to this request.

62. All documents referring or relating to any students loans or financial aid you received while enrolled at RUSM.

**RESPONSE**: Plaintiff objects to this Request to the extent that it calls for documents equally accessible to RUSM and unduly burdensome. Subject to and without waiving these objections, Plaintiff will produce his financial aid history and payment history to RUSM as available in myRoss.

63. All documents referring or relating to all sums of money you paid to RUSM.

**RESPONSE**: *See* response to Request 62.

64. All documents that evidence, reflect, relate to or support your claims for damages in this action.

**RESPONSE**: Plaintiff objects to this Request to the extent that it calls for public documents equally accessible to RUSM. Subject to and without waiving these objections, Plaintiff will produce documents responsive to this Request. Once RUSM reviews the documents already being produced herewith (some of which would respond to this Request), Plaintiff is willing to discuss an appropriate narrowing of this Request with RUSM, to the extent that it wishes to request additional documents.

65. All documents referring or relating to any wages, salary, compensation, loan proceeds or welfare or disability proceeds you have received.

**RESPONSE**: Plaintiff objects to this Request on the grounds that it is overbroad in substance and temporal scope. Plaintiff further objects to this Request on the grounds that it is vague and ambiguous as to the term "compensation." Subject to and without waiving these objections, Plaintiff will produce documents responsive to this Request.

66. All documents referring or relating to any gifts you have received that are valued in excess of $5,000.00.

**RESPONSE**: Plaintiff does not have any documents responsive to Request No. 66.

67. All documents referring or relating to your taxable income, including but not limited to your tax returns, W-2 tax forms and IRS 1099 forms during the relevant time period.

**RESPONSE**: Plaintiff will produce documents responsive to this Request.

68. All pay stubs evidencing any income or compensation you have received during the relevant time period.

**RESPONSE**: Plaintiff will produce documents responsive to this Request.

69. All documents referring or relating to any applications for employment during the relevant time period.

**RESPONSE**: Plaintiff will produce documents responsive to this Request.

70. All documents sufficient to establish any positions of employment you have held during the relevant time period, including unpaid internships or other positions for which you provided labor but may not have received compensation.

**RESPONSE**: Plaintiff does not have any documents responsive to Request No. 70.

71. All documents referring or relating to any work you have done with Uber Technologies, Inc., including but not limited to any receipts or other documents showing the compensation you have earned and the number of rides you have supplied during the relevant time period.

**RESPONSE**: Plaintiff objects to this Request on the grounds that it is overbroad in substance, unduly burdensome, and not proportional to the needs of the case. Subject to and without waiving these objections, once RUSM reviews the documents already being produced herewith (some of which would respond to this Request), Plaintiff is willing to discuss an appropriate narrowing of this Request with RUSM, to the extent that it wishes to request additional documents.

DATED this 24th day of September, 2018:

Respectfully submitted,

*/s/Oluwamuyiwa Awodiya*
By: Oluwamuyiwa Awodiya, *pro se* litigant
15005 Dahlia Dr.
Bowie, MD 20721
(240) 602-1836
Plaintiff, in Proper Person

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this 24th day of September, 2018, I have caused a true and correct copy of the foregoing by emailing a copy to:

>Ryan Roman
>Akerman Senterfitt
>Suntrust International Center
>1 SE 3rd Avenue
>25th Floor
>Miami, FL 33131-1714
>305-374-5600
>Fax: 305-374-5095
>Email: ryan.roman@akerman.com

>>*/s/Oluwamuyiwa Awodiya*
>>By: Oluwamuyiwa Awodiya, *pro se* litigant