# UNITED STATES DISTRICT COURT

for the
Southern District of Florida

FILED by _PG_ D.C.

NOV 06 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

|  |  |
|---|---|
| OLUWAMUYIWA AWODIYA, | ) |
| *Plaintiff,* | ) |
|  | ) |
| -v- | ) |
|  | ) |
| ROSS UNIVERSITY SCHOOL OF | ) |
| MEDICINE, SCHOOL OF | ) |
| VETERINARY MEDICINE LIMITED | ) |
| *Defendant.* | ) |
|  | ) |

Case No.  0:18-cv-60482-KMM

Hon. Chief Judge: K. Michael Moore
Magistrate Judge: Alicia O. Valle

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF DOCUMENTS AND BETTER RESPONSES TO INTERROGATORIES

Plaintiff Oluwamuyiwa Awodiya ("Plaintiff"), in proper person, hereby files his Motion for Protective Order and his Response in Opposition to Defendant's Motion to Compel Plaintiff's Production of Documents and Better Responses to Interrogatories ("Motion to Compel") [ECF No. 76] filed by defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM").

## INTRODUCTION

RUSM's Motion to Compel is an improper fishing expedition being used as a vehicle for harassment and embarrassment. Its Motion to Compel is not factually or legally supportable and is a complete invasion privacy. Such an invasion would destroy Plaintiff's development of the confidence and trust within the psychotherapist-patient relationship that is purposed to promote successful psychiatric treatment.

1

In regard to the Title III of the Americans with Disabilities Act and the Rehabilitation Act claims, this is a **failure-to-accommodate** case. RUSM failed to accommodate Plaintiff's mental impairments at issue. The mental impairments at issue are (i) ADHD; (ii) "Anxiety State, Unspecified"; and (iii) OCD. Subject matter-wise, Plaintiff has only waived privileged communication on these mental impairments at issue.

In regard to emotional distress-like damages[1], Plaintiff's *dismissal* as result of RUSM's actions and failures exacerbated Plaintiff's OCD. Even in the context of emotional distress damages, the specific mental/emotional condition at issue is OCD.

"Effective psychotherapy [] depends upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears. Because of the sensitive nature of the problems for which individuals consult psychotherapists, disclosure of confidential communications made during counseling sessions may cause embarrassment or disgrace. For this reason, the mere possibility of disclosure may impede development of the confidential relationship necessary for successful treatment." *Jaffee v. Redmond*, 518 U.S. 1, 10 (1996).

It is well established law to limit the extent of Plaintiff's waiver of his psychotherapist-patient privilege to only the specific mental conditions that he has placed at issue. The law, especially in Florida, does not permit wholesale discovery into Plaintiff's psychotherapist-patient privilege.

---

[1] In Plaintiff's *Amended* Responses to *Interrogatories*, Plaintiff clarified that he is not seeking damages for physical injury and therefore his physical condition is not at issue. *See* Exh. F at Interrogatory No. 9 attached to Motion to Compel.

Accordingly, Plaintiff seeks a Protective Order limiting inquiry of, and disclosure of, his

psychotherapist-patient privileged matters to: (i) ADHD; (ii) Anxiety State, Unspecified; and (iii)

OCD.

## RESPONSE IN OPPOSITION TO MOTION TO COMPEL

I.      **Plaintiff's Objections to the Definition of Mental Impairment Should be Sustained Because "Any Other Mental Impairment" that has Not Been Placed at Issue by Plaintiff, Remains Privileged as a Matter of Law.**

In addition to the mental impairments that Plaintiff has placed at issue (ADHD, "Anxiety

State, Unspecified," and OCD), RUSM seeks privileged information about "any other mental

impairment or disorder in which Plaintiff has been diagnosed or sought treatment for." Motion to

Compel at 3. Plaintiff objected to RUSM's definition as:

> [O]verbroad in substance, not relevant to Plaintiff's claims or
> Defendant's defenses, and ask[s] for privileged information.
> Plaintiff will only interpret the term "mental impairments" to mean
> (i) Attention Deficit Disorder Without Mention of Hyperactivity,
> (ii) Anxiety State, Unspecified, and (iii) Obsessive Compulsive
> Disorder.

