## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

OLUWAMUYIWA AWODIYA,                    CASE NO. 0:18-cv-60482-KMM-AOV

      Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

      Defendant.

_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Defendant Ross University School of Medicine, School of Veterinary Medicine Limited

("RUSM"), by counsel, hereby respond to the Motion for Protective Order [ECF No. 83] (the

"Motion") filed by plaintiff Oluwamuyiwa Awodiya ("Plaintiff").  In support thereof, RUSM

states as follows:

## INTRODUCTION

Plaintiff filed this action against RUSM seeking damages for purported violations of Title

III of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act, as

well as a series of common law claims arising from the same allegation that RUSM failed to

accommodate Plaintiff's disabilities by providing extended testing time and that, as a result of the

purported failure to accommodate, Plaintiff suffered damages.  By bringing such claims, Plaintiff

has put his mental and physical condition squarely at issue.  In providing his claims, Plaintiff must

establish that the failure to accommodate Plaintiff's alleged disabilities – ADHD, anxiety disorder

and OCD – proximately caused his injury.   If the damages Plaintiff alleges he suffered are actually

caused by some other undisclosed disability – and to be clear, RUSM is already aware of other

46949040;2

diagnoses pertaining to relationship issues that Plaintiff was suffering at the time he was dismissed from RUSM – then Plaintiff will not be able to establish entitlement to monetary or other relief.

Rather than provide full and fair discovery, Plaintiff has unilaterally decided to redact and withhold medical records and other medical information that may pertain directly to the claims and defenses at issue in this litigation.  This matter has already been raised by way of RUSM's motion to compel [ECF No. 76], which is incorporated herein by reference.

RUSM has made several attempts to work with Plaintiff to maintain the confidentiality of any medical records produced in this action.  Plaintiff has rejected these efforts and argues that a Stipulated Confidentiality Agreement—a tool regularly used during the course of discovery—is not warranted in this action and that, instead, he can simply withhold documents and information from discovery. Motion at 6.

Plaintiff has still failed to establish good cause as to why a protective order should be issued.  Plaintiff has not adequately stated a particular need for such an order, other than the misplaced belief that such information is not discoverable and is otherwise privileged.  The Court should deny the Motion, grant RUSM's motion to compel, and compel Plaintiff to produce documents and information relating to Plaintiff's medical records, conditions and diagnoses, as well as medications prescribed and/or taken by Plaintiff, as such information is relevant to the claims and defenses and is discoverable.

## ARGUMENT

### I.    LEGAL STANDARD

"*For good cause shown*, Federal Rule of Civil Procedure 26 permits a court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  *AF Holdings, LLC v. Does 1-162*, No. 11-23036-Civ, 2012 WL 488217, at *2 (S.D.

Fla. Feb. 14, 2012) (emphasis added).  To make a showing of good cause, the movant has the burden of showing that he will suffer injury "with specificity."  *Trinos v. Quality Staffing Servs., Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. July 7, 2008).  Thus, Plaintiff must show good cause by demonstrating a particular need for protection.  *Id.*  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test."  *Id.* (citing *United States v. Garrett*, 571 F. 2d 1323, 1326, n. 3 (5th Cir. 1978) (requiring "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.")).

When evaluating whether good cause has been established, the Court must balance the competing interest presented.  *State Farm Mutual Automobile Ins. Co. v. Dubal Imaging, LLC*, Case No. 3:07-cv-627-J-20JRK, 2008 WL 11341312, at *5 (M.D. Fla. Jan. 31, 2008).  This requires the Court to balance a party's interest in obtaining the discovery against the opposing party's interest that the discovery not be had.  *Local Access, LLC v. Peerless Network, Inc.*, Case No: 6:17-cv-236-Orl-40TBS, 2017 WL 9613965, at *3 (M.D. Fla. Aug. 16, 2017).

