UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OLUWAMUYIWA AWODIYA,        CASE NO. 0:18-cv-60482-KMM-AOV

    Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

    Defendant.
_____/

## JOINT STATUS REPORT

Plaintiff Oluwamuyiwa Awodiya ("Plaintiff") and defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM") (together, the "Parties") respectfully submit this Joint Status Report in accordance with the Court's Order Setting Hearing on Discovery Motion [ECF No. 78].

In support thereof, the Parties submit the attached report in the format required by the Court. The Parties met and conferred on November 15, 2018. The Parties were unable to resolve the discovery issues in dispute as set forth in the attachment.

46927034;2

| | |
|---|---|
| Dated: November 16, 2018 | Respectfully submitted, |
| Oluwamuyiwa Awodiya<br>15005 Dahlia Drive<br>Bowie, Maryland 20721<br>Telephone: (240) 602-1836 | **AKERMAN LLP**<br>Three Brickell City Centre<br>98 Southeast Seventh Street<br>Suite 1100<br>Miami, Florida 33131<br>Telephone: (305) 374-5600<br>Facsimile:  (305) 374-5095 |
| By: *s/ Oluwamuyiwa Awodiya*<br>Oluwamuyiwa Awodiya (*pro se*)<br>drmuyiwa.a@gmail.com | By: *s/ Michael C. Marsh*<br>Michael C. Marsh<br>Florida Bar No. 0072796<br>michael.marsh@akerman.com<br>simone.tobie@akerman.com<br>Ryan Roman<br>Florida Bar. No. 0025509<br>ryan.roman@akerman.com<br>dorothy.matheis@akerman.com<br>Octavia M. Green<br>Florida Bar No. 119179<br>octavia.green@akerman.com<br>simone.tobie@akerman.com |

## ATTACHMENT TO JOINT STATUS REPORT

| **Request No. [Definition #3, RFP and ROGs]:** The term "mental impairments" shall mean (i) Attention Deficit Disorder Without Mention of Hyperactivity, (ii) Anxiety State, Unspecified, and (iii) Obsessive Compulsive Disorder, as well as any other mental impairment or disorder for which you have been diagnosed or sought treatment.<br><br>**Response:** Plaintiff objects to Definition 3 as overbroad in substance, not relevant to Plaintiff's claims or Defendant's defenses, and ask for privileged information. Plaintiff will only interpret the term "mental impairments" to mean (i) Attention Deficit Disorder Without Mention of Hyperactivity, (ii) Anxiety State, Unspecified, and (iii) Obsessive Compulsive Disorder. |||
|---|---|---|
| **Movant's Position:**<br><br>RUSM defines "mental impairments" to mean: (i) Attention Deficit Disorder Without Mention of Hyperactivity; (ii) Anxiety, Unspecified, and (iii) obsessive compulsive disorder, *as well as any other mental impairment or disorder in which Plaintiff has been diagnosed or sought treatment for*. Plaintiff has put his mental state at issue and RUSM is entitled to conduct discovery pertaining to any mental impairments. Information pertaining to any mental impairments or disorders suffered by Plaintiff may support RUSM's arguments that Plaintiff's failure to pass the comprehensive examination that led to his dismissal from RUSM was the result of impairments or disabilities other than ADHD, Anxiety State, Unspecified, or OCD. Such areas of inquiry are clearly discoverable. | **Opponent's Position:**<br><br>A protective order should be granted because RUSM is not entitled to wholesale discovery into Plaintiff's psychotherapist-patient privilege. Impairments or disabilities – other than ADHD, Anxiety State, Unspecified, or OCD – are wholly irrelevant and remain privileged. As a matter of law, **causation** is not and cannot be an element in failure to accommodate cases. RUSM had a legal obligation to provide extended testing time for the **limitations known** to RUSM. RUSM's failure to provide extended testing time created a **barrier** between Plaintiff and *equal* opportunity. Discovery is not a fishing expedition. The psychotherapist-patient privilege is not subject to a balancing test. | [LEAVE BLANK FOR COURT USE] |

**Error! Unknown document property name.**

| | | |
|---|---|---|
| To the extent that Plaintiff contends that any communications with his psychotherapist are protected by privilege, this argument fails. By bringing his federal claims, Plaintiff has put his mental and physical condition into question, waiving the psychotherapist-patient privilege. | "[T]he primary object of attention in cases brought under the ADA should be whether entities covered by the ADA have complied with their obligations." *Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1269 (11th Cir. 2014) (quoting 42 U.S.C. § 12101). | |

**Interrogatory No. 4:** Please identify all mental impairments or any other illness, impairment or disability that you are alleging is relevant to the claims in this action, including in your answer (i) the date on which a diagnosis was made regarding that impairment, illness or disability, (ii) the identity of the person that made the diagnosis, (iii) when you first began experiencing symptoms pertaining to that impairment, illness or disability, (iv) the date on which you ceased experiencing any of those symptoms, (v) any medication you take for each impairment, illness or disability (whether prescribed or otherwise), (vi) the dosage of each such medication, and (vii) the date on which you took each medication.

