FILED by PG D.C.
NOV 19 2018
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| OLUWAMUYIWA AWODIYA,<br>*Plaintiff,*<br><br>-v-<br><br>ROSS UNIVERSITY SCHOOL OF<br>MEDICINE, SCHOOL OF<br>VETERINARY MEDICINE LIMITED<br>*Defendant.* | Case No.  0:18-cv-60482-KMM<br><br>Hon. Chief Judge: K. Michael Moore<br>Magistrate Judge: Alicia O. Valle |

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Plaintiff Oluwamuyiwa Awodiya ("Plaintiff"), in proper person, hereby files his Reply to Defendant's Response in Opposition (the "Opposition") [ECF No. 86] to Plaintiff's Motion for Protective Order (the "MPO") [ECF No. 83].

### INTRODUCTION

RUSM's Opposition to the MPO is fundamentally flawed as a matter of law because **causation** is not and cannot be an element in failure to accommodate cases. Failure to accommodate case are fundamentally different from other types of discrimination such as disparate treatment or retaliation. Failing to accommodate a disability is fundamental to equal opportunity or equal participation for disabled individuals. Disparate treatment and retaliation claims are fundament to preventing adverse action *because of* a disability (causation). The question is not whether something else – in addition to or separately – caused Plaintiff to fail his exam multiple times; the question is whether Plaintiff had an *equal* opportunity to pass the exams.

1

Plaintiff never had an equal opportunity to finish the exams compared to non-disabled students; or even disabled students that were afforded extended testing time. Moreover, Plaintiff never had the same opportunity to finish his exams compared to other non-disabled students with alleged "relationship issues." RUSM unlawfully denied Plaintiff this *equal* opportunity when it failed to provide him with extended testing time (very different from adverse action based claims). RUSM's failure to provide extended testing time created a *barrier* to equal opportunity.

Also, Plaintiff cited at least three federal cases that extensively analyzed – a plaintiff's ability to limit – a psychotherapist-patient wavier under federal common law. All of which are federal district courts in Florida.

## ARGUMENT

I. **Fundamentally and as a Matter of Law, there is No Causation Element in Failure to Accommodate Cases and Therefore All "Other Issues" are Wholly Irrelevant and Remain Privileged.**

RUSM is attempting to force discovery of irrelevant privileged information by arguing that alleged "relationship issues" and all "mental or physical disabilities or impairments" relate to "causation" of Plaintiff's "failure to pass his comprehensive examination[s]" that he took multiple times over the span of a year. Opp'n., at 4. RUSM misunderstands the concept of failing to provide a reasonable accommodation, as there is no causation element in these cases.

The Eight Circuit held, "it is true that, as here, the employer could articulate a reason unrelated to a person's disability that animated its failure to accommodate his limitations. Indeed, it would be easy to say the [defendant's] failure to act was not 'solely by reason of' [plaintiff's] disability. However, the sole motivation requirement, in the first place, addresses motivation from the disability, which as we have explained **is irrelevant** to (and unlikely to accompany) the employer's failure to accommodate the employee's disability. *Peebles v. Potter*, 354 F.3d 761, 767 n.5 (8th Cir. 2004) (emphasis added). "The reasonable accommodation

2

requirement is best understood as a means by which **barriers to the equal** [] **opportunity** of an individual with a disability are removed or alleviated." *Id.*, at 767 (emphasis added). "The **known** disability triggers the duty to reasonably accommodate and, if the employer fails to fulfill that duty, we do not care if he was motivated by the disability." *Peebles v. Potter*, 354 F.3d 761, 767 (8th Cir. 2004) (emphasis added).

This Court held, "the only material difference between the rights and **remedies** afforded plaintiffs under Title II and Section 504 lies in their respective **causation** requirements, but that this difference was **immaterial** where the plaintiff's claims are based on a failure to make reasonable accommodations for disabled individuals." *Alboniga v. Sch. Bd. of Broward Cnty.*, 87 F. Supp. 3d 1319, 1332 (S.D. Fla. 2015) (emphasis added) (citing *Bennett–Nelson v. La. Bd. of Regents,* 431 F.3d 448, 454 (5th Cir.2005)). "Pursuant to the ADA's mandate that the Attorney General of the United States promulgate regulations implementing Titles II and III of the ADA … both of which contain provisions relating to covered entities' obligations to make reasonable modifications in policies, practices, or procedures when necessary *to avoid* discrimination on the *basis of* disability. *Id.* (emphasis added).

The Second Circuit held, "[w]e have ruled that failure to make reasonable accommodation, when the employee has satisfied the first three elements of his claim, **amounts to discharge 'because of' his disability.**" *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 332 (2d Cir. 2000) (emphasis added).

The Fifth Circuit held, "[i]n addition to their respective prohibitions of disability-based discrimination, both the ADA and the Rehabilitation Act impose upon public entities an affirmative obligation to make reasonable accommodations for disabled individuals. Where a

3

defendant fails to meet this affirmative obligation, the cause of that failure is irrelevant." *Bennett-Nelson v. Louisiana Bd. of Regents*, 431 F.3d 448, 453-55 (5th Cir. 2005).

