**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

OLUWAMUYIWA AWODIYA,                    CASE NO. 0:18-cv-60482-KMM-AOV

      Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

      Defendant.

_____/

## STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL

      To expedite discovery, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, plaintiff Oluwamuyiwa Awodiya and defendant Ross University School of Medicine, School of Veterinary Medicine Limited hereby stipulate and agree to entry of this ORDER pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.  The Court has determined that it is appropriate to enter such an Order for the purposes stated herein.  It is therefore ORDERED:

      1.    <u>Applicability of Order</u>.  This Order shall govern the handling, use, and disclosure of documents (as that term is most broadly construed under Federal Rules of Civil Procedure 26 and 34), depositions and deposition exhibits, interrogatory answers, responses to requests for admissions, and other written, recorded, graphic or other matter ("Discovery Material") produced (whether pursuant to Court Order; Federal Rules of Civil Procedure 26, 33, or 34; subpoena; agreement; or otherwise) during these proceedings by any party or any third party who has expressly agreed in writing to be bound by the terms of this Order.  Discovery Material also

46578339;1

47113016;1

includes each and every copy, compilation, abstract, summary, digest, translation and by-product of any of the foregoing created by any recipient thereof.

2.      <u>Non-disclosure of Protected Discovery Material</u>.  Except with the prior written consent of the producing party or as expressly permitted herein, any Discovery Material that the producing party designates as CONFIDENTIAL shall be considered "Protected Discovery Material" and shall not be disclosed to any person or used for any purpose. Protected Discovery Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

3.      Designation of Protected Discovery Material.

a.   A producing party's designation of information as CONFIDENTIAL means that the producing party believes in good faith, upon reasonable inquiry, that the Discovery Material qualifies as such.

b.   A designation of CONFIDENTIAL shall be made by stamping (or affixing) "CONFIDENTIAL" on each page of the Discovery Material to be treated as Protected Discovery Material.  If any Protected Discovery Material cannot be reasonably labeled on each page with the confidentiality legend (*e.g.*, native electronic files), it shall be placed in a sealed envelope or other container or portable electronic media, that is in turn marked with the confidentiality legend, or else designated as Protected Discovery Material in a manner agreed upon in writing by the Designating Party and receiving party.  In the event that a native electronic file is printed out for use in this case, such printed material must be stamped with its confidentiality designation.

c.   A producing party who has designated information as CONFIDENTIAL may withdraw designation by written notification to all parties in the case.

46578339;1

47113016;1

4.     <u>Designation of Deposition Testimony</u>.  For testimony given in deposition or in other pre-trial proceedings, testimony transcripts, testimony exhibits, and video recordings shall be treated as CONFIDENTIAL for fourteen (14) days after receipt of the final transcript to allow time for designation of Protected Discovery Material.  The Designating Party shall designate and specify any portions of the testimony that qualify as "CONFIDENTIAL" either in writing to all parties or stated on the record at the deposition.  Only those portions of the testimony that are appropriately designated for protection within the 14 days shall be covered by the provisions of this Order.  Alternatively, a Designating Party may specify, at the deposition or up to 14 days after receipt of the final transcript that the entire transcript, or a portion thereof, shall be treated as "CONFIDENTIAL."

**<u>Transcripts containing Protected Discovery Material shall have an obvious legend on the title page that the transcript contains Protected Discovery Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Discovery Material. The Designating Party shall inform the court reporter of these requirements.</u>**

5.     <u>Discovery Material Designated CONFIDENTIAL</u>.  CONFIDENTIAL material is Protected Discovery Material that, in the good faith opinion of the Designating Party, would violate an obligation of confidentiality to a third party, including a court or constitutes (a) non-public information that reveals trade secrets or that is proprietary or commercially sensitive; (b) medical or psychiatric information concerning any individual; (c) personal identity information; (d) personal income tax returns (including attached schedules and forms), W-2 forms and 1099 forms;  (e) personnel or employment records; (f) unpublished newsgathering, editorial or journalistic materials; (g) information of a personal or intimate nature regarding any

3

46578339;1

individual; and (h) information that the Designating Party would not normally reveal to third parties without an agreement to maintain its confidence.

