UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OLUWAMUYIWA AWODIYA,            CASE NO. 0:18-cv-60482-KMM-AOV

    Plaintiff,
v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

    Defendant.
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S SECOND MOTION FOR JUDICIAL NOTICE**

Defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM"), by counsel, hereby submits its response in opposition to the Second Motion for Judicial Notice [ECF No. 89] ("Motion") filed by plaintiff Oluwamuyiwa Awodiya ("Plaintiff").

**INTRODUCTION**

The Court previously entered an Order denying Plaintiff's First Request for Judicial Notice. [ECF No. 44] (the "Prior Order"). In response, Plaintiff has filed a renewed request that ignores the substance of the Court's prior ruling and improperly seeks judicial notice of matters that are not within the scope of Rule 201 of the Federal Rules of Evidence.

With respect to the contents of the Federal Register, Plaintiff appears to seek judicial notice of the Federal Register to establish some legal conclusion, not simply to take judicial notice of the regulations themselves. The parties dispute the applicability of the regulations, which will be an issue for determination at or before trial. In the Court's Prior Order, the Court held that it "declines to take judicial notice of the administrative code's application in this case because 'judicial notice

47185335;2

is generally not the appropriate means to establish legal principles governing the case.'" *Id*. (quoting *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002).

Plaintiff seeks judicial notice of the Foreign School Program Participation Agreement (PPA) and statements set forth in the document that "cannot be accurately and readily determined from the information provided. …" Prior Order at 2.  The Court previously refused to take judicial notice of similar matters regarding the applicability of U.S. Department of Education guidelines relating to foreign school participation in the Federal Direct Loan Program and its reasoning applies with equal force here.  *Id*.  *See also* Plaintiff's Request for Judicial Notice [ECF No. 26] (the "First Request") at 1-2.

Finally, Plaintiff seeks judicial notice of purported facts that he alleges are not subject to reasonable dispute.  Such purported facts are subject to reasonable dispute and "cannot be accurately and readily determined from the information provided." Prior Order at 2.  Therefore, the Court should deny the Motion.

## **LEGAL STANDARD**

Federal Rule of Evidence 201 governs the judicial notice of adjudicative facts. Adjudicative facts are "not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Judicial notice is a means by which facts not seriously open to dispute are established as true without the normal requirement of proof of evidence.  Fed. R. Evid. 201(a) and (b).  *See also Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F. 3d 1197, 1204 (11th Cir. 2004).  A court may take judicial notice on its own or "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

2

"[T]he taking of judicial notice of facts is, as a matter of evidence law, a highly limited process." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). Courts have held that the reason for such caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court. *Id.*

**ARGUMENT**

**I.   The Contents of the Federal Register are Not Subject to Judicial Notice to the Extent that Plaintiff Seeks Judicial Notice of Legal Conclusions Based Thereon**

The Court previously held that it "declines to take judicial notice of the administrative code's application in this case because 'judicial notice is generally not the appropriate means to establish legal principles governing the case.'" *Id*. (quoting *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002). This Motion seeks the same relief as to certain sections of the Code of Federal Regulations and their applicability or non-applicability in this action. The issue is in dispute and, therefore, judicial notice is not proper.

**II.   The PPA and Statements Contained Therein are Not Subject to Judicial Notice**

Even though a document *may be requested* through the Freedom of Information Act, the contents within the document and how the parties and the Court may interpret such statements may still constitute disputed facts. Plaintiff is attempting to use judicial notice as a shortcut to establish applicability of laws to certain facts at issue in the case. Plaintiff's request is an inappropriate request to reach a legal conclusion. *See Reynolds v. United States*, No. cv 109-061, 2010 U.S. Dist. LEXIS 24685, at *12 (S.D. Ga. Mar. 17, 2010) ("legal arguments and conclusions subject to more than one interpretation are not the types of statements that are the proper subject of judicial notice."); *126th Ave. Landfill, Inc. v. Pinellas Cnty., Fla.*, No. 8:09-cv-307-T-33TBM, 2010 WL 3190606, at *2 (M.D. Fla. Aug. 11, 2010) (refusing to take judicial notice of factual findings, arguments or legal conclusions advised within these documents). Additionally, the legal

3

conclusion Plaintiff seeks to establish is clearly disputable and improper for judicial notice under the Rules of Evidence. *See* Fed. R. Evid. 201(b). Therefore, the Motion should be denied.

### III.  The Purported Facts are Not Subject to Judicial Notice

Plaintiff alleges that there are two facts that are not subject to reasonable dispute. However, judicial notice is to be used sparingly and these facts are not the type of facts that are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Prior Order at 1-2 (citing Fed. R. Evid. 201(b)). The applicability of Title IV of the Higher Education Act of 1965 (HEA) is not beyond reasonable dispute in this action, nor is the question of its applicability to the foreign campus of RUSM. As the Court previously ruled, "[t]he Court will not take judicial notice of a legal conclusion regarding whether the ADA applies to Defendant." Prior Order at 2. Likewise, the Court should deny the Motion as it seeks judicial notice of a legal conclusion regarding the applicability of Title IV of the HEA.

### CONCLUSION

WHEREFORE, defendant Ross University School of Medicine, School of Veterinary Medicine Limited respectfully requests for this Court to enter an Order (i) denying Plaintiff's Second Motion for Judicial Notice and (ii) granting RUSM such other and further relief as the Court deems just and proper.

47185335;2

Dated:  December 10, 2018    Respectfully submitted,

**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, Florida 33131
Telephone: (305) 374-5600
Facsimile:  (305) 374-5095


By: *s/ Ryan Roman*
Michael C. Marsh
Florida Bar No. 0072796
michael.marsh@akerman.com
simone.tobie@akerman.com
Ryan Roman
Florida Bar. No. 0025509
ryan.roman@akerman.com
dorothy.matheis@akerman.com
Octavia M. Green
Florida Bar No. 119179
octavia.green@akerman.com
simone.tobie@akerman.com


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on this 10th of December 2018 to:

> Oluwamuyiwa Awodiya
> 15005 Dahlia Drive
> Bowie, Maryland 20721
> Telephone: (240) 602-1836
> Email: Drmuyiwa@gmail.com

*s/Ryan Roman*
Ryan Roman

5

47185335;2