UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OLUWAMUYIWA AWODIYA,             CASE NO. 0:18-cv-60482-KMM-AOV

      Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

      Defendant.
_____/

## DEFENDANT'S MOTION TO CONTINUE PRETRIAL DEADLINES

Defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM"), by counsel, hereby files its Motion to Continue Pretrial Deadlines (the "Motion") seeking a 30-day extension of the discovery cutoff for the limited purpose of allowing RUSM to supplement and/or amend its expert report in light of a "Third Amended Calculation of Damages" served by plaintiff Oluwamuyiwa Awodiya ("Plaintiff") on the day of the discovery cut-off, December 10, 2018.  RUSM respectfully submits that the Plaintiff's last-second disclosure of a new methodology for calculating lost earning capacity damages warrants a brief extension of the discovery cutoff for the limited purpose of allowing RUSM to supplement and/or amend its expert report.  RUSM also seeks a corresponding extension of 30 days of the motion cutoff currently set for December 28, 2018 so that RUSM may incorporate information related to damages to the extent necessary.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a former RUSM student, alleges that he suffers from several disabilities, including attention-deficit/hyperactivity disorder ("ADHD"), obsessive compulsive disorder ("OCD") and an anxiety disorder.  After failure to meet RUSM's academic requirements, RUSM dismissed

47239232;1

Plaintiff from its medical school program.  This lawsuit followed Plaintiff's dismissal from RUSM.  Plaintiff asserts ten different causes of action against RUSM for: (i) violation of Section 504 of the Rehabilitation Act (Count I), (ii) violation of Title III of the Americans with Disabilities Act (Count II), (iii) violation of 34 C.F.R. § 104.4 (Count III), (iv) violation of 34 C.F.R. § 104.44 (Count IV), (v) violation of Florida Administrative Code 6E-2.004(5)(c)(4) (Count V), (vi) breach of contract (Count VI), (vii) breach of the covenant of good faith and fair dealing (Count VII), (viii) fraudulent inducement (Count VIII), (ix) negligent misrepresentation in the inducement (Count IX) and (x) breach of fiduciary duty (Count X).

On May 14, 2018, the Court entered an Order Scheduling Trial [ECF No. 37] ("Order"), setting this case for trial on the docket commencing March 18, 2019, with Calendar Call scheduled for March 14, 2019.  The Order also provided that discovery, including expert discovery should be completed no later than 100 days before trial, or by December 10, 2018.  *Id*.  Dispositive motions, including *Daubert* Motions and Motions in Limine are due no later than 80 days before trial, or by December 28, 2018.  *Id*.

RUSM previously disclosed its damages expert, Ronald Quintero, who has been retained to opine on the issues of lost earning capacity damages.  Plaintiff failed to identify any expert witness for lost earning capacity damages and appears to be attempting to establish damages without the benefit of an expert witness.  Having not received any expert report to rebut, RUSM served Plaintiff with its expert report on December 4, 2018.

In response to Mr. Quintero's expert report, Plaintiff served an amended calculation of damages on December 8, 2018 (the "Second Amended Calculation of Damages") and then served another amended calculation of damages on December 10, 2018 (the "Third Amended Calculation of Damages").

To date, Plaintiff has served three different iterations of his calculated damages. The Third Amended Calculation of Damages, served on the last day of discovery includes an entirely new methodology for calculating lost earnings capacity damages. Only after receiving RUSM's expert report has Plaintiff included a compounded annual growth rate and discount rate in his calculations, which RUSM should have an opportunity to analyze and rebut.

RUSM seeks a continuance of the discovery cutoff for a period of thirty (30) days for the limited purpose of providing its expert witness with an opportunity to supplement and/or amend his expert report. No further or additional discovery should be permitted during this period of time. However, the extension will also necessitate a corresponding extension of the motion cutoff, which is currently set for December 28, 2018.

## **MEMORANDUM OF LAW**

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a schedule may be modified only for good cause and with the judge's consent. An extension of the discovery cutoff is appropriate for the limited purposes of inquiring into newly provided information where the information was produced on the last day of discovery. *See Williams v. Consolidated City of Jacksonville*, 2006 WL 8439160, at *2-3 (M.D. Fla. 2006). *Williams* is instructive because the supplemented information introduced a new theory and represented a significant modification from earlier disclosures. *Id.* at *2.

Likewise, Plaintiff's Third Amended Calculation of Damages introduces a new methodology for lost earning capacity damages, which is the largest component of damages sought by Plaintiff, aside from punitive damages. Prior calculations of damages served by Plaintiff and relied upon by RUSM's expert witness did not include a compounded annual growth rate and did

3

not involve a discount rate. Only after receiving RUSM's expert report did Plaintiff decide to include these new theories and methodologies.

Given the complexity of the case and the magnitude of damages being sought, RUSM would be prejudiced if its expert is not given the opportunity to opine on the recently disclosed theories. Accordingly, RUSM respectfully requests an extension of the discovery deadline, through and including January 9, 2019, for the limited purpose of allowing RUSM to supplement and/or amend its expert report. RUSM also respectfully requests a 30 day extension of the deadline to submit dispositive motions, motions in limine and *Daubert* motions, through and including January 28, 2019.

Trial in this matter is set for the two-week period beginning on March 18, 2019. RUSM does not seek a continuance of the trial date but defers to the Court as to whether the trial should be continued for a brief time period to accommodate the extended pretrial deadlines. RUSM is mindful that the Court will require time to render a decision on the dispositive motions prior to the start of trial and RUSM has no objection to a continuance of the trial date if the Court finds it necessary.

This Motion is brought in good faith and is not intended for the purpose of hindrance or delay. None of the parties will be prejudiced by the granting of the continuance.

## **LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL**

Counsel for RUSM certifies that he conferred with Plaintiff, who objects to the filing of this Motion.

## **CONCLUSION**

WHEREFORE, defendant Ross University School of Medicine, School of Veterinary Medicine Limited respectfully request that the Court enter an Order (i) granting the Motion,

(ii) extending the discovery deadline for thirty (30) days, through and including January 9, 2019, for the limited purpose of allowing RUSM to supplement and/or amend its expert report, (iii) extending the deadline to submit dispositive motions, motions in limine and *Daubert* motions for thirty (30) days, through and including January 28, 2019, and (iv) granting RUSM any further and other relief that the Court deems just and proper.

Respectfully submitted,

Dated: December 12, 2018

**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, Florida 33131
Telephone: (305) 374-5600
Facsimile:  (305) 374-5095

By: *s/ Ryan Roman*
Michael C. Marsh
Florida Bar No. 0072796
michael.marsh@akerman.com
simone.tobie@akerman.com
Ryan Roman
Florida Bar. No. 0025509
ryan.roman@akerman.com
dorothy.matheis@akerman.com
Octavia M. Green
Florida Bar No. 119179
octavia.green@akerman.com
simone.tobie@akerman.com

47239232;1

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on December 12, 2018, a true and correct copy of the foregoing document was served via CM/ECF on:

Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721
Telephone: (240) 602-1836
E-mail: drmuyiwa.a@gmail.com

*s/Ryan Roman*
Ryan Roman