**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No.: 18-cv-60482-KMM

OLUWAMUYIWA AWODIYA,

    Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF MEDICINE,

    Defendant.

_____/

### ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS

THIS CAUSE came before the Court upon Plaintiff Oluwamuyiwa Awodiya's ("Plaintiff") Motion for Judgment on the Pleadings (ECF No. 67). Defendant Ross University School of Medicine ("Defendant" or "RUSM") filed a response ("Response") (ECF No. 70), and Plaintiff filed a reply ("Reply") (ECF No. 71). The motion is now ripe for review.

### I.   BACKGROUND[1]

Plaintiff is a former medical student at RUSM, a private medical school. Plaintiff brings ten causes of action against Defendant stemming from Plaintiff's dismissal from RUSM. *See generally* Compl.; *see also* Answer ¶ 2. RUSM publishes an academic catalog, which includes information regarding the minimum passing score for the NBME Comprehensive Basic Science Exam ("CBSE"). Compl. ¶ 33; Answer ¶ 33. In September 2015, RUSM published the 2015-2016 Academic Catalog, which stated that the minimum passing score for the NBME CBSE was 66. Compl. ¶ 33; Answer ¶ 33. The 2015-2016 Academic Catalog stated:

> This catalog supersedes all previous editions and is in effect until a subsequent version is published either in print or online. All information in this catalog is current at the time of printing.

---

[1] The facts are taken from the Third Amended Complaint ("Compl.") (ECF No. 47) and the Answer and Affirmative Defenses to Amended Complaint ("Answer") (ECF No. 58).

> Statements regarding tuition and fees, curriculum, course offerings, admissions, and graduation requirements are subject to change at any time and are applicable to all enrolled students unless otherwise stated.

Answer ¶ 33. In August 2015, prior to RUSM's publishing the 2015-2016 Academic Catalog, RUSM sent an e-mail "to all students, including Plaintiff . . . advising them that the minimum passing score on the [NBME CBSE] would be 68 as of mid-November 2015." Answer ¶ 33. The 2016-2017 Academic Catalog, published in November 2016, also stated that the minimum passing score on the NBME CBSE exam was 68. The 2016-2017 Academic Catalog was published months after Plaintiff scored a 67 in August 2016. Compl. ¶ 33; Answer ¶ 33. RUSM dismissed Plaintiff because his score of 67 on the exam in August 2016 was not a passing score. *Id.* Plaintiff appealed his dismissal to the Dean. Compl. ¶ 34; Answer ¶ 34. The Student Handbook at the time stated that "[t]he Dean will respond within 15 calendar days of receipt of the appeal." Answer ¶ 33. The Dean did not make his final decision to permanently dismiss Plaintiff within 15 calendar days of receipt of the appeal. *Id*.

Plaintiff moves, pursuant to Federal Rule of Civil Procedure 12(c), for a judgment on the pleadings on portions of his breach of contract claim. Plaintiff argues that Defendant breached its contractual duty to Plaintiff when Defendant dismissed Plaintiff even though he scored a 67, which Plaintiff argues is above the passing score of 66 set forth in the 2015-2016 Academic Catalog. Plaintiff also argues that Defendant breached its contractual duty to Plaintiff when it made Plaintiff's dismissal final even though the Dean did not respond to Plaintiff's appeal within the contractually obligated 15 calendar days. Defendant argues that Plaintiff is not entitled to judgment on the pleadings because several disputes as to the elements of the claim remain.[2]

---

[2] Defendant argues that Plaintiff's Motion is an attempt to circumvent the Court's prior Order denying Plaintiff's Motion for Summary Judgment as premature. Response at 3; Order Denying

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). Generally, a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss. *Moraes v. New Horizons of the Treasure Coast, Inc.*, No. 12-CV-14155-KMM, 2013 WL 4009438, at *2 (S.D. Fla. Aug. 5, 2013). All material facts alleged in the non-moving party's pleading are accepted as true and must be viewed in the light most favorable to the non-moving party. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id*. A court may consider documents attached to a motion for judgment on the pleadings without converting it into one for summary judgment so long as "the documents are (1) central to the plaintiffs claim and (2) their authenticity is not challenged." *Ramey v. Interstate Fire & Cas. Co.*, 32 F. Supp. 3d 1199, 1203 (S.D. Fla. 2013) (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)).[3]

---

Motion for Summary Judgment (ECF No. 66). The Court is not convinced that Plaintiff's Motion for Judgment on the Pleadings is an attempt to circumvent the Court's prior ruling. Rather, Plaintiff has raised two very specific issues for the Court to address and set forth the facts as alleged in the pleadings, which the Court will address herein.

[3] Defendant argues that the two documents attached to Plaintiff's Motion, neither of which are attached the original pleadings, require the Court to convert the Motion for Judgment on the Pleadings into a motion for summary judgment. A court may consider documents attached to a motion for judgment on the pleadings without converting it into one for summary judgment so long as "the documents are (1) central to the plaintiffs claim and (2) their authenticity is not challenged." *Ramey*, 32 F. Supp. 3d at 1203. The documents attached to Plaintiff's Motion for

3

**III.    DISCUSSION**

Plaintiff moves for judgment on the pleadings as to sub-count 5 and 6 of the breach of contract claim alleged in Count VI.

