UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OLUWAMUYIWA AWODIYA,  　　　　　　　　CASE NO.  0:18-cv-60482-KMM-AOV

　　　　Plaintiff,
v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

　　　　Defendant.
_____/

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REFERENCE
TO ADTALEM GLOBAL EDUCATION INC. AND ITS NET WORTH**

Pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence, defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM") respectfully moves the Court for an Order precluding plaintiff Oluwamuyiwa Awodiya ("Plaintiff") from referencing non-party Adtalem Global Education Inc. ("Adtalem"), the parent company of RUSM, and/or introducing any evidence regarding Adtalem's net worth.  As set forth below, the Motion should be granted because (i) Adtalem and its net worth are not relevant to this litigation; and (ii) the probative value of this information is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, waste of time, and undue delay.

I.　　**INTRODUCTION**

Adtalem is not a party in this litigation.  This lawsuit involves only two parties – Plaintiff and RUSM.  Yet, Plaintiff purports to seek punitive damages amounting to "1% of Adtalem's net worth" on his fraudulent inducement, negligent inducement and breach of fiduciary duty claims. *See* Plaintiff's Third Amended Calculation of Damages, a copy of which is attached hereto as **Exhibit A**, at 3 (calculating punitive damages for "fraud/misrepresentation claims" and "breach

1

of fiduciary duty claim" as" 1& of Adtalem's net worth based on its reported cash equivalent of its total assets). Other than being the parent corporation of RUSM, Adtalem has no involvement in this matter. In the Third Amended Complaint, Adtalem is not alleged to have taken any act relating to Plaintiff or his claims. In fact, Adtalem is not mentioned anywhere in the Third Amended Complaint. Plaintiff took no third party discovery from Adtalem and there is no record evidence in this action pertaining to Adtalem. Furthermore, Plaintiff provides no explanation as to why punitive damages should be measured as a percentage of a non-party's net worth. Adtalem and its net worth are wholly irrelevant and the probative value of this information is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, waste of time, and undue delay. At trial, Plaintiff should be precluded from mentioning Adtalem and introducing any evidence pertaining to Adtalem's net worth.

## II.   LEGAL STANDARD

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Reyes v. Aqua Life Corp.*, Case No. 10-23548-Civ-COOKE/TURNOFF, 2012 WL 12892213, at *1 (S.D. Fla. July 9, 2012) (citing *Highland Capital Mgmt, L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008)).

Evidence is only relevant if it has a "tendency to make a fact more or less probable" and "the fact is of consequence in determining the actions. Fed. R. Evid. 401. "Irrelevant evidence is not admissible" in federal courts. *See* Fed. R. Evid. 402. Moreover, even if evidence is relevant, courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. *See also Goussen v. Mendez*

*Fuel Holdings LLC*, Case No. 18-20012-Civ-COOKE/GOODMAN, 2018 WL 5831084, at *1 (S.D. Fla. Nov. 7, 2018).

### III. ARGUMENT

#### A. Adtalem and Its Net Worth are Irrelevant to this Litigation

In seeking relief for his fraudulent inducement, negligent inducement and breach of fiduciary duty claims, Plaintiff alleges that he is entitled to punitive damages. In attempting to quantify the amount of punitive damages, Plaintiff asserts that he should recover "1% of Adtalem's net worth based on its reported cash equivalent of its total assets." Exh. A at 3. However, Adtalem is not a party to this action, has not been the subject of any third party discovery, is not mentioned anywhere in Plaintiff's Third Amended Complaint, and bears absolutely no relation to this litigation. Therefore, Plaintiff should be precluded from mentioning Adtalem and attempting to introduce any evidence of its net worth, which evidence would be hearsay in any event.

Courts regularly preclude evidence of a parent company's net worth when it is irrelevant to the litigation. *See McCune v. Graco Children's Products, Inc.*, Civil Action No. 5:09-CV-107, 2011 WL 13217898, at *13 (E.D. Tex. Aug. 8, 2011) (granting defendant's motion in limine to exclude references to parent company's involvement in defendant's business activities, control over defendant or net worth); *Greenwell v. Raytheon Aerospace, Inc.*, 1995 WL 476605, at *1 (E.D. La. Aug. 22, 1996) (finding net worth of parent company to be irrelevant to the litigation); *Grizzle v. Travelers Health Network, Inc.*, 14 F.3d 261, 270-71, n.30 (5th Cir. 1994) (district court's decision to exclude evidence of parent companies' net worth was not an abuse of discretion); *St. Croix Renaissance Grp., LLLP v. St. Croix Alumina, LLC*, Civil Action No. 04-67, 2010 WL 4723897, at *2 (D. V.I. Nov. 18, 2010) (upholding the "general principle of corporate

law … that a parent corporation .. is not liable for the acts of its subsidiaries" and excluding reference to the wealth of the parent company at trial) (internal citations omitted).

