UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OLUWAMUYIWA AWODIYA,   CASE NO. 0:18-cv-60482-KMM-AOV

    Plaintiff,
v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

    Defendant.
_____/

**DEFENDANT'S *DAUBERT MOTION* TO PRECLUDE
PLAINTIFF FROM TESTIFYING TO IMPROPER LAY OPINIONS**

Pursuant to Rules 104, 403, 701, 702, and 703 of the Federal Rules of Evidence and Rule 26(a) of the Federal Rules of Civil Procedure, defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM") respectfully moves the Court for an Order precluding plaintiff Oluwamuyiwa Awodiya ("Plaintiff") from offering improper lay opinion testimony on the following: (i) medical issues, (ii) vocational rehabilitation issues, and (iii) calculation of damages. As set forth below, the Motion should be granted because (i) Plaintiff does not possess the requisite qualifications to provide such testimony, (ii) Plaintiff does not provide a reliable methodology for such testimony; and (iii) Plaintiff failed to make a timely expert disclosure on these subject matters that require expert testimony.

**I.    FACTUAL BACKGROUND**

Plaintiff has failed to disclose any expert witnesses in this matter. Instead, he is attempting to serve as his own expert and offer improper lay opinion testimony on medical issues, vocational rehabilitation issues, and calculation of damages. Plaintiff is not qualified to render these opinions and these opinions are unreliable.

47237629;7

Plaintiff is neither a medical doctor, a vocational rehabilitation specialist, nor an economist. Plaintiff received his bachelor's degree in biology from Morgan State University in May 2013. Although Plaintiff passed four semesters of medical school at RUSM, he was ultimately unable to successfully complete his coursework and did not obtain a medical degree. Plaintiff has no other formal education or training.

Plaintiff also failed to meet the procedural requirements to permit him to testify as medical expert, vocational rehabilitation expert or damages expert in this case.

## II.  ARGUMENT

### A.  Limitations on Lay Witness Testimony

Rule 701 of the Federal Rules of Evidence provides the limitations of lay witness testimony. Rule 701 states: "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) **_not based on scientific, technical, or other specialized knowledge within the scope of Rule 702_**." *Id.* (emphasis added). If a party seeks to have a witness testify on matters that are based on scientific, technical, or other specialized knowledge, the proffering party has the burden of establishing that the witness meets the rigorous requirements established by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1335 (11th Cir. 2010).

### B.  Standards Governing Expert Testimony

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. Rule 702 provides: "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's

2

scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

The United States Supreme Court has explained that Rule 702 requires trial courts to perform the critical "gatekeeping" function regarding the admissibility of expert opinion testimony. *Kumho Tire Co. v. Carmichael*, 5226 U.S. 137, 147-148 (1999); *Daubert*, 509 U.S. at 579; *United States v. Frazier*, 87 F.3d 1244, 1260 (11th Cir. 2004). "The importance of this gatekeeping requirement cannot be overstated." *Frazier*, 87 F.3d at 1260.

> The objective of that requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.

*Id.* (*citing Kumho Tire*, 526 U.S. at 152). "This function inherently requires the trial court to conduct an exacting analysis of the foundations of expert opinions to ensure they meet the standards for admissibility under Rule 702." *Id.*

The Eleventh Circuit has synthesized the existing rules into a "rigorous three-part inquiry." *Id*. Trial courts must consider whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusion is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Id. See also Kilpatrick*, 613 F.3d at 1335; *Allison v. McGhan Med. Corp.*, 184 F. 3d 1300, 1309 (11th Cir. 1999); *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F. 3d 548, 562 (11th Cir. 1998); *Adams v. Lab. Corp. of Am.,* 760 F.3d 1322, 1328 (11th Cir. 2014). "While there is

3

inevitably some overlap among the basic requirements – qualification, reliability, and helpfulness – they remain distinct concepts and the courts must take care not to conflate them." *Frazier*, 87 F.3d at 1260.

"The burden of laying the proper foundation for the admission of expert testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence." *Kilpatrick*, 613 F.3d at 1335. *See also Frazier*, 387 F. 3d at 1260; *Lord v. Fairway Elec. Corp.,* 223 F. Supp. 2d 1270, 1279 (M.D. Fla. 2002) (citing *Bourjaily v. United States*, 483 U.S. 171, 172-73 (1975)). Failure to meet this burden is fatal to the admissibility of the expert's testimony. *Kilpatrick*, 613 F.3d at 1335.

