# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 0:18-CV-60482-KMM

OLUWAMUYIWA AWODIYA,

    Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF MEDICINE,

    Defendant.

## RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

Defendant ROSS UNIVERSITY SCHOOL OF MEDICINE, by and through its attorneys Seyfarth Shaw LLP, hereby submits its Response To Plaintiff's First Set of Requests for Admission.

### REQUEST FOR ADMISSION NO. 1:

Admit that the formal legal name of the organization that operates RUSM is Ross University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited.

### RESPONSE TO NO. 1:

Denied. The entity that operates Ross University School of Medicine (RUSM) is Ross University School of Medicine, School of Veterinary Medicine Limited, a Dominican entity different from Ross University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited, which is a Kittitian entity that operates Ross University School of Veterinary Medicine.

### REQUEST FOR ADMISSION NO. 2:

Admit that RUSM receives United States federal financial assistance through federal student aid.

**RESPONSE TO NO. 2:**

Defendant admits that some students who attend Ross University School of Medicine receive student loans from the United States of America and that Ross University School of Medicine participates in the William D. Ford Federal Direct Loan Program. To the extent that Request No. 2 requests an admission of anything else, it is objectionable because it is ambiguous, and Defendant is therefore unable to admit or deny the assertion.

**REQUEST FOR ADMISSION NO. 3:**

Admit that RUSM is approved to participate in the William D. Ford Federal Direct Loan (Direct Loan) Program.

**RESPONSE TO NO. 3:**

Admitted.

**REQUEST FOR ADMISSION NO. 4:**

Admit that RUSM received Plaintiff's CONNERS CPT3 ADHD assessment results. (See attached Exhibit 5).

**RESPONSE TO NO. 4:**

Defendant admits that the RUSM Counseling Center received a copy of Plaintiff's Conners CPT3 Assessment Report, which is reflected among the documents in Plaintiff's First Set of Requests for Admission, Exhibit 5. To the extent that Request No. 4 requests an admission of anything else, it is objectionable because it is ambiguous, and Defendant is therefore unable to admit or deny the assertion.

**REQUEST FOR ADMISSION NO. 5:**

Admit that RUSM administered the TOVA to Plaintiff. (See attached Exhibit 5).

**RESPONSE TO NO. 5:**

Defendant admits that the RUSM Counseling Center administered the TOVA to Plaintiff, as reflected in the documentation in Plaintiff's First Set of Requests for Admission, Exhibit 5. To

the extent that Request No. 5 requests an admission of anything else, it is objectionable because it is ambiguous, and Defendant is therefore unable to admit or deny the assertion.

### REQUEST FOR ADMISSION NO. 6:

Admit that RUSM administered the CAARS to Plaintiff. (See attached Exhibit 5).

### RESPONSE TO NO. 6:

Defendant admits that the RUSM Counseling Center administered the CAARS to Plaintiff, as reflected in the documentation in Plaintiff's First Set of Requests for Admission, Exhibit 5. To the extent that Request No. 6 requests an admission of anything else, it is objectionable because it is ambiguous, and Defendant is therefore unable to admit or deny the assertion.

### REQUEST FOR ADMISSION NO. 7:

Admit that the Plaintiff's TOVA and CAARS assessments indicated ADHD. (See attached Exhibit 5).

### RESPONSE TO NO. 7:

Defendant admits that McMillan Cuffy from the RUSM Counseling Center indicated the following on a Note dated January 18, 2016, which is included in Plaintiff's First Set of Requests for Admission, Exhibit 5: "The TOVA was administered. The results are not within the normal limits and the overall pattern of performance suggests an attention problem, including ADHD. The CAARS was also administered. The results indicated ADHD predominately Inattentive presentation." To the extent that Request No. 7 requests an admission of anything else, it is objectionable because it is ambiguous, and Defendant is therefore unable to admit or deny the assertion.

### REQUEST FOR ADMISSION NO. 8:

Admit that RUSM had knowledge of Plaintiff's ADHD. (See attached Exhibit 5 and Exhibit 6).

3

46502448v.1

**RESPONSE TO NO. 8:**

Defendant admits that McMillan Cuffy in the RUSM Counseling Center diagnosed Plaintiff with Attention Deficit Disorder Without Mention of Hyperactivity, and that this is reflected in a Note dated January 18, 2016, and included in Plaintiff's First Set of Requests for Admission, Exhibit 5. Defendant denies that Exhibit 6 reflects any knowledge of Plaintiff's alleged ADHD or any other medical condition by anyone, at RUSM or otherwise. To the extent that Request No. 8 requests an admission of anything else, it is objectionable because it is ambiguous, and Defendant is therefore unable to admit or deny the assertion.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Plaintiff satisfied all the technical requirements for RUSM during his enrollment.

