IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 18-cv-60482-KMM

OLUWAMUYIWA AWODIYA,

    Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF MEDICINE,

    Defendant.

_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE

THIS CAUSE came before the Court upon Plaintiff Oluwamuyiwa Awodiya's ("Plaintiff") Second Motion for Judicial Notice. ("Motion") (ECF No. 89). Defendant Ross University School of Medicine ("RUSM" or "Defendant") filed a response. ("Response") (ECF No. 100) and Plaintiff filed a reply ("Reply") (ECF No. 106). The Motion is now ripe for review.

Plaintiff requests that this Court take judicial notice of: (1) certain content in the Federal Register, (2) RUSM's Foreign School Program Participation Agreement ("PPA") and statements made within; and (3) two "facts" establishing RUSM's participation in Title IV of the Higher Education Act of 1965 ("HEA").

Federal Rule of Evidence 201 governs the judicial notice of adjudicative facts. Adjudicative facts are "not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is a means by which facts not seriously open to dispute are established as true without the normal requirement of proof by evidence. Fed. R. Evid. 201(a) and (b); *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004). A court may take judicial notice

on its own or "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

First, Plaintiff requests that the Court take judicial notice of content of 34 C.F.R. § 600.51(c) related to Title IV of the HEA.  Motion at 2.  Defendant objects, arguing that the applicability of this section is in dispute, and thus judicial notice is improper.  Response at 3. The Court declines to take judicial notice of the administrative code's application in this case because "judicial notice is generally not the appropriate means to establish legal principles governing the case."  *See Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir.2002).

Second, Plaintiff requests that the Court take judicial notice of RUSM's PPA (ECF No. 89-2) as a "publicly filed document and statements within that document."  Motion at 2. Defendant objects, arguing that "the contents within the document and how the parties and the Court may interpret such statements may still constitute disputed facts."  Response at 3. However, Defendant does not contest the authenticity of the document, which was provided to Plaintiff in response to a Freedom of Information Act request.  (ECF Nos. 89-1; 89-2).  Because the PPA can "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," the Court will take judicial notice of the PPA document itself, but will not take judicial notice of any statements within the PPA or of any conclusion that Plaintiff has drawn from the document.  Fed. R. Evid. 201(b)(2); *see also Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353, 1364 (S.D. Fla. 2016) ("Judicial notice [of public records] may be taken only to establish what those documents contain, not the veracity of their contents.").

Third, Plaintiff requests that the Court take judicial notice of the facts that "RUSM has a Foreign School Participation Program Agreement to participate in a Title IV, HEA program" and "that RUSM's PPA states that RUSM agreed that its main campus location in Portsmouth,

Dominica is subject to and will comply with Title IV, HEA statutes and implementing regulations." Motion at 4. The Eleventh Circuit has found that "[i]n order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citing 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5104 (1977 & Supp. 1994)). Plaintiff seeks to introduce these statements contained in the PPA to establish conclusively that Defendant was subject to Title IV of the HEA. However, Defendant disputes the applicability of Title IV of the HEA. Response at 4. The Court will not take judicial notice of a legal conclusion regarding the applicability of Title IV of the HEA and declines to take judicial notice of the statements in the PPA as facts.

Accordingly, UPON CONSIDERATION of the Motion, the Response, the Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiff's Request for Judicial Notice (ECF No. 89) is GRANTED IN PART and DENIED IN PART as set forth above.

DONE AND ORDERED in Chambers at Miami, Florida this  8th   day of January, 2019.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record