

UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| OLUWAMUYIWA AWODIYA, *Plaintiff,* -v- ROSS UNIVERSITY SCHOOL OF MEDICINE, SCHOOL OF VETERINARY MEDICINE LIMITED *Defendant.* | Case No.  0:18-cv-60482-KMM<br><br>Hon. Chief Judge: K. Michael Moore<br>Magistrate Judge: Alicia O. Valle |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S *DAUBERT* MOTION TO PRECLUDE PLAINTIFF FROM TESTIFYING TO IMPROPER LAY OPINIONS

Plaintiff Oluwamuyiwa Awodiya ("Plaintiff"), in proper person, hereby files his response in opposition to Defendant's Daubert Motion to Preclude Plaintiff from Testifying to Improper Lay Opinions ("Motion") [ECF No. 117] filed by Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM").

Plaintiff has not rendered any expert opinions. Plaintiff does not understand why RUSM filed this Motion. RUSM did not confer with Plaintiff in good faith, it simply advised Plaintiff that it was going to file the motion. Plaintiff told counsel for RUSM that he had no intentions of testifying in the form of expert opinion. Plaintiff simply gave RUSM fair notice of the **facts** that Plaintiff will introduce. It was Plaintiff's understanding that information needed not be admissible to be discoverable. Plaintiff advised RUSM that he intended to request judicial notice of those facts furnished, to the extent that RUSM refuses to stipulate to clearly judicially noticeable facts, *i.e.*, wage data from the Bureau of Labor Statistics. RUSM has simply caused unnecessary work for Plaintiff. Accordingly, Plaintiff only has a few things to add to RUSM's Motion.

1

## **ARGUMENT**

I.  **Symptoms vs Diagnosis**

Depending on the type of diagnosis and the symptoms at issue, the boundary between common knowledge and scientific opinion is not a set one. For example, one does not need an expert's opinion to advise a jury that a plaintiff with one leg would benefit from a wheel chair. Most people can tell—from their own experience of walking with two legs—the implications of having only one leg. The point is that it is better to await trial to determine precisely what lay testimony is improper.

Here, Plaintiff's psychiatrist and psychotherapist have concluded that Plaintiff had symptoms of ADHD and OCD since high school and college. They also concluded that the symptoms of these impairments, limits Plaintiff's ability to complete his exams. One of his psychiatrists testified that Plaintiff needed extra time because his diagnosis causes him to take longer. Also, Plaintiff observed, *inter alia*, that he did not finish exams with his classmates. Even without "expert" testimony, it is common sense that someone who cannot complete exams in the same time allotted to his peers, would benefit from extra time on test. Regardless, Plaintiff intended to rely on his medical records and the testimony from his psychiatrist, Dr. Sharma. Moreover, Plaintiff received extended testing time in high school and undergraduate schooling.

"Lay opinion testimony on a specific medical diagnosis may not be admissible without proper expert support, but lay testimony as to a plaintiff's symptoms generally is." *Williams v. Hamilton Cnty.*, Case No. 1:15-cv-74, at *3 (E.D. Tenn. Mar. 31, 2018). "Lay witnesses could have testified as to observable symptoms of the 'severe' seizure disorder." *Byrd v. Astrue*, CIVIL ACTION NO. 2:08cv67-SRW (WO)., at *1 n.3 (M.D. Ala. Jun. 23, 2009); *See also Cramer v. Beiser*, Case No. 3:13-cv-262-J-39JRK, at *5 (M.D. Fla. Jul. 13, 2018) ("Because the plaintiff experienced symptoms of which most lay people have an understanding or familiarity (dizziness,

2

nausea, vomiting, skin crawling), expert testimony was not necessary to enable the jury to decide whether those symptoms caused a life-threatening condition or a risk of permanent impairment."); "[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work *is* competent evidence and therefore *cannot* be disregarded without comment." *Tobeler v. Colvin*, 749 F.3d 830, 834 (9th Cir. 2014) (emphasis in original); *Patrick v. Henry Cnty., Ga.*, CIVIL ACTION NO. 1:13-CV-01344-RWS, at *14 (N.D. Ga. May. 23, 2016) ("Plaintiff may testify as to the facts of his diagnosis and the symptoms he has experienced"); *U.S. v. Mitchell*, Case No. 2:08CR125DAK., at *1 (D. Utah Sep. 28, 2009) ("lay witnesses may testify upon observed symptoms of mental disease, because mental illness is characterized by departures from normal conduct. Normal conduct and abnormal conduct are matters of common knowledge, and so lay persons may conclude from observation that certain observed conduct is abnormal. Such witnesses may testify only upon the basis of facts known to them. They may testify as to their own observations and may then express an opinion based upon those observations." (quoting *Naples v. United States*, 344 F.2d 508, 515 (D.C. Cir. 1964)).

## II. Prejudice Against Plaintiff

One of the elements of a failure to accommodate claim is that RUSM was informed that an accommodation was needed. Plaintiff should be allowed to testify as to what he **told** RUSM or how he informed RUSM that he needed/wanted an accommodation. In this context, the testimony is not offered as medical testimony, it is offered to show that certain statements were made to RUSM that put it on notice. In this context, the validity of the statement would be irrelevant. The validity of the need will be supported by medical records and testimony from his psychiatrist.

## CONCLUSION

Plaintiff respectfully requests that the Court defer ruling on the general admissibility of lay testimony until questions of foundation, relevancy, and prejudice are resolved in the context.

DATED this 20th day of January, 2019:

Respectfully submitted,

By: Oluwamuyiwa Awodiya, *pro se* litigant
15005 Dahlia Dr.
Bowie, MD 20721
(240) 602-1836
Plaintiff, in Proper Person

## CERTIFICATE OF SERVICE

I do hereby certify that on this 22nd day of January, 2019, I have caused a true and correct copy of the foregoing by mailing a copy to the Court, where the Court's CM/ECF system will send notification to the following:

**Ryan Roman**
Akerman Senterfitt
Suntrust International Center
1 SE 3rd Avenue
25th Floor
Miami, FL 33131-1714
305-374-5600
Fax: 305-374-5095
Email:
ryan.roman@akerman.com

**Octavia Monique Green**
Akerman LLP
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, FL 33131
(305) 982-5670
Email:
octavia.green@akerman.com

By: Oluwamuyiwa Awodiya, *pro se* litigant

4