**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

OLUWAMUYIWA AWODIYA,                              CASE NO.  0:18-cv-60482-KMM-AOV

      Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

      Defendant.
_____/

**DEFENDANT'S REPLY IN SUPPORT OF ITS *DAUBERT* MOTION TO PRECLUDE**
**PLAINTIFF FROM TESTIFYING TO IMPROPER LAY OPINIONS**

Defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM") respectfully files its reply in support of its *Daubert* Motion to Preclude Plaintiff from Testifying to Improper Lay Opinions [ECF No. 117] (the "Motion").

**INTRODUCTION**

Plaintiff Oluwamuyiwa Awodiya ("Plaintiff") untimely submitted his Response in Opposition to Defendant's *Daubert* Motion to Preclude Plaintiff from Testifying to Improper Lay Opinions [ECF No. 136] (the "Opposition"), in violation of the Paperless Order Scheduling Trial in Fort Lauderdale entered by this Court on May 14, 2018 [ECF No. 37] (the "Scheduling Order"). Not only is the Opposition untimely, but it also fails to respond to several arguments raised by RUSM in its Motion. To the extent Plaintiff failed to address RUSM's substantive arguments in his Opposition, the Court should treat such arguments as unopposed and grant RUSM the relief it seeks in its Motion.

As to the merits of the Motion, Plaintiff has failed to disclose any expert witnesses in this matter. However, he is attempting to serve as his own expert and offer improper lay opinion

testimony on (i) his medical issues, (ii) his vocational rehabilitation issues and (iii) calculation of his purported damages.  Given Plaintiff's failure to timely disclose an expert and his subsequent production of a purported Third Amended Calculation of Damages, it is apparent that Plaintiff—through his own testimony at trial—will seek to introduce improper medical, vocational, and damages testimony. Plaintiff is not qualified to testify as a medical, vocational, damages expert. This is evidenced by his utilization of flawed and unreliable methodologies.  Allowing such evidence to be evaluated only upon introduction at trial will prejudice RUSM by permitting claims to go to trial that require expert testimony and by permitting jurors to hear improper testimony from a lay witness, even if such testimony were later stricken by the Court.

Finally, Plaintiff incorrectly argues that RUSM failed to properly confer with him regarding its Motion. The Parties conferred by telephone on January 2, 2019, during which conversation undersigned counsel fully advised Plaintiff of the grounds for the Motion and was advised by Plaintiff that Plaintiff opposed the requested relief.

RUSM's Motion should be granted in its entirety.

## ARGUMENT

### I. PLAINTIFF'S RESPONSE SHOULD BE STRICKEN AS UNTIMELY

As an initial matter, Plaintiff's Opposition is untimely.  On this basis alone, it should be stricken and the Motion should be granted.  RUSM filed its Motion on January 4, 2019. *See* [ECF No. 117].  The CM/ECF system provides electronic notification to Plaintiff via e-mail.  Pursuant to the Scheduling Order, Plaintiff's Opposition was due to be filed no later than January 18, 2019 – *i.e.,* within fourteen (14) days following the filing of the Motion.  *See* [ECF No. 37].  The Certificate of Service in the Opposition certifies that Plaintiff did not mail his filing to the Court until January 22, 2019, four (4) days after the deadline.

