**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

OLUWAMUYIWA AWODIYA,   CASE NO.  0:18-cv-60482-KMM-AOV

      Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

      Defendant.
_____/

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

      Defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM"), by counsel, hereby files its reply in support of its Motion for Summary Judgment [ECF No. 120] (the "Motion").  The Court should *sua sponte* strike the untimely Response in Opposition to Defendant's Motion for Summary Judgment [ECF No. 137] (the "Opposition") and Statement of Material Facts in Opposition to Defendant's Motion for Summary Judgment [ECF No. 139] ("Statement of Facts") filed by plaintiff Oluwamuyiwa Awodiya ("Plaintiff").

### I. INTRODUCTION

      Plaintiff has not cited to any disputed issues of material fact or any legal basis to deny RUSM's summary judgment motion.  Moreover, there is no evidence to support Plaintiff's claims for lost wages or punitive damages.  The Court should grant the Motion and enter judgment in favor of RUSM on each count of the Third Amended Complaint [ECF No. 47] (the "Complaint").

### II. ARGUMENT

#### A. Plaintiff Failed to Timely File His Opposition

      The Opposition and Statement of Facts are untimely and should be stricken.  Pursuant to the Paperless Order Scheduling Trial [ECF No. 37] (the "Scheduling Order"), all "[r]esponses to

47724248;2

summary judgment motions must be filed no later than fourteen (14) days after service of the motion." The Motion was filed and served on January 4, 2019. Thus, the Opposition and Statement of Facts were required to be filed by January 18, 2019.

According to the signature block and certificate of service, the Opposition was not mailed to the Court for filing until January 22, 2019 and was not received by the Court until January 28, 2019 – ten (10) days after the Court established deadline. The Opposition was not served until January 29, 2019, when RUSM finally received the brief via CM/ECF. Plaintiff's statement of material facts in support of his opposition also exceeds the page limitation.

The Opposition and Statement of Facts should be stricken. *See Mosley v. MeriStar Management Co., LLC*, 137 Fed. Appx. 248 (11th Cir. 2005) (finding no abuse of discretion in district court's striking an untimely opposition to a motion for summary judgment); *Young v. City of Palm Bay, Florida*, 358 F.3d 859, 864 (11th Cir. 2004) (finding no abuse of discretion in district court's refusal to consider an untimely opposition to motion for summary judgment. *See also* L.R. 56.1(a)(1).

### B. There is No Evidence that Plaintiff Made an Actionable Request for an Accommodation

As an initial matter, Plaintiff's claim that RUSM has the burden of proving that Plaintiff's request was not actionable is baseless. *See Varad v. Barshak,* 261 F. Supp. 2d 47, 56 (D. Mass. 2003) (granting the defendant's motion for summary judgment where plaintiff did not establish that she complied with the Board of Bar Examiners' policy requiring requests for testing accommodations to be in a written format made at least seventy-five days prior to date of examination). Secondly, even if RUSM had the burden – which it does not – Plaintiff already acknowledged in his alleged statement of facts filed in support of his motion for summary

2

47724248;2

judgment, *see* [ECF No. 101], that he did not follow RUSM's procedure. There is no evidence of a written request for accommodation in this case.

Moreover, Plaintiff attempts to argue that RUSM did not engage in the "interactive process." However, RUSM does not have an obligation to engage in the interactive process until an actionable request is made. *See, e.g., Sidor v. Reno*, No. 95 Civ. 9588(KMW), 1997 WL 582846, at *6 (S.D.N.Y. Sept. 19, 1997) (it is the "initial request for an accommodation which triggers the … obligation to participate in the interactive process of determining one"); *Miletta v. Waste Mgmt. of New York*, 46 Fed. Appx. 31, 32 (2d Cir. 2002) (affirming summary judgment where the District Court found that plaintiff did not make an actionable request for accommodation.); *Estate of Fajge v. Dick Greenfield Dodge, Inc.*, 11-CV-04527, 2012 WL 2339723, at *9 (D.N.J. June 18, 2012) (citing *Jones v. United Parcel Serv.*, 214 F.3d 402, 408 (3d Cir. 2000) ("Because there is no evidence from which a request for accommodation could be inferred, [Defendant] was under no legal obligation to engage in the interactive process [to fashion a reasonable accommodation].")).

