UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OLUWAMUYIWA AWODIYA,　　　　　　　　CASE NO. 0:18-cv-60482-KMM-AOV

　　　　Plaintiff,
v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

　　　　Defendant.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
STATEMENT OF MATERIAL FACTS [ECF NO. 139]**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM") hereby responds to the "Additional Material Facts" in the Statement of Material Facts [ECF No. 139] filed by plaintiff Oluwamuyiwa Awodiya ("Plaintiff").

**Additional Material Facts**

51. – 55. These facts are immaterial to the Court's determination of whether summary judgment should be granted in RUSM's favor. RUSM does not dispute that Plaintiff exhibited symptoms of ADHD and was ultimately diagnosed with ADHD. Rather, the issue for the purpose of deciding summary judgment is whether Plaintiff made an actionable request for an accommodation.

56. Undisputed that RUSM, through its counseling center, treated Plaintiff on January 11, 2016. *See also* [ECF No. 119] at ¶ 23. To the extent Plaintiff attempts to characterize the contents of the documents marked as Exhibit SJ-13 [ECF No. 102], RUSM states that the documents speak for itself. Undisputed that Plaintiff provided one document to the Counseling Center, a Conners assessment performed in the United States. [ECF No. 119] at ¶ 23.

47722660;3

57. – 58. These facts are immaterial to the Court's determination of whether to grant summary judgment in RUSM's favor. RUSM does not dispute that Plaintiff was tested and diagnosed with ADHD. Rather, the issue for the purpose of deciding summary judgment is whether Plaintiff made an actionable request for an accommodation.

59. To the extent that Plaintiff attempts to characterize the content of the document marked as Exhibit RJ-05 [Exhibit 138], RUSM states that the document speaks for itself.

60. These facts are immaterial to the Court's determination of whether summary judgment should be granted in RUSM's favor. RUSM does not dispute whether Plaintiff was diagnosed with ADHD. Rather, the issue for the purpose of deciding summary judgment is whether Plaintiff made an actionable request for an accommodation.

61. These facts are immaterial to the Court's determination of whether summary judgment should be granted in RUSM's favor. RUSM does not dispute whether Plaintiff was diagnosed with ADHD. Rather, the issue for the purpose of deciding summary judgment is whether Plaintiff made an actionable request for an accommodation. Dr. Sharma testified that Plaintiff never requested extended test time or any other accommodation. [ECF No. 119], at ¶ 18.

62. These facts are immaterial to the Court's determination of whether summary judgment should be granted in RUSM's favor. RUSM does not dispute whether Plaintiff was diagnosed with ADHD. Rather, the issue for the purpose of deciding summary judgment is whether Plaintiff made an actionable request for an accommodation.

63. Disputed and Plaintiff mischaracterizes Dr. Sharma's testimony. Dr. Sharma testified that students seeking a request for academic accommodations are guided to the student handbook and advised of the process of applying for academic accommodations. [ECF No. 119] at ¶ 26.

64. – 65. These facts are immaterial to the Court's determination of whether to grant summary judgment in RUSM's favor. The issue is whether Plaintiff made an actionable request in applying for an accommodation, not whether, had he made such a request, there was adequate documentation of Plaintiff's ADHD to support such a request.

66. Undisputed. Mr. Stewart-Fulton further testified that "the counseling center could submit supporting documentation which could be included in the accommodations application package." *See* excerpts from the Deposition Transcript of Matthew Stewart-Fulton ("Stewart-Fulton Depo."), excerpts of which are attached to the Declaration of Ryan Roman as **Exhibit 1,** Stewart-Fulton Dep. at 28:4-14. The application itself was required to be filled out by the student. [ECF No. 119] at ¶¶ 27-31.

67. These facts are immaterial to the Court's determination of whether summary judgment should be granted in RUSM's favor. RUSM does not dispute that the Release of Information Consent form was signed by Plaintiff in December 2015 to allow RUSM to speak with RUSM's administrators about getting Plaintiff off the island sooner. [ECF No. 119] at ¶16. To the extent Plaintiff attempts to characterize the content of the Release of Information Consent form, RUSM states that the document speaks for itself.

68. Disputed in that the question of duty is a legal question and RUSM rejects that any such duty is supported by law. Dr. Sharma is not a lawyer.

69. Disputed. Mr. Stewart-Fulton testified that an application packet existed for the purpose of requesting academic accommodations and that the application was on the student portal. Stewart-Fulton Dep., Exhibit 1 at 19:25-20:25. Dr. Sharma and Mr. Cuffy both testified that they would have informed Plaintiff of the application and that he must submit it to Mr. Stewart-Fulton in order to request an academic accommodation. [ECF No. 119] at ¶¶ 25-26.

