**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

OLUWAMUYIWA AWODIYA,                  CASE NO.  0:18-cv-60482-KMM-AOV

       Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

       Defendant.
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S THIRD MOTION FOR JUDICIAL NOTICE**

Defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM"), by counsel, hereby submits its response in opposition to the third Motion for Judicial Notice [ECF No. 140] (the "Motion") filed by plaintiff Oluwamuyiwa Awodiya ("Plaintiff").

**INTRODUCTION**

The Court has denied two prior motions for judicial notice filed by Plaintiff.  *See* [ECF No. 44] (denying request for judicial notice) and [ECF No. 121] (denying in part as to the primary substance of the requests).  In his third Motion, Plaintiff ignores the substance of the Court's prior rulings and again seeks to circumvent the Federal Rules of Evidence to improperly obtain judicial notice of purported evidence.  In the Motion, the information for which Plaintiff seeks judicial notice has to do with his insufficient computation of damages, for which he has disclosed no expert witnesses.  The Motion should be denied.

Plaintiff asks the Court to take judicial notice of: (i) quotes from a ruling of the United States Supreme Court; (ii) a mathematical formula for obtaining present value; (iii) wage data from government websites; (iv) a mathematical formula for obtaining average annual growth rate; (v) the interest rate for thirty-year bonds; and (vi) information from a "life expectancy calculator."

*See* Motion at 1.  Such evidence lacks a proper foundation and should not be admitted without an appropriate expert witness.  Moreover, such evidence is subject to reasonable dispute, and is the subject of a rebuttal expert report prepared by RUSM's expert witness.  Therefore, the Court should decline to grant judicial notice and should deny the Motion.

## LEGAL STANDARD

Federal Rule of Evidence 201 governs the judicial notice of adjudicative facts, which are facts that are "not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  "[T]he taking of judicial notice of facts is, as a matter of evidence law, a highly limited process."  *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997).  Courts have held that the reason for such caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court.  *Id.*

## ARGUMENT

### a. The Motion is Untimely and Should be Striken.

The Motion is untimely and should be stricken.  Pursuant to the Paperless Order Scheduling Trial [ECF No. 37] (the "Scheduling Order") and the Court's Paperless Order granting RUSM's Motion for Extension of Time [ECF No. 104], all pretrial motions were due by January 4, 2019.  According to the signature block and certificate of service, the Motion was mailed to the Court for filing on January 22, 2019 and was received by the Court on January 28, 2019.  The Motion was not served until January 29, 2019, when RUSM finally received the brief via CM/ECF.

The Court has the discretion to strike the Motion as untimely.  *See Mosley v. MeriStar Mgmt. Co., LLC*, 137 Fed. Appx. 248 (11th Cir. 2005) (finding no abuse of discretion in district court's order striking an untimely opposition to a motion for summary judgment); *Young v. City*

*of Palm Bay, Florida*, 358 F.3d 859, 864 (11th Cir. 2004) (finding no abuse of discretion in district court's refusal to consider an untimely opposition to motion for summary judgment).

### b. The Court Should Deny the Motion on the Merits

In his Motion, Plaintiff seeks to have the following items judicially noticed: (i) quotes from a ruling of the United States Supreme Court; (ii) a mathematical formula for obtaining present value; (iii) wage data from government websites; (iv) a mathematical formula for obtaining average annual growth rate; (v) the interest rate for thirty-year bonds; and (vi) information from a "life expectancy calculator." *See* Motion at 4-9.

While such information may be the type of information relied upon by a one party's expert witness in reaching an opinion as to damages, Plaintiff has failed to disclose any expert witnesses in this matter. Instead, he is asking the Court to take judicial notice of the information to overcome Plaintiff's failure to disclose an expert prior to the discovery cutoff. *See Crane v. Crest Tankers, Inc.*, 47 F.3d 292, 295 (8th Cir. 1995) ("If the case involves an issue of future lost wages, generally an expert witness is employed who, once qualified, opines on various issues including work life expectancy, future damages, and methods for discounting the same to present value.").

Plaintiff relies heavily on *Sharick v. Southeastern University*, 780 So. 2d 136, 138 (Fla. Dist. Ct. 2000) to argue that he should be entitled to use judicial notice as a tool to circumvent his evidentiary obstacles in proving his case. *See* Motion at 2-3. However, in *Sharick*, it appears that the plaintiff relied upon an expert witness in proving his damages and Plaintiff does not suggest that the court in *Sharick* permitted the plaintiff to use judicial notice to prove his damages. *See* Plaintiff's Disclosure of Expert Economist, *Sharick v. Southeastern Univ.*, Case No. 1993-015077-CA-01 (Fla. 11th Cir. Ct. 1993). *See* copy of the certified docket at pages 30, 33, attached hereto as **Exhibit A**. In fact, the *Sharick* opinion is not a case discussing judicial notice in any fashion. Therefore, *Sharick* is readily distinguishable.

