# UNITED STATES DISTRICT COURT
for the
Southern District of Florida



FILED BY _____ D.C.

FEB 19 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

| | |
|---|---|
| OLUWAMUYIWA AWODIYA,<br>*Plaintiff,*<br><br>-v-<br><br>ROSS UNIVERSITY SCHOOL OF<br>MEDICINE, SCHOOL OF<br>VETERINARY MEDICINE LIMITED<br>*Defendant.* | Case No. 0:18-cv-60482-KMM<br><br>Hon. Chief Judge: K. Michael Moore<br>Magistrate Judge: Alicia O. Valle |

## PLAINTIFF'S REPLY TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Oluwamuyiwa Awodiya ("Plaintiff"), in proper person, hereby files his reply to Plaintiff's Request for Judicial Notice ("Judicial Notice Motion") [ECF No. 140] in Support of Plaintiff's Response in Opposition [ECF No. 137] to Defendant's Motion for Summary Judgment ("Def. Summ. J. Mot.") [ECF No. 120].

### INTRODUCTION

In defendant's—Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM")—motion for summary judgment, it argued that "Plaintiff's claim for lost earning capacity damages should be stricken because there is no evidence supporting such damages." *See* Part IV.H of Def. Summ. J. Mot., at 15-16 [ECF No. 120]. In response, Plaintiff asked the Court to take judicial notice of Request Nos. 1 through 12 (collectively the "Requests"). *See* Judicial Notice Motion [ECF No. 140]. "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). Thereafter, RUSM filed an opposition (the "Opposition") [ECF No. 147] to Plaintiff's Judicial Notice Motion.

1

Plaintiff did not request the Court to take judicial notice of Plaintiff's lost earning capacity, rather, Plaintiff requested the Court to take notice of specific facts and specific judicial opinions that would assist the trier of fact to calculate on its own, Plaintiff's lost future earnings based upon reasonable inference from Plaintiff's age, Plaintiff's only attainment of a bachelor's degree, Plaintiff's USMLE Step 1 score, and the average USMLE Step 1 score of RUSM students that practice Family Medicine with a medical degree. *See* Judicial Notice Motion, at 4.

RUSM did not dispute the authenticity nor the accuracy of any of the Requests. RUSM also appears to concede that the Requests would allow a jury to reasonably infer the value of the medical degree and therefore the lost earning capacity. Rather, RUSM seems to argue that only an expert has the ability to lay the foundation for these Requests to be judicially noticeable. By taking such a position, RUSM attempts to complain of the resulting uncertainty of its unlawful actions.

Pursuant to the "modifying doctrines" under Florida law, RUSM "cannot complain of the resulting uncertainty" and Plaintiff's "best evidence of the damage of which the situation admits is furnished, this is sufficient." *See Sharick v. Southeastern University*, 780 So. 2d 136, 140 (Fla. Dist. Ct. App. 2000), *review granted*, 804 So.2d 330 (Fla. 2001), 805 So.2d 809 (Fla. 2002), *review dismissed*, 822 So.2d 1290 (Fla. 2002); *See also* Judicial Notice Motion, at 2-4.

Judicial notice of Requests Nos. 1-12 should be granted and Part IV.H of Defendant's Motion for Summary Judgment should be denied.

## ARGUMENT

### I. RUSM Has Not Offered Any Authority that Expert Testimony is "Required"

#### A. Expert Testimony is Not Required for Damages in Future Loss of Income.

In RUSM's Opposition, it has done nothing more than to present a conclusory argument that expert testimony is required for future lost income. RUSM could not be more incorrect. This Court has stated:

2

> The undersigned notes that **expert testimony is not required for a determination as to front wages**.

*Leon v. M.I. Quality Lawn Maint., Inc.*, CASE NO. 10-20506-CIV-SIMONTON, at *11 (S.D. Fla. Feb. 28, 2013) (emphasis added).

