UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OLUWAMUYIWA AWODIYA,                     CASE NO. 0:18-cv-60482-KMM-AOV

     Plaintiff,
v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

     Defendant.
_____/

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE NEW THEORIES OF LIABILITY

Defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM"), respectfully moves the Court for an Order excluding plaintiff Oluwamuyiwa Awodiya ("Plaintiff") from advancing two new theories of liability that have only come to light on the eve of trial. In support thereof, RUSM states as follows.

**I.   INTRODUCTION**

After failing the National Board of Medical Examiners' Comprehensive Basic Science Examination ("NBME CBSE") five times, Plaintiff was dismissed from RUSM. Since the initiation of the case, Plaintiff's theory of liability has always been that RUSM failed to provide him with an accommodation of extended testing time on his NBME CBSE. However, Plaintiff now asserts two additional theories of liability.

First, Plaintiff claims that RUSM failed to accommodate him by not readmitting him into the medical school after he was dismissed. Second Plaintiff now claims that when he appealed his dismissal from RUSM, the Dean of the medical school disparately treated him while considering Plaintiff's appeal. Both of these are theories are new theories of liability which have

never been advanced by Plaintiff until now. Plaintiff should be precluded from advancing these new theories at trial.

## II. ARGUMENT

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). On February 28, 2019, Plaintiff's Statement of the Case to be Included in the Pretrial Stipulation Submitted was filed with the Court. [ECF No. 151] ("Plaintiff's Statement"). In Plaintiff's Statement, he discloses that he will advance two new theories of liability. First, Plaintiff seeks to advance a new failure to accommodate theory of liability. Specifically, Plaintiff now takes the position that Dean Owen failed to accommodate Plaintiff by failing to re-admit him after his appeal. Second, Plaintiff takes the position that that Dean Owen disparately treated him while considering his formal appeal. Such theories have never been advanced. Because both theories are new theories of liability, arising on the eve of trial, after the close of discovery and after the summary judgment deadlines, RUSM would be highly prejudiced if Plaintiff is allowed to present such evidence to the jury. *See Travelers Indemnity Com. of Connecticut v. Phillips Medical Sys.*, Case No. 07-23246-CIV-Ungaro, 2009 WL 10669549, at * (S.D. Fla. Feb. 26, 2009) (striking defendant's untimely expert disclosures, advancing for the first time a new theory after the close of all discovery); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No. 09-61490-Civ, 2011 WL 2295269, at * 11 (S.D. Fla. June 8, 2011) ("Plaintiff cannot, at this late stage of litigation, decide to pursue a new theory of damages.").

The only allegation made against Dean Owen in Plaintiff's Third Amended Complaint relates to Dean Owen's failure to respond to Plaintiff's appeal timely. *See* Complaint at ¶¶ 34, 95. This allegation is now moot and Plaintiff should not now be allowed to advance a new theory of

2

liability to advance his case.  Plaintiff does not plead any other theory of liability pertaining to Dean Owen in the Third Amended Complaint.

Moreover, even if Plaintiff previously disclosed this theory of liability, such claims would fail as a matter of law because "[t]he law does not require the school to ignore misconduct that has occurred because the student subsequently asserts it was the result of a disability."  *Halpern v. Wake Forest Univ. Health Sciences*, 669 F. 3d 454, 465 (4th Cir. 2012); *see also Alvarez v. Sch. Bd. of Broward Cnty.*, 208 F. Supp. 3d 1281, 1286 (S.D. Fla. 2016) (holding that an employer generally is not required to grant a request for reasonable accommodation after the occurrence of workplace misconduct that warrants demotion or termination).  Had Plaintiff timely disclosed these two theories of liability, RUSM would have moved to dismiss these theories on this basis.

RUSM never received any formal or appropriate notice of these new theories of liability until the filing of the Plaintiff's Statement.  *See* [ECF No. 151], Exhibit A.  *See also deWit v. UPS Ground Freight, Inc.*, Case No. 1:16-cv36-MW/CAS, et. al., 2017 WL 5905541, at *2 (N.D. Fla. Aug. 4, 2017) ("It is simply abecedarian that parties may not add new, undisclosed claims or theories of liability at will throughout the course of litigation "without formal or appropriate notice being provided to the opposing parties.""); *see also Stroud v. Bank of Am.*, 886 F. Supp. 2d 1308, 1318 n. 11 (S.D. Fla. 2012) (declining to consider a new theory of liability where a party raised it improperly for the first time in response to a summary judgment motion). Plaintiff should be precluded from advancing either of these two theories at trial.

## LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL

Counsel for RUSM certifies that he conferred with Plaintiff in an effort to resolve or narrow the issues set forth in this Motion.  The Motion includes those matters which the parties were unable to resolve after a good faith conferral effort.

3

## CONCLUSION

For the reasons stated herein, defendant Ross University School of Medicine, School of Veterinary Medicine Limited respectfully requests that the Court enter an Order precluding Plaintiff from: i) advancing a new theory of liability claiming that RUSM failed to accommodate him by not readmitting him into the medical school after he was dismissed; ii) the Dean of the medical school disparately treated Plaintiff while considering Plaintiff's appeal; and iii) granting RUSM such other and further relief as the Court deems just and proper.

Dated: March 8, 2019

Respectfully submitted,

/s/Octavia M. Green
MICHAEL C. MARSH
Florida Bar Number:  0072796
Email:  michael.marsh@akerman.com
Secondary:  sharon.luesang@akerman.com
RYAN A. ROMAN
Florida Bar Number:  0025509
Email:  ryan.roman@akerman.com
Secondary:  dorothy.matheis@akerman.com
DONNIE M. KING
Florida Bar Number: 101386
Email: donnie.king@akerman.com
Secondary: simone.tobie@akerman.com
OCTAVIA M. GREEN
Florida Bar Number: 119179
Email: octavia.green@akerman.com
Secondary: simone.tobie@akerman.com

**AKERMAN LLP**
98 SE 7th Street, Suite 1100
Miami, FL 33131
Phone:  (305) 374-5600
Fax:  (305) 374-5095

*Attorneys for Defendant Ross University School of Medicine, School of Veterinary Medicine Limited*

48232829;3

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on March 8, 2019 a true and correct copy of the foregoing document was served via CM/ECF on:

Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721
Telephone: (240) 602-1836
E-mail: drmuyiwa.a@gmail.com

                                             *s/Octavia M .Green*
                                             Octavia M. Green