# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:18-cv-60482-MOORE/SELTZER

OLUWAMUYIWA AWODIYA,

    Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF
VETERINARY MEDICINE LIMITED,

    Defendant.

_____/

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO
PLAINTIFF OLUWAMUYIWA AWODIYA**

    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM") hereby requests that plaintiff Oluwamuyiwa Awodiya ("Plaintiff") answer in writing and under oath the following First Request for Production of Documents within thirty (30) days from the date of service hereof.

**DEFINITIONS**

    1.    The terms "you," "your," "Awodiya" and "Plaintiff" mean plaintiff Oluwamuyiwa Awodiya, his agents, employees, officers, directors, attorneys, accountants, auditors, investigators, subsidiaries, successors, affiliates, parents, representatives, and anyone else acting or purporting to act on his behalf.

    2.    The terms "Ross University" and "Defendant" mean defendant Ross University School of Medicine, School of Veterinary Medicine Limited, its agents, employees, officers,

46159712;3

directors, attorneys, accountants, auditors, investigators, subsidiaries, successors, affiliates, parents, representatives, and anyone else acting or purporting to act on its behalf.

3. The term "mental impairments" shall mean (i) Attention Deficit Disorder Without Mention of Hyperactivity, (ii) Anxiety State, Unspecified, and (iii) Obsessive Compulsive Disorder, as well as any other mental impairment or disorder for which you have been diagnosed or sought treatment.

4. The term "person" means and includes any natural person, individual, proprietorship, association, limited liability company, joint venture, firm, partnership, corporation, estate, trust, receiver, syndicate, municipal corporation, party and/or any other form of business enterprise or legal entity, governmental body, group of natural persons or entity, including any employee or agent thereof.

5. The term "action" means and refers to the lawsuit styled *Oluwamuyiwa Awodiya v. Ross University School of Medicine, School of Veterinary Medicine Limited,* Case No. 0:18-cv-60482-KMM, in the United Stated District Court for the Southern District of Florida.

6. The terms "document" or "documents" refer to and mean any medium upon which information or intelligence can be recorded or retrieved, including, without limitation, any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletypes, telefaxes, electronic mail entries, bulletins, meetings or other communications, inter-office or intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices,

worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or oral records or representations of any kind, including, without limitation, microfilm, photographs, charts, microfiche, videotape, recordings, voice messages, motion pictures, mini-discs, floppy discs, CD-ROM discs, or mechanical or electronic recordings or representations of any kind (including without limitation, tapes, cassettes, discs, and records).  The term "document" shall also encompass "electronically stored information," which shall have the fullest and most complete meaning ascribed to it under the law, and shall include sound recordings, images, e-mails, instant messages, text messages, voice messages, spreadsheets, PowerPoints, databases, and other data or data compilations stored in any medium from which information can be obtained.  A draft or non-identical copy is a separate "document" within the meaning of this term.

7. The terms "regarding" or "referring to," or variations thereof, mean discussing, recording, consisting of, constituting, reflecting, showing, identifying, describing, analyzing, naming, or mentioning.

**GENERAL INSTRUCTIONS**

1. In responding to the following requests, you are to produce all documents that are in your possession, custody, or control, or that are in possession, custody, or control of any of your representatives, agents, predecessors-in-interest, successors, subsidiaries, parents, experts, attorneys, or persons consulted concerning any matters relating to the facts or issues involved in this case.

2. Each request herein requires the production of the document in its entirety, without redaction or expurgation.

3. If you choose to withhold any documents from production or inspection on the grounds of privilege or other immunity from discovery, please provide the following information: the type of document, general subject matter of the document, its date, author(s), signatory(ies), addressee(s) or recipient(s), relationship of the author(s) and addressee(s), present location, present and all previous custodian(s), number of pages, and the nature of the privilege claimed (including work-product), and sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

4. If any document responsive to any request for documents is not currently available, include a statement to that effect, identify such documents, and furnish whatever documents are available. Include in your statement when such documents were most recently in your possession or subject to your control and what disposition was made of them, and identify each person currently in possession or control of such documents. If any of such documents have been destroyed, state when, where, and why such documents were destroyed, and identify each person who directed that the documents be destroyed, and the person(s) who actually destroyed the documents.

