UNITED STATES DISTRICT COURT
for the
Southern District of Florida

FILED BY  PG  D.C.

MAR 26 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

OLUWAMUYIWA AWODIYA, )  Case No.  0:18-cv-60482-KMM
*Plaintiff*, )
)
-v- ) Hon. Chief Judge: K. Michael Moore
) Magistrate Judge: Alicia O. Valle
ROSS UNIVERSITY SCHOOL OF )
MEDICINE, SCHOOL OF )
VETERINARY MEDICINE LIMITED )
*Defendant.* )

## PLAINTIFF'S MOTION FOR ORDER TO
## DESIGNATE METHOD OF DAMAGE CALCULATIONS

Plaintiff Oluwamuyiwa Awodiya ("Plaintiff"), in proper person, hereby files his motion for Order to Designate Method of Damage Calculations.

On March 5, 2018, the parties attended a pretrial conference before the Court. *See* [ECF No. 158]. During the pretrial conference, Plaintiff proposed if the Court could determine the method of calculating future lost earning capacity in the absence of a stipulation by the parties.

### I. INTRODUCTION

On March 4th, 2019, Plaintiff asked defendant, Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM") if it wanted to stipulate to the method for determining the lost future earning capacity. RUSM has not responded. Since the parties are unable to stipulate to the method to be used in this case, Plaintiff respectfully requests that the Court designates the sole method for this case.

### II. ARGUMENT

In the Eleventh circuit, the "below-market-discount method" is the sole method to be use in the absence of a stipulation by the parties. Further, a court or the parties may perform the

1

arithmetic to calculate the lost future earning capacity after submitting special interrogatories to the jury for them to resolve the disputed facts about the different earning capacities at issue.

### A. Required Method in the Absence of a Stipulation

Applying *Jones Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523 (1983), the Fifth Circuit in *Culver v. Slater Boat Co.*, 722 F.2d 114, 118 (5th Cir. 1984) (aka *Culver II*) set forth three available methods for calculating future lost income. The Eleventh Circuit has held that "*Culver* is binding precedent on this court." *Self v. Great Lakes Dredge Dock Co.*, 832 F.2d 1540, 1551 n.9 (11th Cir. 1988); *See also Deakle v. John E. Graham Sons*, 756 F.2d 821, 830 n.7 (11th Cir. 1985) ("*Culver* is binding precedent in the Eleventh Circuit.").

The three methods available are referred to as (1) the "case-by-case method" (2) the "below-market-discount method" and (3) the "total-offset' method." *Culver*, 722 F.2d at 118 (5th Cir. 1984) (applying *Pfeifer*).

RUSM may argue that the parties are not required to use one method over the other. To be clear, the *Culver* court did not require the parties to use one method over the other. Rather, the Eleventh Circuit and the *Culver* court held that the "[*Culver*] opinion determines only the method to be followed when the parties cannot agree." *Culver*, 722 F.2d at 118; *Meader by and Through Long v. U.S.*, 881 F.2d 1056, 1059 (11th Cir. 1989) (quoting *Culver*, 722 F.2d at 121) ("in the absence of a stipulation by the parties concerning the method to be used' to account for interest and inflation that 'fact finders shall apply an appropriate below-market discount rate.'").

Regarding the discount rate in all methods, "[b]oth *Pfeifer* and *Culver I* require that rate to be based on the return available from 'the best and safest investments.'" *Culver*, 722 F.2d at 118 (quoting *Pfeifer*, 462 U.S. at 537); *Pfeifer*, 462 U.S. at 538 ("discount rate, reflecting the safest available investment").

2

Each method involves four steps: (1) estimating the loss of work life or expected remaining work life; (2) calculating the lost income stream; (3) computing the total lost income stream; and (4) discounting that total to present value. *Culver*, 722 F.2d at 117, 120–121.

### B. The Below-Market-Discount Method

"[I]n the absence of a stipulation by the parties concerning the method to be used, fact-finders shall determine and apply an appropriate below-market discount rate as the sole method to adjust loss-of-future-earnings awards to present value to account for the effect of inflation. While expert testimony and jury instructions must be *based* on this method, juries may be instructed either to return a general verdict or to answer special interrogatories concerning the computation of damages." *Culver v. Slater Boat Co.*, 722 F.2d 114, 117 (5th Cir. 1984) (emphasis added).

#### i. Jury Interrogatories

"The jury may then be permitted to return a single-figure award for damages or it may be required to answer interrogatories stating, among other items, the amount of loss of future earnings for each year for which it makes an award, and the discount rate it chooses to apply. The court will then be able to compute the total award or to require the parties to complete the arithmetic." *Id.* at 121.

