UNITED STATES DISTRICT COURT
for the
Southern District of Florida

FILED BY____PG____D.C.

MAR 26 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

|  |  |
|---|---|
| OLUWAMUYIWA AWODIYA,<br>*Plaintiff,*<br><br>-v-<br><br>ROSS UNIVERSITY SCHOOL OF<br>MEDICINE, SCHOOL OF<br>VETERINARY MEDICINE LIMITED<br>*Defendant.* | Case No. 0:18-cv-60482-KMM<br><br>Hon. Chief Judge: K. Michael Moore<br>Magistrate Judge: Alicia O. Valle |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE
TO PRECLUDE PLAINTIFF FROM INTRODUCING DOCUMENTS
<u>PRODUCED AFTER THE DISCOVERY DEADLINE INTO EVIDENCE</u>**

Plaintiff Oluwamuyiwa Awodiya ("Plaintiff"), in proper person, hereby files his response to Defendant's Motion in Limine to Preclude Plaintiff from Introducing Documents Produced After the Discovery Deadline into Evidence ("Motion") [ECF No. 161].

**I.    INTRODUCTION**

Defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM") claims that all of the documents mentioned in its Motion, "relate" to Plaintiff's purported "calculation" of damages. Plaintiff is unsure of what RUSM is trying to contend. In general, Plaintiff either disclosed the proposed exhibits prior to the discovery deadline or did not intended on using certain proposed exhibits to support his claims. Also, Plaintiff was unsure if whether he needed to have put rebuttal exhibits in his exhibit list. Based on the authority cited in RUSM's Motion, Plaintiff does not see what he did wrong.

**II.   ARGUMENT**

    **A.    Rebuttal Documents**

1

The "purpose of rebuttal evidence is to explain, repel, counteract, or disprove the evidence of the adverse party ...." *U.S. v. Frazier*, 387 F.3d 1244, 1268 (11th Cir. 2004) (citation omitted). At this time, Plaintiff's proposed exhibits numbered 64 and 66 has nothing to do with Plaintiff's case-in-chief. These are mere possible rebuttal exhibits. Plaintiff still does not know what RUSM's angle is for its 'mitigation of damages' affirmative defense. To the extent that RUSM argues anything about other medical schools or the impact of Plaintiff's non-licensing exams, Plaintiff will rebut RUSM's evidence or RUSM's rebuttal expert witness with the proposed exhibits numbered 64 and 66. Further, Plaintiff disclosed proposed exhibit 64 before the discovery deadline, which will be discussed below.

### B. Notice of Documents Before Discovery Deadline

   i. Medical Schools' MCAT Policies from the AAMC Website (Proposed Exhibit 64).

On October 25, 2018 Plaintiff served his Amended Responses and Objections to Defendant's First Request for Production, excerpts attached hereto as **Exhibit 1**. RUSM asked for "[a]ll documents that evidence, reflect, relate to or support your claims for damages in this action." *See* Exhibit 1 ¶ 64. In response, Plaintiff stated:

> Plaintiff objects to this Request to the extent that **it calls for public documents equally accessible to RUSM**, not limited to websites of **third-party medical schools** and their **policies regarding application requirements** and transfer policies, **MCAT changes and policies from AAMC website**, ECFMG information booklets, and CAAM-HP accreditations.

*Id.* (emphasis added). Plaintiff's proposed exhibit numbered 64 (Medical School Admission Requirements (MSAR)) is directly from the AAMC (Association of American Medical Colleges) website, where a "download" link for the PDF is located. Specifically, the AAMC website states:

> Medical schools generally accept scores dating back two or three years. If you have taken the exam previously, we recommend that

2

> you consult the Medical School Admission Requirements to check
> the application policies of each school to which you intend to apply.
>
> ....
>
> Medical school policies for accepting scores from the current and
> the new MCAT® exams[.]
>
> A PDF table including each medical school's month and year of the
> oldest MCAT® considered for the 2019 AMCAS cycle.

https://students-residents.aamc.org/applying-medical-school/article/how-long-are-scores-valid/.

