UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OLUWAMUYIWA AWODIYA,                      CASE NO.  0:18-cv-60482-KMM-AOV

       Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

       Defendant.

_____/

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE
TO PRECLUDE PLAINTIFF FROM INTRODUCING DOCUMENTS
PRODUCED AFTER THE DISCOVERY DEADLINE**

Defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM"), by counsel, hereby files its reply in support of its Motion in Limine to Preclude Plaintiff From Introducing Documents Produced After the Discovery Deadline Into Evidence [ECF No. 161] (the "Motion"). The Court should strike and/or disregard the untimely response in opposition to the Motion [ECF No. 167] (the "Opposition") filed by plaintiff Oluwamuyiwa Awodiya ("Awodiya") and grant the Motion.

I.    **ARGUMENT**

    **A. Plaintiff Failed to Timely File His Opposition**

The Opposition is untimely and should be stricken. During the March 5, 2019 Final Pretrial Conference this Court ordered the parties to file and serve any further motions by March 8, 2019 and ordered that any oppositions to those motions were required to be filed by March 12, 2019. On March 8, 2019, RUSM timely filed and served the Motion. The March 12, 2019 deadline passed without any opposition being filed or served on RUSM by Plaintiff.

48460437;1

Instead, the Opposition was not mailed to the Court for filing until March 25, 2019 and was not received by the Court or RUSM until March 27, 2019 – fifteen (15) days after the Court established deadline. Even if the Court hadn't established the March 12, 2019 deadline for filing the Motion, Local Rule 7.1(c) required that the Opposition be filed and served by March 22, 2019, fourteen (14) days after service of the Motion. Thus, Plaintiff still would have missed this deadline.

This is not the first time Plaintiff failed to comply with the deadlines established by this Court and the Local Rules. *See* the March 2, 2019 Omnibus Order [ECF No. 155] at p. 4 fn.2 ("The Court agrees that the response was untimely and implores Plaintiff to comply with the Court's deadlines moving forward."). Plaintiff should not be permitted to continue to ignore the directives of this Court and the Opposition should be stricken. *See Mosley v. MeriStar Management Co., LLC*, 137 Fed. Appx. 248 (11th Cir. 2005) (finding no abuse of discretion in district court's striking an untimely opposition to a motion); *Young v. City of Palm Bay, Florida*, 358 F.3d 859, 864 (11th Cir. 2004) (finding no abuse of discretion in district court's refusal to consider an untimely opposition to motion.)

### B. Plaintiff Concedes He Neither Produced Nor Intended to Rely on Plaintiff's Exhibits 55 to 58 Prior to the Discovery Deadline

Plaintiff concedes that he did not produce Plaintiff's Exhibits 55 to 58 until long after the discovery deadline was closed. *See* the Opposition at p. 4, § II.C.i. Pursuant to Rule 26(a) and (e), Federal Rules of Civil Procedure, Plaintiff was required to produce these exhibits in advance of the discovery deadline. Rule 37(c) precludes a party from using information to supply evidence at trial if a party fails to provide such information under Rule 26(a) and (e). Thus, Plaintiff's Exhibits 55 to 58 should be stricken.

### C.  Plaintiff's Exhibits 59 to 63 Should Be Precluded

#### i.  Plaintiff's Exhibits 60 to 63 Were Never Produced in Discovery

Upon further review of the case file, RUSM concedes that, although Plaintiff's Exhibit 59 was not formally produced in discovery, portions thereof were cited to and used as an exhibit in support of Plaintiff's motion for summary judgment.  However, Plaintiff does not – and cannot – identify the use or production of Plaintiff's Exhibits 60 to 63 prior to the close of discovery.  Rule 26(a) requires the parties to make initial disclosures and produce copies of all documents that a party may have in its possession that may be used in support of its claims/or defenses.  Moreover, in RUSM's request for production, RUSM sought the production of "all documents that evidence, reflect, relate to or support [Plaintiff's] claims for damages in this action."  A copy of RUSM's Request for Production to Plaintiff is attached to the Motion as Exhibit A.

Plaintiff had a duty to supplement his production of documents and initial disclosures under Rule 26(e).  Plaintiff failed to do so.  Rule 37(c) precludes a party from using information to supply evidence at trial if a party fails to provide such information under Rule 26(a) and (e).  Plaintiff's Exhibits 60 to 63 should be stricken.

#### ii.  RUSM's Financial Condition is Irrelevant and Prejudicial

Plaintiff argues that Plaintiff's Exhibits 59 to 63 should be admissible because they show RUSM's net worth.  *See* the Opposition at p. 4, § II.C.ii.  However, RUSM's net worth is irrelevant as to any of Plaintiff's claims or assertions of damages.

In addition to being irrelevant, evidence pertaining to RUSM's net worth should be excluded as prejudicial, under Rule 403, Federal Rules of Evidence.  Rule 403 provides that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  *Id*.

