# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OLUWAMUYIWA AWODIYA,                CASE NO. 0:18-cv-60482-KMM-AOV

    Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

    Defendant.
_____/

**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND INCORPORATED MEMORANDUM OF LAW**

Defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM"), by counsel, moves for partial summary judgment on Counts VIII and IX of the Third Amended Complaint [ECF No. 47] (the "Complaint") filed by plaintiff Oluwamuyiwa Awodiya.

## I. INTRODUCTION

In Counts VIII and IX of the Complaint, Plaintiff sues RUSM for fraudulent inducement and negligent misrepresentation in the inducement, respectively. Plaintiff's sole basis for these two claims is his contention that RUSM made a misstatement on its website by representing that: "It is the policy and practice of the University to comply with the Americans with Disabilities Act *as applicable and practical in Dominica*." Compl. at ¶¶ 106, 115 (emphasis added). On January 4, 2019, RUSM filed a Motion for Summary Judgment [ECF No. 120] (the "Original Motion"), which moved for summary judgment on Plaintiff's claim for fraudulent inducement and negligent misrepresentation, in part, because: 1) there is no evidence that the statement was false; and 2) RUSM stands by the statement made on its website.

On March 2, 2019, this Court entered an Omnibus Order on Motions for Summary Judgment (the "Order") [ECF No. 154], which denied RUSM's motion for summary judgment on Plaintiff's claims for fraudulent inducement and negligent misrepresentation. The Order states that "while Defendant 'stands by' the statement on its website, Defendant provides no evidence why the statement is true." *See* Order at 19. RUSM files this motion to address the Court's concern and to present case law establishing that the ADA does not apply extraterritorially in Dominica and, therefore, the statement on the website is true as a matter of law.

As the website made clear, it is RUSM's police to comply with the ADA in Dominica as "applicable and practical." Dominica is an island country in the West Indies. Both the ADA and the accompanying Rehabilitation Act are laws of the United States, and not laws of Dominica. Courts in the United States have found that neither the ADA nor the Rehabilitation Act apply to RUSM in Dominica. Because the ADA and the Rehabilitation Act are not applicable in Dominica, the challenged statement is true as a matter of law and, therefore, the Court should grant summary judgement in RUSM's favor on Counts VIII and IX of the Complaint.

## II. FACTUAL BACKGROUND

Plaintiff is a former RUSM medical student. *See* Statement of Material Facts in Support of Defendant's Motion for Partial Summary Judgment ("Statement of Facts") at ¶ 1. Plaintiff applied to RUSM in 2013. *Id.* Plaintiff attended RUSM on the island of Dominica beginning in May 2014. *Id.* On its website, RUSM stated that "[i]t is the policy and practice of the University to comply with the Americans with Disabilities Act as ***applicable and practical in Dominica***." *Id.* at ¶ 2 (emphasis added). As the basis for his fraudulent inducement and negligent misrepresentation claims, Plaintiff alleges that this statement was false.

### III. <u>LEGAL STANDARD</u>

The Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The existence of some factual disputes – as opposed to genuine disputes of material fact – will not defeat a motion for summary judgment. *See Gordilis v. Ocean Drive Limousines, Inc.*, Civ. No. 12-24358-JLK, 2014 WL 2214274, at *1 (S.D. Fla. May 28, 2014) ("A fact is 'material' if it is may determine the outcome under the applicable substantive law.").  To defeat summary judgment, "the non-moving party cannot merely rest upon his bare assertions, conclusory allegations, surmises or conjectures." *McIntyre v. FLX of Miami, Inc.*, Civ. No. 08-20030-JJO, 2008 WL 4541017, at *3 (S.D. Fla. Oct. 8, 2008).  A "genuine" dispute as to a material fact exists if the evidence is such that a rational trier of fact could return a verdict for the nonmoving party. *Foreman v. City of Port St. Lucie*, Civ. No. 07-14036-KMM, 2008 WL 958030, at *1 (S.D. Fla. Apr. 8, 2008) (citing *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997)).  The Court must "view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion." *Id*.

### IV. <u>ARGUMENT</u>

    **a. Judgment Should be Entered on Count VIII and Count IX of the Complaint Because the ADA and the Rehabilitation Act are Not Applicable in Dominica as a Matter of Law**

Plaintiff contends that RUSM is liable for fraudulent inducement and negligent misrepresentation because it made a misstatement on its website by representing that: "It is the policy and practice of the University to comply with the Americans with Disabilities Act as applicable and practical in Dominica." Compl. at ¶¶ 106, 115.  However, Plaintiff cannot succeed on these claims because he cannot prove that the aforementioned statement is actually false.

3

Under Florida law, to prevail on a claim for fraudulent inducement, plaintiff must show that (1) the defendant made a misrepresentation of material fact; (2) the defendant knew or should have known of the falsity of the statement; (3) the defendant intended for the misrepresentation to induce plaintiff to rely and act on it; and (4) the plaintiff suffered injury in justifiable reliance on the representation. *Biscayne Inv. Grp. Ltd. v. Guarantee Mgmt. Servs., Inc.*, 903 So. 2d 251, 255 (Fla. 3d DCA 2005). *See also* Order at 6.

