# Exhibit 2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

OLUWAMUYIWA AWODIYA,                          CASE NO. 0:18-cv-60482-KMM-AOV

      Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

      Defendant.

_____/

## STATEMENT OF MATERIAL FACTS IN SUPPORT OF
## DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 of the

Local Rules of the United States District Court for the Southern District of Florida, defendant Ross

University School of Medicine, School of Veterinary Medicine Limited ("RUSM"), by counsel

hereby submits its Statement of Material Facts in support of its Partial Motion for Summary

Judgment and Incorporated Memorandum of Law.

    1.     Plaintiff Oluwamuyiwa Awodiya is a former RUSM medical student.  [ECF No.

47] at ¶1.  Plaintiff applied to RUSM in 2013 and enrolled in May 2014.  *See* Deposition Transcript

of Oluwamuyiwa Awodiya dated December 5, 2018 ("Awodiya Depo."), excerpts of which are

attached to the Declaration of Ryan Roman ("Roman Declaration") as **Exhibit 1**, at 154:6-155:10;

159:12-14.  Plaintiff attended RUSM's campus which is located on the island of Dominica.  *See*

Declaration of Oluwamuyiwa Awodiya in Support of Plaintiff's Second Motion for Partial

Summary Judgment [ECF No. 102-1] at ¶¶ 11-12, 15.

    2.     On its website, RUSM stated that "[i]t is the policy and practice of the University

to comply with the Americans with Disabilities Act as applicable and practical in Dominica."  *See*

48579595;2

Defendant's Response to Plaintiff's First Request for Admission at ¶ 28, attached to the Roman Declaration as **Exhibit 2**.

3.      Although RUSM is not bound by the ADA in Dominica, in an effort to support their students, RUSM uses the ADA as a guideline to ensure that students are given appropriate accommodations pursuant to the application and process set forth by RUSM.  *See* Deposition Transcript of Bryan Hayse ("Hayse Depo."), excerpts of which are attached to the Roman Declaration as **Exhibit 3**, at 10:2-17.  *See also* Deposition Transcript of Matthew Stewart-Fulton ("Stewart-Fulton Depo."), excerpts of which are attached to the Roman Declaration as **Exhibit 4**, at 31:20-32:10.

Dated: April 11, 2019

Respectfully submitted,

*s/Ryan Roman*
MICHAEL C. MARSH
Florida Bar Number: 0072796
Email: michael.marsh@akerman.com
Secondary: sharon.luesang@akerman.com
RYAN A. ROMAN
Florida Bar Number: 0025509
Email: ryan.roman@akerman.com
Secondary: dorothy.matheis@akerman.com
DONNIE M. KING
Florida Bar Number: 101386
Email: donnie.king@akerman.com
Secondary: simone.tobie@akerman.com
OCTAVIA M. GREEN
Florida Bar Number: 119179
Email: octavia.green@akerman.com
Secondary: simone.tobie@akerman.com
**AKERMAN LLP**
98 SE 7th Street, Suite 1100
Miami, FL 33131
Phone: (305) 374-5600
Fax: (305) 374-5095

*Attorneys for Defendant Ross University School of*
*Medicine, School of Veterinary Medicine Limited*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 11, 2019 a true and correct copy of the foregoing document was served via CM/ECF on:

Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721
Telephone: (240) 602-1836
E-mail: drmuyiwa.a@gmail.com

_s/Ryan Roman_____
Ryan Roman

4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

OLUWAMUYIWA AWODIYA,                    CASE NO. 0:18-cv-60482-KMM-AOV

      Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

      Defendant.

_____/

## DECLARATION OF RYAN ROMAN IN SUPPORT OF
## DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Ryan Roman, declare as follows:

1.      I am a partner with the law firm of Akerman LLP, which represents defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM") in this matter.

2.      I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify thereto.

3.      I submit this declaration in support of RUSM's Motion for Partial Summary Judgment, filed simultaneously with this Declaration.

4.      Attached hereto as Exhibit 1 are excerpts from the Deposition Transcript of Oluwamuyiwa Awodiya dated December 5, 2018.

5.      Attached hereto as Exhibit 2 is Defendant's Response to Plaintiff's First Request for Admission.

6.      Attached hereto as Exhibit 3 are excerpts from the Deposition Transcript of Dr. Bryan Hayse dated November 5, 2018.

48587135;1

7.      Attached hereto as Exhibit 4 are excerpts from the Deposition Transcript of Matthew Stewart-Fulton dated November 5, 2018.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 11, 2019.

