

FILED BY _PG_ D.C.

APR 1 1 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

|  |  |
|---|---|
| OLUWAMUYIWA AWODIYA, | ) |
| *Plaintiff,* | ) |
|  | ) |
| -v- | ) |
|  | ) |
| ROSS UNIVERSITY SCHOOL OF | ) |
| MEDICINE, SCHOOL OF | ) |
| VETERINARY MEDICINE LIMITED | ) |
| *Defendant.* | ) |
|  | ) |

Case No.   0:18-cv-60482-KMM

Hon. Chief Judge: K. Michael Moore
Magistrate Judge: Alicia O. Valle

## PLAINTIFF'S REPLY TO PLAINTFF'S MOTION FOR
## ORDER TO DESIGNATE METHOD OF DAMAGE CALCULATIONS

*Pro Se* plaintiff Oluwamuyiwa Awodiya ("Plaintiff") hereby files his reply to Plaintiff's

Motion for Order to Designate Method of Damage Calculations ("Motion") [ECF No. 165].

## I.      INTRODUCTION

In defendant Ross University School of Medicine, School of Veterinary Medicine

Limited's ("RUSM") Response in Opposition ("Response") [ECF No. 169], it conflates a district

court judge's ability to instruct the jury to apply a discount "rate" with a district court judge's

ability to instruct the jury to a apply a discount "method." These are independent questions.

RUSM's argument is not supported by the case law that it cites. Rather, all of its case law reaffirms

the merits of Plaintiff's Motion.

## II.      ARGUMENT

### A.      Timing of Motions and Responses

####      i.      Timing of Pleadings.

As an initial matter, it is an established fact in this case that Plaintiff has ADHD and OCD.

Plaintiff is not a lawyer and does all his legal research by himself. He has also drafted every single

pleading in this case by himself. Plaintiff struggles to finish his pleadings in the time given and will be filing a separate motion within a week for courtroom accommodations.

Trial was initially set for the March 18, 2019 two-week period. During the pretrial conference on March 5, 2019, the Court permitted RUSM to only file one motion in limine. RUSM filed two, where one of them required significant legal research. *See* Plaintiff's Response to Defendant's Motion in Limine to Exclude New Theories of Liability [ECF No. 166]. On March 7, 2019 at 11:23pm RUSM served over 40 pages of its proposed jury instructions and demanded that Plaintiff return it to them with objections on March 9, 2019, basically in 25 hours. RUSM also alleges that it no longer controls its employees and served around 160 pages of deposition transcripts after the deadline had passed to do so. It also misled Plaintiff about the attendance of its employees or purposely made them unavailable. Plaintiff is still researching his options. The Court also permitted Plaintiff to file a motion regarding those proffered deposition transcripts. At this point it was impossible for Plaintiff to finish all this work before March 8, 2019.

When trial was continued to May 28, 2019, honestly, Plaintiff was relieved as this provided him with the necessary time to catch up. It is Plaintiff's belief that his pleadings are not untimely and RUSM suffered no harm because trial was continued for two additional months.

With respect to mailing, Plaintiff does not have electronic filing, and therefore if he does not finish his pleadings before 5:00pm, then he must wait until the next business day for the post office to open. Further, the Court granted Plaintiff leave to proceed in *forma pauperis*. Overnight shipping has become somewhat of financial strain with Plaintiff's other financial obligations. Therefore, Plaintiff attempts to mail multiple pleadings together rather than separately.

ii.    Plaintiff's Motion is Not Duplicative.

First, at the pretrial conference, the Court permitted Plaintiff to file the Motion. Second, RUSM's conclusory statement that Plaintiff's Motion is duplicative of the *Daubert* Motion—that

2

was denied without prejudice—is meritless. Those two motions are completely different in every way. Further, the Court denied the *Daubert* motion because, at that time, Plaintiff did not know that there was a difference between an expert witness and a rebuttal expert witness. Plaintiff is not offering any expert witness testimony in this case and therefore RUSM's rebuttal expert is precluded from testifying in this case. *See* Omnibus Order at 13–14 [ECF No. 155]. There are no experts testifying in this case, nor is one needed. This is partly the reason that Plaintiff asks the Court to designate a proper discount method, while utilizing jury interrogatories that will allow the jury to determine the discount rate.

**B.      All the Case Law Relied on By RUSM Supports Plaintiff's Motion**

      i.    *Culver* was Not Overturned Because It Had Never Required Courts or Limited Parties' Stipulations to the Below-Market Discount Method. *Culver* is Only Used When the Parties Cannot Agree to the Method.

