UNITED STATES DISTRICT COURT

for the

Southern District of Florida

FILED BY ___ PG ___ D.C.

APR 1 7 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

|  |  |  |
|---|---|---|
| OLUWAMUYIWA AWODIYA, | ) | Case No.   0:18-cv-60482-RKA |
| *Plaintiff,* | ) |  |
|  | ) |  |
| -v- | ) |  |
|  | ) | Judge: Roy Altman |
|  | ) | Magistrate Judge: Alicia O. Valle |
| ROSS UNIVERSITY SCHOOL OF | ) |  |
| MEDICINE, SCHOOL OF | ) |  |
| VETERINARY MEDICINE LIMITED | ) |  |
| *Defendant.* | ) |  |
|  | ) |  |

## PLAINTIFF'S MOTION FOR RECONSIDERATION
## AND ALTERATION OF OMNIBUS ORDER

*Pro Se* plaintiff Oluwamuyiwa Awodiya ("Plaintiff") hereby files his Motion for

Reconsideration and Alteration of Omnibus Order on Motions for Summary Judgment ("Omnibus

Order") [ECF No. 154], pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

### I.       PROCEDURAL BACKGROUND

On December 10, 2018 Plaintiff filed his Motion for Partial Summary Judgment

("Motion") [ECF No. 102]. Defendant Ross University School of Medicine, School of Veterinary

Medicine Limited ("RUSM") filed its Response in Opposition ("Response") [ECF No. 107].

Plaintiff filed his Reply in Support of the Motion ("Reply") [ECF No. 114]. On March 2, 2019 the

Court filed an Omnibus Order denying Plaintiff's Motion. Trial was initially set for the two-week

trial period of March 18, 2019 and has since been continued until the second week of the two-

week trial period commencing May 28, 2019. *See* Paperless Order [ECF No. 173].

### II.      INTRODUCTION

1

In Counts I and II of the Third Amended Complaint (the "Complaint") [ECF No. 47], Plaintiff brought claims of discrimination under Section 504 of the Rehabilitation Act (the "Rehabilitation Act") and Title III of the Americans with Disabilities Act (the "ADA").

Plaintiff respectfully requests the Court to reconsider the Omnibus Order under the amended standards of the ADA Amendments Act of 2008 ("ADAAA"). Plaintiff respectfully requests the Court to reconsider the Omnibus Order regarding the "has a disability" element of his ADAAA and Rehabilitation Act claims for failure to accommodate. If Plaintiff is not entitled to partial summary judgment on the "has a disability" element, he respectfully requests the Court to alter the Omnibus Order by adding additional statements of material fact that were not genuinely in dispute.

## III.   FACTUAL BACKGROUND

### A.   Rule 56(g) Established Fact in this Case

"Plaintiff was diagnosed with ADHD in December 2015 and was diagnosed with OCD in April 2017." Omnibus Order at 5 (citing Plaintiff's Statement of Undisputed Facts ("Pl.'s 56.1") ¶¶ 10–11 [ECF No. 101]).

### B.   Undisputed Facts Not Stated in Omnibus Order

"Plaintiff was given multiple diagnostic tests … for his attention/concentration problems…. The results are not within normal limits and the overall pattern of performance suggests an attention problem, including ADHD." Pl.'s 56.1 ¶ 10.

"Plaintiff's ADHD assessment from December 2015 indicate that Plaintiff constantly has difficulty sustaining attention to tasks at work or in school, constantly has difficulty with tasks requiring persistence or organization (schoolwork or job duties), constantly has problems with procrastination/avoidance of tasks, constantly distracted by noise or activity, and constantly is forgetful in daily activities." *Id.* ¶ 11.

2

## IV.    LEGAL STANDARD

### A.    Motion for Reconsideration

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed R. Civ. P. 60(b)(1), (6). "A motion under Rule 60(b) must be made within a reasonable time ... no more than a year after the entry of the judgment or order or the date of the proceeding." Fed R. Civ. P. 60(c)(1).

