UNITED STATES DISTRICT COURT
for the
Southern District of Florida

FILED BY ____ D.C.

APR 25 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

OLUWAMUYIWA AWODIYA,
    *Plaintiff*,

-v-

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF
VETERINARY MEDICINE LIMITED
    *Defendant.*

Case No. 0:18-cv-60482-RKA

Hon. Judge: Roy K. Altman
Magistrate Judge: Patrick M. Hunt

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE PARTIAL MOTION FOR SUMMARY JUDGMENT

*Pro Se* plaintiff Oluwamuyiwa Awodiya ("Plaintiff") hereby files his response to the Defendant's Motion for Leave to File Partial Motion for Summary Judgment ("Motion for Leave") [ECF No. 175], filed by defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM").

1. Plaintiff initially opposed RUSM's Motion for Leave because it was a clear attempt to reargue a previous motion without any explanation as to how the Motion for Leave complies with Rule 60(b) of the Federal Rules of Civil Procedure.

2. Plaintiff made two claims under fraudulent misrepresentation in the inducement: (1) for fraud by commission of a false statement regarding a material fact; and (2) for fraud by omission of a material fact. *See* Third Amended Complaint ¶ 109 ("In addition to making a false statement, RUSM also committed fraud by omission ....") [ECF No. 47].

3. On April 22, 2019, the Court entered an Amended Scheduling Order [ECF No. 180] resetting trial for the two-week trial period commencing June 24, 2019. Given this extra time,

1

Plaintiff no longer opposes the Motion for Leave. However, RUSM should be discouraged from rearguing previous motions just because it now wants to cite a non-controlling unpublished opinion.

4. Further, even if RUSM could succeed on the false statement claims, Plaintiff's claims for fraud by omission of a material fact would still survive. "Florida law recognizes that fraud can occur by omission, and places a duty on one who undertakes to disclose material information to disclose that information fully." *ZC Insurance Co. v. Brooks*, 847 So. 2d 547, 551 (Fla. Dist. Ct. App. 2003) (Holding that "providing [plaintiff] with documents that define coverage while failing to provide documents that set forth the exclusions to that coverage is tantamount to fraud by omission."); *see also Woods v. On Baldwin Pond, LLC*, No. 15-13082, at *4 (11th Cir. 2015) ("Florida law does not recognize a stark distinction between fraud by commission and fraud by omission."); *Philip Morris USA, Inc. v. Duignan*, 243 So. 3d 426, 440 (Fla. Dist. Ct. App. 2017) ("Although the seller's statement was true, the plaintiff might still claim fraud on the theory that having chosen to speak about the condition of the transmission, the seller had a duty to disclose the transmission defect that had not yet manifested itself to the buyer…. The buyer here was not misled by the content of a statement; he was misled regarding an unstated truth the seller became obligated to disclose by virtue of having decided to speak.").

5. **WHEREFORE,** Plaintiff takes no position as to whether the Court should or should not grant RUSM's Motion for Leave so long as it is limited to the fraudulent and negligent misrepresentation claims for "false statement."

DATED this 23rd day of April, 2019:

Respectfully submitted,

_____

By: Oluwamuyiwa Awodiya, *pro se* litigant
15005 Dahlia Dr.
Bowie, MD 20721
(240) 602-1836
Plaintiff, in Proper Person

## CERTIFICATE OF SERVICE

I do hereby certify that on this 23rd day of April, 2019, I have caused a true and correct copy of the foregoing by mailing a copy to the Court, where the Court's CM/ECF system will send notification to the following:

**Ryan Roman**
Akerman Senterfitt
Suntrust International Center
1 SE 3rd Avenue
25th Floor
Miami, FL 33131-1714
305-374-5600
Fax: 305-374-5095
Email:
ryan.roman@akerman.com

**Octavia Monique Green**
Akerman LLP
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, FL 33131
(305) 982-5670
Email:
octavia.green@akerman.com

_____
By: Oluwamuyiwa Awodiya, *pro se* litigant