**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

OLUWAMUYIWA AWODIYA,                          CASE NO.  0:18-cv-60482-RKA

      Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

      Defendant.
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S**
**MOTION FOR RECONSIDERATION AND ALTERATION OF OMNIBUS ORDER**

      Defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM"), by counsel, hereby responds in opposition to the Motion for Reconsideration and Alteration of Omnibus Order [ECF No. 178] (the "Motion") filed by plaintiff Oluwamuyiwa Awodiya.

**I.  INTRODUCTION**

      On March 2, 2019, the Court issued an Omnibus Order on Motions for Summary Judgment [ECF No. 154] (the "Order") denying Plaintiff's Second Motion for Partial Summary Judgment. Plaintiff moves the Court for reconsideration of the Order, arguing that, ***as a matter of law***, his Attention-Deficit/Hyperactivity Disorder ("ADHD") and Obsessive Compulsive Disorder ("OCD") are disabilities that substantially limit his major life activities.  The Court's prior decision is correct and, therefore, the Motion should be denied.  Moreover, even if Plaintiff's position had merit – and, to be clear, it does not – the Motion should fail because he failed to satisfy the other necessary elements of his failure to accommodate claims.

1

## II. LEGAL STANDARD

### A. Motion for Reconsideration Standard

"Relief under Rule 60(b) is an extraordinary remedy. …" *Lawrence v. Goldberg*, 06-21952-CIV, 2008 WL 10665427, at *1 (S.D. Fla. Feb. 27, 2008) (citing *Ritter v. Smith*, 811 F.2d 1398, 1400 (11th Cir. 1987). A court may grant a motion for reconsideration on the following grounds: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). *See also Lawrence v. Goldberg*, 06-21952-CIV, 2008 WL 10665427, at *1 (S.D. Fla. Feb. 27, 2008).

The applicable standard for a Rule 60(b) motion for reconsideration is that the moving party "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Instituto de Prevision Militar v. Lehman Bros., Inc.,* 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (*citing Socialist Workers Party v. Leahy,* 957 F. Supp. 1262, 1263 (S.D. Fla. 1997). *See also Craddock v. M/Y The Golden Rule*, 110 F. Supp. 3d 1267, 1272 (S.D. Fla. 2015) ("To reconsider an order or judgment, there must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."). Plaintiff cannot meet this standard and the Motion should be denied.

### B. Motion for Summary Judgment Standard

Plaintiff is asking the Court to reconsider its ruling on summary judgment. A court may only grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if a reasonable trier of fact could return judgment for the non-moving party. *See Ali v. Dist. Dir., U.S. Citizenship & Immigration Servs.*, 209 F. Supp. 3d 1268, 1271 (S.D. Fla. 2016). A fact is material if it might affect the outcome of the suit under the governing law. *Id.* "The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

When determining if a non-moving party has met its burden, the court must stop short of weighing the evidence and/or making a determination regarding the credibility of the truth of the matter. *Tipton v. Bergrohr GBMH Siegen,* 965 F.2d 994, 999 (11th Cir. 1993). The Court must believe the evidence presented by the non-moving party and draw all justifiable inferences in its favor. *Id.* Even where the facts are undisputed, if reasonable minds could differ on the inferences arising from them, summary judgment should be denied. *Id.*

### III. ARGUMENT

#### A. *A Diagnosis of ADHD and OCD Do Not Automatically Substantially Limit Major Life Activities*

Plaintiff disputes the Court's statement that "[w]hether a plaintiff is substantially limited in a major life activity is a question of fact for the jury." *See* Motion at 6; Order at 6. Plaintiff attacks the Court's reliance on *Dwyer v. Ethan Allen Retail, Inc*, 528 F. Supp. 2d 1297, 1302 (S.D.

3

Fla. 2007); *aff'd*, 325 F. App'x 755 (11th Cir. 2009), on the basis that it was prior to the 2008 amendments to the ADA. Motion at 6. However, Plaintiff's argument is misplaced.

Federal courts have made clear that, "[a]lthough the ADA Amendments Act of 2008 [(ADAAA)] lowered the standard that plaintiffs must meet to show that they are disabled, a plaintiff must still show substantial limitation." *Mann v. Louisiana High School Athletic Ass'n*, 535 Fed. Appx. 405, 410 (5th Cir. 2013). *See also Irizarry v. Mid Florida Cmty. Servs., Inc.,* 8:08-CV-00454-T17TBM, 2009 WL 2135113, at *3 (M.D. Fla. July 14, 2009) ("Determining whether the impairment substantially limits a major life activity is ordinarily a question of fact for the jury. …"); *Cunningham v. Nordisk*, 615 F. App'x 97, 100 (3d Cir. 2015) ("Although Cunningham correctly points out that the ADAAA made it easier to prove a disability, she must still show a substantial limitation"); *Solodar v. Old Port Cove Lake Point Tower Condo. Ass'n, Inc.,* Case No. 12-80040-CIV, 2013 WL 3892986, at *9 (S.D. Fla. July 26, 2013) (requiring Plaintiffs to prove the "substantially limited" element of an ADA claim even after implementation of the ADAAA). Put another way, "whether a person has a disability under the ADA is an individualized inquiry which must be made on a case-by-case basis." *Jorud v. Michaels Store, Inc.*, 09-80885-CIV, 2010 WL 11504207, at *17 (S.D. Fla. Aug. 3, 2010). Such a determination is not suitable for summary judgment where, as here, there is a dispute of material fact.

