

UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| OLUWAMUYIWA AWODIYA, </br>*Plaintiff,* </br></br>-v- </br></br>ROSS UNIVERSITY SCHOOL OF MEDICINE, SCHOOL OF VETERINARY MEDICINE LIMITED </br>*Defendant.* | Case No.  0:18-cv-60482-RKA </br></br></br>Hon. Judge: Roy K. Altman </br>Magistrate Judge: Patrick M. Hunt |

### PLAINTIFF'S REPLY TO PLAINTIFF'S MOTION
### FOR RECONSIDERATION AND ALTERATION OF OMNIBUS ORDER

*Pro se* plaintiff Oluwamuyiwa Awodiya ("Plaintiff") hereby files his reply to the Motion for Reconsideration and Alteration of Omnibus Order (the "Mot. for Recons.") [ECF No. 178].

## I.  INTRODUCTION

Defendant Ross University School of Medicine, School of Veterinary Medicine Limited's ("RUSM") filed its Response in Opposition (the "Opposition") [ECF No. 185]. In its Opposition, RUSM does not raise any valid argument, instead, it resorts to wholesale mischaracterize of Plaintiff's motions, Court Orders, and case law. Plaintiff is entitled to partial summary judgment as a matter of law because the relevant material facts are undisputed. RUSM also concedes that the Federal regulations of the ADAAA is the controlling law of this case.

RUSM's reliance on cases decided after the year 2008 has no bearing on whether any of those cases actually applied the 2008 amended standards of the ADAAA. Upon reliance on any case, the proper focus is whether a court applied the correct standard of the ADAAA as opposed to the date or year the court decision was made.

## II.  ARGUMENT

1

### A. RUSM's Attempts to Mischaracterize Plaintiff's Positions

#### i. RUSM Mischaracterized Plaintiff's Grounds for Partial Summary Judgment

As evidenced by Plaintiff's proposed legal standards in each of his motions, Plaintiff moved for partial summary judgment on the basis "that there is no genuine dispute as to any material fact" regarding the disability element and therefore he "is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a); Mot. for Recons. at 4. In other words, Plaintiff is entitled to partial summary judgment as a matter of law because the relevant material facts are undisputed. Any "party may move for summary judgment" on the "part of [a] claim" as opposed to the entire claim. Fed R. Civ. P. 56(a).

#### ii. RUSM Mischaracterized Plaintiff's Grounds for Reconsideration

First, contrary to RUSM's mischaracterizations, Plaintiff asked the Court to reconsider the Omnibus Order on the basis that—as here, where the material facts are undisputed—the Court, as opposed to the jury, should determine whether Plaintiff's impairments substantially limit a major life activity. *See* Mot. for Recons. at 6 (Plaintiff requesting reconsideration "because whether a plaintiff is substantially limited in a major life activity is **no longer limited** to a question of fact for the jury under the amended standards" of the ADAAA. (emphasis added)).

Second, RUSM's reliance on cases decided after the year 2008 has no bearing on whether any of those cases actually applied the 2008 amended standards of the ADAAA. Upon reliance on any case, the proper focus is whether a court applied the correct standard of the ADAAA as opposed to the date or year the court decision was made.

### B. RUSM Concedes that the Federal Regulations are Controlling in this Case

#### i. Controlling Authority

RUSM contends that "Plaintiff has not – and cannot – cite to any case law supporting his proposition that substantial limitation exists as a matter of law." Opposition at 5. RUSM's contention has no merit and is irrelevant.

RUSM concedes that the Federal regulations of the ADAAA is the controlling law of this case. *See* Mot. for Recons. at 7. "Because Congress explicitly authorized the Attorney General to promulgate regulations under the ADA, the regulations 'must [be given] legislative and hence controlling weight unless they are arbitrary, capricious, or plainly contrary to the statute.'" *Shotz v. Cates*, 256 F.3d 1077, 1080 n.2 (11th Cir. 2001) (internal citation omitted) (quoting *United States v. Morton,* 467 U.S. 822, 834 (1984)). Therefore, cases arising after 2008 that do not apply these standards, constitutes reversible error. *See Cooney v. Barry Sch. of Law*, No. 16-11419, at *2 (11th Cir. Jan. 9, 2018) (per curiam) ("The district court's primary error was its application of the law prior to the 2008 Amendments which modified the definition of the term disability.").

