UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60482-CIV-ALTMAN/Hunt

**OLUWAMUYIWA AWODIYA**,

  Plaintiff,
v.

**ROSS UNIVERSITY SCHOOL
OF MEDICINE**,

  Defendant.
_____/

**ORDER**

**THIS CAUSE** came before the Court upon a *sua sponte* review of the record. On April 11, 2019, the Defendant, Ross University School of Medicine ("Defendant" or "RUSM"), filed a Motion for Leave to File a Partial Motion for Summary Judgment [ECF No. 175]. On April 17, 2019, the Plaintiff, Oluwamuyiwa Awodiya, filed a Motion for Reconsideration and Alteration [ECF No. 178] of the Court's March 2, 2019 Omnibus Order [ECF No. 154]. The Court has carefully reviewed the parties' written submissions, their responses and replies, and the applicable law.

  **I.**  **The Defendant's Motion for Leave to File a Partial Motion for Summary Judgment**

Pursuant to the original Scheduling Order [ECF No. 37] in this case, "[a]ny and all pretrial motions, including motions for summary judgment . . . must be filed no later than eighty (80) days prior to the trial date." *Id.* Trial in this matter was initially set for March of 2019. *Id.* The Defendant filed its Motion for Summary Judgment [ECF No. 120] on January 4, 2019. The Defendant now seeks to file what amounts to a second motion for summary judgment long after the deadline

1

imposed in the Court's original Scheduling Order has passed. While Rule 56 of the Federal Rules of Civil Procedure does not prohibit the filing of multiple motions for summary judgment,[1] the Defendant must show good cause under Rule 16(b)(4) for deviating from the Court's initial scheduling deadlines.

In its Motion for Leave, the Defendant contends that the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") do not apply in Dominica, which is where the relevant acts in this case occurred. While that may be true, this argument was available to the Defendant when it filed its initial Motion for Summary Judgment in January of 2019. The record reveals that no new discovery has taken place since then, nor has the Defendant introduced any new evidence that might warrant construing the Motion for Leave as one for reconsideration. In any event, because the Defendant has failed to show good cause, its Motion For Leave [ECF No. 175] is **DENIED**.

## II.   The Plaintiff's Motion for Reconsideration and Alteration[2] of the Omnibus Order

To succeed on a failure to accommodate claim, including both an ADA and an RA claim, a plaintiff must demonstrate that he: 1) has a disability; 2) is an otherwise qualified individual; and 3) was discriminated against because of his disability. *See Holly v. Clairson Indus., LLC*, 492 F.3d 1247, 1256 (11th Cir. 2007).

In his Motion for Reconsideration, the Plaintiff argues that the Court misapplied the standard that applies at summary judgment for determining whether he "has a disability." Pl. Mot.

---

[1] On the other hand, S. D. FLA. L. R. 7.1(c)(2) prohibits multiple successive motions for partial summary judgment absent prior permission of the Court.

[2] The Plaintiff may not proceed via Rule 59(e) of the Federal Rules of Civil Procedure, which provides the Court with a means to "alter or amend a [prior] judgment" because more than 28 days have elapsed since the Court's entry of judgment on March 2, 2019 [ECF No. 154]. *See* FED. R. CIV. P. 59(e). As such, the Court will treat the Plaintiff's Motion as one for reconsideration under Rule 60(b).

Reconsideration 6. Generally speaking, there are three grounds that justify reconsideration of a Court's order on summary judgment: 1) an intervening change in controlling law; 2) the availability of new evidence or an expanded factual record; and 3) the need to correct a clear error or prevent manifest injustice. *See Woide v. Fed. Nat'l Mortg. Ass'n*, 705 F. App'x 832, 836 (11th Cir. 2017) (quoting *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383) (Fed. Cir. 2010)).

The Plaintiff contends that his medical diagnoses—attention-deficit/hyperactivity disorder and obsessive compulsive disorder—require a *per se* finding that the Plaintiff "has a disability" for purposes of both the ADA and the RA. While the amendments to the ADA the Plaintiff cites (Pl. Mot. Reconsideration 8-10) certainly lowered the threshold that plaintiffs must meet in order to establish disability, those amendments did not, as the Plaintiff claims, eliminate the requirement that plaintiffs must make an individualized showing that their alleged disability substantially limits a major life activity. *Solodar v. Old Port Cove Lake Point Tower Condo. Ass'n, Inc.*, No. 12-80040-CIV, 2013 WL 3892986, at *9 (S.D. Fla. July 26, 2013) (noting that the question of whether the plaintiff is substantially limited, even after the 2008 amendments, created a question of fact that could not be resolved at summary judgment stage). In other words, medical diagnoses, without more, do not satisfy the first prong of a failure to accommodate claim.

But, even if the Plaintiff could show that his medical diagnoses, standing alone, satisfied this first prong, he does not explain how he is entitled to summary judgment on the remaining elements of his failure to accommodate claims. In its Omnibus Order, for instance, the Court found that a disputed issue of material fact exists as to whether the Plaintiff ever made a request for an accommodation [ECF No. 154 at 10]. The Plaintiff does not even address this finding in his Motion. Accordingly, the Plaintiff's Motion [ECF No. 178] is **DENIED**.