Exhs. F and G at 2.[2]

A.      **The Extent/Limitation of Plaintiff's Waiver of His Psychotherapist-Patient Privilege.**

It is Florida's courts' longstanding law that the extent of a psychotherapist-patient

privilege waiver is limited to the specific mental conditions placed at issue. Florida Appellate

Courts have held that such a waiver:

> [A]llows only a limited inquiry into the confidences of the psycho-
> therapist-patient relationship, compelling disclosure of only those
> matters *directly relevant to the nature of the **specific** 'emotional
> or **mental' condition** which the patient has voluntarily disclosed
> and tendered in his pleadings or in answer to discovery inquiries.*

---

[2] RUSM accidentally filed duplicates of Plaintiff's *Amended* Responses to *Interrogatories* as both Exhs. F and G. RUSM meant to file Plaintiff's *Amended* Responses to Request for *Production* as Exh. G. This may not be significant because Plaintiff stated the same objections to the definition in both the amended responses.

*Yoho v. Lindsley*, 248 So. 2d 187, 191 (Fla. Dist. Ct. App. 1971) (italics in original; bold added) (quoting *In re Lifschutz*, 2 Cal. 3d 415, 431 (Cal. 1970)). Additionally, these courts have consistently held that "even though the [defendant] is entitled to discovery concerning [plaintiff's] mental state, we know of no authority that would allow such a wholesale invasion of [plaintiff's] relationship with [plaintiff's] treating psychologist." *F.M. v. Old Cutler Pres. Church, Inc.*, 595 So. 2d 201, 202 (Fla. Dist. Ct. App. 1992).

Federal courts in Florida have held the same position on this issue. "A defendant is not automatically entitled to 'full disclosure all plaintiff's medical records and unrestricted as to time or circumstance… The 'contention that any physical malady might cause emotional distress [] scarcely gives defendants a license to rummage through all aspects of the plaintiff's life in search of a possible source of stress or distress.'" *Cameron v. SuperMedia, LLC*, Case No. 4:15cv315-MW/CAS, at *11 (N.D. Fla. Apr. 19, 2016) (citations omitted).

People can indeed waive a psychotherapist-patient privilege by filing a lawsuit. "However, this does not mean whenever a patient institutes a claim for any physical or mental suffering he invites an automatic inquiry and intrusion into all past communications which may have transpired with a psychiatrist." *Yoho v. Lindsley*, 248 So. 2d 187, 191 (Fla. Dist. Ct. App. 1971). This would "effectively deter many psychotherapeutic patients from instituting any general claim for mental suffering and damage out of fear of opening up all past communications to discovery. **This result would clearly be an intolerable and overbroad intrusion into the patient's privacy**, not sufficiently limited to the legitimate state interest embodied in the provision and would create opportunities for harassment and blackmail… Disclosure cannot be compelled with respect to other aspects of the patient-litigant's personality *even though they may, in some sense, be 'relevant' to the substantive issues of litigation*. The patient thus is not

4

obligated to sacrifice all privacy to seek redress for a specific mental or emotional injury." *Id.*
(italics in original; bold added; citations omitted).