"If a sufficient showing of good cause is made, the burden then shifts to the nonmoving party to show why relief should still not be granted, either because of undue prejudice or the importance of the discovery at issue."  *New World Network Ltd. v. M/V Norwegian Sea*, No. 05-22916-CIV, 2007 WL 1068124, at *1 (S.D. Fla. Apr. 6, 2007).  *See also A&M Gerber Chiropractic LLC v. GEICO General Insurance Co.*, Case No. 16-cv-62610-BLOOM/Valle, 2017 WL 4882511, at *2 (S.D. Fla. Oct. 30, 2017).

## II.   PLAINTIFF HAS NOT ESTABLISHED GOOD CAUSE FOR A PROTECTIVE ORDER

Plaintiff fails to establish good cause as to why a protective order is warranted.  Plaintiff argues that any discovery pertaining to his disabilities and/or impairment should be limited to (i) ADHD; (ii) Anxiety State, Unspecified; and (iii) OCD.  Respectfully, RUSM disagrees and

3

states that discovery pertaining to all disabilities, illnesses and/or impairments that Plaintiff may have suffered during the relevant timeframe are discoverable and are directly relevant to issues of causation.  For example, at the very same time that RUSM's counseling center made observations relating to Plaintiff's ADHD and anxiety disorder, it also made observations regarding distress caused by relationship issues.  Information pertaining to these other issues, along with any other mental or physical disabilities or impairments, may support RUSM's arguments that Plaintiff's failure to pass the comprehensive examination that led to his dismissal from RUSM were the result of impairments or disabilities other than ADHD, Anxiety State, Unspecified, or OCD.  Such areas of inquiry are clearly discoverable.  *See Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999) ("When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery 'either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.").  Plaintiff has filed this lawsuit against RUSM, bringing his mental impairments into question.  He cannot now attempt to limit the bounds of discovery.

### III.    PLAINTIFF'S MOTION FOR PROTECTIVE ORDER SHOULD BE DENIED BECAUSE HIS RELIANCE OF FLORIDA LAW IS MISPLACED

Plaintiff cannot use the psychotherapist-patient privilege to avoid discovery.  In support of his Motion, Plaintiff relies on several Florida state law cases interpreting waiver of the psychotherapist-patient privilege.  Such reliance is misplaced as federal common law, not Florida law governs this privilege. *See Select Export Corp. v. Richeson*, Case No. 10-80526-CIV, 2011 WL 13227869, at *4 (S.D. Fla. Jan. 4, 2011) (rejecting the claim of privilege based on state law). *See also Buckler v. Israel*, No. 13-62074-CIV, 2014 WL 6460112, at *1 (S.D. Fla. Sept. 25, 2014)

4

("[T]he general rule is that federal common law governs privileges in federal question cases …

because this case involves a federal question involving an alleged violation of civil rights by law

enforcement, federal privilege law govern the discovery dispute at hand."). *See Guilford*, 2009

WL 10664964, at *2 ("the federal law of privilege applies in this proceeding "where the court's

jurisdiction is premised upon a federal question . . . .").

Plaintiff has not cited one case interpreting psychotherapist-patient privilege under federal

common law.  To the extent that Plaintiff cites to a federal case, such case does not address the

issue of privilege. *See Cameron v. SuperMedia, LLC*, Case No. 4:15cv-315-MW/CAS, 2016 WL

1572952, at *4 n. 8 (N.D. Fla. Apr. 19, 2016) ("As noted, there is no claim of privilege in this

case.").  Thus, Plaintiff's legal authority is readily distinguishable.

Rather, the Court should be guided by the analysis in *Stevenson v. Stanley Bostitch, Inc.*,

201 F.R.D. 551 (N.D. Ga 2001), where the district court interprets the challenged privilege under

federal law.  In *Stevenson*, the court stated that a litigant places his mental condition in controversy,

and thus waives the psychotherapist-patient privilege,

> when one or more of the following factors are present:
>
> (1) a tort claim is asserted for intentional or negligent infliction of emotional
> distress; (2) an allegation of a specific mental or psychiatric injury or disorder is
> made; (3) a claim of unusually severe emotional distress is made; (4) plaintiff
> intends to offer expert testimony in support of claim for emotional distress
> damages; and/or (5) plaintiff concedes that her mental condition is in controversy
> within the meaning of Rule 35.