**Response:** Plaintiff's mental impairments consist of both attention/concentration impairments and anxiety disorders. Plaintiff's attention impairment was diagnosed as Attention Deficit Disorder Without Mention of Hyperactivity by Mr. Cuffy of RUSM on January 18, 2016. Dr. Mauricio also diagnosed Plaintiff with ADHD in 2016. Plaintiff's anxiety disorder was first diagnosed as "Anxiety State, Unspecified" by Mr. Cuffy on February 17, 2016. Plaintiff's anxiety disorder was diagnosed again but as Obsessive-Compulsive Disorder by Ms. Unterman on April 18, 2017. Plaintiff does not know when he "first began experiencing symptoms" per se. Plaintiff continues to experience symptoms of said disabilities which are active and ongoing. In regard to medication, Plaintiff objects to the rest of the subparts of Interrogatory No. 4 as they are unduly burdensome, not proportional to the needs of the case, overbroad in substance, not relevant to Plaintiff's claims or Defendant's defenses, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence because "[t]he determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures." 42 U.S.C. § 12102(4)(E)(i).

| **Movant's Position:** | **Opponent's Position:** | [LEAVE BLANK FOR COURT USE] |
|---|---|---|
| Information regarding medication to treat any illness, impairment or disability is relevant to Plaintiff's claims. Plaintiff has | The information that RUSM seeks is not relevant and is not reasonably calculated to | |

| | |
|---|---|
| placed his mental state at issue, claiming to suffer from three different mental impairments. Information pertaining to any medication taken by Plaintiff for his purported disabilities is relevant and discoverable. | lead to the discovery of admissible evidence. RUSM claims and states, "[t]he issue of whether you have to take medication to function due to your alleged disability is relevant to the claims at issue." MPO, at 9.<br><br>RUSM's argument "violates the clear command of 42 U.S.C. § 12102(4)(E)(i), that '[t]he determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures.'" *Lonergan v. Fla. Dep't of Corr.*, 623 Fed. Appx. 990, No. 14-13925, at *6-7 (11th Cir. 2015). |

**Request for Production No. 1:** Regardless of time period, all documents referring or relating to any diagnosis or treatment you received for any mental impairments, including but not limited to any doctors' notes, psychological evaluations, and prescriptions.

**Response:** Plaintiff objects to this Request to the extent it seeks documents protected from disclosure by doctor-patient or therapist-patient privilege. Plaintiff further objects to this Request on the grounds that it is overbroad in substance (prescriptions) and seeks documents that are not relevant to Plaintiff's claims or Defendant's defenses. Subject to and without waiving these objections, Plaintiff will provide document responsive to this Request.

**Request for Production No. 2:** Regardless of time period, all documents reflecting any assessments by health providers, whether affiliated with RUSM or unaffiliated, referring or relating to any diagnosis or treatment you received for any mental impairments, including but not limited to records from the health provider you claim to have visited in Maryland in December 2015.

**Response:** *See* response to Request No. 1.

**Request for Production No. 5:** All correspondence between you and any third party referring or relating to any diagnosis or treatment you received from any mental impairments.

| | | |
|---|---|---|
| **Response:** *See* response to Request No. 1. | | |
| **Movant's Position:** Although Plaintiff provided responsive documents, Plaintiff only produced documents within the realm of his definition of "mental impairments" and produced redacted copies of the documents.  If this Court agrees with RUSM's position regarding the definition of "mental impairments," Plaintiff should be required to produce all of his medical records responsive to these requests. Plaintiff should also be compelled to produce unredacted copies of his medical records.  Plaintiff unilaterally redacted information that is likely relevant to this action.  This District Court has found that the practice of redacting documents on a relevance basis is problematic. *See ADP, LLC v. Ultimate Software Group, Inc.*, Case No. 17-cv-61272-Middlebrooks, 2017 WL 7794595, at *1 (S.D. Fla. Dec. 15, 2017). | **Opponent's Position:** When it comes to medical records, it is appropriate for Plaintiff to redact information that is not relevant to ADHD, Anxiety State, Unspecified, or OCD because such information is privileged, confidential, and irrelevant to the parties' claims and defenses. *Thomas v. Seminole Elec. Coop. Inc.*, Case No: 8:16-cv-3404-T-35JSS, at *9 (M.D. Fla. Jun. 6, 2017) ("While Plaintiff has waived any privilege regarding confidential communications with Ms. Lubronovich and Dr. Rausch-Medina regarding her depression, confidential communications as to other matters have not been waived because Plaintiff *has put only her depression at issue*. Further, Plaintiff's medical information, other than her depression-related medical records, are not relevant to the parties' claims and defenses. Therefore, **it is appropriate for Plaintiff to redact such privileged, confidential, and irrelevant information.**" (emphasis added)). | [LEAVE BLANK FOR COURT USE] |

**Error! Unknown document property name.**             4