There is "an important distinction between failure-to-accommodate cases, like this one, and disparate treatment cases. ... [W]here 'the employer **denies** an employee an **opportunity to continue** employment because the employee suffers from a disability that could reasonably be accommodated, but is not, regardless of how other employees are treated, that in itself is an unlawful employment practice." *Bull v. United Parcel Serv., Inc.*, Civ. No. 07-2291 (KM)(MCA), at *10 (D.N.J. Jun. 1, 2014) (emphasis added). "Nothing in the case law requires the Court to set up termination as something which, by its nature, *results from* reasonable accommodation." *Id.*, at *15 (emphasis in original). "[B]ecause causation is not an element, there is no error in the court **omitting words** such as **'caused'** or **'resulted from,'** ... about termination before (or after) those about reasonable accommodation." *Id.*, at *15-16 (D.N.J. Jun. 1, 2014) (emphasis added).

II.  **Plaintiff Cited Multiple Federal Authority Interpreting the Limit and Extent of a Psychotherapist-Patient Wavier Under Federal Common Law.**

A federal court in Florida held, "[i]n *Stevenson*, however, the court analyzed whether a plaintiff placed his mental condition 'in controversy' for purposes of authorizing a mental examination of a Plaintiff under Federal Rule of Civil Procedure 35(a), **not for purposes of general discovery**." *Newmark v. Rambosk*, Case No: 2:15-cv-263-FtM-29CM, at *2-3 (M.D. Fla. Jun. 24, 2016) (emphasis added) (citing *Stevenson v. Stanley Bostich*, 201 F.R.D. 551, 533 (N.D. Ga. 2001)).

Plaintiff cited *Thomas*, where the court permitted the plaintiff to limit the extent of her Plaintiff's psychotherapist-patient wavier. MPO, at 5. *Thomas* expressly interpreted the privilege under federal common law, stating, "[a]s here, when the court's jurisdiction is based on federal

4

question the federal law of privilege provides the rule of decision in a civil proceeding." *Thomas v. Seminole Elec. Coop. Inc.*, Case No: 8:16-cv-3404-T-35JSS, at *6 (M.D. Fla. Jun. 6, 2017) (citation and quotation marks omitted). Moreover, Plaintiff also cited *Bailey v. City of Daytona Beach Shores*, Case No. 6:12-cv-71-Orl-18TBS, at *3 (M.D. Fla. Dec. 3, 2012). *See* MPO, at 5-6.

In a very misleading way, RUSM attempted to distinguish *Cameron v. SuperMedia, LLC* from the instant case here, by selectively omitting the context of the federal court's analysis. Opp'n., at 5. The court in *Cameron* actually stated, in full, "[s]o far as this Court can tell, there is no claim of privilege in this case. But, apart from questions of privilege, **cases discussing the concept are useful for evaluating relevance rather than privilege**." *Cameron v. SuperMedia, LLC*, Case No. 4:15cv315-MW/CAS, at *12 (N.D. Fla. Apr. 19, 2016) (emphasis added).

In fact, this Court has previously granted a protective order permitting a plaintiff to limit the extent of her psychotherapist-patient wavier. *See In Matter of Jolly Roger Cruises Tours*, CASE NO.: 10-23257-CIV-JORDAN/MCALILEY., at *6 (S.D. Fla. Apr. 18, 2011) (prohibiting discovery of "highly personal" records of plaintiff's treatment with a social worker for marital problems and problems with her mother because the records were irrelevant to plaintiff's claims for emotional distress and anguish resulting from the loss of her finger).

### III. RUSM is Lying.

RUSM claimed that it is "aware of diagnoses pertaining to relationship issues that Plaintiff was suffering at the time he was dismissed from RUSM." Opp'n., at 1-2. This is **impossible** because I did not see anyone for relationship problems – and was definitely not diagnosed with something as a result of relationship problems – in the entire 2017 calendar year when I was dismissed. "[A]ssertions made by attorneys cannot be the basis for making factual determinations." *Gonzalez v. Parisi*, 156 So. 3d 1106, 1108 (Fla. Dist. Ct. App. 2015).

5

DATED this 14th day of November, 2018:

Respectfully submitted,

_____

By: Oluwamuyiwa Awodiya, *pro se* litigant
15005 Dahlia Dr.
Bowie, MD 20721
(240) 602-1836
Plaintiff, in Proper Person

## CERTIFICATE OF SERVICE

I do hereby certify that on this 14th day of November, 2018, I have caused a true and correct copy of the PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER by mailing a copy to the Court, where the Court's CM/ECF system will send notification to the following:

| | |
|---|---|
| **Ryan Roman** | **Octavia Monique Green** |
| Akerman Senterfitt | Akerman LLP |
| Suntrust International Center | Three Brickell City Centre |
| 1 SE 3rd Avenue | 98 Southeast Seventh Street |
| 25th Floor | Suite 1100 |
| Miami, FL 33131-1714 | Miami, FL 33131 |
| 305-374-5600 | (305) 982-5670 |
| Fax: 305-374-5095 | Email: |
| Email: | octavia.green@akerman.com |
| ryan.roman@akerman.com | |

_____
By: Oluwamuyiwa Awodiya, *pro se* litigant

6

**FROM:**
Oluwamuyiwa Awodiya
15005 Dahlia Dr.
Bowie, MD 20721

**TO:**
Wilkie D Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue, Room 8N09
Miami, FL 33128

U.S. POSTAGE PAID
PM 2-Day
BOWIE, MD 20716
NOV 14, 18
AMOUNT
$6.70
33128-1801
R2303S103654-03

PRIORITY MAIL