6.     Independent Consulting and/or Testifying Experts.   As used herein, the term "Independent Consulting and/or Testifying Experts" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, who is not a current employee of a party or of a person or entity affiliated with a party to this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

7.     Use of Protected Discovery Material Generally.   Persons obtaining access to Protected Discovery Material under this Order shall use the information only for purposes of this litigation (including appeals) and shall not use such information for any other purpose whatsoever, including business, journalism, governmental affairs, commerce, or in connection with any administrative or other judicial proceedings (including any other litigation).

8.     Permissible Disclosure.  Protected Discovery Material may be disclosed only by prior written consent of the Designating Party or as described below.  Persons with access to Protected Discovery Material shall not further disclose or communicate the Protected Discovery Material except in accordance with the restrictions of this Protective Order.

a.     Permissible Disclosure of CONFIDENTIAL material.  CONFIDENTIAL material shall not be disclosed to anyone other than:

i.     "Outside Counsel," which shall specifically be defined as attorneys who have entered an appearance in this action for a Party, its paralegals, and their staff who are working on this action and are employed by or members of the law firms currently retained by the parties to this action and all independent companies, agencies or individuals working on this

4

46578339;1

action, that are directly engaged by Outside Counsel to perform litigation support services under the supervision of such counsel whose duties and responsibilities require access to the CONFIDENTIAL Information or Items;

   ii.  "In-House Counsel," which shall be defined as attorneys, working on this action, who are employees of a Party or acting at the direction of a party and all independent companies or agencies working on this action, that are directly engaged by inside counsel to perform litigation support services, paralegal assistants, stenographic, translations, clerical or other staff working under the supervision of such counsel and managers and others charged with making strategic decisions, including regarding settlement, whose duties and responsibilities require access to the "CONFIDENTIAL" Information or Items;

   iii.  The receiving party (where the party is a natural person), or officers and directors of the receiving party to whom disclosure is reasonably necessary for this litigation (where the party is a business entity), provided that, prior to such disclosure, the officer(s) and director(s) are advised of the contents of this Stipulated Protective Order regarding the use and disclosure of Protected Discovery Material and agree to comply with the terms of this Order;

   iv.  To any employee of a Party who has been noticed for deposition or who has been identified as a potential trial witness, to the extent necessary for the preparation of such employee(s) for testimony, provided that the employee(s) are advised of the contents of this Stipulated Protective Order regarding the use and disclosure of Protected Discovery Material and agree to comply with the terms of this Order. Before disclosure to any other employees, the receiving party must serve the disclosing party with a pre-authorized list of names of each

46578339;1

47113016;1

employee that will have access to confidential documents. All employees must to be accounted for;

        v.        Independent Consulting and/or Testifying Experts, provided that a Party who proposes to reveal "CONFIDENTIAL" information to any Independent Expert or Independent Consultant will obtain an executed acknowledgement form attached hereto as Exhibit A signed by such person;

        vi.        Any other person by written agreement of the Designating Party and only after execution of Exhibit A hereto by that person. Such person(s) may only be shown copies of "CONFIDENTIAL" information or items during his or her testimony, and may not retain any "CONFIDENTIAL" information or items; and

        vii.        The Court and its personnel (including, for example, court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court).

        9.        Signed Acknowledgement.

        a.        Before Protected Discovery Material designated CONFIDENTIAL may be disclosed as permitted in Paragraph 8(a)(vi), the person to whom the Protected Discovery Material is to be disclosed must first agree to be bound by this Order by reading the Order and signing the acknowledgement form attached hereto as Exhibit A.  In the case of disclosure under Paragraph 8(a)(vi), a copy of the signed acknowledgement is to be provided upon request to any Party or its counsel within five business days. Counsel for each party shall maintain a list of the names of all persons to whom he, she, or they have disclosed Protected Discovery Material or the information contained therein. Such list shall also be provided upon request to any Party or its counsel within five business days.

6

46578339;1

47113016;1

10.     <u>Exceptions to Confidentiality Status</u>.  Information will not be deemed protected, and the parties shall use reasonable efforts to ensure that information is not designated as such, if the content or substance thereof:

a.      is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the relevant public through publication or otherwise;

b.      is disclosed to the receiving party by a third party without breach of an obligation of confidence to the producing party;

11.     Third Party Production.

a.      The terms of this Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL."  Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

b.      In the event that a party is required, by a valid discovery request served in this action, to produce a non-party's confidential information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the party shall:

i.      promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

ii.     promptly provide the non-party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

7

46578339;1

47113016;1

description of the information requested; and

        iii.     make the information requested available for inspection by the non-party.