To succeed on a breach of contract claim, a plaintiff must demonstrate that there was a: (i) a valid contract; (ii) material breach; (iii) damages flowing from the contract. *Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. Dist. Ct. App. 2008).  Under Florida law, the legal relationship between a private university and a student is "solely contractual in character." *Sirpal v. Univ. of Miami*, 509 F. App'x 924, 929 (11th Cir. 2013). "The university 'may set forth the terms under which it will admit and subsequently graduate students who subject themselves to the rules, regulations and regimen of the college.'"  *Id.*  These terms may be derived from university publications such as the student handbook and catalog.  *Id.*  "A court will not interfere with a private university's enforcement of its regulations unless the university has acted arbitrarily and capriciously, in violation of a constitution or statute, or for fraudulent purposes." *Id.* "University faculties must have the widest range of discretion in making judgments as to the academic performance of students and their entitlement to promotion or graduation." *Regents of Univ. of Mich. v. Ewing,* 474 U.S. 214, 225 n. 11 (1985)

Whether a student is qualified to be a physician is an academic judgment that requires an expert evaluation of cumulative information and is not readily adapted to the procedural tools of judicial or administrative decisionmaking." *Jallali v. Nova Se. Univ., Inc.*, 992 So. 2d 338, 342 (Fla. Dist. Ct. App. 2008). "[I]mplicit in the university's general contract with students is a right

---

Judgment on the Pleadings include portions of the 2015-2016 Academic Catalog and the 2015-2016 Student Handbook. *See* (ECF No. 67-1).  Both documents are central to Plaintiff's claims as they are cited throughout the Complaint and referred to in Defendant's Answer. *See generally* Background.  Furthermore, Defendant does not dispute the authenticity of these documents. Accordingly, the Court may consider the attached documents without converting the Motion for Judgment on the Pleadings into a motion summary judgment motion.

to change the university's academic degree requirements if such changes are not arbitrary or capricious." *Jallali*, 992 So. 2d at 342–43.  A court will not interfere with a private university's enforcement of its regulations unless the university has acted arbitrarily and capriciously, in violation of a constitution or statute, or for fraudulent purposes.  *Id.* at 43.

      **A.**      **Breach of Contract Claim: Sub-Count Five**

In sub-count 5 of the breach of contract claim, Plaintiff alleges that Defendant "dismiss[ed] Plaintiff when he obtained a score of 67 on the NBME CBSE" when the "latest version of the . . . Academic Catalog published at that time was the 2015-2016 . . . which stated that the passing score for [the] NBME CBSE was a 66." Compl. ¶ 95.  Based on this allegation, Plaintiff argues that Defendant breached its contract with Plaintiff when Defendant dismissed Plaintiff for failure to pass the NBME CBSE.  Motion at 4.  Defendant argues that the evidence will establish that Defendant changed its passing score requirement prior to Plaintiff taking the examination. Response at 7.

In August 2015, Defendant sent an "e-mail communication . . . to all students, including Plaintiff . . . advising them that the minimum passing score on the [NBME CBSE] would be 68 as of mid-November 2015." Answer ¶ 33.  However, in September 2015, Defendant published the 2015-2016 Academic Catalog, which stated that the minimum passing score of the NBME CBSE was 66. Compl. ¶ 33; Answer ¶ 33.  In August 2016, Plaintiff scored a 67 on the NBME CBSE.  *Id*.  The 2016-2017 Academic Catalog, published in November 2016, months after Plaintiff scored a 67 on the exam, stated that the minimum passing score on the NBME CBSE was a 68.  *Id.*  The 2015-2016 Academic Catalog stated that:

> This *catalog supersedes all previous editions and is in effect until a subsequent version is published either in print or online*. All information in this catalog is current at the time of printing. Statements regarding tuition and fees, curriculum,

>course offerings, admissions, and graduation requirements are subject to change at any time and are applicable to all enrolled students unless otherwise stated.

Answer ¶ 33 (emphasis added). However, the 2015-2016 Academic Catalog also provides that "*RUSM further reserves the right to add, modify or delete without notice,* any course offering or information contained in this catalog." Response at 8 (emphasis added).

When Plaintiff scored 67 on the NBME CBSE, the last Academic Catalog stated that the final score was 66 but an email stated that the minimum passing score would be changed to 68 in mid-November. Compl. ¶ 33; Answer ¶ 33. The Academic Catalog also stated that "RUSM further reserves the right to add, modify or delete *without notice*, any course offering or information contained in this catalog." Response at 8 (emphasis added). In August 2015, Defendant gave notice that the score would change in mid-November 2015, however, in September 2015, after the email was sent; 2015-2016 Academic Catalog was published. The referenced email was not attached to the Complaint or Motion for Judgment on the Pleadings. Nor was the email attached to the Answer or Defendant's Response. The language contained in the email is relevant to the Court's determination of whether Defendant breached its contract. "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon*, 250 F.3d at 1301. Because it is unclear from the pleadings what the minimum passing score was at the time Plaintiff received a 67 on the exam, Plaintiff's Motion as to sub-count five is denied.

    **B.**    **Breach of Contract Claim: Sub-Count Six**

In sub-count 5 of the breach of contract claim, Plaintiff alleges that Defendant breached the contract when it made Plaintiff's dismissal final even though the Dean did not respond to Plaintiff's appeal within the contractually obligated 15 calendar days. Compl. ¶ 95. Defendant argues that Plaintiff has not alleged any specific damage from the failure to respond to the appeal

within 15 days because a timely response would not have changed the result of the appeal. "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Id.* at 1301. A court will not interfere with a private university's enforcement of its regulations unless the university has acted arbitrarily and capriciously, in violation of a constitution or statute, or for fraudulent purposes. *Jallali*, 992 So. 2d at 342–43. Plaintiff has not convinced the Court that the Dean's failure to reply within the 15 day deadline was arbitrary or capricious or otherwise affected Plaintiff in any material way. Accordingly, Plaintiff's Motion as to sub-count six is denied.

### IV. CONCLUSION

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiff's Motion for Judgment on the Pleadings (ECF No. 67) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 13th day of December, 2018.

_____
K. MICHAEL MOORE
UNITED STATES CHIEF DISTRICT JUDGE

c: All counsel of record