The ruling in *McCune* is instructive here.  In *McCune*, a plaintiff was precluded from making any argument, suggestion, or mention of: (i) a parent company's involvement with the defendant's business activities; (ii) the parent company's control over the defendant; or (iii) the parent company's net worth.  2011 WL 13217898, at *13.  At the crux of the court's analysis was the fact that plaintiff had not shown why the parent corporation's existence as the defendant's parent company was of "consequential relevance" to the pending lawsuit.  *Id*.  As with the present action, the parent company was "not named or referenced by Plaintiff in its pleadings and [was] not a party to th[e] case." *Id*.

Similarly, Plaintiff has not (and cannot) show why Adtalem, as the parent company of RUSM, is relevant to this matter in any way.  Adtalem's gross revenues do not have a tendency to make any fact in this case more or less probable and is not of consequence in determining this action.  *See* Fed. R. Evid. 401.  Therefore, Adtalem and its net worth are irrelevant and any evidence related thereto should be excluded from the trial in this action.

### B.  Evidence Pertaining to Adtalem and its Net Worth Is Prejudicial

In addition to being irrelevant, evidence pertaining to Adtalem and its net worth should be excluded as prejudicial, under Rule 403, Federal Rules of Evidence.  Rule 403 provides that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id*.

Plaintiff is attempting to improperly influence the jury by introducing evidence of Adtalem's net worth.  This evidence is designed to gain sympathy and favor with the jury and will

likely lead to confusion of the issues in this case. Adtalem is not a party in this case and was not involved in any of the acts alleged in the Third Amended Complaint. Even if there were a basis for seeking punitive damages – and here there is not – measuring such damages according to the net worth of a non-party parent company would only prejudice the jury and encourage an award of exorbitant damages simply because RUSM's parent company is a successful corporation. This information is high prejudicial and likely to confuse the issues, waste time, and mislead the jury. Any evidence related to Adtalem's net worth should be excluded from the trial. *Reyes*, 2012 WL 12892213, at *2 (excluding evidence of the personal wealth, net worth, or income of an independent corporation as unduly prejudicial and likely to confuse or mislead the jury pursuant to Rule 403).

### **LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL**

Counsel for RUSM certifies that he conferred with Plaintiff in an effort to resolve or narrow the issues set forth in this Motion. The Motion includes only those matters which the parties were unable to resolve after a good faith conferral effort.

### **CONCLUSION**

For the reasons stated herein, defendant Ross University School of Medicine, School of Veterinary Medicine Limited respectfully requests that the Court enter an Order (i) precluding Plaintiff from mentioning Adtalem Global Education Inc.; (ii) precluding Plaintiff from introducing any evidence pertaining to Adtalem's net worth; and (iii) granting RUSM such other and further relief as the Court deems just and proper.

Dated: January 4, 2019

Respectfully submitted,

*/s/Octavia M. Green*
MICHAEL C. MARSH
Florida Bar Number:  0072796
Email:  michael.marsh@akerman.com
Secondary:  sharon.luesang@akerman.com
RYAN A. ROMAN
Florida Bar Number:  0025509
Email:  ryan.roman@akerman.com
Secondary:  dorothy.matheis@akerman.com
DONNIE M. KING
Florida Bar Number: 101386
Email: donnie.king@akerman.com
Secondary: simone.tobie@akerman.com
OCTAVIA M. GREEN
Florida Bar Number: 119179
Email: octavia.green@akerman.com
Secondary: simone.tobie@akerman.com

**AKERMAN LLP**
98 SE 7th Street, Suite 1100
Miami, FL 33131
Phone:  (305) 374-5600
Fax:  (305) 374-5095

*Attorneys for Defendant Ross University School of Medicine, School of Veterinary Medicine Limited*

47397599;3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 4, 2019 a true and correct copy of the foregoing document was served via CM/ECF on:

Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721
Telephone: (240) 602-1836
E-mail: drmuyiwa.a@gmail.com

                                           *s/Octavia M. Green*
                                           Octavia M. Green