### C. Plaintiff is Unqualified to Render Expert Opinions

The Court must determine whether Plaintiff met his burden of establishing that he is qualified to render medical, vocational rehabilitation, and lost earning capacity damages opinions. *Id. See also* Fed. R. Civ. P. 104(a) ("the court must decide any preliminary questions about whether a witness is qualified"). Expert testimony is inadmissible if the expert is not qualified to testify competently regarding the matter he intends to address. *Frazier,* 387 F. 3d at 1260.

*Plaintiff is Unqualified to Render Medical Opinion Testimony*

Plaintiff is not a medical doctor. Plaintiff received his bachelor's degree in biology from Morgan State University in May 2013 and was only able to complete four semesters of medical school at RUSM. Plaintiff has no other formal education or training. Under the *Daubert* standard, even if Plaintiff were a practicing physician, it would not necessarily qualify him to give an opinion on every conceivable medical question. *See Christopherson v. Allied Signal Corp.,* 939 F.2d 1106, 1112-13 (5th Cir. 1991). Here, Plaintiff is not a physician and has no other training or experience

4

that qualifies him to render medical opinions. Plaintiff cannot meet his burden to show that he is qualified to render medical opinions.

While Plaintiff can testify to matters within the scope of his personal observation such as his symptoms, he cannot venture beyond such matters and opine on the cause of his symptoms, prognosis, the implications of his medical diagnosis, or the accommodation that would rectify a particular disability. *In re Am. Airlines Flight 331*, No. 10-20131-CV, 2013 WL 12340397, at *2 (S.D. Fla. Oct. 24, 2013) (ruling that although ""Plaintiffs may testify at trial to any personally observable injuries […]. Plaintiffs are precluded from testifying, however, to any medical opinions falling within the scope of Evidence Rule 702, any technical matters beyond their knowledge, and to any out-of-court statements of medical professionals constituting inadmissible hearsay"). These matters require specialized knowledge, skill, experience, training, or education that Plaintiff has not acquired. *Lane v. D.C.,* 887 F.3d 480, 486 (D.C. Cir. 2018) (mother's testimony that her son suffered from attention deficit hyperactivity disorder and bipolar disorder at time that he was fatally shot by police officer was inadmissible lay witness testimony, since mother was not qualified to testify about son's medical diagnosis).

*Plaintiff is Unqualified to Render Vocational Rehabilitation Opinion Testimony*

Plaintiff is also unqualified to opine on vocational rehabilitation. It is the role of a vocational rehabilitation expert to opine on whether or not Plaintiff can obtain equally as lucrative employment in the future. Here, however, Plaintiff has taken upon himself to provide RUSM with a purported calculation of damages, which improperly presumes that Plaintiff is unable to become a doctor or find equally as lucrative alternative work. *See* Plaintiff's Third Amended Calculation of Damages, attached hereto as **Exhibit A**. Plaintiff cannot meet his burden of establishing that he has the qualifications necessary to render vocational rehabilitation opinions. *See Elcock v. Kmart*

5

*Corp.*, 233 F.3d 734 (3d Cir. 2000) (discussing the "outer limit" of the qualifications necessary to testify as a vocational rehabilitation expert).

In *Elcock*, the Third Circuit discussed the "floor" with respect to an expert witness's qualifications. *Id.* at 743. In *Elcock*, Plaintiff's proffered expert had no formal training in vocational rehabilitation but had experience obtaining employment for disabled individuals while working with the Division of Workers' Compensation. The Court noted that in his position with the Division of Workers' Compensation, the proffered expert must have "learned about the difficulties disabled individuals face in employment, and has accumulated some experience in evaluating whether they can return to a particular job." *Id*. The Court also acknowledged that the proffered expert "kept abreast of the relevant literature in his field" and "consulted the Dictionary of Occupational Titles, a standard tool of the vocational rehabilitationist." *Id*. In addition, the expert possessed "a degree in a field tangentially related to the one about which he testified, and he has also attended conferences regarding vocational rehabilitation." *Id*. Finally, in the process of testifying as an expert in similar matters, the expert "no doubt performed his brand of vocational rehabilitation assessments." *Id*. Despite these qualifications the Court had "misgivings" and found that the proffered expert was only "marginally qualified to perform a vocational rehabilitation assessment." In fact, the Court made clear that a district judge, within its discretion, would be free to decline to qualify him.

Plaintiff is not a vocational rehabilitation expert and has no experience helping people who suffer from mental impairments get or keep a job. Plaintiff cannot meet his burden of establishing that he has the qualifications necessary to render vocational rehabilitation opinions.