**RESPONSE TO NO. 9:**

Denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Plaintiff performed the essential functions required by RUSM during his enrollment.

**RESPONSE TO NO. 10:**

Denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Plaintiff requested accommodations. (See attached Exhibit 6).

**RESPONSE TO NO. 11:**

Defendant denies that Exhibit 6 reflects a request for accommodations. To the extent that Request No. 11 requests an admission of anything else, it is objectionable because it is ambiguous, and Defendant is therefore unable to admit or deny the assertion.

4

46502448v.1

**REQUEST FOR ADMISSION NO. 12:**

Admit that in the Plaintiff's' Release of Information form addressed to RUSM administration, a box is marked indicating that one purpose of the form is to provide information relevant to academic accommodations. (See attached Exhibit 6).

**RESPONSE TO NO. 12:**

Defendant admits that Exhibit 6 is a RUSM Counseling Center Consent to Release Confidential Information form signed by Plaintiff on December 9, 2015. Defendant admits that one box checked on the form is a box indicating that "[t]his information is released for the following purpose(s): . . . "To provide information relevant to academic accommodations and/or medical leave of absence." To the extent that Request No. 12 requests an admission of anything else, it is objectionable because it is ambiguous, and Defendant is therefore unable to admit or deny the assertion.

**REQUEST FOR ADMISSION NO. 13:**

Admit that it was obvious that Plaintiff needed accommodations.

**RESPONSE TO NO. 13:**

Denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that extended testing time for the NBME CBSE is a reasonable accommodation.

**RESPONSE TO NO. 14:**

Defendant denies that extended testing time for the NBME CBSE is a reasonable accommodation, *per se*. To the extent that Request No. 14 requests an admission of anything else, it is objectionable because it is ambiguous, and Defendant is therefore unable to admit or deny the assertion.

**REQUEST FOR ADMISSION NO. 15:**

Admit that RUSM has never provided Plaintiff with accommodations for any test.

5

46502448v.1

**RESPONSE TO NO. 15:**

Defendant objects to this request because it appears to assume facts not in evidence, including that Plaintiff was disabled, required accommodations to his disability(ies) during tests, and requested such accommodations from RUSM. Subject to and without waiving that objection, Defendant notes that it permitted Plaintiff to take the NBME CBSE a fifth time and denies Request No. 15.

**REQUEST FOR ADMISSION NO. 16:**

Admit that RUSM did not provide Plaintiff with extended testing time for the NBME CBSE.

**RESPONSE TO NO. 16:**

Admitted.

**REQUEST FOR ADMISSION NO. 17:**

Admit that extended testing time was an available accommodation for the NBME CBSE exam. (See attached Exhibit 10 at page 2).

**RESPONSE TO NO. 17:**

Defendant admits that extended testing time for the NBME CBSE is an accommodation sometimes provided to disabled students taking the exam and that Page 2 of Exhibit 10 references this possible accommodation. To the extent that Request No. 17 requests an admission of anything else, it is objectionable because it is ambiguous, and Defendant is therefore unable to admit or deny the assertion.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the decision to provide students with test accommodations for the NBME CBSE is made by RUSM. (See attached Exhibit 10 at page 2).

**RESPONSE TO NO. 18:**

Defendant admits that RUSM, not the NBME, is the entity that determines whether its students require accommodations to a disability when taking the NBME CBSE and that this is

referenced at Page 2 of Exhibit 10. To the extent that Request No. 18 requests an admission of anything else, it is objectionable because it is ambiguous, and Defendant is therefore unable to admit or deny the assertion.

### REQUEST FOR ADMISSION NO. 19:

Admit that Plaintiff was dismissed for failing to pass the NBME CBSE.

### RESPONSE TO NO. 19:

Admitted.

### REQUEST FOR ADMISSION NO. 20:

Admit that 99% of 2014-2015 RUSM graduates who passed their USMLE exams on the first attempt attained a residency. (See Institutional Outcomes at https://medical.rossu.edu/student-consumer-information.html ).