In addition to the untimely filing, Plaintiff did not make any effort to send the filings to the Court or RUSM using overnight delivery or any other expedited service. Instead, Plaintiff further delayed by using regular mail. As a result, the Opposition was not filed by the clerk's office until January 28, 2019 – ten (10) days after the Court-ordered deadline – and it was not received by RUSM until January 29, 2019, when the clerk's office uploaded the filing on PACER and electronic service was provided to RUSM's counsel. Plaintiff never requested any extension of time from RUSM nor did he file a motion for extension of time with the Court. The Opposition should be stricken from the record and the Motion should be granted. *See Espinoza v. Harrelson*, Case No. 6:15-cv-1923-Orl-37GJK, 2017 WL 1180012, at *1-2 (M.D. Fla. Mar. 30, 2017) (striking the response and rendering the *Daubert* motion as unopposed); *Payne v. Ryder Sys., Inc. Long Term Disability Plan*, 173 F.R.D. 537, 539 (M.D. Fla. 1997) ("The Eleventh Circuit has consistently held that motions filed after a deadline imposed by a court should be denied as untimely."); *Brown v. Tri-Cnty. Lumping Serv., Inc.*, Case No. 16-21944-CIV-Altonaga/O'Sullivan, 2017 WL 2901325, at *1 (S.D. Fla. Mar. 21, 2017).

## II.  PLAINTIFF FAILS TO ADDRESS SEVERAL OF RUSM'S ARGUMENTS

Not only is Plaintiff's response untimely but it fails to address several of the arguments raised in the Motion. RUSM argues that Plaintiff, as an unqualified layperson, is precluded from offering testimony in the following areas: (i) vocational rehabilitation opinion testimony; (ii) lost earning capacity damages; and (iii) punitive damages. Plaintiff fails to address these areas in his Opposition and should be found to have waived any arguments that he did not raise.

By failing to address the substantive arguments raised by RUSM in its Motion, the Court should find that Plaintiff has conceded on these grounds. *See Brown v. Buddy Bee Corp.*, Case No. 14-24368-CIV-Altonaga, 2015 WL 11233388, at *4 (S.D. Fla. Mar. 11, 2015) (citing *Glass v. Lahood*, 786 F. Supp. 2d 189, 210 (D.D.C. 2011)) ("The underlying purpose of Local Rule

3

7.1(c) would hardly be served by permitting litigants to avoid its consequences by filing a cursory response that fails to address the substantive grounds of a motion."); *Fischer v. Fed. Bureau of Prisons*, 349 Fed. Appx. 372, 375, n. 2 (11th Cir. 2009) (finding that plaintiff waived any claim relating to the blood clotting in his leg because he did not address that issue in response to motion for summary judgment); *Laborers' Int'l Union of N. Am. v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999) (finding that arguments not presented to the district court in opposition to summary judgment are waived); *Apex Colors, Inc. v. Chemworld Int'l Limited, Inc.*, No. 2:14-CV-273-PRC, 2018 WL 5634232, at *2  (N.D. Ind. Oct. 31, 2018).

In his Opposition, Plaintiff limits his arguments to whether he is permitted to offer lay opinion testimony pertaining to his symptoms.  RUSM acknowledges in its Motion that Plaintiff can testify to matters within the scope of his personal observations such as his symptoms. [ECF No. 117] at 5.  However, he cannot venture beyond such matters and opine on the cause of his symptoms and/or his prognosis, the implications of his medical diagnosis or the accommodation(s) that would rectify a particular disability.  *Id.*  Plaintiff fails to address this argument in his Opposition.  Additionally, Plaintiff does not address RUSM's contentions that he is unqualified to render vocational rehabilitation opinion testimony or testimony pertaining to the lost earning capacity damages being sought in this action. Likewise, Plaintiff does not address any arguments regarding the unreliability of his opinions pertaining to his claimed damages in the form of loss of earning capacity, emotional distress or punitive damages.

The Motion should be granted and Plaintiff should be barred from testifying to these matters at trial.