Here, Plaintiff failed to follow the required procedure for requesting an accommodation at RUSM. *See Varad,* 261 F. Supp. 2d at 56; *Forbes v. St. Thomas Univ., Inc.*, 768 F. Supp. 2d 1222, 1231 (S.D. Fla. 2010) ("a disabled student's disregard of written procedures can certainly be fatal to her subsequent discrimination claim …"). Even Plaintiff's cited case law provides that, in an academic setting, "[t]he ADA permits a university to require a student requesting a reasonable accommodation to provide current documentation from a qualified professional concerning his learning disability." S*ee Guckenberger v. Boston Univ.*, 974 F. Supp. 106, 135 (D. Mass. 1997). Plaintiff failed to comply with the written policy promulgated by RUSM through its Student

Handbook. Moreover, there is no evidence that Plaintiff provided the Accommodations Office with the required documentation relating to his disability.

Plaintiff's case law is distinguishable. For example, in *Redding v. Nova Southeastern Univ., Inc.*, although it was unclear whether a student's failure to follow a formal procedure nullified an informal request for an accommodation, the defendant's argument was ultimately moot as the plaintiff testified that she did comply with the formal procedure. 165 F. Supp. 3d 1274, 1295 (S.D. Fla. 2016). Thus, contrary to Plaintiff's position, in *Redding* the District Court expressly ruled without deciding whether Plaintiff's disregard of written procedures was fatal to a Rehabilitation Act claim. *Id.*

Similarly, Plaintiff misinterprets the holding of *Rayford v. Walmart Stores, Inc.*, Civil Action 15-0658-WS-B, 2017 WL 2865035 (S.D. Ala. July 5, 2017). In *Rayford*, the court actually enforced the written policy, which provided that it was enough to make a request to a Human Resources representative *or* any salaried member of management. *Rayford*, 2017 WL 2865035, at *4. The court concluded that the plaintiff complied with the written procedures promulgated by Walmart. *Id.* RUSM's policy requires a written request to be made to the Accommodation Coordinator. Plaintiff did not submit a written request.

Moreover, none of Plaintiff's cases involve an academic setting where courts have found institutions should be granted "the widest range of discretion." *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 225 n. 11 (1985). Instead, most of Plaintiff's cited cases are Federal Housing Act ("FHA") cases where courts have made clear that the FHA has specialized statutes and rules. In fact, in *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1219 (11th Cir. 2008), the Eleventh Circuit held that, "in the zoning context, an FHA plaintiff must actually follow procedures and properly apply for a variance or special use permit and be denied for there to be a 'refusal' to

accommodate." Plaintiff cannot meet his burden and, therefore, summary judgment should be granted in RUSM's favor on Counts I through IV.

### C.  Plaintiff Cannot Establish that He is "Otherwise Qualified"

Plaintiff cannot establish that he is "otherwise qualified" as required by the ADA and the Rehabilitation Act. To prove that he is "otherwise qualified," Plaintiff must present sufficient evidence to show that he could satisfy the program's necessary requirements, or that any reasonable accommodation by the school would enable him to meet these requirements. *See* 42 U.S.C. § 12131(2); *Yaldo v. Wayne State Univ.*, 266 F. Supp. 3d 988, 1012 (E.D. Mich. 2017) (finding a Plaintiff was not "otherwise qualified" if he failed to satisfy the medical school's professionalism requirements); *Zimmeck v. Marshall Univ. Bd. of Governors*, 106 F. Supp. 3d 776, 782 (S.D. W. Va. 2015) (finding that a student diagnosed with depression was unqualified under the ADA because he failed to meet the professionalism requirements of the medical school).

The Policy and Procedure Manual in *Yaldo* is substantially similar to the Student Handbook in this case. Further, the Court's reasoning in *Yaldo* is directly on point. 266 F. Supp. 3d. at 1011-1012. The *Yaldo* decision is also consistent with Supreme Court of the United States' decision in *Southeastern Community College v. Davis,* where it expressly rejected an interpretation of "otherwise qualified" that would prohibit an institution from considering an individual's limitations when determining that person's eligibility for an academic program. 442 U.S. 397, 405 (1979).

Furthermore, Plaintiff has offered no evidence that additional time would have enabled him to pass the NBME CBSE ("COMP") exam (that he failed five times). Therefore, Plaintiff is not "otherwise qualified" and judgment should be entered in RUSM's favor on Counts I and II.