70. Undisputed that accommodations requests are processed in "Foundations of Medicine and Clinical Sciences by the appropriate Accommodation Coordinator in the Office for Student Affairs." [ECF No. 119-22] at 46. As to the second sentence, Plaintiff mischaracterizes Dr. Hayse's testimony and the language found in the Student Handbook. The Student Handbook provides that "RUSM reviews requests to determine whether they are supported by adequate and appropriate documentation. After careful review in consultation with appropriate professionals, the Accommodation Coordinator for Foundations of Medicine or the Director of Office of Consultation and Support Services for IMF/Clinical Sciences will make a recommendation to the Associate Dean, Student Affairs or the Senior Associate Dean, Student Affairs." [ECF No. 119-22] at 47. Further, Dr. Hayse testified that the accommodations coordinator would make recommendations to the associate dean. *See* excerpts from the Deposition Transcript of Bryan Hayse ("Hayse Depo."), excerpts of which are attached to the Declaration of Ryan Roman as **Exhibit 2,** at 23:25-24:4. Dr. Hayse would make a final decision once a recommendation is made by the accommodations coordinator. Hayse Depo., Exhibit 2 at 24:7-8. It is undisputed that Dr. Hayse supervised Mr. Stewart-Fulton.

71. Undisputed and the testimony speaks for itself. In addition to this testimony, Dr. Hayse testified: "[t]he student would follow this process that was written here that was to reach out to academic coordinator, email Mr. Matthew Stewart-Fulton for more information, or follow what was there." Hayse Depo., Exhibit 2 at 35:16-24.

72. Undisputed. This version of the Student Handbook also states "[r]equests for accommodation during the foundational science portion of the curriculum are to be submitted in writing to the Accommodations Coordinator for Foundations of Medicine." Exhibit RJ-06

[Exhibit 138], at 50. Plaintiff never submitted anything in writing, requesting an accommodation. [ECF No. 119] at ¶ 34.

73. Disputed. Dr. Hayse could not recall what he and Plaintiff spoke about during their meeting. [ECF No. 107-1] at ¶ 54.

74. Undisputed that Matthew Stewart-Fulton does not recall the conversation with Plaintiff. Disputed whether Plaintiff informed Mr. Stewart-Fulton that he wanted extended testing time, had an attention problem or advised Mr. Stewart-Fulton that he should get the information from Dr. Sharma and Mr. Cuffy. Matthew Stewart-Fulton does not even remember meeting with plaintiff. Stewart-Fulton Depo. Exhibit 1, at 8:20-22.

75. – 79. These facts are immaterial to the Court's determination of whether summary judgment should be granted in RUSM's favor. RUSM does not dispute whether Plaintiff was diagnosed with Obsessive Compulsive Disorder ("OCD"). For the purpose of deciding summary judgment, the issue is whether Plaintiff made an actionable request for an accommodation.

80. To the extent Plaintiff attempts to characterize the content of Exhibit RJ-07 [ECF No. 138], RUSM states that the documents speak for itself.

81. To the extent Plaintiff attempts to characterize the content of Exhibit 24 to RUSM's Motion [ECF No. 119], RUSM states that the documents speak for itself.

82. To the extent Plaintiff attempts to characterize the content of Exhibit RJ-08 [ECF No. 138], RUSM states that the documents speak for itself.

83. To the extent Plaintiff attempts to characterize the content of Exhibit RJ-09 [ECF No. 138], RUSM states that the documents speak for itself.

84. To the extent Plaintiff attempts to characterize the content of Exhibit RJ-09 [ECF No. 138], RUSM states that the documents speak for itself.

85. These facts are immaterial to the Court's determination of whether summary judgment should be granted in RUSM's favor. RUSM does not dispute whether Plaintiff was diagnosed with ADHD or OCD. For the purpose of deciding summary judgment, the issue is whether Plaintiff made an actionable request for an accommodation.

86. These facts are immaterial to the Court's determination of whether summary judgment should be granted in RUSM's favor. RUSM does not dispute that Plaintiff appealed his dismissal to Dean Owen on June 13, 2017. RUSM also does not dispute that RUSM learned of Plaintiff's OCD following his dismissal from the program.

87. Undisputed.

88. Undisputed.

89. Plaintiff mischaracterizes Dean Owen's testimony. Dean Owen testified that he recalled letters from Plaintiff's psychiatrists and recalled Plaintiff's psychiatrists describing an interventional program in progress. He did not see a verification of its benefits. *See* excerpts from the Deposition Transcript of William Owen ("Owen Depo."), excerpts of which are attached to the Declaration of Ryan Roman as **Exhibit 3,** at 21:9-16. Dean Owen's decision to withhold Plaintiff's dismissal was based on Plaintiff's past performances. *Id.* at 21:17-19. Dean Owen also testified that the decision to readmit a student is final unless a student comes back with evidence that they can be successful. *Id.* at 29:11-22. RUSM does not just make a decision to bring a student back but they want to ensure that the student will be successful. *Id.* at 29:16-21.

90. These facts are immaterial to the Court's determination of whether summary judgment should be granted in RUSM's favor. Plaintiff never requested accommodations. [ECF No. 119] at ¶¶ 34-35. Further, documentation supporting Plaintiff's OCD was submitted after his dismissal from RUSM.