Plaintiff seeks judicial notice so that he may present information to the jury without having to lay a foundation or properly explain its import to the jurors. The case of *Evans v. BV Shipping Co. Lombok Strait*, Civil No. 07-3139 (RMB/KMW), 2009 WL 3233524, at *2 (D.N.J. Oct. 5, 2009), is persuasive. In *Evans*, the plaintiff asked the court to take judicial notice of a chart entitled "Present Value of Annuity Factors," which calculated the future value discount based upon interest rates of one to seven percent. *Evans,* 2009 WL 3233524 at *1. This information was being used by the plaintiff to support his claim for future lost income. *Id.* The court found two problems preventing it from allowing the jury to award future lost income. *Id.* at *2. First, the court found that plaintiff sought to present the jury with the present value table in a vacuum.

> The jury has heard no testimony on the Table's function, how it may be used, and the appropriate interest rate to apply. In short, Plaintiff asks that this piece of evidence be submitted to the jury without having laid any foundation for it, which is usually done by the testimony of an expert witness "who, once qualified, opines on various issues including work life expectancy, future damages, and methods for discounting the same to present value."

*Id.*

Although the plaintiff in *Evans* suggested that the court could decide the appropriate interest rate based upon counsel's argument, the court found that it was ill-equipped to resolve this sort of technical fact dispute. *Id.* Similarly here, Plaintiff is seeking to have the Court take judicial notice of information that needs to be supported by the opinion of an expert after the laying of a proper foundation.

The court in *Evans* also found a second problem precluding it from awarding future lost income. The plaintiff there did not present sufficient testimony to enable a nonspeculative award. *Id.* "A jury must be presented with 'more than speculative opinion when determining damages for prospective earnings loss." *Id.* (citing *Benjamin v. Peter's Farm Condominium Owners Ass'n*, 820

4

F.2d 640, 642 (3d Cir. 1987)).  Similarly here, Plaintiff cannot lay the proper foundation necessary for these items to reach the jury.

Further, "the more critical an issue is to the ultimate disposition of the case, the less appropriate judicial notice becomes." *Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985).  The purported damages for loss earning capacity is a critical and disputed issue in this litigation.  "A court should not go outside the record to supply a fact that is an essential part of a party's case unless the fact is clearly beyond dispute." *Id.*

The Motion should be denied as to each of the items for which judicial notice is being requested.

### i. Quotes from Case Law are Not Subject to Judicial Notice to the Extent that Plaintiff Seeks to Have Precedent Admitted for the Matter of the Truth Asserted

With regards to specific quotations from case law, including the use of case law citations to admit mathematical formulas and tables, judicial notice is not appropriate.

Here, Plaintiff seeks to have precedent judicially noticed to support his computation of his purported damages.  Plaintiff relies on *Jones Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523, 533 (1983) and seeks to rely on and introduce the *Pfeifer* Court's analysis, including formulas used to calculate damages, in lieu of going through the traditional means of having such evidence admitted at trial.  Plaintiff should be precluded from doing so and should be required to meet the same evidentiary standard as the plaintiff in *Pfeifer* and any other case where a plaintiff is seeking to prove his lost earning capacity damages.

*Johnson v. Clark*, No. 2:03CV490FTM33DNF, 2006 WL 289107, at *2 (M.D. Fla. Feb. 7, 2006), is instructive here.  In assessing whether to take judicial notice of a court's opinion, the court looked at the Eleventh Circuit's strong warning of undue prejudice resulting from the

admission of judicial orders under Federal Rule of Evidence 403. *Johnson*, 2006 WL 289107, at *2. The court precluded Johnson from making known to the jury any portions of the judicial orders which may be deemed "findings of fact." *Id.* Similarly here, the precedent cited by Plaintiff in his Motion are "findings of fact." Plaintiff is not seeking to make known to the jury the fact that the judicial proceedings took place. Instead, Plaintiff intends to introduce the methodologies from the opinion to overcome his failure to retain an expert and his inability to introduce such methodologies due to the fact that he cannot offer expert testimony. Taking judicial notice of the contents would establish conclusive factual findings and determinations, while limiting RUSM's ability to fully defend against Plaintiff's damages claims. *See Kramer v. United States*, No. Cv. 09-2087-PHX, ECV, 2011 WL 13233251, at *2 (D. Ariz. July 12, 2011).