Other courts have explicitly held the same. *See Portis v. Wal-Mart Stores East, L.P.*, CIVIL ACTION 07-0557-WS-C., at *12 (S.D. Ala. Jul. 30, 2008) ("lost future wages may be adequately established by plaintiff's testimony concerning work history, schooling, job and salary, and expert testimony is not required on these matters." (citing *Schleier v. Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc.*, 876 F.2d 174, 178-79 (D.C. Cir. 1989)); *Laramie v. Stone*, 160 N.H. 419, 429 (N.H. 2010) ("Though a claim for loss of earning capacity may involve a series of inferences to arrive at an estimation of damages, it does not necessarily follow that the subject itself is so distinctly related to some science, profession or occupation as to be beyond the ken of the average layperson. Indeed, as a general rule, expert testimony is admissible but usually not required to establish impairment of earning capacity." (internal quotation marks and alterations omitted)); *Warren v. Cnty. Comm'n of Lawrence Cnty.*, 826 F. Supp. 2d 1299, 1311 n.12 (N.D. Ala. 2011) ("Even if the [Eleventh Circuit] pattern jury instruction applied to front pay, it does not indicate that expert testimony is necessary or required.").

Specifically, regarding Request Nos. 5-9, Plaintiff relied on *Varlesi v. Wayne State Univ.*, Case No. 10-14793, at *8 (E.D. Mich. Jun. 24, 2014). *See* Judicial Notice Motion, at 5-6. *Varlesi* is on point. Like this Court, the court in *Varlesi* held:

> Although the Court did not allow Plaintiff to present expert testimony on the future damages issue because Plaintiff failed to disclose and designate an expert on this issue as required under Rule 26, the Court took judicial notice of the Bureau of Labor Statistics presented by Plaintiff. Courts have taken judicial notice of the publications of the Bureau of Labor Statistics of the U.S.

> Department of Labor. The Court finds it did not abuse its discretion in allowing the jury to consider the future damages issue.

*Varlesi*, Case No. 10-14793 at *8 (internal citation omitted).

Under Florida law there are "several modifying doctrines" to lost future earnings from breach of contractual relationships, *i.e.*, between a student and a private university. *See Sharick v. Southeastern University*, 780 So. 2d 136, 140 (Fla. Dist. Ct. App. 2000), *review granted*, 804 So.2d 330 (Fla. 2001), 805 So.2d 809 (Fla. 2002), *review dismissed*, 822 So.2d 1290 (Fla. 2002); *See also* Judicial Notice Motion, at 2-3. Amongst these modifying doctrines under Florida law is, "If the best evidence of the damage of which the situation admits is furnished, this is sufficient." *Sharick*, 780 So. 2d at 140. Therefore, under the "best evidence" doctrine, expert testimony is not required. *Cf. Coleman v. Swift Transp. Co. of Ariz., LLC*, NO. 3:13-CV-0003-DMB-SAA, at *11 (N.D. Miss. Jul. 16, 2014) ("They contend that because the plaintiffs do not offer expert testimony for Coleman's damages, a jury would have to speculate as to the amount of her loss. Mississippi law, however, does not require the plaintiffs to use expert testimony to prove damages; it only requires the plaintiffs to prove their damages by 'the best evidence available.'"); *Barber v. Ohana Military Cmtys.*, LLC, CIVIL NO. 14-00217 HG-KSC, at *20 (D. Haw. Jul. 9, 2015) ("Hawaii law allows a jury to calculate damages based on the best evidence available and does not require expert testimony to evaluate dimunition in a property's value.").

### B. Expert Testimony is Not Required for Present Value Calculations.

Applying Florida substantive law, the Eleventh Circuit held that: "There is no requirement, however, that a party introduce expert testimony to aid a jury in its determination of present value.... Therefore, we find that the district court did not commit error by allowing the jury to calculate damages without the testimony of an expert on present value." *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1180 (11th Cir. 2002) (citing *Seaboard Coast Line R.R. v. Burdi*, 427

4

So.2d 1048, 1050 (Fla. 3d Dist.Ct.App. 1983) ("Jurors, as persons of common experience, know generally that one needs to invest less than a dollar today to insure the return of a dollar in the future, so that expert testimony, while helpful, may hardly be considered indispensable to a consideration of the question.")); *accord Portis v. Wal-Mart Stores East, L.P.*, CIVIL ACTION 07-0557-WS-C., at *11 n.11 (S.D. Ala. Jul. 30, 2008).

## II. The Judicial Opinions and Judicial Formulas Do Not Contain "Findings of Fact"

The quotes from *Jones Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523 (1983) and the formulas cited in case law (Request Nos. 1 through 4) are judicial opinions that—in addition to laying a foundation—would aid, guide, and instruct the trier of fact on how to apply Request Nos. 5-12, as well as other facts in Plaintiff's case, to the trier's of fact calculation of Plaintiff's lost future earnings.