5. These requests shall be construed to make the requests inclusive rather than exclusive. For example, the past tense shall be construed to include the present tense, and vice versa; the singular shall include the plural, and vice versa; "and" and "or" shall be construed both conjunctively and disjunctively; and "any" or "each" shall mean "each and every" as well as "any one." The singular form of a noun or pronoun includes the plural form of the noun or pronoun so

used, and vice versa; and the use of any tense of any verb includes all other tenses of the verb so used.

6. Unless otherwise stated, these requests seek documents from January 1, 2014 to the present.

7. These requests shall be deemed continuing so as to require further and supplemental responses if you or your attorneys or your respective agents obtain other information requested between the time response is first made pursuant to this request and the time of trial.

## DOCUMENT REQUESTS

1. Regardless of time period, all documents referring or relating to any diagnosis or treatment you received for any mental impairments, including but not limited to any doctors' notes, psychological evaluations, and prescriptions.

2. Regardless of time period, all documents reflecting any assessments by health providers, whether affiliated with RUSM or unaffiliated, referring or relating to any diagnosis or treatment you received for any mental impairments, including but not limited to records from the health provider you claim to have visited in Maryland in December 2015.

3. Regardless of time period, all documents referring or relating to any Conners CPT3 assessment taken by you, including any correspondence related thereto.

4. All correspondence between you and RUSM referring or relating to any diagnosis or treatment you received for any mental impairments.

5. All correspondence between you and any third party referring or relating to any diagnosis or treatment you received for any mental impairments.

6. All documents referring or relating to any request for accommodations made by you to RUSM or any third party.

7. All correspondence between you and RUSM referring or relating to any request for accommodations.

8. All correspondence between you and any third party, including but not limited to the National Board of Medical Examiners, referring or relating to any request for accommodations.

9. Regardless of time period, all correspondence between you and any prior academic institution that you attended, including but not limited to any community colleges or undergraduate institutions, referring or relating to any request for accommodations.

10. All written forms submitted by you or on your behalf to the Accommodations Coordinator for RUSM or his office requesting an accommodation.

11. All documents referring or relating to your academic performance during your fifth semester at RUSM.

12. All correspondence between you and RUSM referring or relating to your academic performance during your fifth semester at RUSM.

13. All correspondence between you and any third party referring or relating to your academic performance during your fifth semester at RUSM.

14. All documents referring or relating to any examinations or tests taken by you and the scores you received on those examinations or tests, including but not limited to the NBME CBSE exams.

15. All correspondence between you and RUSM referring or relating to any examinations or tests taken by you, including but not limited to the NBME CBSE exams.

16. All correspondence between you and any third party referring or relating to any examinations or tests taken by you, including but not limited to the NBME CBSE exams.

17. All correspondence with any medical school or other institution offering a doctor of medicine degree, including RUSM.

18. All applications, requests for financial aid or other documents submitted by you to any medical school or other institution offering a doctor of medicine degree, including RUSM.

19. All documents that you relied upon while completing your application to RUSM.

20. All documents received by you from any medical school or other institution offering a doctor of medicine degree, other than RUSM.

21. All correspondence you received from RUSM relating to your application, your admission, or your request for financial aid.

22. All Release of Information Consents submitted by you to RUSM, as well as any requests made by you to revoke such consent.