#### ii. Wage Growth Rate

"Evidence about the likelihood that the earnings of an injured worker would increase due to personal merit, increased experience and other individual and societal factors continue, of course, to be admissible." *Culver v. Slater Boat Co.*, 722 F.2d 114, 121 (5th Cir. 1984).

"The wage inflation incorporated here is 'general' in the sense that it will affect all individuals of society[.]" *Deakle v. John E. Graham Sons*, 756 F.2d 821, 832 n.15 (11th Cir. 1985) (discussing the below-market-discount method).

#### iii. Discount Rate

3

"[I]n computing the rate to be used, it is essential to determine how the award will be invested." *Culver*, 722 F.2d at 118. "[T]he discount rate may be affected by the fact-finder's assumption about the type of investment the plaintiff will choose, for long-term investments usually yield higher nominal interest rate returns than short-term investments of the same quality. The Supreme Court having said in *Pfeifer* that it perceives 'no intrinsic reason to prefer one assumption over the other,' we mandate neither." *Id.* at 121 (quoting *Pfeifer*, 462 U.S. at 539 n.23).

"[T]he real rate varies, estimates uniformly fix its amount over any fairly lengthy period as falling into a range that runs from three percent to a negative rate of -1.5%." *Id.* A district court "should" not be reversed "if it adopts a rate between one and three percent and explains its choice." *Pfeifer*, 462 U.S. at 548–549.

### III. CONCLUSION

Plaintiff Oluwamuyiwa Awodiya, respectfully requests that the Court designate the below-market-discount method as the sole method to be used in this case for lost future earning capacity damages.

DATED this 22nd day of March, 2019:

Respectfully submitted,

By: Oluwamuyiwa Awodiya, *pro se* litigant
15005 Dahlia Dr.
Bowie, MD 20721
(240) 602-1836
Plaintiff, in Proper Person

4

## **CERTIFICATE OF SERVICE**

I do hereby certify that on the 22nd or 25th day of March, 2019 (if the latter, Plaintiff will pay for the expensive shipping), I have caused a true and correct copy of the foregoing by mailing a copy to the Court, where the Court's CM/ECF system will send notification to the following:

| | |
|---|---|
| **Ryan Roman** | **Octavia Monique Green** |
| Akerman Senterfitt | Akerman LLP |
| Suntrust International Center | Three Brickell City Centre |
| 1 SE 3rd Avenue | 98 Southeast Seventh Street |
| 25th Floor | Suite 1100 |
| Miami, FL 33131-1714 | Miami, FL 33131 |
| 305-374-5600 | (305) 982-5670 |
| Fax: 305-374-5095 | Email: |
| Email: | octavia.green@akerman.com |
| ryan.roman@akerman.com | |

_____
By: Oluwamuyiwa Awodiya, *pro se* litigant

EXPRESS MAIL
UNITED STATES POSTAL SERVICE
LABEL 119

PRIORITY ★ MAIL ★ EXPRESS™

www.usps.gov

UNITED STATES POSTAL SERVICE

1007

This envelope is made from post-consumer waste. Please recycle - again.

EK 557424663 US

UNITED STATES POSTAL SERVICE® | PRIORITY ★ MAIL ★ EXPRESS™

**CUSTOMER USE ONLY**

**FROM:** (PLEASE PRINT) PHONE ( [illegible] 602-1836

Oluwamuyiwa Awodiya
15005 Dahlia D[illegible]
Bowie, MD 20721

**PAYMENT BY ACCOUNT** (if applicable)

**DELIVERY OPTIONS** (Customer Use Only)

☐ **SIGNATURE REQUIRED** Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**

☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

**TO:** (PLEASE PRINT) PHONE ( )

Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue, Room 8N09
Miami, FL 33128

ZIP + 4® (U.S. ADDRESSES ONLY) 33128

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.

**ORIGIN (POSTAL SERVICE USE ONLY)**

☐ 1-Day ☐ 2-Day ☐ Military ☐

| | | |
|---|---|---|
| PO ZIP Code: 33126 | Scheduled Delivery Date (MM/DD/YY): 3/26/19 | Postage: $ |
| Date Accepted (MM/DD/YY): 3/25/19 | Scheduled Delivery Time: ☐ 10:30 AM ☐ 3:00 PM ☐ 12 NOON | Insurance Fee: $ / COD Fee: $ |
| Time Accepted: 4:59 ☐ AM ☐ PM | 10:30 AM Delivery Fee: $ | Return Receipt Fee: $ / Live Animal Transportation: $ |
| Weight: ☐ Flat Rate; lbs. 2 ozs. | Sunday/Holiday Premium Fee: $ | Total Postage & Fees: $ 25.50 |
| | Acceptance Employee Initials: A | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |
| | ☐ AM ☐ PM | |