Then the AAMC immediately follows the statements with the download link. After the disclosure of these documents, RUSM did not ask for anything else regarding the AAMC website and the MCAT policies. These public documents were and are equally accessible to RUSM.

      ii.    <u>10-K SEC Filings (Annual Reports) by RUSM's Parent Company (Proposed Exhibits 59–63).</u>

RUSM was on notice that Plaintiff would be using the 10-K SEC filings of its parent company to prove an essential element of the fraud claims. In August 2018, Plaintiff filed a Motion for Partial Summary Judgment [ECF No. 61]. Therein, Plaintiff stated: "RUSM focused its marketing efforts on attracting prospective students primarily from the United States of America and Canadian. Ex. P-38 at 19." *See* [ECF No. 61] at 19–20. Plaintiff supported that element of fraud by citing to "Ex. P-38" which was Adtalem's 10-K SEC filing. At that time, Plaintiff referred to Adtalem's 10-K SEC filing as Adtalem's "Annual Report." *See* Declaration in Support of Plaintiff's Motion for Partial Summary Judgment [ECF No. 62] ¶ 123.

On December 10, 2018, before the discovery deadline, Plaintiff filed his Second Motion for Partial Summary Judgment [ECF No. 102]. Plaintiff also filed a Statement of Material Facts in Support [ECF No. 101] wherein he cites and directly quotes from Adtalem's 10-K SEC filing to support the fact that "RUSM focused its marketing efforts on attracting prospective students

primarily from the United States of America and Canadian." *See* [ECF No. 101] ¶ 37; [ECF No. 102] at 19.

### C. Supplemental Notice of Additional Documents

On October 23, 2018 Plaintiff served his "amended calculations of damages" where he stated that he is seeking punitive damages based on Adtalem's net worth. RUSM waited until after the close of discovery—two days before it filed its motion in limine—to confer with Plaintiff about using Adtalem's net worth. RUSM filed its motion in limine on January 4, 2018. *See* [ECF No. 116].

### i. Award Year Direct Loan Volume by School (Proposed Exhibits 55–58).

Before January 2018, Plaintiff had no intentions of relying on proposed exhibits 55–58 that he later obtained from the United States Department of Education's financial aid website. These proposed exhibits do not mention Adtalem. The documents reflect the amount of financial aid that RUSM profits from the United States government.

### ii. 10-K SEC Filings by RUSM's Parent Company (Proposed Exhibits 59–63).

Plaintiff does not agree with RUSM's characterizations of the Court's prior ruling. The Court stated that "Plaintiff may not reference Adtalem's **net worth**." *See* [ECF No. 155] at 4 (emphasis added). As RUSM has pointed out, Plaintiff no longer intends to mention Adtalem's net worth. Motion at 5. However, RUSM does not file its own SEC filings nor does it file any taxes. *See* https://www.sec.gov/Archives/edgar/data/730464/000114420417044976/v472999_10k.htm at 75. The only reports of RUSM's financial condition are through Adtalem's 10-K SEC filings. Plaintiff need not mention Adtalem's net worth, which could simply be redacted. And if necessary, Adtalem's name could also be redacted where appropriate.

### III. CONCLUSION

WHEREFORE, plaintiff Oluwamuyiwa Awodiya respectfully requests that the Court enter an Order, (i) denying RUSM's Motion [ECF No. 161]; and (ii) granting Plaintiff such other and further relief as the Court deems just and proper.

DATED this 22nd day of March, 2019:

<div style="text-align: right;">
Respectfully submitted,

_____

By: Oluwamuyiwa Awodiya, *pro se* litigant
15005 Dahlia Dr.
Bowie, MD 20721
(240) 602-1836
Plaintiff, in Proper Person
</div>

## **CERTIFICATE OF SERVICE**

I do hereby certify that on the 22nd or 25th day of March, 2019 (if the latter, Plaintiff will pay for the expensive shipping), I have caused a true and correct copy of the foregoing by mailing a copy to the Court, where the Court's CM/ECF system will send notification to the following:

| | |
|---|---|
| **Ryan Roman** | **Octavia Monique Green** |
| Akerman Senterfitt | Akerman LLP |
| Suntrust International Center | Three Brickell City Centre |
| 1 SE 3rd Avenue | 98 Southeast Seventh Street |
| 25th Floor | Suite 1100 |
| Miami, FL 33131-1714 | Miami, FL 33131 |
| 305-374-5600 | (305) 982-5670 |
| Fax: 305-374-5095 | Email: |
| Email: | octavia.green@akerman.com |
| ryan.roman@akerman.com | |