3

Plaintiff is attempting to improperly influence the jury by introducing evidence of RUSM's net worth.  This evidence is designed to gain sympathy and favor with the jury and will likely lead to confusion of the issues in this case.  Even if there were a factual basis for seeking punitive damages – and here there is not – measuring such damages according to the net worth of a company would only prejudice the jury and encourage an award of exorbitant damages simply because RUSM is a profitable business.  This information is high prejudicial and likely to confuse the issues, waste time, and mislead the jury.  Any evidence related RUSM's net worth should be excluded from the trial, including Plaintiff's Exhibits 59 to 63.  *Reyes*, 2012 WL 12892213, at *2 (excluding evidence of the personal wealth, net worth, or income of an independent corporation as unduly prejudicial and likely to confuse or mislead the jury pursuant to Rule 403).

Because evidence of RUSM's financial condition is irrelevant, prejudicial, and likely to lead to confusion of the issues, Plaintiff's Exhibits 59 to 63 should be stricken.

**D. Plaintiff Does Not Dispute that Plaintiff's Exhibit 64 Was Not Produced Before the Discovery Deadline**

Plaintiff also concedes that he did not produce Plaintiff's Exhibit 64 to RUSM before the close of discovery in this case.  However, Plaintiff argues that he complied with his disclosure obligations because he generically informed RUSM of his intent to use "websites of third party medical schools and their policies regarding application requirement and transfer policies, MCAT changes and policies from the AAMC website, ECFMG information booklets and CAAM-HP accreditations."  *See* the Opposition at pp. 2-3, § II.B.i.  This statement standing alone is insufficient to meet the requirements of Rule 26.  Rule 26(a) unequivocally requires Plaintiff to produce ***copies of all documents*** that may be used in support of his claims claims/or defenses.  Generic statements directing RUSM to a website with tens of thousands of pages of information

4

is grossly insufficient to comply with the Rule 26 disclosure requirements.  Therefore, Plaintiff's

Exhibit 64 should be stricken.

### E.  Plaintiff Does Not Dispute that Plaintiff's Exhibit 66 Was Not Produced Before the Discovery Deadline.

Plaintiff does not dispute RUSM's position that he did not produce Plaintiff's Exhibit 66

to RUSM before the close of discovery in this case.  *See* Opposition at p. 2, § II.A.  Plaintiff's only

argument against exclusion of Plaintiff's Exhibit 66 is that he only intends to introduce Plaintiff's

Exhibit 66 at trial as rebuttal evidence.  Plaintiff does not –and cannot—cite to any authority that

exempts rebuttal evidence from the Rule 26 disclosure requirements.  Contrary to Plaintiff's

position, the disclosure obligations of Rule 26 apply to all "claims and defenses" and therefore

"requires a party to disclose information it may use to support its denial or rebuttal of the

allegations, claim, or defense of another party."  *See* Advisory Committee Note to Rule 26(a)(1),

2000 Amendment.  Moreover, "the obligation to disclose information the party may use connects

directly to the exclusion sanction of Rule 37(c)(1)."  *Id.  See also Phan v. Convergent Outsourcing,

Inc.*, 3:14-CV-84-J-25JBT, 2014 WL 12625120, at *1 (M.D. Fla. May 13, 2014) (discussing the

requirement that a party disclose information it may use to support denial or rebuttal of the

allegations, claim, or defense of another party.).  Rule 37(c) precludes a party from using

information to supply evidence at trial if a party fails to provide such information under Rule 26(a)

and (e).  Thus, Plaintiff's Exhibit 66 should be stricken.

### CONCLUSION

For the reasons stated herein, defendant Ross University School of Medicine, School of

Veterinary Medicine Limited respectfully requests that the Court enter an Order precluding

Plaintiff from introducing Plaintiff's Exhibits 55 through 64 and 66 into evidence and granting

RUSM such other and further relief as the Court deems just and proper.

Dated: April 3, 2019

Respectfully submitted,

*/s/Donnie M. King*
MICHAEL C. MARSH
Florida Bar Number:  0072796
Email:  michael.marsh@akerman.com
Secondary:  sharon.luesang@akerman.com
RYAN A. ROMAN
Florida Bar Number:  0025509
Email:  ryan.roman@akerman.com
Secondary:  dorothy.matheis@akerman.com
DONNIE M. KING
Florida Bar Number: 101386
Email: donnie.king@akerman.com
Secondary: simone.tobie@akerman.com
OCTAVIA M. GREEN
Florida Bar Number: 119179
Email: octavia.green@akerman.com
Secondary: simone.tobie@akerman.com
**AKERMAN LLP**
98 SE 7th Street, Suite 1100
Miami, FL 33131
Phone:  (305) 374-5600
Fax:  (305) 374-5095

*Attorneys for Defendant Ross University School of
Medicine, School of Veterinary Medicine Limited*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 3, 2019 a true and correct copy of the foregoing document was served via CM/ECF on:

Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721
Telephone: (240) 602-1836
E-mail: drmuyiwa.a@gmail.com

*s/Donnie M. King*
Donnie M. King

48460437;1