Similarly, to succeed on a cause of action for negligent misrepresentation, a plaintiff must prove that (1) the defendant made a misrepresentation of material fact that he believed to be true but was in fact false; (2) the defendant was negligent in making the statement because he should have known that the representation was false; (3) the defendant intended to induce the plaintiff to rely on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation. *Simon v. Celebration Co*., 883 So. 2d 826, 832 (Fla. 5th DCA 2004). *See also* Order at 6-7.

The ADA and Rehabilitation Act are American laws. Dominica is an island country in the West Indies and is an independent sovereign from the United States. Neither the ADA nor the Rehabilitation Act can be found to be ***applicable*** in Dominica absent express consent by Congress. *See Archut v. Ross Univ. Sch. of Veterinary Med*., Civil Action No. 10-1681 (MLC), 2012 WL 5867148, at *4 (D.N.J. Nov. 19, 2012) (citing *Morrison v. Nat'l Austl. Bank, Ltd*., 130 S.Ct. 2869, 2877 (2010) ("There is a presumption against extraterritorial application of United States law where Congress failed to expressly communicate an intent to have the law apply extraterritorially.")). Thus, the challenged statement cannot be false as a matter of law.

In *Archut,* the United States District Court for the District of New Jersey examined virtually identical allegations to those made by the Plaintiff in this case. In fact, *Archut* involved

4

RUSM's sister veterinary school in St. Kitts.  In *Archut*, the plaintiff argued that RUSM should be subjected to liability under the Rehabilitation Act because the institution received federal financial aid.  In rejecting the plaintiff's argument, the court stated:

> While federal funds are distributed to many institutions, some of which are beyond the physical territory of the United States, Congress failed to mention that these anti-discrimination standards for institutions receiving assistance were to follow wherever the money went. Without an express extension of the statute to foreign institutions receiving federal financial aid, it cannot be implied that Congress actually intended such extraterritorial application. The inclusion of "any program or activity receiving Federal financial assistance" is not a clear communication indicating that Congress intended foreign institutions receiving money to also be subject to these restrictions aimed at equalizing domestic educational, professional, or social opportunities for disabled individuals within the United States.

*Archut*, 2012 WL 5867148, at *10.

Further, the court in *Archut* declined to find that RUSM subjected itself to liability by mentioning the United States anti-discrimination standards in a student handbook. *Id*. at *10 ("The Court does not find that this case supports the proposition that mentioning United States anti-discrimination standards in a student handbook binds a school to liability if it fails to meet the standards of law it is not legally obligated to follow.").

Here, because the ADA is not applicable in Dominica, RUSM's statement that it would comply with the ADA "***as applicable and practical in Dominica***" cannot be false as a matter of law.  Moreover, the evidence in the record establishes that, even though RUSM is not bound by the ADA in Dominica, the school made every effort to provide students with an accommodation where such an accommodation was requested.  *See* Statement of Facts at ¶ 3.  Plaintiff's failure to proffer evidence establishing the essential elements of his fraudulent inducement and fraudulent misrepresentations claims is fatal to these claims and judgment should be entered in RUSM's favor on Counts VIII and IX of the Complaint.

## V. **CONCLUSION**

WHEREFORE, defendant Ross School of Medicine, School of Veterinary Medicine Limited respectfully requests that the Court enter an Order: (i) granting its motion for summary judgment; (ii) dismissing Counts VIII and IX of Plaintiff's Third Amended Complaint and (iii) granting RUSM such other and further relief as the Court deems just and proper.

Dated: April 11, 2019                               Respectfully submitted,

*s/Ryan Roman*
MICHAEL C. MARSH
Florida Bar Number: 0072796
Email: michael.marsh@akerman.com
Secondary: sharon.luesang@akerman.com
RYAN A. ROMAN
Florida Bar Number: 0025509
Email: ryan.roman@akerman.com
Secondary: dorothy.matheis@akerman.com
DONNIE M. KING
Florida Bar Number: 101386
Email: donnie.king@akerman.com
Secondary: simone.tobie@akerman.com
OCTAVIA M. GREEN
Florida Bar Number: 119179
Email: octavia.green@akerman.com
Secondary: simone.tobie@akerman.com
**AKERMAN LLP**
98 SE 7th Street, Suite 1100
Miami, FL 33131
Phone: (305) 374-5600
Fax: (305) 374-5095

*Attorneys for Defendant Ross University School of Medicine, School of Veterinary Medicine Limited*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on April 11, 2019 a true and correct copy of the foregoing document was served via CM/ECF on:

Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721
Telephone: (240) 602-1836
E-mail: drmuyiwa.a@gmail.com

                                                 *s/Ryan Roman*
                                                 Ryan Roman