Ryan Roman

2

# Exhibit 1

Page 1

```
 1              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF FLORIDA
 2
 3             CASE NO. 0:18-cv-60482-KMM-AOV
 4
     OLUWAMUYIWA AWODIYA,
 5
             Plaintiff,
 6
     vs.
 7
     ROSS UNIVERSITY SCHOOL OF
 8   MEDICINE, SCHOOL OF VETERINARY
     MEDICINE LIMITED,
 9
             Defendant.
10   _____/
11
12
13                         Suite 1600
                           350 East Las Olas Boulevard
14                         Fort Lauderdale, Florida  33301
                           Wednesday, 10:19 A.M.-6:23 P.M.
15                         December 5, 2018
16
17       VIDEOTAPE DEPOSITION OF OLUWAMUYIWA AWODIYA
18
19      Taken before Carla D. Smith, RPR, RMR, Notary Public
20   in and for the State of Florida at Large, pursuant to
21   Notice of taking Deposition in the above cause.
22
23
24
25
```

Page 154

1           THE VIDEOGRAPHER:  We're now back on the

2      record at 3:44.  This marks the beginning of

3      Media 4.  You may proceed.

4           MR. ROMAN:  Thank you.

5   BY MR. ROMAN:

6      Q.   Mr. Awodiya, I'm going to show you what we'll

7   mark as I believe it's Exhibit 4 that we are up to and

8   this appears to be a letter dated March 15, 2013 from

9   the office of admission at Ross to you.

10          Have you seen this letter before?

11     A.   It sounds right.

12          (Thereupon, the document/item referred to was

13   marked for identification as Exhibit 4.)

14     Q.   Have you seen this before, do you recall?

15     A.   I can't confirm that I saw it.  I don't see

16   anything wrong with it but I can't recall specifically

17   that I saw it.

18     Q.   Did you receive a acceptance letter from Ross

19   in or around March of 2013?

20     A.   I must have but I can't say that this was the

21   exact letter that I received.  I don't remember.  It's

22   2013; yeah, it's five years ago.  That's -- that's -- I

23   can't remember the language of any -- of admissions.  I

24   don't know what this letter qualifies as but I certainly

25   can't remember the language specifically if this was

Page 155

1    that year.

2        Q.    Do you have any reason to believe this is not

3    an accurate depiction of the letter sent to you on

4    March 15, 2013 by Ross?

5        A.    No.

6        Q.    Okay.  Inside of this letter it references a

7    conditional acceptance to Ross.

8              Were you conditionally accepted to Ross

9    University?

10       A.    Yes.

11       Q.    And what was the condition?

12       A.    Complete MERP.

13       Q.    What's MERP?

14       A.    Medical Education Review Program.

15       Q.    What is that program?  Just describe for me.

16   You went through MERP, right?

17       A.    Uh-huh.

18       Q.    What is MERP?

19       A.    MERP was like -- MERP was like they gave us

20   like biochem class.  We had anatomy, anatomy stuff like

21   that.  So I think it was -- I think what it was supposed

22   to be was supposed to be like some type of -- it was

23   supposed to be a class that represents or would in some

24   way relate to what the first semester at Ross would be

25   like.  So I think the information that was introduced

Page 159

1      Q.    Sorry.  This letter as I look over it appears

2    to be a letter to you informing you of your admission to

3    Ross it says "for the class beginning May 5, 2014."

4            And in the second paragraph it says, "Your

5    completion of MERP has proven to our admissions

6    committee that you have the potential to be an

7    outstanding addition to our medical program."

8            So what I was asking was is this the followup

9    letter saying now that you have completed MERP, you're

10   admitted to Ross?

11     A.    Most likely.

12     Q.    And did you, in fact, start up at Ross on or

13   around May 5th, 2014?

14     A.    From what I can recall.

15     Q.    Do you recall what your best semester grade

16   point average wise was at Ross?

17     A.    I think it was the semester where I saw all

18   the information for the second time.  So that would be

19   my repeat fifth semester.

20     Q.    And is it safe to assume that your worse

21   semester was the first time you took that fifth semester

22   when you failed?

23     A.    My worse semester -- oh, I guess technically

24   yeah.  The other semesters -- my first semester I think

25   I got the minimum like one point less it was -- like

# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 0:18-CV-60482-KMM

OLUWAMUYIWA AWODIYA,

      Plaintiff,

    v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE,

      Defendant.

## RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

Defendant ROSS UNIVERSITY SCHOOL OF MEDICINE, by and through its attorneys

Seyfarth Shaw LLP, hereby submits its Response To Plaintiff's First Set of Requests for

Admission.

## REQUEST FOR ADMISSION NO. 1:

Admit that the formal legal name of the organization that operates RUSM is Ross
University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited.

## RESPONSE TO NO. 1:

Denied. The entity that operates Ross University School of Medicine (RUSM) is Ross

University School of Medicine, School of Veterinary Medicine Limited, a Dominican entity

different from Ross University School of Medicine, School of Veterinary Medicine (St. Kitts)

Limited, which is a Kittitian entity that operates Ross University School of Veterinary Medicine.

## REQUEST FOR ADMISSION NO. 2:

Admit that RUSM receives United States federal financial assistance through federal
student aid.

46502448v.1

**RESPONSE TO NO. 2:**

Defendant admits that some students who attend Ross University School of Medicine

receive student loans from the United States of America and that Ross University School of

Medicine participates in the William D. Ford Federal Direct Loan Program. To the extent that

Request No. 2 requests an admission of anything else, it is objectionable because it is ambiguous,

and Defendant is therefore unable to admit or deny the assertion.

**REQUEST FOR ADMISSION NO. 3:**

Admit that RUSM is approved to participate in the William D. Ford Federal Direct Loan
(Direct Loan) Program.

**RESPONSE TO NO. 3:**

Admitted.

**REQUEST FOR ADMISSION NO. 4:**

Admit that RUSM received Plaintiff's CONNERS CPT3 ADHD assessment results. (See
attached Exhibit 5).

**RESPONSE TO NO. 4:**

Defendant admits that the RUSM Counseling Center received a copy of Plaintiff's

Conners CPT3 Assessment Report, which is reflected among the documents in Plaintiff's First

Set of Requests for Admission, Exhibit 5. To the extent that Request No. 4 requests an admission

of anything else, it is objectionable because it is ambiguous, and Defendant is therefore unable to

admit or deny the assertion.

**REQUEST FOR ADMISSION NO. 5:**

Admit that RUSM administered the TOVA to Plaintiff. (See attached Exhibit 5).

**RESPONSE TO NO. 5:**

Defendant admits that the RUSM Counseling Center administered the TOVA to Plaintiff,

as reflected in the documentation in Plaintiff's First Set of Requests for Admission, Exhibit 5. To

2

the extent that Request No. 5 requests an admission of anything else, it is objectionable because

it is ambiguous, and Defendant is therefore unable to admit or deny the assertion.

## REQUEST FOR ADMISSION NO. 6:

Admit that RUSM administered the CAARS to Plaintiff. (See attached Exhibit 5).

## RESPONSE TO NO. 6:

Defendant admits that the RUSM Counseling Center administered the CAARS to

Plaintiff, as reflected in the documentation in Plaintiff's First Set of Requests for Admission,

Exhibit 5. To the extent that Request No. 6 requests an admission of anything else, it is

objectionable because it is ambiguous, and Defendant is therefore unable to admit or deny the

assertion.

## REQUEST FOR ADMISSION NO. 7:

Admit that the Plaintiff's TOVA and CAARS assessments indicated ADHD. (See attached Exhibit 5).

## RESPONSE TO NO. 7:

Defendant admits that McMillan Cuffy from the RUSM Counseling Center indicated the

following on a Note dated January 18, 2016, which is included in Plaintiff's First Set of Requests

for Admission, Exhibit 5: "The TOVA was administered. The results are not within the normal

limits and the overall pattern of performance suggests an attention problem, including ADHD.

The CAARS was also administered. The results indicated ADHD predominately Inattentive

presentation." To the extent that Request No. 7 requests an admission of anything else, it is

objectionable because it is ambiguous, and Defendant is therefore unable to admit or deny the

assertion.

## REQUEST FOR ADMISSION NO. 8:

Admit that RUSM had knowledge of Plaintiff's ADHD. (See attached Exhibit 5 and Exhibit 6).

3

**RESPONSE TO NO. 8:**

Defendant admits that McMillan Cuffy in the RUSM Counseling Center diagnosed

Plaintiff with Attention Deficit Disorder Without Mention of Hyperactivity, and that this is

reflected in a Note dated January 18, 2016, and included in Plaintiff's First Set of Requests for

Admission, Exhibit 5. Defendant denies that Exhibit 6 reflects any knowledge of Plaintiff's

alleged ADHD or any other medical condition by anyone, at RUSM or otherwise. To the extent

that Request No. 8 requests an admission of anything else, it is objectionable because it is

ambiguous, and Defendant is therefore unable to admit or deny the assertion.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Plaintiff satisfied all the technical requirements for RUSM during his
enrollment.