RUSM selectively quoted every case in its Response to the level of wholesale distortion of the case law. In *Beltran v. NCL Corp.*, Case No. 13-24566-CIV-COOKE/TORRES, at *11 (S.D. Fla. Sep. 26, 2017), the Court was merely analyzing the misconception that the *Culver* court ever "required" courts to use below-market discount method as sole method—effectively taking the decision away from the district court judge and/or precluding the parties ability to stipulate to a different method. Accurately quoting the *Beltran* court's analysis—unlike the selective quoting done by RUSM—the Court stated:

> *Culver* is the more pertinent case, as it "required that courts in this circuit use the 'below-market discount' method to adjust awards of future damages to present value." *Self v. Great Lakes Dredge & Dock Co.*, 832 F.2d 1540, 1552 (11th Cir. 1987) (en banc). However, the Supreme Court has essentially overruled "the *Culver* mandatory requirement of a below-market-discount method." *Purdy v. Belcher Ref. Co.*, 781 F. Supp. 1559, 1563 (S.D. Ala. 1992) (citing *Monessen Southwestern Ry. Co. v. Morgan*, 486 U.S. 330 (1988)). **The Eleventh Circuit then went on to say that neither *Culver* nor *Monessen* "requires** that determining the discount rate must be performed by use of the below-market discount method rather than

> by the case-by-case method or the total offset method" in non-federal, diversity cases. *Ageloff v. Delta Airlines Inc*., 860 F.2d 379, 389 (11th Cir. 1988), *modi fi ed*, 867 F.2d 1268 (11th Cir. 1989).

*Id.* The *Beltran* court merely stated in its analysis that (1) the Eleventh Circuit initially held that

*Culver* required the below-market discount method; (2) the Supreme Court overruled such a

requirement; and (3) that the Eleventh Circuit later "went on to say" that *Culver* never implied

such a requirement. *Id.* The *Beltran* court's analysis runs parallel to Plaintiff's Motion:

> To be clear, the *Culver* court did not require the parties to use one method over the other. Rather, the Eleventh Circuit and the *Culver* court held that the "[*Culver*] opinion determines only the method to be followed when the parties cannot agree." *Culver*, 722 F.2d at 118

Motion at 2.

Again, after the 1988 Supreme Court decision in *Monessen*, the Eleventh Circuit in 1989

clarified the *Culver* precedent:

> The parties are nonetheless free to litigate the issue of the adjustment that should be made to account for interest and inflation. **The *Culver* II court was careful to point out that it is only "in the absence of a stipulation by the parties concerning the method to be used"** to account for interest and inflation that "fact finders shall . . . apply an appropriate below-market discount rate."

*Meader by and Through Long v. U.S.*, 881 F.2d 1056, 1059 (11th Cir. 1989) (emphasis added)

(quoting *Culver v. Slater Boat Co.*, 722 F.2d 114, 117 (5th Cir. 1984)). It further stated that:

> In the case at hand, the parties did not address the issue of adjusting the damages award until the trial was underway and appellee called her actuary to the witness stand. The actuary testified without objection .... The decision in *Culver II* was not mentioned. Under the circumstances, we believe that the parties should be treated as having stipulated to the method that the court actually employed.

*Id.* at 1059–60.

Here, Plaintiff declines to passively stipulate with RUSM regarding the method to employ. Since RUSM has refused to affirmatively stipulate to the method before trial, Plaintiff asks the Court to decide the method to be used so as to run parallel with his special jury interrogatories.

        ii.      <u>Discount Method vs Discount Rate and the Judge's/District Court's Role in a Jury Trial.</u>

As an initial matter, RUSM conflates a district court's ability to determine the discount "method" with a district court's ability to determine the discount "rate." These are independent questions. Plaintiff's Motion asks the Court to designate a "method," the Motion did not ask the Court to designate a discount "rate."

RUSM also relies on *Ageloff v. Delta Airlines Inc.*, 860 F.2d 379 (11th Cir. 1988), which actually says the exact opposite of RUSM's argument. *Ageloff* actually supports Plaintiff's Motion. The *Ageloff* court stated that "*Monessen* requires the District Court in a federally based action to submit to the jury which method it will use in determining the discount rate." *Ageloff v. Delta Airlines Inc.*, 860 F.2d 379, 390 n.38 (11th Cir. 1988).

The Supreme Court in *Monessen* also supports Plaintiff's Motion. The Supreme Court held:

> [T]he judge has an obligation to prevent the trial proceedings on the present value issue from becoming unnecessarily prolonged and the jury from becoming hopelessly mired in "difficult mathematical computation." **It is therefore permissible for the judge to recommend to the jury one or more methods of calculating present value** so long as the judge does not in effect pre-empt the jury's function. A trial judge's instructions to the jury with regard to discount methods — provided that they do not "subject the jury's estimate to . . . rigid mathematical limitatio[n]," — are entitled to substantial deference on appellate review.

*Monessen Southwestern R. Co. v. Morgan*, 486 U.S. 330, 341-42 (1988) (bold added; ellipses and bracket in original); *accord Ageloff v. Delta Airlines Inc.*, 860 F.2d 379, 390 n.38 (11th Cir. 1988).

"Moreover, as we recognized in *Pfeifer*, 'nothing prevents parties interested in keeping litigation costs under control from stipulating to [their method of choice for] use before trial." *Monessen Southwestern R. Co. v. Morgan*, 486 U.S. 330, 342 n.11 (1988) (quoting *Jones Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523, 550 (1983)).