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). "In particular, there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* "In order to reconsider a judgment there must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.*

"District court decisions on motions for reconsideration are reviewed for abuse of discretion, thus affording the courts with substantial discretion in their rulings. A district court abuses its discretion when a relevant factor deserving a significant weight is overlooked, when an improper factor deserving of significant weight is overlooked, or when the court considers the appropriate mix of factors, but commits a palpable error of judgment in calibrating the decisional scales. Furthermore, reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." *Williams v. Cruise Ships Catering Service International*, 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) (internal citations omitted).

3

"We see no reason to apply a different standard when the party seeks reconsideration of a non-final order." *Region 8 Forest Serv. Timber v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993).

### B.     Motion for Partial Summary Judgment

"A party may move for summary judgment, identifying each claim or ... the part of each claim ... on which summary judgment is sought." Fed. R. Civ. P. 56(a). "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact ... that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g).

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. A genuine issue of material fact exists when "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "For factual issues to be considered genuine, they must have a real basis in the record." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted). Speculation or conjecture cannot create a genuine issue of material fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In assessing whether the moving party has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to come forward with evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); Fed. R. Civ. P. 56(e). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992).

4

Credibility determinations and the weighing of the evidence are jury functions, not those of a judge at the summary judgment stage. *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012).

## V.   ARGUMENT

Under the ADA and the Rehabilitation Act, a university offering an examination must assure that the examination is selected and administered so as to best ensure that the examination results accurately reflect the individual's academic performance, rather than reflecting the individual's disability. 42 U.S.C. § 12189 (Title III obligations for examinations); 28 CFR § 36.309(b)(1)(i) (implementing Title III "best ensures" standard that "examination results accurately reflect"); 34 CFR § 104.44(c) (same in Rehabilitation Act; "course examinations"). "Required modifications to an examination may include changes in the length of time permitted for completion of the examination and adaptation of the manner in which the examination is given." 28 CFR § 36.309(b)(2).

"To succeed on a failure to accommodate claim, including both a Title III ADA claim and a claim under Section 504 of the Rehabilitation Act, a plaintiff must demonstrate that he: (1) has a disability; (2) is an otherwise qualified individual; and (3) was discriminated against because of his disability by failing to receive an accommodation." Omnibus Order at 5.

### A.   Plaintiff's Need to Correct Clear Error or Prevent Manifest Injustice

In Plaintiff's Motion, he requested partial summary judgment in whole or in part of the failure to accommodate claims under the ADAAA and the Rehabilitation Act. He also requested the Court to "stat[e] any material fact that is not genuinely in dispute and treating the fact as established in this case." The Court established the following facts, *inter alia*, as not genuinely in dispute, "Plaintiff was diagnosed with ADHD in December 2015 and was diagnosed with OCD in April 2017." Omnibus Order at 5 (citing Pl.'s 56.1 ¶¶ 10–11).

However, the Court denied Plaintiff's Motion stating, "[w]hether a plaintiff is substantially limited in a major life activity is a question of fact for the jury." Omnibus Order at 6 (citing *Dwyer v. Ethan Allen Retail, Inc*, 528 F. Supp. 2d 1297, 1302 (S.D. Fla. 2007), *aff'd,* 325 F. App'x 755 (11th Cir. 2009). Plaintiff respectfully requests the Court to reconsider Plaintiff's Motion regarding the "has a disability" element of his ADAAA and Rehabilitation Act claims because whether a plaintiff is substantially limited in a major life activity is no longer limited to a question of fact for the jury under the amended standards of the ADA Amendments Act of 2008.

      i.     <u>The Error or Injustice at Issue.</u>

In *Dwyer*, prior to the 2008 amendments, the court held that "whether a claimed affliction constitutes an impairment under the ADA and whether an identified endeavor constitutes a major life activity are determinations of law for the court." *Dwyer v. Ethan Allen Retail, Inc.*, 528 F. Supp. 2d 1297, 1302 (S.D. Fla. 2007). However, the *Dwyer* court further held that "whether plaintiff is substantially limited in a major life activity is a question of fact for a jury." *Id.* The latter is no longer true under 2008 standards of the ADAAA.