The following factors are considered in assessing whether an individual is substantially limited in a major life activity: (1) the conditions under which the individual performs the major life activity; (2) the manner in which the individual performs the major life activity; or (3) the duration of time it takes the individual to perform the major life activity, or for which the individual can perform the major life activity. 28 C.F.R. § 36.105(d)(3)(i). "Consideration of facts such as condition, manner, or duration may include, among other things, consideration of the difficulty,

effort or time required to perform a major life activity … or the way an impairment affects the operation of a major bodily function." 28 C.F.R. § 36.105(d)(3)(iv).

The applicable regulations make clear that "[t]he determination of whether an impairment substantially limits a major life activity *requires an individualized assessment*." 28 C.F.R. § 36.105(d)(1)(vi) (emphasis added). Plaintiff is correct that with respect to certain impairments, such as OCD, that "the individualized assessment should be particularly simple and straightforward." 28 C.F.R. § 36.105(d)(2)(ii). However, the assessment must nevertheless be conducted. 28 C.F.R. § 36.105(d)(1)(vi).

Despite Plaintiff's arguments to the contrary, Plaintiff is still required to show that his purported disabilities substantially limit a major life function. *See Black v. Nat'l Bd. of Med. Examiners*, 281 F. Supp. 3d 1247, 1253 (M.D. Fla. 2017) ("[T]o qualify for accommodation under the ADA, a person must demonstrate that a disorder "substantially" limits her in comparison to "most people in the general population."); *Glueck v. National Conference of Bar Examiners*, C.A. No. SA-17-CV-451-XR, 2018 WL 3977891, at *3 (W.D. Tex. Aug. 20, 2018) ("Although the ADA Amendments Act of 2008 lowered the standard that plaintiffs must meet to show that they are disabled, … a plaintiff must still show substantial limitation."). Plaintiff has not – and cannot – cite to any case law supporting his proposition that substantial limitation exists as a matter of law. The case law clearly does not support Plaintiff's position.

For example, in *Black,* the plaintiff sued the National Board of Medical Examiners ("NBME") alleging that, based on her ADHD diagnosis, the NBME should have given her an accommodation in the form of additional time on her Step One examination. *Black*, 281 F. Supp. 3d at 1253. The defendant moved for summary judgment arguing that the evidence failed to show that ADHD "substantially limited" plaintiff's ability to read, remember, think, or concentrate. *Id.*

5

at 1248.  The Court granted summary judgment in favor of the defendants after concluding that no reasonable finder of fact could find that ADHD substantially limited the plaintiff in comparison to most people in the general population.  *Id.* at 1253.  Therefore, Plaintiff cannot establish as a matter of law that ADHD automatically qualifies as a disability that substantially limits a major life function where the court in *Black* found the opposite to be true.

Similarly, in *Glueck*, a plaintiff who was diagnosed with ADHD alleged that the defendant violated the ADA by denying him an accommodation on a standardized test because he fell under the ADA's definition of "disabled."  *Glueck*, 2018 WL 3977891, at *4.  The defendant argued that the plaintiff failed to show that his alleged ADHD and other learning disabilities substantially limited his ability to read, learn, concentrate, think or perform any related major life activity as compared to most people in the general population.  *Id.*  The court held that, "although learning, concentrating, and thinking are 'major life activities' under the ADA, the diagnosis of an impairment, alone, is not enough to show that a person is disabled under the ADA; a person must show that the impairment limits a major life activity."  *Id.*  Despite plaintiff having diagnoses and evaluations regarding his alleged disabilities, plaintiff failed to present sufficient evidence to show that any mental impairment substantially limited his ability to perform major life activities as compared to most people in the general population.  *Id.* at *6.  The court denied plaintiff's motion for summary judgment on these grounds.  *Id.*