Furthermore, Plaintiff cited case law that substantial limitations can exist as a matter of law appropriate for summary judgment under the ADAAA. *See, e.g.,* Mot. for Recons. at 6–7 (citing *Coker v. Enhanced Senior Living, Inc.*, 897 F. Supp. 2d 1366, 1374-75 (N.D. Ga. 2012)). In *Coker*, the "[p]laintiff move[d] for summary judgment solely on the issue of whether her breast disease constitutes a 'disability' within the meaning of the ADA." *Id.* at 1374. The court in *Coker* went on to say that "[t]he regulations also recognize that … certain types of impairments will be found, in virtually all cases, to constitute a 'disability' under the ADA." *Id.* at 1375. The court noted that the Federal regulations provide that "cancer substantially limits normal cell growth" and in passing noted that "obsessive compulsive disorder … substantially limit brain function." *Id.* The court in *Coker* ruled:

> In accordance with the foregoing principles … the Court finds, as a matter of law, that Plaintiff's breast disease constitutes a "disability"

3

> under the ADA.... Because the ADA expressly defines a "major life activity" to include normal cell growth and endocrine and reproductive functioning, and in light of the principles set forth above, the Court concludes that Plaintiff's breast disease constitutes an impairment that substantially limits a major life activity —*i.e.,* a "disability" under the ADA.

*Id.* at 1375–76.

        ii.    <u>RUSM Improperly Relies on Cases that Do Not Support Its Opposition</u>

Despite the fact that *Doby v. Sisters of St. Mary of Or. Ministries Corp.*, Case No. 3:13-cv-0977-ST (D. Or. Aug. 11, 2014) is not controlling, RUSM relied on and completely distorted *Doby*. Opposition at 6–7. *Doby* does not support RUSM's argument. *Doby* is mainly distinguishable because it was the defendant that moved for summary judgment, rather than the plaintiff in that case. *See Doby*, Case No. 3:13-cv-0977-ST at *7 ("Defendants first argue that Doby is not disabled under the ADA ...."). In *Doby*, the court noted that "[t]he EEOC Regulations list OCD as an example of a *per se* disability — an impairment that will virtually always be found to impose a substantial limitation on a major life activity." *Id.* (internal quotations omitted). The court denied the defendant's argument stating that "Doby has submitted sufficient evidence to create a genuine issue of material fact whether her mental impairment of OCD substantially limits a major life activity." *Id.* at *9. The *Dolby* court did not discuss nor mention whether the plaintiff could be entitled to summary judgment had she moved for one.

RUSM further relied on *Black v. Nat'l Bd. of Med. Exam'rs*, 281 F. Supp. 3d 1247 (M.D. Fla. 2017), which is also not controlling. More importantly, although the court in *Black* cited certain parts of the regulations, it clearly did not apply the totality of the ADAAA standards promulgated by the Federal regulations. In *Black*, the court ruled that "Black's history of superlative academic performance refutes the claim that ADHD substantially limits Black's ability to learn, to read, to remember, or to concentrate in comparison to the average person." *Id.* at 1249–

4

50; *But see* 28 C.F.R. § 36.105(d)(3)(iii) (Controlling authority expressly states that "[i]n determining whether an individual has a disability ... the focus is on how a major life activity is substantially limited, and not on what outcomes an individual can achieve. For example, someone with a learning disability may achieve a high level of academic success, but may nevertheless be substantially limited in one or more major life activities, including, but not limited to, reading, writing, speaking, or learning because of the additional time or effort he or she must spend to read, write, speak, or learn compared to most people in the general population."). *Black* is an example of a case that was decided well after the year 2008, that clearly did not apply the 2008 standards of the ADAAA and the controlling authority. Any reliance on cases like *Black* is entirely improper.