### III.     Federal Rule of Civil Procedure 56(f)(3)

Although district courts have discretion under Fed. R. Civ. P. 16(b)(4) to grant parties leave to file a second summary judgment motion, the Court finds that the more prudent course in this case is to proceed under Fed. R. Civ. P. 56(f)(3), which reads, in relevant part:

Rule 56. Summary Judgment
\*               \*               \*

(f) Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:
    (1) grant summary judgment for a nonmovant;
    (2) grant the motion on grounds not raised by a party; or
    (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

The Court notes that the Defendant has not yet raised the issue of whether the ADA and the RA even apply in Dominica—a tiny foreign island in the Caribbean Sea. But the Court finds that it does not "further the interests of justice, judicial economy, or the Court's interest in the sound adjudication of this case to ignore important issues," such as the extraterritorial application—or lack thereof—of the statute on which this case turns, solely because the parties have failed to raise the issue. *See Lawrence v. Am. Ira, LLC*, No. 1:12-CV-2209-JSA, 2014 WL 11833264, at \*2 (N.D. Ga. Sept. 3, 2014). The Defendant's omission of this question seems particularly surprising in light of the Defendant's previous litigation of a nearly identical issue before the Third Circuit Court of Appeals. *See Archut v. Ross Univ. Sch. of Veterinary Med.*, 580 F. App'x 90 (3d Cir. 2014) (finding that the ADA and RA do not apply extraterritorially).

Federal Rule of Civil Procedure 56(f) equips a federal district court with the authority to act on its own initiative in considering whether summary judgment is appropriate.[3] The parties do

---

[3] *See Lillo ex rel. Estate of Lillo v. Bruhn*, 413 F. App'x. 161 (11th Cir. 2011) (affirming summary judgment after district court *sua sponte* raised qualified immunity issue at summary judgment); *Flood v. Young Woman's Christian Ass'n*, 398 F.3d 1261, 1267 (11th Cir. 2005) ("A district court may enter summary judgment *sua sponte* if all the parties are given adequate notice that they must

not dispute that the events in this case took place in Dominica. *See generally* Pl. Stat. Mat. Facts [ECF No. 101]; Def. Stat. Mat. Facts [ECF No. 119]. Moreover, the Court's review of the record suggests that there may not be a genuine dispute about whether the ADA and the RA apply extraterritorially. *See* Plaintiff's Request for Admission #30 [ECF No. 102 at 52] (asking the Defendant to "[a]dmit that it is false that the Americans with Disabilities Act is applicable to RUSM in Dominica."). And, if the ADA and the RA *do not* apply extraterritorially, it may well be that a plaintiff like Mr. Awodiya may not, in the first instance, *justifiably* rely on the Defendant's representation that RUSM complies with the ADA "as applicable and practical in Dominica." If this is so, the Defendant may be entitled to summary judgment, not just on the Plaintiff's ADA and RA claims, but on his fraudulent inducement and negligent misrepresentation claims as well.

Accordingly, the Court hereby gives **NOTICE** to both parties of its intention *sua sponte* to consider the applicability of the ADA and the RA in Dominica.

Furthermore, the Court hereby **ORDERS** as follows:

1. By **May 29, 2019**, the parties shall, in no more than **10 pages**, brief the question of the extraterritorial application of the ADA and the RA, as well as the impact, if any, that the answer to this question might have on the Plaintiff's remaining claims, which include: Count I (failure to accommodate under the ADA); Count II (failure to accommodate under the RA); Count VIII (fraudulent inducement under Florida law);

---

present all of their evidence."); *Massey v. Cong. Life Ins. Co.*, 116 F.3d 1414, 1417 (11th Cir. 1997) ("District courts unquestionably possess the power to trigger summary judgment on their own initiative." (citations omitted); *Franks v. Indian Rivers Mental Health Ctr.*, No.7:08-cv-1035-SLB, 2014 WL 514130, at *7 (N.D. Ala. Feb. 7, 2014) ("Pursuant to Rule 56(f), the court may grant a *sua sponte* motion for summary judgment 'after identifying for the parties material facts that may not be genuinely in dispute,' and giving the opponent at least ten days notice and time to respond.") (citing *Burton v. Cty. of Belle Glade*, 178 F.3d 1175, 1203 (11th Cir. 1999)); *accord Norse v. City of Santa Cruz*, 629 F.3d 966, 971 (9th Cir. 2010) (district courts "unquestionably possess the power" to enter summary judgment *sua sponte*, even on the eve of trial and after the dispositive motions deadline has passed).

5

and Count IX (negligent misrepresentation under Florida law). The parties shall include citations to the existing evidentiary record as needed. The Court will then determine whether summary judgment is appropriate as to the Plaintiff's remaining claims.

2. The Defendant's Motion for Leave to File Partial Motion for Summary Judgement [ECF No. 175] is **DENIED**.

3. The Plaintiff's Motion for Reconsideration and Alteration of Omnibus Order [ECF No. 178] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 14th day of May 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record
Oluwamuyiwa Awodiya, *pro se*