> **B.** **Redaction of Medical Records Before Production is Appropriate When the Information is Privileged, Confidential, and Irrelevant to the Mental Condition at Issue Because Other Matters Have Not Been Waived.**

Federal courts in Florida hold the same legal position on limiting the extent of a

psychotherapist-patient privilege waiver to permit redactions in **medical records** before being

produced to the opposing party. In *Thomas v. Seminole Elec. Coop. Inc.*, Case No: 8:16-cv-3404-

T-35JSS, at *3 (M.D. Fla. Jun. 6, 2017) (The "Defendant argue[d] that Plaintiff waived any

psychotherapist-patient privilege in the medical records by placing her mental condition at

issue."). The Federal court disagreed with the defendant about the extent of that wavier and held

that the plaintiff's waiver of her psychotherapist-patient privilege must be limited to her

depression (the mental condition at issue), explaining:

> While Plaintiff has waived any privilege regarding confidential
> communications with Ms. Lubronovich and Dr. Rausch-Medina
> regarding her depression, confidential communications as to other
> matters have not been waived because Plaintiff *has put only her
> depression at issue*. Further, Plaintiff's medical information, other
> than her depression-related medical records, are not relevant to the
> parties' claims and defenses. Therefore, **it is appropriate for
> Plaintiff to redact such privileged, confidential, and irrelevant
> information.**

*Id.* at *9 (emphasis added). Accordingly, in the instant case, Plaintiff's wavier of his

psychotherapist-patient privilege is limited to his ADHD, 'Anxiety State, Unspecified,' and

OCD.

    *Bailey v. City of Daytona Beach Shores*, Case No. 6:12-cv-71-Orl-18TBS, at *3 (M.D.

Fla. Dec. 3, 2012) ("Before producing her PHI [Protected Health Information], Plaintiff

may redact the information which is unrelated to her claimed serious health condition. She is

only required to produce that PHI which concerns or relates to the serious health condition which she alleges prevented her from working").

"In *Jaffee,* the Supreme Court repeatedly analogized the psychotherapist-patient privilege to the attorney-client privilege. There is good reason, therefore, to treat the two privileges similarly." *State v. Topps*, 142 So. 3d 978, 980 n.3 (Fla. Dist. Ct. App. 2014) (quoting *Fitzgerald v. Cassil,* 216 F.R.D. 632, 636 (N.D. Cal. 2003)); "[W]aiver by disclosure does 'not mean [] that voluntary disclosure of confidential information effectively waives the privilege as to all conversations, or the *whole breadth of discussion* which may have taken place'… [W]aiver of privilege by disclosure [is] confined to 'that specific subject during that particular conversation.'" *Procacci v. Seitlin*, 497 So. 2d 969-970, (Fla. Dist. Ct. App. 1986) (emphasis added; citations omitted).

### C.     RUSM's Reliance on a Stipulated Protective Order is Misplaced.

The Supreme Court says it best. "Making the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege." *Jaffee v. Redmond,* 518 U.S. 1, 17 (1996). In Plaintiff's own words, a Stipulated Protective Order only offers him temporary confidentiality. Once the seal is broken, it is broken forever, and he will no longer be able to control the future of his privileged information.

### II.     Plaintiff's Objections to the Definition of Mental Impairment Should be Sustained Because "Any Other Mental Impairment" is Not Relevant to Plaintiff's Claims or Defendant's Defenses.

If the Court finds that there is no limitation to the extent Plaintiff's waiver, we must then focus on relevance.

### A.     Failure-to-Accommodate Claim and Defenses.

As stated above, this is a failure-to-accommodate case. There is no failure-to-accommodate defense that would make "any other mental impairments" relevant to the mental impairments that RUSM failed to accommodate. Even if Plaintiff had other mental impairments or disabilities, this would not subtract from, or cancel out, the disability that RUSM knew about and failed to accommodate. In better words, if Plaintiff was substantially limited because of one mental impairment, the mere existence of any other mental impairment would not vacate RUSM's obligation to accommodate the limitation that it knew about.

The law is clear in this regard. "The ADA defines 'discrimination' to include 'not making reasonable accommodations to the **known** physical or mental **limitations** of an otherwise qualified individual with a disability." *Duckett v. Dunlop Tire Corp.*, 120 F.3d 1222, 1224 (11th Cir. 1997) (quoting 42 U.S.C. § 12112 (b)(5)(A)).