201 F.R.D. at 554.  *See also Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127, 130-31

(E.D. Pa. 1997) (finding that plaintiff placed her confidential communications with her

psychiatrist at issue, and requiring her to authorize the release of all records that contain

confidential communications with her psychiatrist.).

Plaintiff is pursuing claims under both Title III of the ADA and Section 504 of the Rehabilitation Act and is seeking damages for emotional distress. Motion at 2. The first, second, and fifth factors are clearly present, thereby waiving any privilege that might otherwise exist. As such, Plaintiff cannot seek a protective order limiting inquiry of his medical condition and disclosure of his medical records under the guise that the same is protected by the psychotherapist-patient privilege. *See E.E.O.C. v. Nichols Gas & Oil, Inc.*, 256 F.R.D. 114, 123 (W.D.N.Y. 2009) (holding that defendants should be entitled to examine any medical records of charging party reflecting consultation with or treatment by a medical provider for complaints of emotional distress ***regardless of the cause*** and reflecting medical conditions for the symptoms or treatment which could have resulted in the same type of physical symptoms that claimants have described). Plaintiff's Motion should be denied and RUSM should be entitled to take discovery of Plaintiff's medical records.

## IV.   ANY CONFIDENTIALITY CONCERN MAY BE ADDRESSED BY A STIPULATED PROTECTIVE ORDER, AS RUSM HAS PREVIOUSLY OFFERED

RUSM has previously offered to enter into a stipulated protective order, as is common in civil litigation where there may be discovery of sensitive information. RUSM also provided a draft agreement for Plaintiff's consideration. Plaintiff refused to negotiate the terms of a protective order unless it specifically identified specific documents, rather than providing a mechanism for the parties to designate documents as confidential. Plaintiff's approach would require the parties to execute a new agreement each time they identified a new document they wished to mark as confidential. It is not workable.

To the extent Plaintiff's concerns regarding his medical records can be alleviated through entry of a stipulated protective order, RUSM remains ready, willing and able to execute a reasonable protective order.

6

46949040;2

Alternatively, the Court may require Plaintiff to execute a medical release. *See Coyne v. Pediatric Servs. of Am., Inc.*, Case No. 16-60365-CIV-ZLOCH, 2016 WL 9559895, at *1 (S.D. Fla. Oct. 13, 2016) ("[P]laintiff cannot deprive [defendant] of its ability to adequately investigate the facts of the case by refusing to sign an authorization.").

## **CONCLUSION**

WHEREFORE, defendant Ross University School of Medicine, School of Veterinary Medicine Limited requests that the Court enter an Order (i) denying Plaintiff's Motion for Protective Order; (ii) granting RUSM's motion to compel [ECF No. 76]; (iii) requiring Plaintiff to produce unredacted versions of all medical records and produce all other documentation that is being withheld on the basis of Plaintiff's objections set forth in his Motion; (iv) requiring Plaintiff to enter into a Confidentiality Agreement or sign a medical release; and (v) grant RUSM such further relief that is just and proper.

46949040;2

Dated: November 12, 2018

Respectfully submitted,

**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, Florida 33131
Telephone: (305) 374-5600
Facsimile:  (305) 374-5095

By: *s/Ryan Roman*
Michael C. Marsh
Florida Bar No. 0072796
michael.marsh@akerman.com
simone.tobie@akerman.com
Ryan Roman
Florida Bar. No. 0025509
ryan.roman@akerman.com
dorothy.matheis@akerman.com
Octavia M. Green
Florida Bar No. 119179
octavia.green@akerman.com
simone.tobie@akerman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on November 12, 2018, a true and correct copy of the foregoing

document was served via CM/ECF on:

Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721
Telephone: (240) 602-1836
E-mail: drmuyiwa.a@gmail.com

*s/Ryan Roman*
Ryan Roman

8

46949040;2