12.   <u>Disclosure in Certain Circumstances</u>.  Nothing in this Order shall preclude a party or its attorneys from:

        a.     showing a document designated as Protected Discovery Material to an individual who either prepared or reviewed the document prior to the filing of this action, or is shown by the document to have received it;

        b.     disclosing or using, in any manner or for any purpose, any information or documents from the party's own files that the party itself has designated as Protected Discovery Material;

        c.     examining at deposition or trial any person currently employed by a party or retained as an expert by a party concerning any Discovery Materials designated by that party as Protected Discovery Materials.

        The showing to a deponent of Protected Discovery Material pursuant to any provision of this paragraph shall not otherwise affect the status and treatment of such Protected Discovery Material.

13.   <u>Use of Protected Discovery Material in Depositions</u>.  Protected Discovery Material may be used during the deposition of any witness who is permitted access to such material pursuant to the terms of this Order. Whenever, during the course of a deposition, "CONFIDENTIAL" documents or information are utilized, only those persons permitted access to such documents shall be present at the deposition. With respect to all other deponents, such material may be used to examine a witness in any deposition only with the prior consent of the

46578339;1

47113016;1

Designating Party (which consent shall not be unreasonably withheld).  The showing to a deponent of Protected Discovery Material pursuant to any provision of this paragraph shall not otherwise affect the status and treatment of such Protected Discovery Material.  In the event any Designating Party withholds consent to disclose Protected Discovery Material to a deponent during a deposition, the party seeking disclosure may move the Court for an appropriate order, which motion the Court will consider after affording opposing counsel an opportunity to respond.  Such motion may be made orally, in person, or by telephone, provided the nonmoving party is present or able to participate.  The Designating Party shall have the burden of demonstrating that the Protected Discovery Material is entitled to protection pursuant to Federal Rule 26(c); the party seeking disclosure shall have the burden of demonstrating the need for disclosure to the particular deponent.  The Protected Discovery Material at issue shall not be shown to the particular deponent unless and until the parties agree or a court so orders.  Prior to disclosing Protected Discovery Material to the deponent, the deponent must first agree to be bound by this Order by reading the Order and signing the acknowledgement form attached hereto as Exhibit A.

14. Use of Protected Discovery Material at Trial.  Any use of Protected Discovery Material at trial or during hearings before the Court shall be governed by a separate agreement or order.

15. Filing Protected Discovery Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Discovery Material. A party that seeks to file under seal any Protected Discovery Material must comply with Local Rule 5.4 and ECF Administrative Procedure 5A. Protected Discovery Material may only be filed under

9

46578339;1

47113016;1

seal pursuant to a court order authorizing the sealing of the specific Protected Discovery Material at issue.

16.     <u>Inadvertent Failure to Designate</u>.  The inadvertent failure of a party to designate Discovery Material as Protected Discovery Material shall not constitute, or have the effect of, a waiver of any later claim that such material or any similar material should be treated as Protected Discovery Material.

17.     Inadvertent Production.

a.     Consistent with Federal Rule of Evidence 502, the inadvertent production of any information claimed to be subject to the attorney-client privilege, the work-product doctrine, state or federal reporters' privileges or any other privilege is not a waiver in whole or in part of that privilege or protection, so long as the holder of the privilege took reasonable steps to prevent disclosure and took reasonable steps to rectify the error.  When a Producer realizes that an inadvertent production of information that is privileged or otherwise protected from discovery has occurred, the Producer shall notify the receiver that the inadvertent production occurred. Upon receipt of such notification, the receiver of such information must promptly return the information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim.

b.     If, through inadvertence, a producing party provides any information pursuant to this litigation without marking the information as CONFIDENTIAL, the producing party shall, promptly upon learning of the error, inform the receiving party of the specific designation of the disclosed information, and the receiving party shall treat the disclosed