*Plaintiff is Unqualified to Opine on Lost Earning Capacity Damages*

Finally, Plaintiff is not qualified to opine on lost earning capacity, emotional distress or punitive damages. *See Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 82 (3d Cir. 2009) (upholding the district court's decision to bar lay testimony on damages because the calculations required were "sufficiently complex" such that they required an expert). Plaintiff here is attempting to opine on lost earning capacity, emotional distress and punitive damages but lacks the education, training, and professional experience required to credibly perform the damages calculation for consideration by the Court. These shortcomings are apparent from the deficiencies in the Plaintiff's damages calculation, as described below. Plaintiff should be precluded from offering these opinions.

### D.  Plaintiffs' Expert Opinions are Unreliable

In addition to Plaintiffs' lack of qualifications, permitting plaintiff to testify in dual roles as both a fact and expert witness is inherently unreliable and prejudicial.

*Ordon v. Karpie*, 273 Fed. Appx. 27 (2d Cir. 2008), is particularly instructive. In that lawsuit by a physician against his former attorney for malpractice, plaintiff alleged that he suffered physical and mental illness resulting from the defendants' alleged malpractice, and sought to serve as his own expert witness. The Second Circuit affirmed the district court's decision to bar the plaintiffs' expert testimony:

> As the District Court properly observed, affirming district court's decision to bar plaintiff from offering expert testimony on his own behalf, reasoning that plaintiff is "too intertwined with the facts of this case as [a party] ... in this action" to "assist the trier of fact to understand the evidence or to determine a fact in issue." (quoting Fed. R. Evid. 702). Plaintiff's testimony "would be more prejudicial than probative because of the difficulty of separating Dr. Ordon's lay testimony about why he approached the surgery as he did from his expert testimony about what a competent professional would have done in the same circumstances." *See* Fed. R. Evid. 403

> ("[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice").

*Ordon*, 73 Fed. Appx. at 30. Here, as in *Ordon*, plaintiff is "too intertwined with the facts of the case" to assist the jury with any expert testimony, and it would be impossible to separate his testimony as a fact witness from his expert opinions. Moreover, Plaintiff is neither independent nor disinterested.

Courts have routinely precluded parties from serving as their own expert witnesses in circumstances where prejudice or confusion is likely. *See, e.g., Zhang v. Honeywell Int'l, Inc.*, 2008 WL 2699398, at *1 (D. Ariz. Jun. 30, 2008) ("[A]cting in the role of 'both Plaintiff and advocate' would be 'unfairly prejudicial, misleading and confusing to the jury.'"); *Kranis v. Scott*, 178 F. Supp. 2d 330, 333-334 (E.D.N.Y. 2002) (holding that where a party had been "personally involved at every level of" the action, his "testimony as an expert would be far more prejudicial than probative" and "would be unfairly prejudicial, misleading, and confusing to the jury"). Such reasoning applies with equal force here. Plaintiff has the burden of proving the elements of his claims and should not be able to secure this Court's stamp of approval as an "expert" when plaintiff is not only unqualified but also cannot serve as a disinterested witness before the jury. *Id.*

<u>Plaintiffs' Lost Earning Capacity Opinions are Unreliable</u>

In addition to making unqualified vocational rehabilitation opinions to determine lost earning capacity, Plaintiff also makes other unreliable assumptions that are inconsistent with the methodologies used by experts in the field. For instance, Plaintiff jumps to a speculative conclusion that he would have achieved the average earnings level of U.S. physicians and surgeons for a period of 41 years, without considering the milestones necessary to realize the assumed level of earnings, such as earning a medical degree, passing the required examinations, gaining a U.S.

8

residency and permanent employment as a doctor, and earning the assumed earnings level for a period of 41 years.

Plaintiff failed to consider that he had: (1) been unable to gain admission to a U.S. medical school; (2) had a low GPA at RUSM; (3) failed his fifth semester at RUSM; (4) been unable to pass the NBME CBSE in five attempts; and (5) achieved a low score on the USMLE Step 1 examination. These factors raise considerable doubt as to whether, if Plaintiff were to earn an M.D. degree, his earnings would be comparable to the average earnings of the peer group that he has used for his calculation.

Plaintiff's opinions are unreliable and should not be admitted.

*Plaintiffs' Opinion on Emotional Distress Damages is Unreliable*

In the Third Amended Calculation of Damages, Plaintiff opines that his emotional distress damages equals $2,476,048. *See* Exhibit A. Plaintiff reaches this figure by calculating 1/3rd of his calculation for lost earning capacity. *Id.* As an initial matter, to the extent Plaintiff's calculation for lost earning capacity lacks sufficient reliability, his opinion for emotional distress damages must also fail. Moreover, Plaintiff's calculation of emotional distress damages lacks any methodology whatsoever and does not rely on a suitable method used by experts in the industry.