### RESPONSE TO NO. 20:

Defendant admits that the referenced website states as follows as of June 3, 2018: "99% of 2014-2015 RUSM graduates who passed their USMLE exams on the first attempt attained a residency by April 2016." To the extent that Request No. 20 requests an admission of anything else, it is objectionable because it is ambiguous, and Defendant is therefore unable to admit or deny the assertion.

### REQUEST FOR ADMISSION NO. 21:

Admit that the RUSM USMLE Step 1 first-time pass rate in 2016 was 93%. (See General FAQ'S at https://medical.rossu.edu/about/faq.html).

### RESPONSE TO NO. 21:

Defendant denies that the referenced website contains the statement in Request No. 21, as of June 3, 2018. To the extent that Request No. 21 requests an admission of anything else, it is objectionable because it is ambiguous, and Defendant is therefore unable to admit or deny the assertion.

46502448v.1

**REQUEST FOR ADMISSION NO. 22:**

Admit that the RUSM USMLE Step 2 CK first-time pass rate in 2016 was 87%. (See General FAQ'S at https://medical.rossu.edu/about/faq.html).

**RESPONSE TO NO. 22:**

Defendant denies that the referenced website contains the statement in Request No. 22, as of June 3, 2018. To the extent that Request No. 22 requests an admission of anything else, it is objectionable because it is ambiguous, and Defendant is therefore unable to admit or deny the assertion.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the RUSM USMLE Step 2 CS first-time pass rate in 2016 is 94%. (See General FAQ'S at https://medical.rossu.edu/about/faq.html).

**RESPONSE TO NO. 23:**

Defendant denies that the referenced website contains the statement in Request No. 23, as of June 3, 2018. To the extent that Request No. 23 requests an admission of anything else, it is objectionable because it is ambiguous, and Defendant is therefore unable to admit or deny the assertion.

**REQUEST FOR ADMISSION NO. 24:**

Admit that both the websites for Ross University School of Medicine and Ross University School of Veterinary Medicine are both hosted by www.rossu.edu.

**RESPONSE TO NO. 24:**

Defendant admits that the website www.rossu.edu contains a link by which viewers may proceed to the website for Ross University School of Medicine (https://medical.rossu.edu/) and Ross University School of Veterinary Medicine (https://veterinary.rossu.edu/). To the extent that Request No. 24 requests an admission of anything else, it is objectionable because it is ambiguous, and Defendant is therefore unable to admit or deny the assertion.

46502448v.1

**REQUEST FOR ADMISSION NO. 25:**

Admit that Ross University School of Medicine and Ross University School of Veterinary Medicine are registered as the same corporation.

**RESPONSE TO NO. 25:**

Denied.

**REQUEST FOR ADMISSION NO. 26:**

Admit that RUSM asserts that "Title III of the Americans with Disabilities Act of 1990 ("ADA") does not extend to conduct occurring outside the United States, and it follows that it does not extend to the Defendant's activities in Dominica." (See Dkt. No. 30).

**RESPONSE TO NO. 26:**

Admitted.

**REQUEST FOR ADMISSION NO. 27:**

Admit that Ross University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited with Adtalem Global Health, Inc., asserted that Title III of the ADA is applicable only in the United States and its territories. (See Galligan v. Adtalem Global Education, Inc. et al). (See also Archut v. Ross Univ. Sch. of Veterinary Med., CIVIL ACTION NO. 10-1681 (MLC) (D.N.J. Nov. 19, 2012)).

**RESPONSE TO NO. 27:**

Admitted.

**REQUEST FOR ADMISSION NO. 28:**

Admit that RUSM made the following statement on the admission requirements page of the RUSM website "It is the policy and practice of the University to comply with the Americans with Disabilities Act as applicable and practical in Dominica."

**RESPONSE TO NO. 28:**

Admitted.

**REQUEST FOR ADMISSION NO. 29:**

Admit that it is false that RUSM will comply with the Americans with Disabilities Act in Dominica.

46502448v.1

**RESPONSE TO NO. 29:**

Defendant objects to this Request because it is ambiguous (in that there are multiple provisions in the ADA, some of which apply outside the United States under some circumstances and some of which do not) and also apparently premised on the legal fallacy that Title III of the ADA applies in Dominica. Subject to that objection, Defendant admits that RUSM is not required to comply with Title III of the ADA in Dominica but also denies that it is "false" that its conduct in Dominica would comply with the ADA if the statute were to apply there.

**REQUEST FOR ADMISSION NO. 30:**

Admit that it is false that the Americans with Disabilities Act is applicable to RUSM in Dominica.