4

### III. PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY PERTAINING TO HIS MEDICAL ISSUES, VOCATIONAL REHABILITATION ISSUES AND CALCULATIONS OF DAMAGES

RUSM's Motion should be granted on the merits. Plaintiff is not a medical doctor and lacks sufficient training or experience that qualifies him to render medical opinions. Plaintiff received his bachelor's degree in biology from Morgan State University in May 2013 and was not able to graduate from medical school at RUSM. Plaintiff has no other formal education or training. Accordingly, while Plaintiff can testify to matters within the scope of his personal observation such as his symptoms, he cannot venture beyond such matters and opine on the cause of his symptoms and/or his prognosis, the implications of his medical diagnosis, or the accommodation(s) that would rectify a particular disability. *See In re Am. Airlines Flight 331*, No. 10-20131-CV, 2013 WL 12340397, at *2 (S.D. Fla. Oct. 24, 2013) ("Plaintiffs may testify at trial to any personally observable injuries. […] Plaintiffs are precluded from testifying, however, to any medical opinions falling within the scope of Evidence Rule 702, any technical matters beyond their knowledge, and to any out-of-court statements of medical professionals constituting inadmissible hearsay.").

Plaintiff is also unqualified to opine on vocational rehabilitation. It is the role of an expert witness to opine on whether or not Plaintiff can obtain equally as lucrative employment in the future. Here, however, Plaintiff has taken it upon himself to provide RUSM with a purported calculation of damages, which improperly presumes that Plaintiff is unable to become a doctor or find equally as lucrative alternative work. Because Plaintiff is not a vocational rehabilitation expert and has no experience helping people who suffer from mental impairments get or keep a job he should be precluded from rendering vocational rehabilitation opinions. Plaintiff also makes other unreliable assumptions that are inconsistent with the methodologies used by experts in the field. Independently, this warrants granting Plaintiff's Motion.

5

Plaintiff is also unqualified to opine on lost earning capacity, emotional distress or punitive damages. Plaintiff lacks the education, training, and professional experience required to credibly perform the damages calculations for consideration by the Court. Moreover, Plaintiff's calculation of emotional distress damages lacks any methodology whatsoever and does not rely on a suitable method used by experts in the industry. Likewise, Plaintiff does not provide any methodology supporting his calculation of punitive damages and does not provide a method used by experts in the industry. Plaintiff measures punitive damages as a percentage of RUSM's parent company's net worth but provides no explanation for this theory. Furthermore, Plaintiff has not filed an opposition to RUSM's Motion in Limine [ECF No. 116] which seeks to exclude any reference to RUSM's parent company and its net worth. By failing to oppose such motion, there is absolutely no evidence in the record that could support a calculation of punitive damages, even if Plaintiff were qualified to offer such testimony (and he is not).

In addition to Plaintiffs' lack of qualifications, permitting plaintiff to testify in dual roles as both a fact and expert witness is inherently unreliable and prejudicial. For these reasons, the Motion should be granted.

## CONCLUSION

For the reasons stated herein, defendant Ross University School of Medicine, School of Veterinary Medicine Limited respectfully requests that the Court enter an Order precluding Plaintiff from offering improper medical, vocational rehabilitation, and damages lay opinion testimony and granting RUSM such other and further relief as the Court deems just and proper.

Dated: February 4, 2019

Respectfully submitted,

*s/Octavia M. Green*
MICHAEL C. MARSH
Florida Bar Number: 0072796
Email: michael.marsh@akerman.com
Secondary: sharon.luesang@akerman.com
RYAN A. ROMAN
Florida Bar Number: 0025509
Email: ryan.roman@akerman.com
Secondary: dorothy.matheis@akerman.com
DONNIE M. KING
Florida Bar Number: 101386
Email: donnie.king@akerman.com
Secondary: simone.tobie@akerman.com
OCTAVIA M. GREEN
Florida Bar No. 119179
Email: octavia.green@akerman.com
Secondary: simone.tobie@akerman.com

**AKERMAN LLP**
98 SE 7th Street, Suite 1100
Miami, FL 33131
Phone: (305) 374-5600
Fax: (305) 374-5095

*Attorneys for Defendant Ross University School of Medicine, School of Veterinary Medicine Limited*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 4, 2019 a true and correct copy of the foregoing document was served via CM/ECF on:

Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721
Telephone: (240) 602-1836
E-mail: drmuyiwa.a@gmail.com

*s/Octavia M. Green*
Octavia M. Green