5

### D. Counts III and IV are Duplicative of Count I and There is No Private Right of Action

In the Motion, RUSM argues that Counts III and IV of the Complaint, alleging that RUSM violated 34 C.F.R. 104.4 and 34 C.F.R. 104.44, are duplicative of Count I of the Complaint, which alleges that RUSM violated Section 504 of the Rehabilitation Act. *See* [ECF No. 120] at 9-10. RUSM further argues that the regulations in 34 C.F.R. § 104.1, *et seq*. do not create a private right of action. *Id.* In his Opposition, Plaintiff does not dispute that Counts III and IV are duplicative of Count I of the Complaint.

Moreover, Plaintiff cites to no authority finding that a private right of action exists pursuant to this regulation. *See* [ECF No. 137] at 17-18. In fact, other courts have dismissed claims arising from this very regulation. *See Powers v. MJB Acquisition Corp*., 993 F. Supp. 861, 869 (D. Wyo. 1998) (dismissing a plaintiff's claim under 34 C.F.R. § 104.1 because the regulations do not create a private right of action).

Plaintiff's cited case law supports RUSM's position. For instance, Plaintiff cited to *American Association of People with Disabilities v. Harris,* 605 F.3d 1124, 1134 (11th Cir. 2010), for the proposition that "[o]nly those regulations effectuating the statute's clear prohibitions or requirements are enforceable through the statute's private right of action." Although this statement was accurately quoted, Plaintiff conveniently omitted the entirety of the quote which provides:

> [B]ecause **only Congress can create a private right of action** through statute, we must examine a challenged regulation in the context of the statute it is meant to implement. Only those regulations effectuating the statute's clear prohibitions or requirements are enforceable through the statute's private right of action; **regulations that do not encapsulate the statutory right and corresponding remedy are not privately enforceable**.

47724248;2

*Id.* (emphasis added). The Court in *Powers* performed this exact analysis when it determined that 34 C.F.R. § 104.1, *et seq*. does not create a private right of action. *Powers*, 993 F. Supp. at 869. The reasoning of the Court in *Powers* is equally applicable here.

Plaintiff also relies on two other cases, neither of which address whether the regulations in 34 C.F.R. § 104.1, *et. seq.* create a private right of action. *See* [ECF No. 137] at 17-18 (citing *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016) and *Mark H. v. Lemahieu*, 513 F.3d 922, 934 (9th Cir. 2008)). Instead, both of these cases deal with whether Section 504 of the Rehabilitation Act creates a private right of action.

Judgment should be entered in RUSM's favor on Counts III and IV.

### E. Plaintiff Does Not Oppose Dismissal of Count V of the Complaint

In Count V of the Complaint, Plaintiff brings a claim alleging that RUSM violated Florida Administrative Code Section 6E-2.004(5)(c)(4) or, in the alternative, Section 760.08, Florida Statutes. In the Motion, RUSM argues that both claims must fail as a matter of law because there is no private right of action under the former and Plaintiff has failed to comply with a prerequisite to the latter. *See* [ECF No. 120] at 10-11. Plaintiff neither disputed nor addressed RUSM's arguments. Accordingly, summary judgment should be entered in RUSM's favor on Count V. *See Jones v. Bank of Am.*, 985 F. Supp. 2d 1320, 1331 (M.D. Fla. 2013) (dismissing a complaint with prejudice for failing to timely exhaust administrative remedies); *Murthy v. N. Sinha Corp.*, 644 So. 2d 983, 986 (Fla. 1994).

### F. Plaintiff Cannot Establish Essential Elements of Counts VI and VII

In Counts VI and VII, Plaintiff asserts claims for breach of contract and breach of the covenant of good faith and fair dealing. Both of these claims deal with purported violations of the

7

Student Handbook.  Plaintiff has broken down the purported violations into six different "sub-counts."  [ECF No. 47] at ¶¶ 93-99.  Summary judgment is warranted on each of these sub-counts.