91. These facts are immaterial to the Court's determination of whether summary judgment should be granted in RUSM's favor.

92. Undisputed.

93. To the extent Plaintiff attempts to characterize the content of Exhibit RJ-10 [ECF No. 138] and Exhibit RJ-11 [ECF No. 138], RUSM states that the documents speak for themselves.

94. To the extent Plaintiff attempts to characterize the content of Exhibit RJ-10, RUSM states that the document speaks for itself.

95. Undisputed.

96. To the extent Plaintiff attempts to characterize the contents of Exhibit RJ-11 [ECF No. 138], RUSM states that the document speaks for itself.  Moreover, the facts allegedly asserted herein are contrary to the allegations in Plaintiff's Third Amended Complaint, where Plaintiff alleges that "the last version published at the time was the 2015-2016, vol. 7 Ross University Academic Catalog.  The next version of the academic catalog was not published until November 2016 . . . ." [ECF No. 47] at ¶ 33.  Both iterations of the Student Handbook submitted by Plaintiff in support of his Opposition to Defendant's Motion for Summary Judgment make clear that the academic catalogs were issued on September 1, 2015.

97. Undisputed.

98. Undisputed that RUSM issued and published Volume 8 of its Student Catalog in November 2016.  Moreover, RUSM, through its Curriculum Counsel and the Dean's Cabinet, approved a renewed policy on the COMP Exam, increasing the minimum required passing score from a 66 to a 68 in September 2015.  *See* Declaration of Sandra Herrin, [ECF No. 119-23], at ¶ 3.  Students were advised of this change, via an email sent in September 2015.  *Id.* at ¶4.   The score change became effective on November 15, 2015. *See* Exhibit A to the Declaration of Sandra Herrin, [ECF

No. 119-23]. To the extent Plaintiff attempts to characterize the contents of Exhibit RJ-11 [ECF No. 138], RUSM states that the document speaks for itself.

99. To the extent Plaintiff attempts to characterize the contents of the Student Handbook, RUSM states that the document speaks for itself.

100. Undisputed that RUSM, through its Accommodations Office, determines whether its students require accommodations to a disability. [ECF No. 119] at ¶¶ 27-30.  It is also undisputed that Plaintiff did not receive extended testing time for the NBME CBSE.  Nor is it disputed that extended testing time is a reasonable accommodation for a disabled student who needs extended testing time.  However, Plaintiff never submitted an application for an accommodation. [ECF No. 119] at ¶¶ 34-35.

101.  RUSM is without knowledge of whether Plaintiff received routine mental status exams from his psychiatrists during the timeframe Plaintiff attempted his NBME CBSE exams.  To the extent Plaintiff attempts to characterize the contents of Exhibit RJ-13 [ECF No. 138], RUSM states that the documents speak for themselves.

102. To the extent Plaintiff attempts to characterize the contents of Exhibit RJ-13 [ECF No. 138], RUSM states that the documents speak for themselves.

103. These facts are immaterial to this Court's determination of whether summary judgment should be granted in RUSM's favor.  Even assuming Plaintiff can show that there was no written policy requiring RUSM faculty to comply with requests for accommodations, the evidence shows that RUSM, through its Accommodations Office, grants accommodations to students who identified themselves to the Accommodation Coordinator, declared a disability or suspected disability in writing and requested an accommodation. [ECF No. 119] at ¶¶ 27-30.  Plaintiff never completed this process.  [ECF No. 119] at ¶¶ 34-35.

104. To the extent Plaintiff attempts to characterize the contents of Exhibit RJ-14 [ECF No. 138], RUSM states that the documents speak for themselves.

105. Undisputed.

Dated: February 4, 2019

                           Respectfully submitted,

                           */s/Ryan Roman*
MICHAEL C. MARSH
Florida Bar Number:  0072796
Email:  michael.marsh@akerman.com
Secondary:  sharon.luesang@akerman.com
RYAN A. ROMAN
Florida Bar Number:  0025509
Email:  ryan.roman@akerman.com
Secondary:  dorothy.matheis@akerman.com
DONNIE M. KING
Florida Bar Number: 101386
Email: donnie.king@akerman.com
Secondary: simone.tobie@akerman.com
OCTAVIA M. GREEN
Florida Bar Number: 119179
Email: octavia.green@akerman.com
Secondary: simone.tobie@akerman.com
**AKERMAN LLP**
98 SE 7th Street, Suite 1100
Miami, FL 33131
Phone:  (305) 374-5600
Fax:  (305) 374-5095

*Attorneys for Defendant Ross University School of Medicine, School of Veterinary Medicine Limited*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 4, 2019 a true and correct copy of the foregoing document was served via CM/ECF on:

Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721
Telephone: (240) 602-1836
E-mail: drmuyiwa.a@gmail.com

                                                            */s/Ryan Roman*
                                                            Ryan Roman