Quotes from *Jones Laughlin Steel Corp. v. Pfeifer,* 462 U.S. 523, 533 (1983) and the formulas cited in case law (Request Nos. 1 through 4) should not be judicially noticed. The Motion should be denied.

> ii. **The Court Should Decline to Take Judicial Notice of Earnings Data, Annual Growth Rate Data, Interest Rates, and Life Expectancy from Government Websites**

With respect to the earnings data from certain government websites, Plaintiff's own cited case law does not support his requested relief. Plaintiff relies on *Hargus v. Ferocious and Impetuous, LLC*, Civil No. 2013-111, 2015 WL 1743049 (D.V.I. Apr. 14, 2015), in support of his arguments for judicial notice of earnings data from government websites. However, in *Hargus*, the court declined to take judicial notice of wage data where the plaintiff failed to provide any explanation as to how the alleged fact he wanted judicially noticed was relevant to his case. *Id.* at *2.

In Request Nos. 5-9, Plaintiff seeks judicial notice of what appears to be median usual weekly earnings for people aged "25 years and over" with "bachelor's degree only" in 2000, 2017 and 2018, respectively. *See* Motion at 6. Plaintiff also seeks judicial notice of the "mean annual wage" for Family and General Practitioners for both 2000 and 2017, *id.*, without further explanation of what this data is, how it is collected, or how such data is relevant to this case. Courts have found that without more, such information lacks relevance. *See Hargus*, 2015 WL 1743049, at *2 ("Based on plaintiff's actual earnings, the average salary for 'Welders, Cutters, Solderers and Brazers,' reported by BLS for May 2013, without more, lacks relevance") (citing *Evans*, 2009 WL 3233524 at *2).

In *Benjamin v. Peter's Farm Condo. Owners Ass'n*, 820 F.2d 640, 642-43 (3d Cir. 1987), the Third Circuit Court of Appeals found that, "although mathematical exactness is not required, testimony of post-injury earning capacity must be based upon the proper factual foundation." The court also found that "reliance on Benjamin's personal belief as to his capabilities was improper because Benjamin's belief was merely speculative." *Id.* at 643. "The figure derived from that reliance was thus without proper foundation and insufficient for a jury properly to assess Benjamin's damages." *Id.*

Similarly here, Plaintiff has not and cannot lay the proper foundation necessary to calculate his purported damages for loss of earning capacity. Admission of earning data form government websites, without more, does not overcome the threshold showing of relevance required for evidence to be deemed admissible. Thus, Plaintiff's Motion should be denied. *See Associated Terminals of St. Bernard, LLC v. Potential Shipping HK Co. Ltd.*, 2018 A.M.C. 1477, 1511 (E.D. La. 2018) (refusing to take judicial notice of tables and statistics showing what average workers in certain fields earned due to a party's evidentiary void in proving damages).

7

In Request No. 10, Plaintiff also seeks to take judicial notice of data regarding average annual growth rate. For the reasons set forth above, this request should be denied because Plaintiff fails to establish the proper foundation, lacks any expert witness to rely upon in introducing such data, and fails to establish the relevance of such information to this action.

In Request No. 11, Plaintiff seeks judicial notice of interest rate information. However, Courts have refused to take judicial notice of bond rates where a plaintiff fails to meet his burden of laying a foundation to support judicial notice. *Hargus*, 2015 WL 1743049 at \*5. *See also Wilburn v. Maritrans GP*, 139 F.3d 350, 364 (3d Cir. 1998). In *Wilburn*, the Third Circuit Court of Appeals upheld a decision by the trial court, finding a jury's award to be unsupported by evidence. Specifically, the court held:

> In most of the reduction to present value cases which have been decided by this court the principal focus has been on whether the plaintiff produced sufficient evidence to guide the jury in determining an appropriate discount factor and in performing the mathematical calculations involved in reducing an award to present value. In these cases the dangers that the juries' damage awards were based on mere conjecture or guesswork were too high to support the awards, since the juries had been provided with no guidance as to the appropriate formula to use to reduce the awards. In *Russell,* for example, we held that "[t]he determination of the appropriate interest rate and the computation of present value on the basis of it involve[ ] facts and mathematical procedures of which the jury could not be assumed to have personal knowledge from their own prior experience. They were, therefore, entitled to receive evidence and appropriate mathematical guidance with respect to these matters if they were to act rationally and not upon mere conjecture or guess."

*Wilburn*, 139 F.3d at 364 (citing *Gorniak v. National R.R. Passenger Corp.*, 889 F.2d 481, 485 (3d Cir. 1989)).

Similarly, Plaintiff is seeking judicial notice of interest rates without having provided the Court with any information or guidance for selecting the appropriate discount factor or otherwise relying upon an expert to properly introduce such information to a jury. *See* Motion at 7-8.