This Court has previously turned to *Getty Petroleum Marketing v. Capital Terminal*, 391 F.3d 312 (1st Cir. 2004) (per curiam) (hereinafter "*Getty*") to "explain the different types of judicial notice." *Couch v. Broward Cnty.*, CASE NO. 11-62126-CIV-WILLIAMS/SELTZER, at *3 n.1 (S.D. Fla. Jun. 5, 2012). This Court found that "Rule 201 applies only to requests to take judicial notice of adjudicative facts; it does not govern judicial notice of legislative facts or judicial notice of law." *Id.* "In the federal system, '[t]he law of any state of the Union, whether depending upon statutes **or upon judicial opinions**, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof." *Id.* (emphasis added) (quoting *Lamar v. Micou*, 114 U.S. 218, 223 (1885)). "Judicial notice of law is the name given to the commonsense doctrine that the rules of evidence governing admissibility and proof of documents generally do not make sense to apply to statutes or judicial opinions ...." *Getty*, 391 F.3d at 322; *Personnel Dept. v. Professional Staff*, 297 Fed. Appx. 773, 784 n.10 (10th Cir. 2008). "The fact that the jury should not be called upon to *decide* the law has no impact on whether the jury may *see* the

5

law. These are independent questions…. If ordinary statutes, which are always subject to judicial notice, and should almost never be offered into evidence, can be given to the jury, then it follows that the trial court has the discretion to publish to the jury … any other source of law, even though the law does not enter the case as 'evidence.'" *Getty*, 391 F.3d at 332 n.26.

"The district court can judicially notice a matter of law as a matter of fact, 'i.e., the court can look to the law not as a rule governing the case before it but as a social fact with evidential consequences.' Thus, the law allows the district court to take judicial notice of opinions and case law from other jurisdictions." *Professional Staff*, 297 Fed. Appx. at 784 n.10 (internal citation omitted); *Cf. Godboldo v. Cnty. of Wayne*, No. 15-2438, at *9 (6th Cir. Apr. 14, 2017) (also applying *Getty*) ("Therefore, consideration of these Michigan court opinions is not only proper, it is required.").

### III. There is No Prejudice and the Requests are Substantively Probative

First, as stated above, the jury will be guided by the judicial opinions and formulas on how the Requests should be applied. *See also* Fed. R. Evid. 105 ("If the court admits evidence that is admissible … for a purpose—but not … for another purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly."). Second, all of the Requests, individually, are public facts from the United States government. The Requests are not subject to reasonable dispute and therefore it is impractical and unreasonable and would be a waste of time to cross-examine the United States government or the opinions of the United States Supreme Court. Third, any prejudice is outweighed by the fact that the Requests are probative and would allow Plaintiff to present the question of lost earning capacity to the trier of fact without the need of expensive expert testimony. This is also probative because denying the Requests would allow RUSM to present unopposed, the most "faulty" and biased "expert" testimony that its money can buy.

## CONCLUSION

Plaintiff Oluwamuyiwa Awodiya respectfully requests that the Court (i) take judicial notice of Requests Nos. 1-12 [ECF No. 140]; and (ii) deny Part IV.H of Defendant's Motion for Summary Judgment, at 15 [ECF No. 120].

DATED this 15th day of February, 2019:

Respectfully submitted,

By: Oluwamuyiwa Awodiya, *pro se* litigant
15005 Dahlia Dr.
Bowie, MD 20721
(240) 602-1836
Plaintiff, in Proper Person

## CERTIFICATE OF SERVICE

I do hereby certify that on the 15th or 18th day of February, 2019, I have caused a true and correct copy of the foregoing by mailing a copy to the Court, where the Court's CM/ECF system will send notification to the following:

**Ryan Roman**
Akerman Senterfitt
Suntrust International Center
1 SE 3rd Avenue
25th Floor
Miami, FL 33131-1714
305-374-5600
Fax: 305-374-5095
Email:
ryan.roman@akerman.com

**Octavia Monique Green**
Akerman LLP
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, FL 33131
(305) 982-5670
Email:
octavia.green@akerman.com

By: Oluwamuyiwa Awodiya, *pro se* litigant

7