23. All correspondence with the National Board of Medical Examiners.

24. All documents that you allege constitute a contract between you and RUSM.

25. All documents referring or relating to your dismissal from RUSM.

26. All correspondence between you and RUSM referring or relating to your dismissal from RUSM.

27. All correspondence between you and any third party referring or relating to your dismissal from RUSM.

28. All documents referring or relating to any appeal of your dismissal from RUSM.

29. All correspondence between you and RUSM referring or relating to any appeal of your dismissal from RUSM.

30. All correspondence between you and any third party referring or relating to any appeal of your dismissal from RUSM.

31. All correspondence between you and Dr. Bryan Hayse.

32. All documents referring or relating to your communications with Dr. Bryan Hayse.

33. All correspondence between you and McMillan Cuffy.

34. All documents referring or relating to your communications with McMillan Cuffy.

35. All correspondence between you and any counselors at RUSM.

36. All documents referring or relating to your communications with any counselors at RUSM.

37. All correspondence between you and Dr. Davendra Sharma.

38. All documents referring or relating to your communications with Dr. Davendra Sharma.

39. All correspondence between you and Matthew Stewart-Fulton.

40. All documents referring or relating to your communications with Matthew Stewart-Fulton.

41. All correspondence between you and the Office of the Accommodations Coordinator at RUSM.

42. All documents referring or relating to your communications with Office of the Accommodations Coordinator at RUSM.

43. All correspondence between you and the Registrar Department at RUSM.

44. All documents referring or relating to your communications with the Registrar Department at RUSM.

45. All correspondence between you and Dr. William Owen.

46. All documents referring or relating to your communications with Dr. William Owen.

8

47. All correspondence between you and Gary Belotzerkovsky.

48. All documents referring or relating to your communications with Gary Belotzerkovsky.

49. All correspondence between you and Dr. Niels Larsen.

50. All documents referring or relating to your communications with Dr. Niels Larsen.

51. All correspondence between you and the Student Promotions Committee at RUSM.

52. All documents referring or relating to your communications with the Student Promotions Committee at RUSM.

53. All student handbooks received by you while enrolled at RUSM.

54. All academic catalogs received by you while enrolled at RUSM.

55. All documents referring or relating to any attempt by you, successful or not, to sit for the USMLE Step 1 Exam.

56. All correspondence between you and RUSM referring or relating to any attempt by you, successful or not, to sit for the USMLE Step 1 Exam.

57. All correspondence between you and any third party referring or relating to any attempt by you, successful or not, to sit for the USMLE Step 1 Exam.

58. All documents referring or relating to your performance on the USMLE Step 1 Exam.

59. All correspondence between you and Windsor University School of Medicine, St. Kitts.

60. All documents referring or relating to Windsor University School of Medicine, St. Kitts.

61. All screenshots or other documentation of RUSM's website upon which you rely in paragraphs 36 and 37 of your Third Amended Complaint.

62. All documents referring or relating to any students loans or financial aid you received while enrolled at RUSM.

63. All documents referring or relating to all sums of money you paid to RUSM.

64. All documents that evidence, reflect, relate to or support your claims for damages in this action.

65. All documents referring or relating to any wages, salary, compensation, loan proceeds or welfare or disability proceeds you have received.

66. All documents referring or relating to any gifts you have received that are valued in excess of $5,000.00.

67. All documents referring or relating to your taxable income, including but not limited to your tax returns, W-2 tax forms and IRS 1099 forms during the relevant time period.

68. All pay stubs evidencing any income or compensation you have received during the relevant time period.

69. All documents referring or relating to any applications for employment during the relevant time period.

70. All documents sufficient to establish any positions of employment you have held during the relevant time period, including unpaid internships or other positions for which you provided labor but may not have received compensation.

71. All documents referring or relating to any work you have done with Uber Technologies, Inc., including but not limited to any receipts or other documents showing the

compensation you have earned and the number of rides you have supplied during the relevant time period.

Dated: August 23, 2018

>Respectfully submitted,
>
>*/s/Ryan Roman*
>MICHAEL C. MARSH
>Florida Bar Number:  0072796
>Email:  michael.marsh@akerman.com
>Secondary:  sharon.luesang@akerman.com
>RYAN A. ROMAN
>Florida Bar Number:  0025509
>Email:  ryan.roman@akerman.com
>Secondary:  dorothy.matheis@akerman.com
>OCTAVIA M. GREEN
>Florida Bar Number: 119179
>Email: octavia.green@akerman.com
>Secondary: simone.tobie@akerman.com
>AKERMAN LLP
>98 SE 7th Street, Suite 1100
>Miami, FL 33131
>Phone:  (305) 374-5600
>Fax:  (305) 374-5095
>
>*Attorneys for Defendant Ross University School of Medicine, School of Veterinary Medicine Limited*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on August 23, 2018 a true and correct copy of the foregoing document was served via e-mail on:

Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721
Telephone: (240) 602-1836
E-mail: drmuyiwa.a@gmail.com

               *s/Ryan Roman*
               Ryan Roman