By: Oluwamuyiwa Awodiya, *pro se* litigant



EXPRESS MAIL
UNITED STATES POSTAL SERVICE
www.usps.gov
LABEL 119
1007

PRIORITY ★ MAIL ★ EXPRESS™

EK557424663US

UNITED STATES POSTAL SERVICE®
PRIORITY ★ MAIL ★ EXPRESS™

CUSTOMER USE ONLY

FROM: (PLEASE PRINT) PHONE ( [illegible] 682-1836
Oluwamuyiwa Awodiya
15005 Dahlia D[illegible]
Bowie, MD 20721

PAYMENT BY ACCOUNT (if applicable)

DELIVERY OPTIONS (Customer Use Only)

☐ SIGNATURE REQUIRED *Note:* The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT) PHONE ( )
Wilkie D Ferguson, U.S. Courthouse
400 North Miami Avenue, Room [illegible]
Miami, FL 33128

ZIP + 4® (U.S. ADDRESSES ONLY)
33128

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

ORIGIN (POSTAL SERVICE USE ONLY)

☐ 1-Day ☐ 2-Day ☐ Military

| | | |
|---|---|---|
| PO ZIP Code: 3[illegible] | Scheduled Delivery Date (MM/DD/YY): 3/26/19 | Postage: $ |
| Date Accepted (MM/DD/YY): 3/25/19 | Scheduled Delivery Time: ☐ 10:30 AM ☐ 3:00 PM ☐ 12 NOON | Insurance Fee: $ |
| Time Accepted: 4:59 ☐ AM ☐ PM | 10:30 AM Delivery Fee: $ | Return Receipt Fee: $ |
| Weight: [illegible] lbs. ozs. ☐ Flat Rate | Sunday/Holiday Premium Fee: $ | Total Postage & Fees: $ |
| | Acceptance Employee Initials | |

COD Fee $ Live Animal Transport Fee $

DELIVERY (POSTAL SERVICE USE ONLY)

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |
| | ☐ AM ☐ PM | |

This envelope is made from post-consumer waste. Please recycle - again.

# Exhibit 1

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| OLUWAMUYIWA AWODIYA,<br>*Plaintiff,*<br><br>-v-<br><br>ROSS UNIVERSITY SCHOOL OF<br>MEDICINE, SCHOOL OF<br>VETERINARY MEDICINE LIMITED<br>*Defendant.* | Case No. 0:18-cv-60482-KMM<br><br>Hon. Chief Judge: K. Michael Moore<br>Magistrate Judge: Barry S. Seltzer |

## PLAINTIFF'S AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Oluwamuyiwa Awodiya ("Plaintiff"), in proper person, hereby serves his responses and objections to defendant's First Request for Production (the "Requests") filed by Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM" or "Defendant").

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action. Documents provided in response to the Requests are subject to all applicable objections as to competence, relevance, materiality, and admissibility, as well as to any and all other objections on any grounds that would require the exclusion of any statement therein if the document was introduced in Court. All objections and grounds for such objections are expressly reserved and may be interposed at the time of any motion, hearing or trial.

The following responses are given without prejudice to Plaintiff's right to produce or rely on subsequently discovered information, facts, or documents. The responses contained herein are

1

made in a good faith effort to comply with the provisions of the Federal Rules of Civil Procedure but are in no way deemed to prejudice Plaintiff with respect to further discovery, research, and analysis.

Plaintiff does not intend to disclose documents that are privileged or otherwise immune from discovery. Disclosure of any documents protected by applicable privilege, except pursuant to a specific written agreement covering such documents, shall be deemed inadvertent. Inadvertent disclosure of any such documents shall not constitute a waiver or prejudice of any privilege or any other ground for objecting to discovery with respect to any such documents, nor shall such inadvertent disclosure waive or prejudice the right of Plaintiff to object to the use of any such documents during this or any subsequent proceeding.