**RESPONSE TO NO. 9:**

Denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Plaintiff performed the essential functions required by RUSM during his
enrollment.

**RESPONSE TO NO. 10:**

Denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Plaintiff requested accommodations. (See attached Exhibit 6).

**RESPONSE TO NO. 11:**

Defendant denies that Exhibit 6 reflects a request for accommodations. To the extent that

Request No. 11 requests an admission of anything else, it is objectionable because it is

ambiguous, and Defendant is therefore unable to admit or deny the assertion.

4

**REQUEST FOR ADMISSION NO. 12:**

Admit that in the Plaintiff's' Release of Information form addressed to RUSM administration, a box is marked indicating that one purpose of the form is to provide information relevant to academic accommodations. (See attached Exhibit 6).

**RESPONSE TO NO. 12:**

Defendant admits that Exhibit 6 is a RUSM Counseling Center Consent to Release Confidential Information form signed by Plaintiff on December 9, 2015. Defendant admits that one box checked on the form is a box indicating that "[t]his information is released for the following purpose(s): . . . "To provide information relevant to academic accommodations and/or medical leave of absence." To the extent that Request No. 12 requests an admission of anything else, it is objectionable because it is ambiguous, and Defendant is therefore unable to admit or deny the assertion.

**REQUEST FOR ADMISSION NO. 13:**

Admit that it was obvious that Plaintiff needed accommodations.

**RESPONSE TO NO. 13:**

Denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that extended testing time for the NBME CBSE is a reasonable accommodation.

**RESPONSE TO NO. 14:**

Defendant denies that extended testing time for the NBME CBSE is a reasonable accommodation, *per se*. To the extent that Request No. 14 requests an admission of anything else, it is objectionable because it is ambiguous, and Defendant is therefore unable to admit or deny the assertion.

**REQUEST FOR ADMISSION NO. 15:**

Admit that RUSM has never provided Plaintiff with accommodations for any test.

5

**RESPONSE TO NO. 15:**

Defendant objects to this request because it appears to assume facts not in evidence,

including that Plaintiff was disabled, required accommodations to his disability(ies) during tests,

and requested such accommodations from RUSM. Subject to and without waiving that objection,

Defendant notes that it permitted Plaintiff to take the NBME CBSE a fifth time and denies

Request No. 15.

**REQUEST FOR ADMISSION NO. 16:**

Admit that RUSM did not provide Plaintiff with extended testing time for the NBME
CBSE.

**RESPONSE TO NO. 16:**

Admitted.

**REQUEST FOR ADMISSION NO. 17:**

Admit that extended testing time was an available accommodation for the NBME CBSE
exam. (See attached Exhibit 10 at page 2).

**RESPONSE TO NO. 17:**

Defendant admits that extended testing time for the NBME CBSE is an accommodation

sometimes provided to disabled students taking the exam and that Page 2 of Exhibit 10

references this possible accommodation. To the extent that Request No. 17 requests an admission

of anything else, it is objectionable because it is ambiguous, and Defendant is therefore unable to

admit or deny the assertion.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the decision to provide students with test accommodations for the NBME
CBSE is made by RUSM. (See attached Exhibit 10 at page 2).

**RESPONSE TO NO. 18:**

Defendant admits that RUSM, not the NBME, is the entity that determines whether its

students require accommodations to a disability when taking the NBME CBSE and that this is

6

referenced at Page 2 of Exhibit 10. To the extent that Request No. 18 requests an admission of

anything else, it is objectionable because it is ambiguous, and Defendant is therefore unable to

admit or deny the assertion.

## REQUEST FOR ADMISSION NO. 19:

Admit that Plaintiff was dismissed for failing to pass the NBME CBSE.

## RESPONSE TO NO. 19:

Admitted.

## REQUEST FOR ADMISSION NO. 20:

Admit that 99% of 2014-2015 RUSM graduates who passed their USMLE exams on the
first attempt attained a residency. (See Institutional Outcomes at
https://medical.rossu.edu/student-consumer-information.html ).

## RESPONSE TO NO. 20:

Defendant admits that the referenced website states as follows as of June 3, 2018: "99%

of 2014-2015 RUSM graduates who passed their USMLE exams on the first attempt attained a

residency by April 2016." To the extent that Request No. 20 requests an admission of anything

else, it is objectionable because it is ambiguous, and Defendant is therefore unable to admit or

deny the assertion.