The precedence is clear, a district court judge may instruct the jury on which discount **method** to apply. However, since the district court judge cannot instruct the jury on what discount "rate" to use, by its very nature, it would be improper to apply the "total offset method" because the "total offset method" will always result in a "a zero discount rate" as *Monessen* has explained. *Monessen*, 486 U.S. at 342; *Culver v. Slater Boat Co.*, 722 F.2d 114, 118 (5th Cir. 1984) ("the 'total-offset' method …. neither discounts the award nor adjusts it for inflation.").

## III.    CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order, (i) granting Plaintiff's Motion for Order to Designate Method of Damage Calculations [ECF No. 165]; and (ii) granting Plaintiff such other and further relief as the Court deems just and proper.

DATED this 10th day of April, 2019:

Respectfully submitted,

By: Oluwamuyiwa Awodiya, *pro se* litigant
15005 Dahlia Dr.
Bowie, MD 20721
(240) 602-1836
Plaintiff, in Proper Person

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on this 10th day of April, 2019, I have caused a true and correct

copy of the foregoing by mailing a copy to the Court, where the Court's CM/ECF system will send

notification to the following:

| | |
|---|---|
| **Ryan Roman** | **Octavia Monique Green** |
| Akerman Senterfitt | Akerman LLP |
| Suntrust International Center | Three Brickell City Centre |
| 1 SE 3rd Avenue | 98 Southeast Seventh Street |
| 25th Floor | Suite 1100 |
| Miami, FL 33131-1714 | Miami, FL 33131 |
| 305-374-5600 | (305) 982-5670 |
| Fax: 305-374-5095 | Email: |
| Email: | octavia.green@akerman.com |
| ryan.roman@akerman.com | |

By: Oluwamuyiwa Awodiya, *pro se* litigant

7

U.S. POSTAGE
PME 1-DAY
BOWIE, MD
20716
APR 10, 19
AMOUNT

**$25.50**

1007     33128     R2304M116063-06




**PRESS FIRMLY TO SEAL**          **PRESS FIRMLY TO SEAL**

# PRIORITY
## ★ MAIL ★
# EXPRESS™

**OUR FASTEST SERVICE IN THE U.S.**



*75*

**WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.**



**EP13F July 2013   OD: 12.5 x 9.5**



P S 1 0 0 0 1 0 0 0 0 0 6

WRITE FIRMLY TO MAKE ALL COPIES LEGIBLE.

E K 5 5 7 4 2 4 6 7 7 U S

**PEEL HERE**

**UNITED STATES**
**POSTAL SERVICE ®**

**PRIORITY**
**★ MAIL ★**
**EXPRESS™**

MITCHELLVILLE BR. BC - 1E, MD 20716

APR 1 0 2019

### CUSTOMER USE ONLY

**FROM:** (PLEASE PRINT)   PHONE ( 240 602-12...

Dilucabhajyoo Avaaliya
J5505 Daihy DR
Bowie, MD 25721

**PAYMENT BY ACCOUNT** (if applicable)

### DELIVERY OPTIONS (Customer Use Only)

☐ **SIGNATURE REQUIRED** *Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.*

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.*

**TO:** (PLEASE PRINT)   PHONE ( )

Wilkie J. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue, Room 8N09
Miami, FL 33128

**ZIP + 4®** (U.S. ADDRESSES ONLY)

3 3 1 2 8 -

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

### ORIGIN (POSTAL SERVICE USE ONLY)

| | | |
|---|---|---|
| ☐ 1-Day | ☐ 2-Day | ☐ Military   ☐ DPO |

**PO ZIP Code** 20716
**Scheduled Delivery Date** (MM/DD/YY) 4/11/19
**Postage** $ 25.50

**Date Accepted** (MM/DD/YY) 4-10-19
**Scheduled Delivery Time**
☐ 10:30 AM   ☐ 3:00 PM
☐ 12 NOON
**Insurance Fee** $
**COD Fee** $

**Time Accepted** 4:34 ☐ AM ☐ PM
**10:30 AM Delivery Fee** $
**Return Receipt Fee** $
**Live Animal Transportation Fee**

**Weight** lbs. ozs.   ☐ Flat Rate
**Sunday/Holiday Premium Fee** $
**Total Postage & Fees** $ 25.50

**Acceptance Employee Initials** AM

### DELIVERY (POSTAL SERVICE USE ONLY)

**Delivery Attempt** (MM/DD/YY)  **Time** ☐ AM ☐ PM   **Employee Signature**

**Delivery Attempt** (MM/DD/YY)  **Time** ☐ AM ☐ PM   **Employee Signature**

LABEL 11-B, JANUARY 2014   PSN 7690-02-000-9996   **3-ADDRESSEE COPY**

**VISIT US AT USPS.COM**
ORDER FREE SUPPLIES ONLINE




**POSTAL SER...**