"[T]he term 'substantially limits' shall be interpreted and applied to require a degree of functional limitation that is lower than the standard for substantially limits applied prior to the ADA Amendments Act." 28 C.F.R. § 36.105(d)(1)(vi) (Title III regulations).

Applying the 2008 standards of the ADAAA, a court in this Circuit granted a plaintiff's motion for partial summary judgment, stating:

> With respect to the requirement that the impairment "substantially limit" a "major life activity," the regulations implementing the ADAAA provide that the term "substantially limits" "is not meant to be a demanding standard" but, rather, "shall be construed broadly in favor of expansive coverage." 29 C.F.R. § 1630.2(j)(1)(i).
>
> ....

6

> In accordance with the foregoing principles, and the general instruction in the ADA that the term "disability" "be construed in favor of broad coverage," 42 U.S.C. § 12102(4)(A), the Court finds, as a matter of law, that Plaintiff's breast disease constitutes a "disability" under the ADA.

*Coker v. Enhanced Senior Living, Inc.*, 897 F. Supp. 2d 1366, 1374-75 (N.D. Ga. 2012); *accord* 28 C.F.R. § 36.105(d)(1)(i).

Respectfully speaking, the Eleventh Circuit has held that the application of the law prior to the 2008 amendments constitutes reversible error. *Cooney v. Barry Sch. of Law*, No. 16-11419, at *2 (11th Cir. Jan. 9, 2018) (per curiam) ("The district court's primary error was its application of the law prior to the 2008 Amendments which modified the definition of the term disability.... The district court's failure to apply the 2008 Amendments may also have led to other errors in its holding that plaintiff was not disabled.").

  ii.  Controlling Authority in this Case.

Congress has charged the Attorney General with issuing regulations for all non-transportation provisions of Title III of the ADAAA. 42 U.S.C. § 12186(b). "Because Congress explicitly authorized the Attorney General to promulgate regulations under the ADA, the regulations 'must [be given] legislative and hence controlling weight unless they are arbitrary, capricious, or plainly contrary to the statute.'" *Shotz v. Cates*, 256 F.3d 1077, 1080 n.2 (11th Cir. 2001) (internal citation omitted) (quoting *United States v. Morton,* 467 U.S. 822, 834 (1984)).

  iii.  Whether Plaintiff is "Substantially Limited" in a Major Life Activity is Not a Question that is Required to be Decided by a Jury.

"Given the rules of construction set forth in this section, it may often be unnecessary to conduct an analysis involving most or all of the facts related to condition, manner, or duration." 28 C.F.R. § 36.105(d)(3)(iv).

7

"The definition of 'disability' shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA." 28 C.F.R. § 36.105(a)(2)(i). "The term 'substantially limits' shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA. **'Substantially limits' is not meant to be a demanding standard**." 28 C.F.R. § 36.105(d)(1)(i) (emphasis added).

"The primary object of attention in cases brought under title III of the ADA should be whether public accommodations have complied with their obligations and whether discrimination has occurred, not the extent to which an individual's impairment substantially limits a major life activity. Accordingly, **the threshold issue of whether an impairment substantially limits a major life activity should not demand extensive analysis**." 28 C.F.R. § 36.105(d)(1)(ii) (emphasis added). "[T]he term 'substantially limits' shall be interpreted and applied to require a degree of functional limitation that is lower than the standard for substantially limits applied prior to the ADA Amendments Act." 28 C.F.R. § 36.105(d)(1)(vi).

"The principles set forth in the rules of construction in this section are intended to provide for more generous coverage and application of the ADA's prohibition on discrimination through a framework that is predictable, consistent, and workable for all individuals and entities with rights and responsibilities under the ADA." 28 C.F.R. § 36.105(d)(2)(i).