The aforementioned cases are instructive in showing that ADHD is not automatically a disability that substantially limits a major life activity as Plaintiff suggests.  Cases have also found that OCD does not automatically affect a major life activity.  *See Doby v. Sisters of St. Mary of Oregon Ministries Corp.*, 3:13-CV-0977-ST, 2014 WL 3943713, at *4 (D. Or. Aug. 11, 2014) (finding a genuine issue of material fact as to whether plaintiff's OCD substantially limited

plaintiff in a major life activity). In *Doby*, even though the court acknowledged that the regulations list OCD as an example of a *per se* disability, the plaintiff was still required to present sufficient evidence of how her OCD substantially limited one or more of her major life activities. *Id.* There was no automatic finding that she was disabled. Instead, the Court was still required to complete an individualized assessment. *Id.*

Finally, in deciding other failure to accommodate claims where plaintiffs were diagnosed with other conditions expressly identified in 28 C.F.R. § 36.105(d)(2)(iii)(K), the Court has found that plaintiffs were still required to prove that they were substantially limited in a major life activity. *See, e.g., Forbes v. St. Thomas Univ., Inc.*, 768 F. Supp. 2d 1222 (S.D. Fla. 2010). In *Forbes,* the Court found that a Plaintiff who was diagnosed with post-traumatic stress disorder was still required to demonstrate that it substantially limited her in a major life activity. *Id.* at 1229.

The Court did not make any error in denying Plaintiff's Second Motion for Partial Summary Judgment. Therefore, the Motion should be denied.

### B. Plaintiff Cannot Meet His Burden of Establishing that Summary Judgment is Appropriate on His Failure to Accommodate Claims

Plaintiff does not move for reconsideration of this Court's denial of his Second Motion for Partial Summary Judgment in its entirety. Plaintiff only requests that this Court issue a ruling that Plaintiff has satisfied the disability prong necessary to prove his failure to accommodate claim. Thus, even if Plaintiff's Motion were granted – though it should not be – it would not be dispositive of any of the remaining claims in this case. To succeed on a failure to accommodate claim, including both a Title III ADA claim and a claim under Section 504 of the Rehabilitation Act, a plaintiff must demonstrate that he: (1) has a disability; (2) is an otherwise qualified individual; and (3) was discriminated against because of his disability by failing to receive an accommodation. *See Boyle v. City of Pell City*, 866 F.3d 1280, 1288 (11th Cir. 2017) (elements for a claim under

7

Section 504 of the Rehabilitation Act); *Hetherington v. Wal-Mart, Inc.,* 511 F. App'x 909, 912 (11th Cir. 2013) (elements for a claim under the ADA); *Portales v. Sch. Bd. of Broward Cty.*, Case No. 16-62935-CIV-Moreno, 2017 WL 4402534, at *4 (S.D. Fla. Oct. 2, 2017).  Moreover, "the duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made." *United States v. Hialeah Hous. Auth.*, 418 F. App'x 872, 876 (11th Cir. 2011).

In its Order, the Court ruled that there is an issue of fact as to whether a specific demand for an accommodation was ever made.  *See* [ECF No. 154] at p. 10.  Plaintiff also cannot establish that he is "otherwise qualified" as contemplated by the ADA and the Rehabilitation Act.  *See* Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law [ECF No. 120] at 6-8; Defendant's Reply in Support of Its Motion for Summary Judgment [ECF No. 142] at 5.  Thus, denial of the Motion is appropriate.

## CONCLUSION

WHEREFORE, defendant Ross University School of Medicine, School of Veterinary Medicine Limited respectfully requests that the Court enter an Order: (i) denying Plaintiff's Motion for Reconsideration and Alteration of Omnibus Order, and (ii) granting RUSM such other and further relief as this Court deems just and proper.

Dated: May 1, 2019

Respectfully submitted,

*/s/Octavia M. Green*
MICHAEL C. MARSH
Florida Bar Number:  0072796
Email:  michael.marsh@akerman.com
Secondary:  sharon.luesang@akerman.com
RYAN A. ROMAN
Florida Bar Number:  0025509
Email:  ryan.roman@akerman.com
Secondary:  dorothy.matheis@akerman.com
DONNIE M. KING
Florida Bar Number: 101386
Email: donnie.king@akerman.com
Secondary: simone.tobie@akerman.com
OCTAVIA M. GREEN
Florida Bar Number: 119179
Email: octavia.green@akerman.com
Secondary: simone.tobie@akerman.com
**AKERMAN LLP**
98 SE 7th Street, Suite 1100
Miami, FL 33131
Phone:  (305) 374-5600
Fax:  (305) 374-5095

*Attorneys for Defendant Ross University School of Medicine, School of Veterinary Medicine Limited*

9

48656951;6

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on May 1, 2019 a true and correct copy of the foregoing document was served via CM/ECF on:

Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721
Telephone: (240) 602-1836
E-mail: drmuyiwa.a@gmail.com

                                                          */s/Octavia M. Green*
                                                          Octavia M. Green

48656951;6