For example, RUSM also improperly relied on *Glueck v. Nat'l Conference of Bar Exam'rs*, Civil Action No. SA-17-CV-451-XR (W.D. Tex. Aug. 20, 2018). Like *Black*, the court in *Glueck* held that: "The conclusion that Plaintiff is not disabled under the ADA is supported by the fact that he succeeded academically in primary and secondary school and college without requesting or receiving accommodations, took the SAT and ACT without requesting or receiving accommodations, and took the LSAT without accommodations and scored in the average range." *Glueck*, Civil Action No. SA-17-CV-451-XR at *12; *But see* 28 C.F.R. § 36.105(d)(3)(iii), *supra*. *Glueck* is contrary to the controlling authority. As stated before, any reliance on cases like *Black* is entirely improper because such cases do not comport with the controlling law in this case.

Similarly, RUSM's reliance on *Forbes v. St. Thomas Univ., Inc.*, 768 F. Supp. 2d 1222 (S.D. Fla. 2010) is also improper. In *Forbes*, the Court clearly stated that "[a]ll of the conduct alleged in the plaintiff's complaint occurred in 2007, well before the ADAAA." *Id.* at 1229 n.7. In *Forbes*, the Court did not even attempt to apply the 2008 standards of the ADAAA to that case, explaining that "district courts in Florida have held the ADAAA does not apply retroactively." *Id.*

5

### C. RUSM Concedes that There is No Disputed Material Facts Regarding the Disability Element, Therefore Plaintiff is Entitled to Partial Summary Judgment as a Matter of Law

"An **impairment** is a disability within the meaning of this part if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 28 C.F.R. § 36.105(d)(1)(v) (emphasis added). Because the material facts are undisputed in this case, upon reconsideration, the Court should find that Plaintiff's impairments are disabilities within the meaning of the ADAAA under the controlling law.

#### i. Comparative Evidence is Not Required

RUSM contends that Plaintiff must show evidence of his impairment "in comparison to most people in the general population." Opposition at 6. Even before the ADAAA was passed, the Eleventh Circuit held that comparative evidence is not required, and common sense is sufficient. *Maynard v. Pneumatic Products Corp.*, 256 F.3d 1259, 1266 (11th Cir. 2001) (Holding that a plaintiff's "impairment is so obviously substantially limiting that he needed to present no comparator evidence as part of his prima facie case. The jury's good common sense and life experiences gave them sufficient ability to determine" this fact.).

The ADAAA lowered this standard. Now, under controlling law, "**The comparison** of an individual's performance of a major life activity to the performance of the same major life activity by most people in the general population usually **will not require scientific, medical, or statistical evidence**." 28 C.F.R. § 36.105(d)(1)(vii) (emphasis added).

#### ii. Although the Assessment of the Condition, Manner, and Duration of Which an Individual can Perform a Major Life Activity May Be Useful in Certain Cases, it is Often Unnecessary

Considering the undisputed material facts in this case, RUSM failed to explain how further extensive analysis of the often-unnecessary assessments of condition, manner, and duration, is

6

material to this case under the ADAAA. Opposition at 4. RUSM further failed to show any disputed material fact relevant to the disability element.

Under controlling law, "in determining whether an individual is substantially limited in a major life activity, **it may be useful in appropriate cases** to consider, as compared to most people in the general population, the conditions … the manner … or the duration of time it takes the individual to perform the major life activity, or for which the individual can perform the major life activity." 28 C.F.R. § 36.105(d)(3)(i) (emphasis added). "Given the rules of construction set forth in this section, it **may often be unnecessary to conduct an analysis involving most or all of the facts related to condition, manner, or duration**." 28 C.F.R. § 36.105(d)(3)(iv) (emphasis added).