A Federal court in Florida has ruled on this exact issue about the relevance of other impairments or disabilities in a failure-to-accommodate case. Said case will be discussed in great detail. In *U.S. Equal Emp't Opportunity Comm'n v. St. Joseph's Hosp., Inc.*, Case No: 8:13-cv-2723-T-30TGW, at *8-9 (M.D. Fla. Feb. 18, 2015) (The plaintiff requested an accommodation from the defendant claiming that she had a *gait dysfunction* due to her *hip replacement* and therefore needed a cane to help her walk. The defendant denied the requested accommodation. During the lawsuit, it was discovered that the plaintiff was diagnosed with stenosis and spondylosis prior to her request for a cane. The defendant then argued that the plaintiff never notified them that her *stenosis* and *spondylosis* was the reason she needed a cane. "The Court conclude[d] that [plaintiff's] 'gait dysfunction'… is sufficient to establish that [plaintiff] was a disabled person… **Therefore, all issues related to the stenosis diagnosis are moot**." (emphasis added)).

7

RUSM's requested discovery about any and all mental impairments has no possible bearing on the claims and defenses in this case. "Congress indicated that one of its purposes was to 'convey that the question of whether an individual's impairment is a **disability under the ADA should not demand extensive analysis**.'" *Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1268 (11th Cir. 2014) (emphasis added) (quoting 42 U.S.C. § 12101). "[T]he **primary object** of attention in cases brought under the ADA **should be whether entities covered by the ADA have complied with their obligations**." *Id*. at 1269 (emphasis added) (quoting 42 U.S.C. § 12101).

### B.      Emotional Distress Damages.

Please see the reasons already set forth hereinabove at 5. As stated above, Plaintiff is seeking damages for emotional distress because his OCD was exacerbated when RUSM dismissed him from the school in 2017.

Plaintiff has not alleged that he suffered from "any <u>other</u> impairment, illness, or disability" as a result of his dismissal. He also has not alleged that the dismissal exacerbated any other impairment. The mere existence of previous mental conditions is outside the scope of relevance. Even if Plaintiff was vulnerable or sensitive, RUSM would still be responsible for the injury.

The Eleventh Circuit's position on this issue is clear. "Under Florida law… It is settled law that where injuries aggravate an existing ailment or develop a latent one the person whose negligence caused the injury is required to respond in damages for the results of the disease as well as the original injury. … [A] plaintiff's 'pre-existing' vulnerability, or 'greater sensitivity, [] does not warrant any reduction in her recovery. The Defendants must take the plaintiff as they find her.'" *Myers v. Central Florida Investments*, 592 F.3d 1201, 1214 (11th Cir. 2010).

Therefore, Plaintiff's OCD is the only relevant mental impairment for this issue.

### III.   Plaintiff's Objections to Interrogatory No. 4 Should be Sustained.

In relevant part, Interrogatory No. 4 asked Plaintiff to:

> [I]dentify all mental impairments or any other illness, impairment
> or disability **that you are alleging is relevant to the claims** in this
> action… [and] any medication you take for each impairment,
> illness or disability…

Motion to Compel at 3 (emphasis added). Plaintiff identified the following mental impairments

as relevant, ADHD, 'Anxiety State, Unspecified,' and OCD. After Plaintiff identified the mental

impairments at issue, in relevant part, he responded:

> In regard to medication, Plaintiff objects to the rest of the subparts
> of Interrogatory No. 4 as they… **seek[] information that is not
> reasonably calculated to lead to the discovery of admissible
> evidence** because "[t]he determination of whether an impairment
> substantially limits a major life activity shall be made without
> regard to the ameliorative effects of mitigating measures." 42
> U.S.C. § 12102(4)(E)(i).

Motion to Compel at 4 (emphasis added).