46578339;1

47113016;1

information as CONFIDENTIAL upon receipt of written notice from the producing party.  To the extent the receiving party has already disclosed such information, the receiving party shall use its best efforts to promptly collect any copies of disclosed material that have been provided to individuals other than those authorized under this Protective Order, and if collected, shall destroy or return them to the producing party.  The producing party shall have the opportunity to reproduce and designate the returned documents with the appropriate confidentiality designation. Inadvertent or unintentional production of CONFIDENTIAL documents or information that are not so designated shall not be deemed a waiver in whole or in party of a claim for treatment as CONFIDENTIAL.

        c.     If a receiving party learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL information to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the producing party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the CONFIDENTIAL information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Acknowledgment that is attached hereto as Exhibit A.  Unauthorized or inadvertent disclosure does not change the status of CONFIDENTIAL information or waive the right to hold the disclosed document or information as CONFIDENTIAL information.

18.    <u>Objections to Designation</u>.  Any party may object to the designation of any material or testimony as Protected Discovery Material by giving written notice to the producing party that it objects to the designation.  The parties shall try first to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court after good faith efforts to resolve the dispute have failed or

46578339;1

47113016;1

fifteen (15) court days after providing said written notice of its disagreement, whichever is sooner.  The Court may conduct an *in camera* review of information that the producing party has redacted, after an attempt has been made to meet and confer over the issue. Until the Court rules on the motion, the documents shall be treated as Protected Discovery Material, as originally designated.  The burden of proving that the information has been properly designated as protected is on the party making such designation.

19.     <u>No Waiver of Right or Obligation to Object to Production</u>. Nothing contained in this Order shall be construed as a waiver by any party of its right to object to the subject matter of any request for production of documents in this action, nor as a waiver by any party of its obligation to respond properly to discovery requests.  The entry of this Order shall not be construed as an agreement by any party to produce any documents or to supply any information and shall not constitute an admission that any such documents that may exist are relevant or material in any way to the issues raised in the pending action or admissible in such action, nor as a waiver of any privilege with respect thereto.  Further, the use of the term CONFIDENTIAL herein or by virtue of documents being designated as such pursuant to this Order shall not raise any inference as to the confidentiality or legal status of such information or constitute a finding or admission that such documents are, in fact, confidential and/or proprietary in nature.  In addition, disclosure of Protected Discovery Material pursuant to discovery or the procedures set forth in this Order does not constitute a waiver of any trade secret, intellectual property, proprietary right, reporters' privilege or other right or claim to, in, or with respect to such Protected Discovery Material. A party producing a "CONFIDENTIAL" document may redact any personal identifying information such as social security number, medical record number, birthdate, and/or any information subject to Paragraph 11, which may be disclosed by

46578339;1

47113016;1

dissemination of the "CONFIDENTIAL" document. Redactions shall be made by such method that the masking of any text is readily apparent to persons reviewing the "CONFIDENTIAL" document. Furthermore, the redaction shall be documented in a privilege log.

20.    <u>Client Consultation</u>.   Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with this litigation and, in the course thereof, relying generally on examination of Protected Discovery Materials; provided, however, that in rendering such advice and otherwise communicating with clients regarding this litigation, counsel shall not make specific disclosure of any item so designated except pursuant to Paragraph 8 of this Order.

21.    <u>Non-Termination</u>.   After the final termination of this litigation, this Order shall continue to be binding upon the parties hereto (including any nonparties who have agreed to be bound hereby) and upon all persons to whom Protected Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties and such persons for enforcement of its provisions. Neither the termination of this action nor the termination of the employment, engagement, or agency of any person who had access to any Confidential Material will relieve any person from the obligation of maintaining both the confidentiality and the restrictions on the use of any Protected Discovery Material disclosed pursuant to this Order.

22.    <u>Subpoenas by Other Courts or Agencies</u>.   If another court or an administrative agency subpoenas or orders production of Protected Discovery Material that a party has obtained in discovery in this action, the party that has received the subpoena or order shall notify the Designating Party of the pendency of such subpoena or order (a) within seven (7) court days of receiving the subpoena.  Such notification must include a copy of the subpoena or court order. The Receiving Party also must promptly inform in writing the party who caused the subpoena or

46578339;1

47113016;1

order to issue in the other litigation that some or all the material covered by the subpoena or order is subject to this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued.  This Order shall not be construed as requiring the party that has received the subpoena or order to seek relief from the subpoena or to challenge or appeal any order of a court of competent jurisdiction requiring production of the information at issue.  But should the Designating Party give notice of such an intent to challenge, the party receiving the subpoena shall cooperate with the Designating Party and take reasonable measures to protect the interests of the Designating Party, including objecting to the subpoena on the basis of this Order and taking steps necessary to withhold production while the intervening party's motion is pending.