In determining an expert witness' reliability, the Court's inquiry focuses on the principles and methodology of the witness, not just his conclusions. *Daubert*, 509 U.S. at 595. An expert witness relying primarily on experience "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Frazier,* 387 F. 3d at 1261. "The trial court's gatekeeping function requires more than simply taking the expert's word for it." *Id*. To be admissible, expert testimony must be supported by appropriate validation – i.e. good grounds based on what is known. *Id.*

9

Plaintiff's calculation of emotional distress damages fails to meet the requirements established by Rule 702 and *Daubert*. Plaintiff's purported "methodology" is not recognized by experts in the industry and bears no logical relation to the issue at hand.

*Plaintiffs Opinion on Punitive Damages is Unreliable*

In the Third Amended Calculation of Damages, Plaintiff opines that punitive damages should be awarded in the amount of 1% of the net worth of Adtalem Global Education ("Adtalem"), the parent company of RUSM. **Exhibit A.** Again, Plaintiff does not provide any methodology supporting such a calculation and does not provide a method used by experts in the industry. Furthermore, Plaintiff provides no explanation as to why punitive damages should be measured as a percentage of RUSM's parent company's net worth, nor is Adtalem a party to this action.

This purported "methodology" is not used by experts in the field and is not based on "good grounds" as contemplated by Rule 702 and *Daubert. See Frazier,* 387 F. 3d at 1261; *FedEx Ground Package Sys., Inc. v. Applications Int'l Corp.,* 695 F. Supp. 2d 216, 224–25 (W.D. Pa. 2010) (excluding testimony where the expert "failed to offer any technical opinions supported by an independent investigation and generally-accepted methodology"). Plaintiff's own self-serving opinion should not be provided to the jury.

### E. Plaintiff has Failed to Meet the Expert Witness Disclosure Requirements of Rule 26

Even if Plaintiff were qualified to testify as an expert and his opinions were reliable, he should be barred from giving any medical, vocational rehabilitation or damages opinions because he failed to meet the expert witness disclosure requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure. Rule 26(a)(2) provides that non-retained or "hybrid" witnesses "who provide both fact testimony and opinion testimony based on their scientific, technical or other specialized

knowledge" are required to be identified as an expert and provide "a summary of the facts and opinions to which the witness is expected to testify." *Ashkenazi v. S. Broward Hosp. Dist.*, 2012 WL 760824, at *1 (S.D. Fla. Mar. 8, 2012) (quoting Fed. R. Civ. Proc. 26(a)(2)(C)).  All disclosures made pursuant to Rule 26(a) must be in writing, signed, and served on the opposing party.  Fed. R. Civ. P. Rule 26(a)(4).

Plaintiff failed to provide any notice that he intends to serve as an expert witness in this matter, nor would he be qualified to do so for the reasons set forth above.  Plaintiff further fails to make the required disclosures to permit him to offer medical, vocational rehabilitation or damages opinions in this action.  Accordingly, he should not be permitted to provide expert witness opinions in these areas.

## LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL

Counsel for RUSM certifies that he conferred with Plaintiff in an effort to resolve or narrow the issues set forth in this Motion.  The Motion includes only those matters which the parties were unable to resolve after a good faith conferral effort.

## CONCLUSION

For the reasons stated herein, defendant Ross University School of Medicine, School of Veterinary Medicine Limited respectfully requests that the Court preclude Plaintiff from offering improper medical, vocational rehabilitation, and damages lay opinion testimony and grant RUSM such other and further relief as the Court deems just and proper.

Dated: January 4, 2019

        Respectfully submitted,

        */s/Donnie M. King*
        MICHAEL C. MARSH
        Florida Bar Number:  0072796
        Email:  michael.marsh@akerman.com
        Secondary:  sharon.luesang@akerman.com
        RYAN A. ROMAN
        Florida Bar Number:  0025509
        Email:  ryan.roman@akerman.com
        Secondary:  dorothy.matheis@akerman.com
        DONNIE M. KING
        Florida Bar Number: 101386
        Email: donnie.king@akerman.com
        Secondary: simone.tobie@akerman.com
        OCTAVIA M. GREEN
        Florida Bar No. 119179
        Email: octavia.green@akerman.com
        Secondary: simone.tobie@akerman.com

        **AKERMAN LLP**
        98 SE 7th Street, Suite 1100
        Miami, FL 33131
        Phone:  (305) 374-5600
        Fax:  (305) 374-5095

        *Attorneys for Defendant Ross University School of Medicine, School of Veterinary Medicine Limited*

47237629;7

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on January 4, 2019 a true and correct copy of the foregoing document was served via CM/ECF on:

Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721
Telephone: (240) 602-1836
E-mail: drmuyiwa.a@gmail.com

                                                       *s/Donnie M. King*
                                                       Donnie M. King

47237629;7