**RESPONSE TO NO. 30:**

Defendant objects to this Request because it is ambiguous (in that there are multiple provisions in the ADA, some of which apply outside the United States under some circumstances and some of which do not). Subject to this objection, Defendant admits that Title III of the ADA does not apply to RUSM in Dominica.

**REQUEST FOR ADMISSION NO. 31:**

Admit that RUSM made a false statement regarding a material fact posted on the admission requirements page of the RUSM website.

**RESPONSE TO NO. 31:**

Denied.

**REQUEST FOR ADMISSION NO. 32:**

Admit that RUSM had knowledge that the representation of the applicability and compliance with the Americans with Disabilities Act in Dominica was false.

**RESPONSE TO NO. 32:**

Denied.

**REQUEST FOR ADMISSION NO. 33:**

Admit that RUSM intended for prospective students to rely on the statements posted on the admission requirements page of the RUSM website.

**RESPONSE TO NO. 33:**

Defendant objects to this Request because it is ambiguous in that it does not identify the statements in question. Defendant is therefore unable to admit or deny the assertion in Request No. 33.

**REQUEST FOR ADMISSION NO. 34:**

Admit that in the month of September 2016, the RUSM Academic Catalog of 2015-2016, VOL. 7 stated that "Students receiving a score of 66 or higher on the CBSE are certified to take the USMLE Step 1." (See attached Exhibit 12 at page 1).

**RESPONSE TO NO. 34:**

Defendant admits that the RUSM Academic Catalog of 2015-2016, VOL. 7, which was published in September 2015, states as follows: "Students receiving a score of 66 or higher on the CBSE are certified to take the USMLE Step 1." Defendant admits that this portion of the Academic Catalog is reflected in Exhibit 12 at Page 1. Defendant denies that this statement was still the rule in September 2016, given that RUSM changed the passing score to 68, effective in November 2015, and notified students, including Plaintiff, of this change. Defendant denies any remaining assertions in Request No. 34.

**REQUEST FOR ADMISSION NO. 35:**

Admit that Plaintiff scored higher than a 66 on one of his NBME CBSE attempts.

**RESPONSE TO NO. 35:**

Admitted.

**REQUEST FOR ADMISSION NO. 36:**

Admit that the RUSM Student Handbook states "The Dean will respond within 15 calendar days of receipt of the appeal. The Dean's decision is final." (See attached Exhibit 14 at page 41).

11

**RESPONSE TO NO. 36:**

Admitted.

**REQUEST FOR ADMISSION NO. 37:**

Admit that the RUSM Dean did not respond to Oluwamuyiwa Awodiya within 15 calendar days of his second appeal.

**RESPONSE TO NO. 37:**

Defendant admits that the Dean responded to Plaintiff's appeal of his second dismissal from school on the 16th day after receipt, which was not within 15 days of receipt of his appeal. Defendant denies any remaining assertions in Request No. 37.

**REQUEST FOR ADMISSION NO. 38:**

Admit that the RUSM Academic Catalog is an express or implied contract between RUSM and its students.

**RESPONSE TO NO. 38:**

Denied.

**REQUEST FOR ADMISSION NO. 39:**

Admit that the RUSM Student Handbook is an express or implied contract between RUSM and its student.

**RESPONSE TO NO. 39:**

Denied.

**REQUEST FOR ADMISSION NO. 40:**

Admit that the Defendant has no basis to assert as a defense or affirmative defense the lack of subject matter jurisdiction or the lack of personal jurisdiction.

**RESPONSE TO NO. 40:**

Defendant admits that, in this particular lawsuit, based on the allegations made by Plaintiff in his Second Amended Complaint, the Court possesses subject matter jurisdiction over Plaintiff's claims (as they are currently articulated), and Defendant will not challenge the Court's

12

personal jurisdiction over Defendant. Defendant denies any remaining assertions in Request No. 40.

### REQUEST FOR ADMISSION NO. 41:

Admit that Defendant has currently relocated the named persons, in the Second Amended Complaint, to outside of Dominica following a natural disaster.

### RESPONSE TO NO. 41:

Defendant admits that McMillan Cuffy and Davendra Sharma are no longer living or working in Dominica, as a result of a hurricane. Defendant denies that Plaintiff has relocated from Dominica as a result of the hurricane but admits that he is no longer in Dominica. Defendant denies any remaining allegations in Request No. 41.