### 1. *Sub-Counts I Through III Fail as a Matter of Law*

Plaintiff cannot establish that RUSM's alleged failure to provide him a reasonable accommodation was arbitrary or capricious.  *See Sirpal v. Univ. of Miami*, Civ. No. 09-22662-STB, 2011 WL 3101791 at *14 (S.D. Fla. July 25, 2011) (citing *Jallali v. Nova Se. Univ., Inc.¸* 992 So. 2d 338, 342 (Fla. Dist. Ct. App. 2008)).  There are no facts in the Opposition or accompanying Statement of Facts that would support such a finding.  Thus, summary judgment as to sub-counts I through III should be granted.  Moreover, sub-counts I through III relate to Plaintiff's failure to accommodate claims. To the extent Plaintiff's failure to accommodate claims fail, these sub-counts must also fail.

### 2. *Sub-Counts IV and V Fail as a Matter of Law*

Plaintiff does not dispute that sub-count IV should be dismissed.  *See* [ECF No. 137] at 18.  Accordingly, summary judgment should be granted in RUSM's favor as to sub-count IV of Plaintiff's breach of contract (Count VI) and breach of the covenant of good faith and fair dealing (Count VII) claims.

Moreover, although Plaintiff opposes summary judgment on sub-count V of Count VI and Count VII, he does so by asserting for the first time that RUSM republished Volume 7 of its Academic Catalog in 2016.  This assertion is made contrary to the actual record evidence.  In fact, even the exhibits attached by Plaintiff in his Opposition make clear that the academic catalogs were issued on September 1, 2015 – not 2016.  Plaintiff's unsupported new assertion is a last-ditch attempt to avoid summary judgment and does not constitute actual evidence raising a question of material fact.

8

Even if Plaintiff's new assertion was accompanied by evidence – which it was not – RUSM would still be entitled to summary judgment as a matter of law. The Student Handbook in existence when Plaintiff enrolled provided that RUSM "reserved the right to change, modify or delete, without notice, any course offering or information contained in this catalog." Moreover, the United States Supreme Court has held that "[u]niversity faculties must have the widest range of discretion in making judgments as to the academic performance of students and their entitlement to promotion or graduation." *Ewing*, 474 U.S. at 225, n. 11.

Plaintiff has not presented any evidence to suggest that changes to the Student Handbook or Academic Catalog were arbitrary or capricious. Summary judgment should be granted in RUSM's favor as to sub-counts IV and V of Plaintiff's breach of contract and breach of the covenant of good faith and fair dealing claims.

### 3. *Sub-Count VI Fails as a Matter of Law*

In the Motion, RUSM argues that sub-count VI should be dismissed because there is no evidence that the Dean's failure to reply within the 15 day deadline was arbitrary or capricious or otherwise affected Plaintiff in any material way. *See* [ECF No. 120] at 13. In the Opposition, Plaintiff does not oppose RUSM's request for summary judgment on this sub-count. Moreover, this Court has previously held that Plaintiff cannot establish that the Dean's failure to reply within the 15 day deadline was arbitrary or capricious or otherwise affected Plaintiff in any material way. *See* Order on Plaintiff's Motion for Judgment on the Pleadings [ECF No. 105] at 7. Summary judgment is thus warranted as to sub-count VI of Count VI and Count VII.

### G. There is No Evidence of a False Statement or Justifiable Reliance, as Required Under Counts VIII and IX

Plaintiff contends RUSM made a misstatement on its website by representing: "It is the policy and practice of the University to comply with the Americans with Disabilities Act as

9

applicable and practical in Dominica." Plaintiff has not presented any facts that establish the falsity of that statement. The language clearly states that RUSM will comply with the ADA "as applicable and practical" in Dominica and the evidence supports that RUSM's actions are consistent with this statement. RUSM continues to stand by the veracity of the statement made on its website and Plaintiff has not provided any evidence to the contrary. Establishing the existence of a misrepresentation is an essential element of Plaintiff's fraudulent inducement (Count VIII) and negligent misrepresentation claims (Count IX). Thus, summary judgment should be granted in RUSM's favor on Counts VIII and IX.

Moreover, there is no evidence that RUSM intended to induce Plaintiff to rely on the statement. The facts show that neither Plaintiff nor RUSM knew that Plaintiff suffered from an impairment or disability at the time he was admitted into medical school. Moreover, Plaintiff testified that he never reviewed the ADA prior to the litigation. Absent a showing of intent to induce reliance, summary judgment should be granted in RUSM's favor on Counts VIII and IX.