8

Judicial notice of the requested interest rate should also be declined because "the best method for calculating the approximate present value of an award for loss of future earnings can become the subject of reasonable debate in almost any case." *Hargus*, 2015 WL 1743049 at *5 (citing *Monessen S.R. Co. v. Morgan*, 486 U.S. 300 351 (1988)). As mentioned herein, Plaintiff's purported calculation of his damages, including what interest rate applies, is subject to a rebuttal expert report. Thus, judicial notice is inappropriate as to Request No. 11.

Finally, in Request No. 12, Plaintiff seeks judicial notice of "The Retirement & Survivors Benefits: Life Expectancy Calculator, Social Security." In doing so, Plaintiff relies on several cases that are clearly distinguishable.

For instance, Plaintiff cites to *Key v. Kight*, CIVIL ACTION NO.: 6:14-cv-39, 2017 WL 915133, *3, 2017 WL 915133, at *3 (S.D. Ga. Mar. 8, 2017). First, *Key* is not an opinion discussing judicial notice. Instead, this is an opinion deciding a motion for default judgment. Nonetheless, the court in *Key* stated that, "even in the default judgment context, 'a court has an obligation to assure that there is a legitimate basis for any damages award it enters." *Id*. "A court must ensure an award is not a 'completely unreasonable or speculative amount [] with no factual basis." *Id.* "A plaintiff must 'show the Court what [his] damages are, how they are calculated, and where they come from.'" *Id.*

Likewise, *Flick v. James Monfredo, Inc.*, 356 F. Supp. 1143, 1150 (E.D. Pa. 1973), is distinguishable. As with *Key*, the court in *Flick* does not discuss judicial notice in its decision. Furthermore, in that action, the plaintiff had submitted substantial evidence to support his claim for lost earning capacity damages, sufficient to put the data into context so that it might be used by jurors to assist in their analysis. *Id*. Thus, the jury in *Flick* was entitled to use the present value and mortality tables in helping to arrive at a verdict.

Reliance on a purported life expectancy calculator without any foundation laid by an expert witness does not assist the trier of fact. Life expectancy calculations are typically subject to dispute amongst experts. *See Crane*, 47 F.3d at 295 ("If the case involves an issue of future lost wages, generally an expert witness is employed who, once qualified, opines on various issues including work life expectancy. …"). Therefore, judicial notice should be denied as to Request No. 12.

### c. **RUSM Would be Prejudiced if The Court Grants The Motion**

RUSM would be prejudiced if the Court were to grant judicial notice. As previously stated, Plaintiff would be allowed to present evidence to the jury without laying sufficient foundation. Further, the matters are being asserted for their truth, in support of Plaintiff's already faulty calculations of damages. If admitted, a jury may do what it pleases with the information without Plaintiff going through the rigors of having such evidence properly admitted. Further, RUSM would be precluded from challenging the evidence through cross-examination before it is submitted to a jury. This would cause prejudice to RUSM. Federal Rule of Evidence 403 allows the Court to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury. The Motion should be denied.

### **CONCLUSION**

WHEREFORE, defendant Ross University School of Medicine, School of Veterinary Medicine Limited respectfully requests for this Court to enter an Order (i) denying Plaintiff's Motion for Judicial Notice in Support of his Response in Opposition to Defendant's Motion for Summary Judgment; and (ii) granting RUSM such other and further relief as the Court deems just and proper.

Dated: February 12, 2019

Respectfully submitted,

*/s/Octavia M. Green*
MICHAEL C. MARSH
Florida Bar Number:  0072796
Email:  michael.marsh@akerman.com
Secondary:  sharon.luesang@akerman.com
RYAN A. ROMAN
Florida Bar Number:  0025509
Email:  ryan.roman@akerman.com
Secondary:  dorothy.matheis@akerman.com
DONNIE M. KING
Florida Bar Number: 101386
Email: donnie.king@akerman.com
Secondary: simone.tobie@akerman.com
OCTAVIA M. GREEN
Florida Bar Number: 119179
Email: octavia.green@akerman.com
Secondary: simone.tobie@akerman.com
**AKERMAN LLP**
98 SE 7th Street, Suite 1100
Miami, FL 33131
Phone:  (305) 374-5600
Fax:  (305) 374-5095

*Attorneys for Defendant Ross University School of Medicine, School of Veterinary Medicine Limited*

47767724;6

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on February 12, 2019 a true and correct copy of the foregoing document was served via CM/ECF on:

Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721
Telephone: (240) 602-1836
E-mail: drmuyiwa.a@gmail.com

                                        */s/Octavia M. Green*
                                        Octavia M. Green