## OBJECTIONS TO DEFINITIONS

Plaintiff objects to Definition 1 as overbroad to the extent it requests documents not within his possession, custody or control. Plaintiff responds on his own behalf and will only produce documents in his possession, custody or control, as required by Fed. R. Civ. P. 34.

Plaintiff objects to Definition 3 as overbroad in substance, not relevant to Plaintiff's claims or Defendant's defenses, and ask for privileged information. Plaintiff will only interpret the term "mental impairments" to mean (i) Attention Deficit Disorder Without Mention of Hyperactivity, (ii) Anxiety State, Unspecified, and (iii) Obsessive Compulsive Disorder.

## SPECIFIC RESPONSES AND OBJECTIONS

1.      Regardless of time period, all documents referring or relating to any diagnosis or treatment you received for any mental impairments, including but not limited to any doctors' notes, psychological evaluations, and prescriptions.

2

64. All documents that evidence, reflect, relate to or support your claims for damages in this action.

**RESPONSE**: Plaintiff objects to this Request to the extent that it calls for public documents equally accessible to RUSM, not limited to websites of third-party medical schools and their policies regarding application requirements and transfer policies, MCAT changes and policies from AAMC website, ECFMG information booklets, and CAAM-HP accreditations. Subject to and without waiving these objections, Plaintiff will produce documents responsive to this Request.

65. All documents referring or relating to any wages, salary, compensation, loan proceeds or welfare or disability proceeds you have received.

**RESPONSE**: Plaintiff objects to this Request on the grounds that it is overbroad in substance and temporal scope. Plaintiff further objects to this Request on the grounds that it is vague and ambiguous as to the term "compensation." Subject to and without waiving these objections, Plaintiff will produce documents responsive to this Request.

66. All documents referring or relating to any gifts you have received that are valued in excess of $5,000.00.

**RESPONSE**: Plaintiff does not have any documents responsive to Request No. 66.

67. All documents referring or relating to your taxable income, including but not limited to your tax returns, W-2 tax forms and IRS 1099 forms during the relevant time period.

**RESPONSE**: Plaintiff will produce documents responsive to this Request.

68. All pay stubs evidencing any income or compensation you have received during the relevant time period.

**RESPONSE**: Plaintiff will produce documents responsive to this Request.

11

69. All documents referring or relating to any applications for employment during the relevant time period.

**RESPONSE**: Plaintiff will produce documents responsive to this Request.

70. All documents sufficient to establish any positions of employment you have held during the relevant time period, including unpaid internships or other positions for which you provided labor but may not have received compensation.

**RESPONSE**: Plaintiff does not have any documents responsive to Request No. 70.

71. All documents referring or relating to any work you have done with Uber Technologies, Inc., including but not limited to any receipts or other documents showing the compensation you have earned and the number of rides you have supplied during the relevant time period.

**RESPONSE**: Plaintiff objects to this Request on the grounds that it is overbroad in substance, unduly burdensome, and not proportional to the needs of the case. Subject to and without waiving these objections, once RUSM reviews the documents already being produced herewith (some of which would respond to this Request), Plaintiff is willing to discuss an appropriate narrowing of this Request with RUSM, to the extent that it wishes to request additional documents.

DATED this 25th day of October, 2018:

                                                    Respectfully submitted,

                                                  */s/Oluwamuyiwa Awodiya*
                                                  By: Oluwamuyiwa Awodiya, *pro se* litigant
                                                               15005 Dahlia Dr.
                                                               Bowie, MD 20721
                                                               (240) 602-1836
                                                Plaintiff, in Proper Person

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this 25th day of October, 2018, I have caused a true and correct copy of the foregoing by emailing a copy to:

>Ryan Roman
>Akerman Senterfitt
>Suntrust International Center
>1 SE 3rd Avenue
>25th Floor
>Miami, FL 33131-1714
>305-374-5600
>Fax: 305-374-5095
>Email: ryan.roman@akerman.com

>*/s/Oluwamuyiwa Awodiya*
>By: Oluwamuyiwa Awodiya, *pro se* litigant