## REQUEST FOR ADMISSION NO. 21:

Admit that the RUSM USMLE Step 1 first-time pass rate in 2016 was 93%. (See General
FAQ'S at https://medical.rossu.edu/about/faq.html).

## RESPONSE TO NO. 21:

Defendant denies that the referenced website contains the statement in Request No. 21, as

of June 3, 2018. To the extent that Request No. 21 requests an admission of anything else, it is

objectionable because it is ambiguous, and Defendant is therefore unable to admit or deny the

assertion.

7

**REQUEST FOR ADMISSION NO. 22:**

Admit that the RUSM USMLE Step 2 CK first-time pass rate in 2016 was 87%. (See General FAQ'S at https://medical.rossu.edu/about/faq.html).

**RESPONSE TO NO. 22:**

Defendant denies that the referenced website contains the statement in Request No. 22, as

of June 3, 2018. To the extent that Request No. 22 requests an admission of anything else, it is

objectionable because it is ambiguous, and Defendant is therefore unable to admit or deny the

assertion.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the RUSM USMLE Step 2 CS first-time pass rate in 2016 is 94%. (See General FAQ'S at https://medical.rossu.edu/about/faq.html).

**RESPONSE TO NO. 23:**

Defendant denies that the referenced website contains the statement in Request No. 23, as

of June 3, 2018. To the extent that Request No. 23 requests an admission of anything else, it is

objectionable because it is ambiguous, and Defendant is therefore unable to admit or deny the

assertion.

**REQUEST FOR ADMISSION NO. 24:**

Admit that both the websites for Ross University School of Medicine and Ross University School of Veterinary Medicine are both hosted by www.rossu.edu.

**RESPONSE TO NO. 24:**

Defendant admits that the website www.rossu.edu contains a link by which viewers may

proceed to the website for Ross University School of Medicine (https://medical.rossu.edu/) and

Ross University School of Veterinary Medicine (https://veterinary.rossu.edu/). To the extent that

Request No. 24 requests an admission of anything else, it is objectionable because it is

ambiguous, and Defendant is therefore unable to admit or deny the assertion.

8

**REQUEST FOR ADMISSION NO. 25:**

Admit that Ross University School of Medicine and Ross University School of Veterinary Medicine are registered as the same corporation.

**RESPONSE TO NO. 25:**

Denied.

**REQUEST FOR ADMISSION NO. 26:**

Admit that RUSM asserts that "Title III of the Americans with Disabilities Act of 1990 ("ADA") does not extend to conduct occurring outside the United States, and it follows that it does not extend to the Defendant's activities in Dominica." (See Dkt. No. 30).

**RESPONSE TO NO. 26:**

Admitted.

**REQUEST FOR ADMISSION NO. 27:**

Admit that Ross University School of Medicine, School of Veterinary Medicine (St. Kitts) Limited with Adtalem Global Health, Inc., asserted that Title III of the ADA is applicable only in the United States and its territories. (See Galligan v. Adtalem Global Education, Inc. et al). (See also Archut v. Ross Univ. Sch. of Veterinary Med., CIVIL ACTION NO. 10-1681 (MLC) (D.N.J. Nov. 19, 2012)).

**RESPONSE TO NO. 27:**

Admitted.

**REQUEST FOR ADMISSION NO. 28:**

Admit that RUSM made the following statement on the admission requirements page of the RUSM website "It is the policy and practice of the University to comply with the Americans with Disabilities Act as applicable and practical in Dominica."

**RESPONSE TO NO. 28:**

Admitted.

**REQUEST FOR ADMISSION NO. 29:**

Admit that it is false that RUSM will comply with the Americans with Disabilities Act in Dominica.

9

**RESPONSE TO NO. 29:**

Defendant objects to this Request because it is ambiguous (in that there are multiple

provisions in the ADA, some of which apply outside the United States under some circumstances

and some of which do not) and also apparently premised on the legal fallacy that Title III of the

ADA applies in Dominica. Subject to that objection, Defendant admits that RUSM is not

required to comply with Title III of the ADA in Dominica but also denies that it is "false" that its

conduct in Dominica would comply with the ADA if the statute were to apply there.

**REQUEST FOR ADMISSION NO. 30:**

Admit that it is false that the Americans with Disabilities Act is applicable to RUSM in
Dominica.