"As noted in the discussion above, the Department has added §§ 35.108(d)(3)(iv) and 36.105(d)(3)(iv) in the final rule to clarify that **analysis of condition, manner, or duration will not always be necessary**, particularly with respect to certain impairments that can easily be found to substantially limit a major life activity." 28 C.F.R. Part 35 Appendix C (emphasis added).

    iv.    <u>OCD is a Disability as a Matter of Law.</u>

"Applying these principles, the individualized assessment of some types of impairments will, in virtually all cases, result in a determination of coverage under ... the 'actual disability'

prong[] or ... the 'record of' prong[]. Given their inherent nature, these types of impairments will, as a factual matter, virtually always be found to impose a substantial limitation on a major life activity." 28 C.F.R. § 36.105(d)(2)(ii).

"For example, ... this section will, at a minimum, substantially limit the major life activities indicated." 28 C.F.R. § 36.105(d)(2)(iii). "[O]bsessive compulsive disorder ... substantially limits brain function." 28 C.F.R. § 36.105(d)(2)(iii)(K). Here, it is established in this case that Plaintiff has OCD. *See* Rule 56(g) Established Fact in this Case, *supra* Section III.A.

v.      It is Undisputed that Plaintiff's ADHD is Also a Disability.

"It is important to note, however, that the failure to include any impairment in the list of examples of predictable assessments does not indicate that that impairment should be subject to undue scrutiny." 28 C.F.R. Part 35 Appendix C.

It is undisputed that the attention/concentration limitations inherent to Plaintiff's ADHD is not within normal limits. *See* Undisputed Facts Not Stated in Omnibus Order, *supra* Section III.B.

"An impairment is a disability within the meaning of this part if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 28 C.F.R. § 36.105(d)(1)(v). This comparison "usually will not require scientific, medical, or statistical evidence." 28 C.F.R. § 36.105(d)(1)(vii). An impairment **does not need to prevent, or significantly or severely restrict**, the individual from performing a major life activity in order to be considered substantially limiting." 28 C.F.R. § 36.105(d)(1)(v).

As a matter of law, major life activities include concentration/attention, test-taking, thinking, brain functions, or neurological functions. 28 C.F.R. § 36.105(c)(1); *Rawdin v. Am. Bd. of Pediatrics*, 985 F. Supp. 2d 636, 650 (E.D. Pa. 2013) ("test-taking constitutes a major life activity").

9

"[T]he focus is on how a major life activity is substantially limited, and not on what outcomes an individual can achieve. For example, someone with a learning disability may achieve a high level of academic success, but may nevertheless be substantially limited in one or more major life activities, including, but not limited to, reading, writing, speaking, or learning because of the additional time or effort he or she must spend to read, write, speak, or learn compared to most people in the general population." 28 C.F.R. § 36.105(d)(3)(iii).

### B.      Plaintiff's Mistake, Inadvertence, or Excusable Neglect

Plaintiff is not a lawyer and does all his legal research by himself. He has also drafted every single pleading in this case by himself. Plaintiff initially used Pacer as his source of legal research. After receiving the bill from Pacer, Plaintiff stopped using it as a source. Plaintiff then turned to Google, YouTube, and eventually free legal search engines that allow non-lawyers to use its services. When Plaintiff drafted his Motion, he mistakenly or with excusable neglect used the Eleventh Circuit Civil Pattern Jury Instructions 4.12 (2018) (hereinafter the "Pattern Instructions") as a guide to his legal claims with the assumption that it would reflect the most updated version of the law, including the essential elements of the ADAAA. This was a substantive mistake to make by Plaintiff.