"As noted in the discussion above, the Department has added §§ 35.108(d)(3)(iv) and 36.105(d)(3)(iv) in the final rule to clarify that **analysis of condition, manner, or duration will not always be necessary**, particularly with respect to certain impairments that can easily be found to substantially limit a major life activity." 28 C.F.R. Part 35 Appendix C (emphasis added). "The primary object of attention in cases brought under title III of the ADA should be whether public accommodations have complied with their obligations and whether discrimination has occurred, not the extent to which an individual's impairment substantially limits a major life activity." 28 C.F.R. § 36.105(d)(1)(ii).

### iii.  Partial Summary Judgment is Appropriate

RUSM does not dispute that Plaintiff's ADHD is an impairment. *See* Mot. for Recons. at 9; *see also* 28 C.F.R. § 36.105(b)(2)(i) ("mental impairment includes, but is not limited to … Attention Deficit Hyperactivity Disorder"). RUSM further concedes that major life activities include concentration/attention, test-taking, thinking, brain functions, or neurological functions. Mot. for Recons. at 9; *see also* 28 C.F.R. § 36.105(c)(1); *Rawdin v. Am. Bd. of Pediatrics*, 985 F. Supp. 2d 636, 650 (E.D. Pa. 2013) ("test-taking constitutes a major life activity"). RUSM concedes

7

that the results of Plaintiff's ADHD assessments indicate that "the attention/concentration limitations inherent to Plaintiff's ADHD **is not within normal limits**." *See* Mot. for Recons. at 9 (emphasis added); *see also* Pl.'s 56.1 ¶¶ 10–11. Under the controlling law, with these undisputed material facts, it is appropriate for the Court to conclude that Plaintiff's ADHD is an impairment that substantially limits a major life activity and is therefore a disability in this case.

Finally, Plaintiff was also assessed and diagnosed with OCD and RUSM does not dispute the diagnosis. *See* Omnibus Order at 5; Def.'s Reply 56.1 ¶ 75 (RUSM submitting that "RUSM does not dispute whether Plaintiff was diagnosed with Obsessive Compulsive Disorder.") [ECF No. 143]; *see also* Mot. for Recons. at 2; Pl.'s 56.1 ¶ 12 (undisputed). Under the controlling law, impairments such as deafness, blindness, and OCD "will, at a minimum, substantially limit the major life activities indicated" by law. 28 C.F.R. § 36.105(d)(2)(iii). For example, "[d]eafness substantially limits hearing" and "[b]lindness substantially limits seeing" as a matter of law. 28 C.F.R. § 36.105(d)(2)(iii)(A)–(B). Under the controlling law, "obsessive compulsive disorder … substantially limits brain function." 28 C.F.R. § 36.105(d)(2)(iii)(K). Under the controlling law, with these undisputed material facts, it is appropriate for the Court to conclude that Plaintiff's OCD is an impairment that substantially limits a major life activity and is therefore a disability in this case.

### D.     The Remaining Elements of Plaintiff's Claim

Plaintiff only moved for reconsideration of the disability element of his claims. However, as a precaution, Plaintiff finds it necessary to point out that RUSM fails to fully define the law and constantly mischaracterizes the Court's Orders. Opposition at 8. Only regarding the denial of Defendant's Motion for Summary Judgment, the Court agreed with Plaintiff and ruled that "[t]he demand must be specific enough so that the defendant had 'enough information to know of both the disability and desire for an accommodation, or circumstances must at least be sufficient to

cause a reasonable [person] to make appropriate inquiries about the possible need for an accommodation.'" Omnibus Order at 9 (quoting *United States v. Hialeah Hous. Auth.*, 418 F. App'x 872, 876 (11th Cir. 2011)). "Thus, there is no rule that a 'specific demand' must be one that follows the written policy or procedures in place." *Id.*