RUSM sent Plaintiff a meet and confer letter on October 12, 2018 regarding Plaintiff's

objections and responses to the medication-subparts of Interrogatory No. 4. A copy of RUSM's

meet and confer letter is attached as **Exhibit 01**. In this letter, RUSM claimed:

> This information pertains directly to whether you were treated for
> any mental or other impairment and **whether such medication
> impacted or effected the need for any accommodation**. The
> issue of whether you have to take medication to function due to
> your alleged disability is relevant to the claims at issue.

Exh. 01 at 5 (emphasis added). The case law that RUSM used was without question superseded

by congress. "Congress expressly rejected the holdings of the United States Supreme Court in

*Sutton* and *Williams.* Pub. L. No. 110–325, § 2(b), 122 Stat. 3553. Specifically, Congress (1)

rejected *Sutton* 's requirement to consider ameliorative effects of mitigating measures (such as

medication or treatment) when determining disability." *Garcia-Hicks v. Vocational Rehab.*

9

*Admin.*, 148 F. Supp. 3d 157, 165 (D.P.R. 2015). "To assess whether a disability 'substantially limits' one of these 'major life activities,' courts may no longer consider 'the ameliorative effects of mitigating measures' such as 'medication, medical supplies' or 'reasonable accommodations.'" *Powell v. Merrick Acad. Charter Sch.*, 16-CV-5315 (NGG) (RLM), at *10 (E.D.N.Y. Feb. 27, 2018) (citing 42 U.S.C. § 12102(4)(E)(i)(I), (III)). For RUSM to do otherwise "violates the clear command of 42 U.S.C. § 12102(4)(E)(i), that '[t]he determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures.'" *Lonergan v. Fla. Dep't of Corr.*, 623 Fed. Appx. 990, No. 14-13925, at *6-7 (11th Cir. 2015).

## **MOTION FOR PROTECTIVE ORDER**

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense..." Fed. R. Civ. P. 26(c)(1).

For the reasons set forth hereinabove, Plaintiff Oluwamuyiwa Awodiya respectfully requests that the Court enter a Protective Order (i) limiting inquiries and disclosures of Plaintiff's medical records to ADHD, "Anxiety State, Unspecified" and OCD; and (ii) limiting Plaintiff's wavier of his psychotherapist-patient privilege to ADHD, "Anxiety State, Unspecified" and OCD.

## **CONCLUSION**

Plaintiff Oluwamuyiwa Awodiya respectfully requests that the Court enter an Order (i) denying RUSM's Motion to Compel [ECF No. 76]; (ii) granting Plaintiff's Motion for Protective Order; (iii) awarding Plaintiff his costs; and (iv) granting Plaintiff such other and further relief as the Court deems just and proper.

DATED this 4th day of November, 2018:

Respectfully submitted,

By: Oluwamuyiwa Awodiya, *pro se* litigant
15005 Dahlia Dr.
Bowie, MD 20721
(240) 602-1836
Plaintiff, in Proper Person

## CERTIFICATE OF SERVICE

I do hereby certify that on this 5th day of November, 2018, I have caused a true and correct copy of the PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF DOCUMENTS AND BETTER RESPONSES TO INTERROGATORIES by mailing a copy to the Court, where the Court's CM/ECF system will send notification to the following:

**Ryan Roman**
Akerman Senterfitt
Suntrust International Center
1 SE 3rd Avenue
25th Floor
Miami, FL 33131-1714
305-374-5600
Fax: 305-374-5095
Email:
ryan.roman@akerman.com

**Octavia Monique Green**
Akerman LLP
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, FL 33131
(305) 982-5670
Email:
octavia.green@akerman.com

By: Oluwamuyiwa Awodiya, *pro se* litigant

# **<u>Exhibit 01</u>**

(RUSM's Meet and Confer Letter)

# akerman

Ryan Roman

Akerman LLP
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, FL 33131

T: 305 374 5600
F: 305 374 5095

October 12, 2018

**VIA E-MAIL (drmuyiwa.a@gmail.com)**

Mr. Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721

**Re:    Meet and Confer**

Dear Muyiwa:

I am in receipt of your responses and objections to RUSM's First Request for Production (the "Requests") and its First Set of Interrogatories (the "Interrogatories"). I would like to meet and confer regarding the following responses and objections, which I believe are inadequate. Please advise whether you agree to amend those responses and objections to provide full discovery in this matter.