23.    <u>Return or Destruction of Protected Discovery Material</u>.  Within sixty (60) days after the final conclusion of all aspects of this litigation (including all appeals), all Protected Discovery Material including each and every copy, compilation, abstract, summary, digest, translation and by-product of any of the foregoing created by any recipient (other than exhibits of record with the Court) must be return to the producing party (or supervise and certify the destruction of), all items constituting, containing, or reflecting the other Party's Protected Discovery Material. The Outside Counsel, In-House Counsel and Plaintiff of record shall be entitled to retain all pleadings, motion papers, discovery responses (other than the other Parties' produced documents containing Confidential information), deposition transcripts, legal memoranda, correspondence, and work product.

14

24.   <u>Modification Permitted</u>.  Nothing in this Order shall prevent any party or other person from seeking modification of this Order.  Further, this Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information or material produced.  Further, this Order is without prejudice to the right of any party to present a motion to the Court for a separate protective order under the Federal Rules of Civil Procedure as to any particular document, evidence, or information.

25.   <u>Enforcement</u>.  Each Party or person bound by this Order, including all those who have executed Exhibit A, agrees that the United States District Court for the Southern District of Florida has jurisdiction to enforce the terms of this Order, and that such jurisdiction continues beyond the date this matter is concluded.  The United States District Court for the Southern District of Florida shall retain jurisdiction over all parties and persons who have received Protected Discovery Material for the purpose of enforcing the provisions of the Order after the action is otherwise terminated, making such rulings and entering such orders as may be necessary to compel compliance and impose sanctions as the Court shall determine. This Stipulated Protective Order shall survive and remain in full force and effect after the termination of this case and may be enforced as a contract between the parties. Should a dispute materialize concerning whether a person was improperly provided Protected Discovery Material, the Party in possession of Exhibit A for that person shall provide it to the complaining party upon five (5) court days' written notice.

26.   <u>Designations Not Evidence</u>.  This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as Protected Discovery

46578339;1

47113016;1

Materials, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

27.   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  The parties specifically agree that they shall not use this Order to support a waiver argument in any discovery motion, or to argue that any Party waived its objections to produce any particular documents or information.

28.   <u>Effective Without Court Order</u>.  The parties agree to be bound by this Order pending the entry of this Order, or an alternative thereto which is satisfactory to the parties, by the Court, and any violation of this Order's terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

_____
Oluwamuyiwa Awodiya, Plaintiff

_____
Ross University School of Medicine, School of Veterinary Medicine Limited, Defendant

By: _____

Its: _____

IT IS SO ORDERED.

DATED: _____

_____
Honorable Judge Alicia O. Valle
United States Magistrate Judge

46578339;1

47113016;1

46578339;1

47113016;1

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

OLUWAMUYIWA AWODIYA,                    CASE NO. 0:18-cv-60482-KMM

      Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

      Defendant.

46578339;1

47113016;1

_____ /

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

      1.    I, _____, have read the foregoing STIPULATION AND PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL and agree to be bound by its terms with respect to any documents marked CONFIDENTIAL that are furnished to me as set forth in the STIPULATION AND PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL.

      2.    I further agree (a) not to disclose to anyone any document marked CONFIDENTIAL other than as set forth in the STIPULATION AND PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL and (b) not to make any copies of any documents marked CONFIDENTIAL furnished to me except in accordance with the STIPULATION AND PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL.

      3.    I hereby consent to the jurisdiction of the United States District Court for the Southern District of Florida with regard to any proceedings to enforce the terms of the STIPULATION AND PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL.

      4.    I hereby agree that any documents, material, or information marked CONFIDENTIAL which are furnished to me will be used by me only for the purposes of this litigation and for no other purpose, and will not be imparted by me to any other person except in accordance with the STIPULATION AND PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL.

Dated:_____       _____

                                          Signature

                                          _____

                                          Address

46578339;1

47113016;1