### REQUEST FOR ADMISSION NO. 42:

Admit that attached documents, Exhibit 5 RUSM ADHD Counseling Documents, are authentic.

### RESPONSE TO NO. 42:

Defendant objects to this Request because it is ambiguous. FRE 901(a) states that an item is authentic if "the item is what the proponent claims it is." Because Plaintiff does not articulate what he claims the items are, Defendant cannot admit or deny the assertion in Request No. 42. Subject to this objection, Defendant admits that the documents contained in Exhibit 5 are authentic copies of records pertaining to Plaintiff that are possessed by the RUSM Counseling Center.

### REQUEST FOR ADMISSION NO. 43:

Admit that attached document, Exhibit 6 RUSM Release of Information to RUSM administration, is authentic.

**RESPONSE TO NO. 43:**

Defendant objects to this Request because it is ambiguous. FRE 901(a) states that an item is authentic if "the item is what the proponent claims it is." Because Plaintiff does not articulate what he claims the items are, Defendant cannot admit or deny the assertion in Request No. 43. Subject to this objection, Defendant admits that the document reflected in Exhibit 6 is an authentic copy of an RUSM Consent To Release Confidential Information signed by Plaintiff and McMillan Cuffy on December 9, 2015.

**REQUEST FOR ADMISSION NO. 44:**

Admit that attached document, Exhibit 10 Administration of NBME Examinations at Prometric Test Centers, is authentic.

**RESPONSE TO NO. 44:**

Defendant objects to this Request because it is ambiguous. FRE 901(a) states that an item is authentic if "the item is what the proponent claims it is." Because Plaintiff does not articulate what he claims the items are, Defendant cannot admit or deny the assertion in Request No. 44.

**REQUEST FOR ADMISSION NO. 45:**

Admit that attached documents, Exhibit 12 Excerpts of 2015-2016, VOL. 7 Ross University School of Medicine Academic Catalog, are authentic.

**RESPONSE TO NO. 45:**

Defendant objects to this Request because it is ambiguous. FRE 901(a) states that an item is authentic if "the item is what the proponent claims it is." Because Plaintiff does not articulate what he claims the items are, Defendant cannot admit or deny the assertion in Request No. 45. Subject to this objection, Defendant admits that the documents contained in Exhibit 12 are authentic copies of excerpts from the 2015-2016 RUSM Academic Catalog.

**REQUEST FOR ADMISSION NO. 46:**

Admit that attached documents, Exhibit 14 Excerpts of RUSM Student Handbook May 2016, are authentic.

**RESPONSE TO NO. 46:**

Defendant objects to this Request because it is ambiguous. FRE 901(a) states that an item is authentic if "the item is what the proponent claims it is." Because Plaintiff does not articulate what he claims the items are, Defendant cannot admit or deny the assertion in Request No. 46. Subject to this objection, Defendant admits that the documents contained in Exhibit 14 are authentic copies of excerpts from the 2015-2016 RUSM Student Handbook.

**REQUEST FOR ADMISSION NO. 47:**

Admit that attached documents, Exhibit 17 Excerpts of RUSM Student Handbook September 2014, are authentic.

**RESPONSE TO NO. 47:**

Defendant objects to this Request because it is ambiguous. FRE 901(a) states that an item is authentic if "the item is what the proponent claims it is." Because Plaintiff does not articulate what he claims the items are, Defendant cannot admit or deny the assertion in Request No. 47. Subject to this objection, Defendant admits that the documents contained in Exhibit 17 are authentic copies of excerpts from the 2014-2015 RUSM Student Handbook.

46502448v.1

DATED: June 8, 2018

Respectfully submitted,

ROSS UNIVERSITY SCHOOL OF MEDICINE

By: *(signature)*

Christina Forte Meddin
cmeddin@seyfarth.com
Brian Stolzenbach
bstolzenbach@seyfarth.com

SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA  30309-3958
Telephone:   (404) 885-1500
Facsimile:    (404) 892-7056

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 0:18-CV-60482-KMM

OLUWAMUYIWA AWODIYA,

    Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF MEDICINE,

    Defendant.

## CERTIFICATE OF SERVICE

I certify that on June 8, 2018 I served DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION via United States Postal Service and e-mail to the following individual:

    Oluwamuyiwa Awodiya
    15005 Dahlia Dr.
    Bowie, Maryland 20721
    drmuyiwa.a@gmail.com

/s/ _Christina F. Meddin_
Christina F. Meddin

46502448v.1