Plaintiff also acknowledges in his Opposition that "negligent misrepresentation under Florida law requires a showing that the recipient of the information justifiably relied" on the allegedly erroneous information. *See* [ECF No. 137] at 19. Plaintiff does not attempt to argue, nor can he sincerely argue, that his alleged reliance was justifiable. Accordingly, summary judgment should be entered in RUSM's favor on Plaintiff's negligent misrepresentation claim (Count IX) for this reason as well.

Finally, Plaintiff asserts that justifiable reliable is not a necessary element of a fraudulent misrepresentation claim. However, Plaintiff did not bring a fraudulent misrepresentation claim. Plaintiff only brought fraudulent inducement (Count VIII) and negligent misrepresentation (Count IX) claims. Justifiable reliance is an essential element of both of these claims. *See Simon v. Celebration*

10

*Co.,* 883 So. 2d 826, 832 (Fla. Dist. Ct. App. 2004) (citing *Johnson v. Davis*, 480 So. 2d 625 (Fla. 1985)); *Biscayne Inv. Group, Ltd. v. Guarantee Mgmt. Servs., Inc*. 903 So. 2d 251 (Fla. Dist. Ct. App. 2005) (*citing Samuels v. King Motor Co. of Ft. Lauderdale*, 782 So. 2d 489 (Fla. Dist. Ct. App. 2001)).

There is no evidence supporting the position that Plaintiff justifiably relied on the contested statements. Summary judgment should be granted in RUSM's favor on Counts VIII and IX.

### H. RUSM Does Not Owe A Duty to Plaintiff as a Matter of Law, as Required for Count IX

In the Motion, RUSM alleges that it is entitled to judgment as to Count IX for breach of fiduciary duty because Plaintiff cannot establish that any fiduciary relationship exists. *See* [ECF No. 120] at 15. In his Opposition, Plaintiff attempts to assert, without supporting authority, that a fiduciary duty arose because the RUSM Counseling Center treated Plaintiff. *See* [ECF No. 137] at 19-20. This is precisely the argument that failed in *Morrison v. Univ. of Miami*, Case No. 1:15-cv-23856-UU, 2016 WL 3129490 (S.D. Fla. Jan. 20, 2016) (refusing to impose a fiduciary duty on a university and finding that "there is simply no support in the law for such a result.").

The reasoning in *Morrison* is equally applicable here. Plaintiff cannot establish that any fiduciary relationship exists. Plaintiff has not – and cannot – cite to any cases imposing a fiduciary duty on a university on this basis. Summary judgment should be granted in RUSM's favor on Plaintiff's breach of fiduciary duty claim (Count X).

### I. Plaintiff's Claim for Lost Earning Capacity Damages Should be Stricken Because there are No Facts Showing that Plaintiff Lost Any Wages

In the Opposition, Plaintiff was still unable to identify any evidence, through tax returns or otherwise, that he lost any wages or the capacity to earn wages as a result of RUSM's alleged failure to accommodate. Plaintiff continues to opine that he is unable to become a doctor or find equally as lucrative alternative work but this is nothing more than a self-serving and improper

11

vocational rehabilitation opinion offered by an unqualified lay witness, which is the subject of a *Daubert* motion [ECF No. 117] filed by RUSM.

Only an expert can opine on whether or not Plaintiff can obtain equally as lucrative employment in the future. Plaintiff cannot meet his burden of establishing that he has the qualifications necessary to render such expert opinions and his opinion is not based on a reliable methodology used by experts in the field. *See Elcock v. Kmart Corp.*, 233 F.3d 734 (3d Cir. 2000) (discussing the "outer limit" of the qualifications necessary to testify as a vocational rehabilitation expert). Plaintiff is not a vocational rehabilitation expert and has no experience helping people who suffer from mental impairments get or keep a job. Outside of Plaintiff's owns self-serving and inadmissible opinions, there is no other evidence of lost earning capacity damages. Accordingly Plaintiff's claim for such damages should be stricken.