**RESPONSE TO NO. 30:**

Defendant objects to this Request because it is ambiguous (in that there are multiple

provisions in the ADA, some of which apply outside the United States under some circumstances

and some of which do not). Subject to this objection, Defendant admits that Title III of the ADA

does not apply to RUSM in Dominica.

**REQUEST FOR ADMISSION NO. 31:**

Admit that RUSM made a false statement regarding a material fact posted on the
admission requirements page of the RUSM website.

**RESPONSE TO NO. 31:**

Denied.

**REQUEST FOR ADMISSION NO. 32:**

Admit that RUSM had knowledge that the representation of the applicability and
compliance with the Americans with Disabilities Act in Dominica was false.

**RESPONSE TO NO. 32:**

Denied.

10

**REQUEST FOR ADMISSION NO. 33:**

Admit that RUSM intended for prospective students to rely on the statements posted on the admission requirements page of the RUSM website.

**RESPONSE TO NO. 33:**

Defendant objects to this Request because it is ambiguous in that it does not identify the statements in question. Defendant is therefore unable to admit or deny the assertion in Request No. 33.

**REQUEST FOR ADMISSION NO. 34:**

Admit that in the month of September 2016, the RUSM Academic Catalog of 2015-2016, VOL. 7 stated that "Students receiving a score of 66 or higher on the CBSE are certified to take the USMLE Step 1." (See attached Exhibit 12 at page 1).

**RESPONSE TO NO. 34:**

Defendant admits that the RUSM Academic Catalog of 2015-2016, VOL. 7, which was published in September 2015, states as follows: "Students receiving a score of 66 or higher on the CBSE are certified to take the USMLE Step 1." Defendant admits that this portion of the Academic Catalog is reflected in Exhibit 12 at Page 1. Defendant denies that this statement was still the rule in September 2016, given that RUSM changed the passing score to 68, effective in November 2015, and notified students, including Plaintiff, of this change. Defendant denies any remaining assertions in Request No. 34.

**REQUEST FOR ADMISSION NO. 35:**

Admit that Plaintiff scored higher than a 66 on one of his NBME CBSE attempts.

**RESPONSE TO NO. 35:**

Admitted.

**REQUEST FOR ADMISSION NO. 36:**

Admit that the RUSM Student Handbook states "The Dean will respond within 15 calendar days of receipt of the appeal. The Dean's decision is final." (See attached Exhibit 14 at page 41).

46502448v.1

**RESPONSE TO NO. 36:**

Admitted.

**REQUEST FOR ADMISSION NO. 37:**

Admit that the RUSM Dean did not respond to Oluwamuyiwa Awodiya within 15 calendar days of his second appeal.

**RESPONSE TO NO. 37:**

Defendant admits that the Dean responded to Plaintiff's appeal of his second dismissal

from school on the 16th day after receipt, which was not within 15 days of receipt of his appeal.

Defendant denies any remaining assertions in Request No. 37.

**REQUEST FOR ADMISSION NO. 38:**

Admit that the RUSM Academic Catalog is an express or implied contract between RUSM and its students.

**RESPONSE TO NO. 38:**

Denied.

**REQUEST FOR ADMISSION NO. 39:**

Admit that the RUSM Student Handbook is an express or implied contract between RUSM and its student.

**RESPONSE TO NO. 39:**

Denied.

**REQUEST FOR ADMISSION NO. 40:**

Admit that the Defendant has no basis to assert as a defense or affirmative defense the lack of subject matter jurisdiction or the lack of personal jurisdiction.

**RESPONSE TO NO. 40:**

Defendant admits that, in this particular lawsuit, based on the allegations made by

Plaintiff in his Second Amended Complaint, the Court possesses subject matter jurisdiction over

Plaintiff's claims (as they are currently articulated), and Defendant will not challenge the Court's

46502448v.1

personal jurisdiction over Defendant. Defendant denies any remaining assertions in Request No. 40.

**REQUEST FOR ADMISSION NO. 41:**

Admit that Defendant has currently relocated the named persons, in the Second Amended Complaint, to outside of Dominica following a natural disaster.

**RESPONSE TO NO. 41:**

Defendant admits that McMillan Cuffy and Davendra Sharma are no longer living or working in Dominica, as a result of a hurricane. Defendant denies that Plaintiff has relocated from Dominica as a result of the hurricane but admits that he is no longer in Dominica. Defendant denies any remaining allegations in Request No. 41.

**REQUEST FOR ADMISSION NO. 42:**

Admit that attached documents, Exhibit 5 RUSM ADHD Counseling Documents, are authentic.