The Pattern Instructions states: "Pattern Instruction 4.12 is meant to be used for an ADA discrimination claim based on a failure to accommodate a disability. This Pattern Instruction is to be used for claims arising under the ADA Amendments Act of 2008 ('ADAAA'), Pub. L. No. 110-325, 122 Stat. 3553 (2008), which became effective on January 1, 2009." *See* Annotations and Comments, Eleventh Circuit Civil Pattern Jury Instructions 4.12 at 21 (2018). Even though the Pattern Instructions, contain that statement, it does not, in fact, reflect the ADAAA pursuant to controlling authority.

The Eleventh Circuit Civil Pattern Jury Instructions 4.12 has many errors regarding the ADAAA, for example it states, "A 'physical impairment' is a condition that *prevents* the body from functioning normally. A 'mental impairment' is a condition that *prevents* the mind from functioning normally." *Id*. It also states, "An impairment 'substantially limits' a major life activity if it prevents or significantly restricts a person from performing the activity, compared to an average person in the general population." *Id. But see* 28 C.F.R. § 36.105(d)(1)(v) ("An impairment **does not** need to prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting."). Another example of the errors in the Pattern Instructions is when it states, "A 'major life activity' is an activity that is centrally important to everyday life, including the operation of major bodily functions." Eleventh Circuit Civil Pattern Jury Instructions 4.12; *But see* 28 C.F.R. § 36.105(c)(2)(ii) ("Whether an activity is a major life activity **is not determined by reference to** whether it is of *central* importance to daily life") (bold added; italics in original). Not only do the Pattern instructions reflect pre-ADAAA standards, it does not mention any of the provisions added by the ADAAA.

Plaintiff had not realized the extent of possible errors and possible harm of applying pre-ADAAA authorities relied on in the entirety of this case until now, where he has discovered the controlling authority that governs this case.

## VI.    CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order, (i) granting partial summary judgment on the "has a disability" element in Plaintiff's favor; and/or (ii) alter the Omnibus Order by adding the additional statements of material fact that were not genuinely in dispute and treating the fact as established in this case; and (iii) granting Plaintiff such other and further relief as the Court deems just and proper.

DATED this 15th day of April, 2019:

Respectfully submitted,

By: Oluwamuyiwa Awodiya, *pro se* litigant
15005 Dahlia Dr.
Bowie, MD 20721
(240) 602-1836
Plaintiff, in Proper Person

## CERTIFICATE OF SERVICE

I do hereby certify that on this 15th day of April, 2019, I have caused a true and correct

copy of the foregoing by mailing a copy to the Court, where the Court's CM/ECF system will send

notification to the following:

**Ryan Roman**
Akerman Senterfitt
Suntrust International Center
1 SE 3rd Avenue
25th Floor
Miami, FL 33131-1714
305-374-5600
Fax: 305-374-5095
Email:
ryan.roman@akerman.com

**Octavia Monique Green**
Akerman LLP
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, FL 33131
(305) 982-5670
Email:
octavia.green@akerman.com

By: Oluwamuyiwa Awodiya, *pro se* litigant

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013. All rights reserved.

PRESS FIRMLY TO SEAL

PRIORITY MAIL
POSTAGE REQUIRED

**PRIORITY**
★ **MAIL** ★

UNITED STATES
POSTAL SERVICE®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:

Oluwamuyiwa Awodiya
1305 Dahlia Dr.
Bowie, MD 20721

TO:

Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue Room 8N09
Miami, FL 33128

FOR DOMESTIC AND INTERNATIONAL USE

Label 228, March 2016

UNITED STATES
POSTAL SERVICE®

---

Retail

UNITED STATES
POSTAL SERVICE.

P

US POSTAGE PAID

**$7.35**

Origin: 20716
04/15/19
2309370716-06

PRIORITY MAIL 2-Day®

0 Lb 4.30 Oz

1006

EXPECTED DELIVERY DAY: 04/17/19

C075

SHIP
TO:
400 NORTH MIAMI AVE
RM 8N09
MIAMI FL 33128-1805

USPS TRACKING NUMBER

9505 5105 6958 9105 2591 48

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

EP14F July 2013
OD: 12.5 x 9.5

0000100000014