However, the Court did not reach this question regarding Plaintiff's Motion for Partial Summary Judgment. *See* Omnibus Order at 5–6. Therefore, contrary to RUSM's omissions, whether Plaintiff's need for an accommodation was obvious is also still an open question of fact to be determined at trial. *See U.S. v. Hialeah Housing Authority*, 418 Fed. Appx. 872, 876 (11th Cir. 2011) ("or circumstances must at least be sufficient to cause a reasonable [person] to make appropriate inquiries about the possible need for an accommodation"); *McCullum ex rel. DF & TF v. Orlando Reg'l Healthcare Sys., Inc.*, 768 F.3d 1135, 1147 (11th Cir. 2014) ("Where the substantial likelihood of harm is obvious, a jury may infer that the defendant had actual knowledge of that substantial risk of harm…. That is, the entity will know of the individual's need for an accommodation because it is obvious." (citations omitted)); *Nattiel v. Fla. Dep't of Corr.*, CASE NO. 1:15-cv-00150-WTH-GRJ, at *1–2 (N.D. Fla. Nov. 27, 2017) (holding that under the ADA, a request for an accommodation is not necessary where the need is "obvious" and also holding that a defendant's "mandated [request] form is not required to trigger the ADA"); *Schwarz v. Villages Charter Sch., Inc.*, 165 F. Supp. 3d 1153, 1173 (M.D. Fla. 2016) ("plaintiff must also establish that the plaintiff requested an accommodation []or the need for one was obvious[]"); *Alvey v. Gualtieri*, Case No. 8:15-cv-1861-T-33AEP, at *16 (M.D. Fla. Nov. 7, 2016) ("In cases alleging a failure to make reasonable accommodations, the defendant's duty to provide a reasonable accommodation is not triggered until the plaintiff makes a specific demand for an accommodation or the need for an accommodation becomes obvious.").

9

DATED this 3rd day of May, 2019:

Respectfully submitted,

_____

By: Oluwamuyiwa Awodiya, *pro se* litigant
15005 Dahlia Dr.
Bowie, MD 20721
(240) 602-1836
Plaintiff, in Proper Person

## CERTIFICATE OF SERVICE

I do hereby certify that on this 3rd day of May, 2019, I have caused a true and correct copy of the foregoing by mailing a copy to the Court, where the Court's CM/ECF system will send notification to the following:

| | |
|---|---|
| **Ryan Roman** | **Octavia Monique Green** |
| Akerman Senterfitt | Akerman LLP |
| Suntrust International Center | Three Brickell City Centre |
| 1 SE 3rd Avenue | 98 Southeast Seventh Street |
| 25th Floor | Suite 1100 |
| Miami, FL 33131-1714 | Miami, FL 33131 |
| 305-374-5600 | (305) 982-5670 |
| Fax: 305-374-5095 | Email: |
| Email: | octavia.green@akerman.com |
| ryan.roman@akerman.com | |

_____

By: Oluwamuyiwa Awodiya, *pro se* litigant



PRESS FIRMLY TO SEAL

PRIORITY MAIL
POSTAGE REQUIRED

Retail

US POSTAGE PAID
$7.35
Origin: 20716
05/03/19
2309370716-03

PRIORITY MAIL 2-Day®

0 Lb 4.10 Oz
1006

EXPECTED DELIVERY DAY: 05/06/19

C019

SHIP TO:
299 E BROWARD BLVD
STE 108
FORT LAUDERDALE FL 33301-1922

USPS TRACKING NUMBER



9505 5105 6957 9123 2711 92

PRIORITY *MAIL*


VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:

FROM:
Oluwamuyiwa Awodiya
15005 Dahlia Dr
Bowie, MD 20721

TO:
U.S. Federal Building and Courthouse
299 East Broward Boulevard
Room 108
Fort Lauderdale, FL 33301

Label 228, March 2016          FOR DOMESTIC AND INTERNATIONAL USE


PS00001000014

EP14F July 2013
OD: 12.5 x 9.5

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE


UNITED STATES POSTAL SERVICE.