## I.    General Objections

First and foremost, your responses and objections to both the Requests and the Interrogatories contain boilerplate general objections that are disfavored by the Courts. *Thermoset Corp. v. Building Materials Corp. of America*, No. 4-60268-CIV, 2014 WL 6473232, at *2 (S.D. Fla. Nov. 18, 2014) ("This Court, as well as many others, disfavors 'general objections' that fail to discuss deficiencies in specific discovery requests"). *See also Puccio v. Sclafani*, No. 12-61840-CIV, 2013 WL 4068782, at *3 (S.D. Fla. Aug. 12, 2013). To the extent that you rely upon and incorporate general objections into your responses to the Requests (Requests No. 1-5, 7, 12, 14-21, 23, 25-52 and 55-60) and Interrogatories (Interrogatories No. 1, 2, 3, 5 and 8) same should be withdrawn and only specific objections should be raised where appropriate. Please confirm that you will amend your responses and objections no later than Friday, October 19, 2018.

Also, you state in response to several of the discovery requests (Requests No. 2-5, 7, 11-12, 15, 18, 20-54, 56-57, 59-60, and 62-64 and Interrogatories No. 1, 2, 3, 5 and 8) that you object to producing documents because you believe that the documents are easily accessible by RUSM. However, you do not specify precisely which documents are easily accessible and RUSM disputes that characterization. Please confirm if you are withholding any documents on the basis of this objection and let me know precisely what categories of documents are being withheld so that I can properly evaluate your objection. If you are not withholding any documents, please let me know that as well.

46586976;6

Muyiwa Awodiya
October 12, 2018
Page 2

## II.    Privilege Objections

You object to the Requests and Interrogatories on the basis of a doctor-patient privilege and a therapist-patient privilege. However, because you are seeking recovery under Title III and the Rehabilitation Act, you have placed your mental condition and any impairments at issue in this action. It is RUSM's position that such allegations operate as a waiver of any doctor-client or therapist-patient privilege as it pertains to the claims and defenses in this action. *See, e.g., Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127, 130 (E.D. Pa. 1997) (holding that a party waives the privilege by placing his or her mental condition at issue). *See also Stevenson v. Stanle Bostitch, Inc.*, 201 F.R.D. 551, 556 (N.D. Ga. 2001). Therefore, RUSM requests that you amend your responses to the Requests and Interrogatories and that you agree to produce all medical records and information that are responsive to the Requests and Interrogatories, including Requests No. 1, 3, 5 and 25-52 and Interrogatories No. 1, 2, and 3. No

You also object to the Requests and Interrogatories on the basis of a purported "privilege" under the Family Education Rights and Privacy Act (FERPA). Please note that in cases where a party requests information directly related to the claims at issue, such information is discoverable. *See L.M.P. ex rel. E.P. v. School Bd. of Broward Cnty., Fla.*, No. 05-60845-CIV, 2009 WL 2578987, at *3 (S.D. Aug. 18, 2009). Courts have also refused to uphold objections based on FERPA. *Id.* Despite your argument that FERPA prohibits the disclosure of records, courts agree that FERPA permits the disclosure of student records upon an order from a court of competent jurisdiction. *Id.* (citing 34 C.F.R. § 99.31(a)(9)(1)).

Your education records from both RUSM and other educational institutions are relevant to the issues in this case. More specifically, these records relate to your disability claims, reliance claims and the issue of damages. By way of example, communications with other medical schools are highly relevant because such communications and documentation directly addresses your allegation that you were unable to obtain admission to any other institution. Thus, your objections to Requests No. 14, 16-18, 20, 25-52, 55 and 57 and to Interrogatories No. 1, 3, 5 and 8 should be withdrawn and all responsive documents and information should be produced.