### J. Plaintiffs Claim for Monetary Damages on His ADA Title III Claim Should Be Stricken

Plaintiff does not dispute that he may only seek injunctive relief on his ADA Title III claim (Count II). *See* 42 U.S.C.A. § 12188; 42 U.S.C.A. § 2000a-3. Accordingly, Plaintiff's request for monetary damages for his ADA claim should be stricken as a matter of law. *Forbes v. St. Thomas Univ., Inc.,* No. 07-22502-CIV, 2008 WL 11411866, at *3 (S.D. Fla. Aug. 28, 2008) (granting motion to strike student's request for damages on her ADA, Title III claims).

### K. Plaintiff's Claim for Punitive Damages Should Be Stricken As a Matter of Law

In the Opposition, Plaintiff does not dispute that punitive damages cannot be sought on Plaintiff's Rehabilitation Act claim (Count I), ADA Title III claim (Count II) and Breach of Contract claims (Counts VI and VII) and should be stricken as a matter of law. *See* [ECF No. 120] at 17. Plaintiff also does not dispute: 1) the standard for finding a defendant liable for punitive

damaged under Florida Statutes Section 768.72(2); and 2) that Plaintiff cannot meet his burden of establishing that RUSM engaged in intentional misconduct or gross negligence. *Id.*

Plaintiff's only basis for his assertion that he is entitled to punitive damages is that: 1) punitive damages are appropriate for tortious conduct accomplished through fraud; and 2) negligent misrepresentation is tantamount to actionable fraud.

First, because Plaintiff's claim for negligent misrepresentation must fail for the reasons expressed above and in the Motion, Plaintiff's claim for punitive damages should be stricken.

Second, Plaintiff's argument is flawed. *See First Interstate Dev. Corp. v. Ablanedo*, 511 So. 2d 536, 539 (Fla. 1987) (noting the reason that that punitive damages are appropriate in fraud cases is because "intentional misconduct is a necessary element of fraud."). Plaintiff cites to *Ostreyko v. B. C. Morton Org., Inc.*, 310 So. 2d 316, 318 (Fla. Dist. Ct. App. 1975) for the proposition that "negligent misrepresentation is considered tantamount to actionable fraud." Although this is an accurate quote, Plaintiff takes it completely out of context.

In *Ostreyko*, the Florida court simply equated negligent misrepresentation to actionable fraud for the purposes of determining what statute of limitations would apply to such a claim. *Id.* The court did not find that by, bringing a "negligent misrepresentation" claim, Plaintiff could bypass his burden under Florida Statutes Section 768.72(2) to show intentional or gross misconduct. *Id.* Plaintiff has not, and cannot, cite to any cases in which punitive damages were appropriate where only negligent – and not intentional or grossly negligent – acts occurred. Here, Plaintiff cannot meet his burden of establishing that RUSM engaged in intentional misconduct or gross negligence, nor has Plaintiff made any effort to do so.

Accordingly, Plaintiff's claim for punitive damages should be stricken in its entirety.

## **CONCLUSION**

WHEREFORE, defendant Ross University School of Medicine, School of Veterinary Medicine Limited respectfully requests that the Court enter an Order: (i) granting its motion for summary judgment; (ii) entering final judgment in RUSM's favor; and (iii) granting RUSM such other and further relief as the Court deems just and proper.

Dated: February 4, 2019

>Respectfully submitted,
>
>*/s/Donnie M. King*
>MICHAEL C. MARSH
>Florida Bar Number: 0072796
>Email: michael.marsh@akerman.com
>Secondary: sharon.luesang@akerman.com
>RYAN A. ROMAN
>Florida Bar Number: 0025509
>Email: ryan.roman@akerman.com
>Secondary: dorothy.matheis@akerman.com
>DONNIE M. KING
>Florida Bar Number: 101386
>Email: donnie.king@akerman.com
>Secondary: simone.tobie@akerman.com
>OCTAVIA M. GREEN
>Florida Bar Number: 119179
>Email: octavia.green@akerman.com
>Secondary: simone.tobie@akerman.com
>**AKERMAN LLP**
>98 SE 7th Street, Suite 1100
>Miami, FL 33131
>Phone:  (305) 374-5600
>Fax:  (305) 374-5095
>
>*Attorneys for Defendant Ross University School of Medicine, School of Veterinary Medicine Limited*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on February 4, 2019 a true and correct copy of the foregoing document was served via CM/ECF on:

Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721
Telephone: (240) 602-1836
E-mail: drmuyiwa.a@gmail.com

                                      *s/Donnie M. King*
                                      Donnie M. King