**RESPONSE TO NO. 42:**

Defendant objects to this Request because it is ambiguous. FRE 901(a) states that an item is authentic if "the item is what the proponent claims it is." Because Plaintiff does not articulate what he claims the items are, Defendant cannot admit or deny the assertion in Request No. 42. Subject to this objection, Defendant admits that the documents contained in Exhibit 5 are authentic copies of records pertaining to Plaintiff that are possessed by the RUSM Counseling Center.

**REQUEST FOR ADMISSION NO. 43:**

Admit that attached document, Exhibit 6 RUSM Release of Information to RUSM administration, is authentic.

46502448v.1

**RESPONSE TO NO. 43:**

Defendant objects to this Request because it is ambiguous. FRE 901(a) states that an item is authentic if "the item is what the proponent claims it is." Because Plaintiff does not articulate what he claims the items are, Defendant cannot admit or deny the assertion in Request No. 43. Subject to this objection, Defendant admits that the document reflected in Exhibit 6 is an authentic copy of an RUSM Consent To Release Confidential Information signed by Plaintiff and McMillan Cuffy on December 9, 2015.

**REQUEST FOR ADMISSION NO. 44:**

Admit that attached document, Exhibit 10 Administration of NBME Examinations at Prometric Test Centers, is authentic.

**RESPONSE TO NO. 44:**

Defendant objects to this Request because it is ambiguous. FRE 901(a) states that an item is authentic if "the item is what the proponent claims it is." Because Plaintiff does not articulate what he claims the items are, Defendant cannot admit or deny the assertion in Request No. 44.

**REQUEST FOR ADMISSION NO. 45:**

Admit that attached documents, Exhibit 12 Excerpts of 2015-2016, VOL. 7 Ross University School of Medicine Academic Catalog, are authentic.

**RESPONSE TO NO. 45:**

Defendant objects to this Request because it is ambiguous. FRE 901(a) states that an item is authentic if "the item is what the proponent claims it is." Because Plaintiff does not articulate what he claims the items are, Defendant cannot admit or deny the assertion in Request No. 45. Subject to this objection, Defendant admits that the documents contained in Exhibit 12 are authentic copies of excerpts from the 2015-2016 RUSM Academic Catalog.

**REQUEST FOR ADMISSION NO. 46:**

Admit that attached documents, Exhibit 14 Excerpts of RUSM Student Handbook May 2016, are authentic.

14

46502448v.1

**RESPONSE TO NO. 46:**

Defendant objects to this Request because it is ambiguous. FRE 901(a) states that an item is authentic if "the item is what the proponent claims it is." Because Plaintiff does not articulate what he claims the items are, Defendant cannot admit or deny the assertion in Request No. 46. Subject to this objection, Defendant admits that the documents contained in Exhibit 14 are authentic copies of excerpts from the 2015-2016 RUSM Student Handbook.

**REQUEST FOR ADMISSION NO. 47:**

Admit that attached documents, Exhibit 17 Excerpts of RUSM Student Handbook September 2014, are authentic.

**RESPONSE TO NO. 47:**

Defendant objects to this Request because it is ambiguous. FRE 901(a) states that an item is authentic if "the item is what the proponent claims it is." Because Plaintiff does not articulate what he claims the items are, Defendant cannot admit or deny the assertion in Request No. 47. Subject to this objection, Defendant admits that the documents contained in Exhibit 17 are authentic copies of excerpts from the 2014-2015 RUSM Student Handbook.

15

DATED:  June 8, 2018

Respectfully submitted,

ROSS UNIVERSITY SCHOOL OF
MEDICINE

By: _____

Christina Forte Meddin
cmeddin@seyfarth.com
Brian Stolzenbach
bstolzenbach@seyfarth.com

SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA  30309-3958
Telephone:    (404) 885-1500
Facsimile:     (404) 892-7056

Attorneys for Defendant

16

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO: 0:18-CV-60482-KMM**

OLUWAMUYIWA AWODIYA,

        Plaintiff,

    v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE,

        Defendant.