As previously discussed, we are agreeable to entry of a Stipulated Protective Order governing confidentiality of discovery materials. Entry of such an order will address your concerns raised pursuant to FERPA and will allow for full and fair discovery that is relevant to the claims and defenses in this action. *See Buckler v. Israel*, No. 13-62074-CIV, 2014 WL 6460112, at *3 (S.D. Fla. Sept. 25, 2014) (holding that any privacy concerns may be adequately addressed through use of a protective order). However, to date you have refused to agree to a Stipulated Protective Order in this action. I believe that such an Order would address any privacy concerns you may have and therefore renew RUSM's request that you agree to entry of a Stipulated Protective Order in this action.

Muyiwa Awodiya
October 12, 2018
Page 3

_____

### III.   Objections to the Definition of "Mental Impairments"

You also object to the definition of "mental impairments" and you attempt to limit "mental impairments" to encompass only (i) Attention Deficit Disorder Without Mention of Hyperactivity, (ii) Anxiety State, Unspecified, and (iii) obsessive compulsive disorder.  We respectfully disagree with such a narrow limitation.  To the extent that you have been diagnosed with or sought treatment for any other mental impairments, this is relevant and discoverable information.  You have filed this lawsuit, alleging disability under the Americans with Disabilities Act and the Rehabilitation Act.  If you are suffering from other mental impairments, or have had such impairments in the past, such information would clearly relate to issues of causation and damages and, therefore, is discoverable.  Please withdraw your objection to the definition of "mental impairments" set forth in the Requests and Interrogatories and produce all responsive information and documents.

### IV.   Specific Objections

You have also raised certain specific objections which are baseless and should be withdrawn.  I will address each in turn below and state why the information being sought is relevant to the claims and defenses in this action and clearly discoverable.

**Request No. 17:**

All correspondence with any medical school or other institution offering a doctor of medicine degree, including RUSM.

**Response:**

*See* General Objection 2. Plaintiff further objects to this Request on the grounds that it is overbroad in temporal scope, unduly burdensome, and not proportional to the needs of the case, seeks documents that are not relevant to Plaintiff's claims or Defendant's defenses, and does not identify the documents requested with a reasonable level of particularity in that it calls for the almost daily spamming, news-letters, marketing, and soliciting correspondences (junk mail) from many medical schools that obtained Plaintiff's email address and home address following his inquiries. Subject to and without waiving these objections, Plaintiff will provide his correspondences with RUSM.

**Request No. 18**

All applications, requests for financial aid or other documents submitted by you to any medical school or other institution offering a doctor of medicine degree, including RUSM.

**Response:**

*See* General Objections 2 and 3. Plaintiff further objects to this Request on the grounds that it is overbroad in temporal scope, unduly burdensome, and not proportional to the needs of

Muyiwa Awodiya
October 12, 2018
Page 4

the case, seeks documents that are not relevant to Plaintiff's claims or Defendant's defenses, and does not identify the documents requested with a reasonable level of particularity. Plaintiff also objects to this Request to the extent that it calls for documents equally accessible to RUSM. Plaintiff is not producing documents responsive to this Request.

**Argument:**

RUSM has already addressed General Objection 2, above. Additionally, it is our position that all correspondence that you had with *any medical school or other institution offering a doctor of medicine degree*, and applications to such institutions, are relevant, discoverable and falls within the scope of Rule 26(b). The documents requested relate to the issues of damages, reliance and to your disability claim, including the specific allegation you have made that you were unable to obtain admission to any other medical school.  RUSM agrees to narrow the request to exclude "junk mail" solicitations.  To the extent you raise this same objection in response to Requests No. 4, 7, 12, 15, 20-21, 25-52, 56, and 59-60, RUSM's position is the same regarding those Requests and asks that you withdraw your objection.