## CERTIFICATE OF SERVICE

    I certify that on June 8, 2018 I served DEFENDANT'S RESPONSE TO PLAINTIFF'S

FIRST SET OF REQUESTS FOR ADMISSION via United States Postal Service and e-mail to

the following individual:

        Oluwamuyiwa Awodiya
        15005 Dahlia Dr.
        Bowie, Maryland  20721
        drmuyiwa.a@gmail.com

    /s/ _____
    Christina F. Meddin

# Exhibit 3

```
                                                  Page 1

 1              UNITED STATES DISTRICT COURT

 2           FOR THE SOUTHERN DISTRICT OF FLORIDA

 3

 4    OLUWAMUYIWA AWODIYA,

 5           Plaintiff

 6    vs.                         CASE NO.

                                  0:18-cv-60482-KMM

 7    ROSS UNIVERSITY SCHOOL OF

      MEDICINE, SCHOOL OF

 8    VETERINARY MEDICINE LIMITED,

 9           Defendant.

10

      ```````````````````````````

11

12

13         VIDEO-CONFERENCED DEPOSITION OF

14                  BRYAN HAYSE

15

16               NOVEMBER 5, 2018

17                 3:07 P.M.

18

19       ROSS UNIVERSITY SCOOL OF MEDICINE

20            KNOXVILLE, TENNESSEE

21

22

23

24       Deborah West, LCR-314 (TN), CLR

25
```

Page 10

```
 1          question.
 2               THE WITNESS:  Yeah.  I would say as
 3          far as the ADA is concerned, you know, we
 4          comply with, and our policies are built
 5          around having accommodations made for the
 6          USMLE and around the USMLE processes and
 7          policies.
 8               Because at the end of the day we
 9          want to make sure our students have
10          proper documentation to be at the best
11          stage to get accommodations from USMLE
12          when they get to step one and beyond.
13               Although what we do does not
14          determine that necessarily.  So I would
15          say that what we do is uses ADA as
16          guideline, but we are not necessarily
17          beholden to.
18   BY MR. AWODIYA:
19          Q    Do you know if it's required to
20   comply with Section 504 of the Rehabilitation Act?
21               MR. ROMAN:  Same objection, but you
22          can answer.
23               THE WITNESS:  Is that the same
24          question?
25
```

Exhibit 4

Page 1

1             UNITED STATES DISTRICT COURT

2          FOR THE SOUTHERN DISTRICT OF FLORIDA

3

4   OLUWAMUYIWA AWODIYA,

5          Plaintiff

6   vs.                          CASE NO.
                                 0:18-cv-60482-KMM

7   ROSS UNIVERSITY SCHOOL OF
    MEDICINE, SCHOOL OF

8   VETERINARY MEDICINE LIMITED,

9          Defendant.

10
    ```````````````````````````

11

12

13          VIDEO-CONFERENCED DEPOSITION OF

14              MATTHEW STEWART-FULTON

15

16              NOVEMBER 5, 2018

17                 1:06 P.M.

18

19        ROSS UNIVERSITY SCOOL OF MEDICINE

20            KNOXVILLE, TENNESSEE

21

22

23

24        Deborah West, LCR-314 (TN), CLR

25

Page 31

```
 1    all the contacts that I have had from the

 2    counseling center.

 3            Q     So is it correct that you can

 4    neither confirm nor deny whether you received

 5    communication from the counseling center on behalf

 6    of plaintiff?

 7            A     I do not have in my records any

 8    documentation from the counseling center regarding

 9    the plaintiff.

10            Q     What about phone calls?

11            A     I don't recall if I had any phone

12    calls with the counseling center about the

13    plaintiff.

14            Q     Is faculty at RUSM required to

15    comply with Title III of the Americans with

16    Disabilities Act?

17            A     Are you referring to the ADA?

18            Q     Yes.

19            A     No.

20            Q     Are they required to comply with

21    Section 504 of the Rehabilitation Act?

22                  MR. ROMAN:  I will object to this

23              and the last question to the extent it

24              calls for a legal conclusion.  If the

25              witness can answer, he may do so.
```

Page 32

```
 1                   THE WITNESS:  In reference to when
 2              you were enrolled and the campus was
 3              located on Dominica, we were not required
 4              to comply with the ADA.  Although in the
 5              interest of supporting our students, we
 6              abided by the spirit of the ADA and
 7              Section 504 of the Rehabilitation Act to
 8              provide appropriate accommodations within
 9              the process that was defined in the
10              student handbook.
11   BY MR. AWODIYA:
12         Q    So just to clarify, there is no
13   policy that requires faculty to comply with those
14   laws you just stated?
15         A    That's my recollection based on
16   what's in the student handbook.
17         Q    So you, yourself, are not required
18   to comply with those laws in Dominica?
19         A    That is my understanding.
20         Q    Where did you get your knowledge
21   about what is required from Title III of the
22   Americans with Disabilities Act?
23         A    From review of the Americans with
24   Disabilities Act and Section 504 of the
25   Rehabilitation Act.  From consultation with the
```