**Interrogatory No. 4**

Please identify all mental impairments or any other illness, impairment or disability that you are alleging is relevant to the claims in this action, including in your answer (i) the date on which a diagnosis was made regarding that impairment, illness or disability, (ii) the identity of the person that made the diagnosis, (iii) when you first began experiencing symptoms pertaining to that impairment, illness or disability, (iv) the date on which you ceased experiencing any of those symptoms, (v) any medication you take for each impairment, illness or disability (whether prescribed or otherwise), (vi) the dosage of each such medication, and (vii) the date on which you took each medication.

**Response**

Plaintiff's mental impairments consist of both attention and anxiety impairments. Plaintiff's attention impairment was diagnosed as Attention Deficit Disorder Without Mention of Hyperactivity by Mr. Cuffy of RUSM on January 18, 2016. Dr. Mauricio also diagnosed Plaintiff with ADHD in 2016.  Plaintiff's anxiety was first diagnosed as "Anxiety State, Unspecified" by Mr. Cuffy on February 17, 2016.  Plaintiff's anxiety was diagnosed against but as Obsessive-Compulsive Disorder by Ms. Unterman on April 18, 2017.  Plaintiff does not know when he "first began experiencing symptoms."  Plaintiff continues to experience symptoms of said disabilities which are active and ongoing.  In regard to medication, Plaintiff objects to the rest of the subparts of Interrogatory No. 4 as they are unduly burdensome, not proportional to the needs of the case overbroad in substance, not relevant to Plaintiff's claims or Defendant's defenses, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence because "[t]he determination of whether an impairment substantially limits a major life activity

Muyiwa Awodiya
October 12, 2018
Page 5

_____

shall be made without regard to the ameliorative effects of mitigating measures." 42 U.S.C. § 12102(4)(E)(i).

**Argument**

RUSM is entitled to discovery pertaining to any medication you have been prescribed or taken. This information pertains directly to whether you were treated for any mental or other impairment and whether such medication impacted or effected the need for any accommodation. The issue of whether you have to take medication to function due to your alleged disability is relevant to the claims at issue. *See Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 558 (N.D. Ga. 2001) (ordering plaintiff to answer interrogatory seeking identification of all medication taken as a result of the alleged harassment, emotional distress, or discrimination). Please confirm that you will withdraw your objection to the remaining sub-parts of this Interrogatory and provide full information in response thereto.

***

Please allow this to serve as RUSM's good-faith effort to meet and confer. I am available for a call this week to discuss the matter further. Please advise as to your availability.

Sincerely,

s/Ryan Roman
Ryan Roman

46586976;6

WRITE FIRMLY WITH BALL POINT PEN ON HARD SURFACE TO MAKE ALL COPIES LEGIBLE.

USMS INSPECTED

PRESS FIRMLY TO SEAL

CUSTOMER USE ONLY
FROM: (PLEASE PRINT)

16005 Dahlia Dr
Bowie MD 20716

PAYMENT BY ACCOUNT (if applicable)

DELIVERY OPTIONS (Customer Use Only)

☐ SIGNATURE REQUIRED

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)

TO: (PLEASE PRINT)

Wilkie D Ferguson Courthouse
400 North Miami Avenue
Room 8N09
Miami FL 33128

PHONE (          )

ZIP

For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
$100.00 insurance included.

USMS INSPECTED

NOV - 5 2018
BOWIE MD 20716

DELIVERY (POSTAL SERVICE USE ONLY)

UNITED STATES
POSTAL SERVICE®

PRIORITY
★ MAIL ★
EXPRESS™

EL 358790605 US

BOWIE, MD
NOV 05, 18
AMOUNT
$24.70
R2304M116063-06

LABEL 11-B, SEPTEMBER 2015          PSN 7690-02-000-9996          3-ADDRESSEE COPY

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express™ shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP13F © U.S. Postal Service; July 2013; All rights reserved.