**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

OLUWAMUYIWA AWODIYA,           CASE NO.  0:18-cv-60482-RKA

    Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

    Defendant.
_____/

**DEFENDANT'S BRIEF ON EXTRATERRITORIAL APPLICATION OF THE AMERICANS WITH DISABILITIES ACT AND THE REHABILITATION ACT**

Pursuant to the Court's Order dated May 14, 2019 [ECF No. 191], defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM"), by counsel, hereby submits this brief pursuant to the Court's instructions and states as follows:

**I.    INTRODUCTION**

On May 14, 2019, the Court *sua sponte* entered an Order asking that the parties "brief the question of the territorial application of [Title III of the Americans With Disabilities Act ("ADA")] and the [Rehabilitation Act ("RA")], as well as the impact, if any, that the answer to this question might have on Plaintiff's remaining claims. …" *See* [ECF No. 191] at 5.

In response to the Court's opportunity to brief this issue, RUSM states that the ADA and RA do not apply in Dominica, where the alleged conduct took place, and therefore, summary judgment should be entered in favor of RUSM on each of the remaining counts in this action.  In Plaintiff's Response to the Court's May 16, 2019 Order [ECF No. 192] ("Plaintiff's Brief"), Plaintiff simply dismisses the decision in *Archut v. Ross University School of Veterinary Medicine*, Civil Action No. 10-1681 (MLC), 2012 WL 5867148, at *4 (D.N.J. Nov. 19, 2012), as "no longer

good law" and then proceeds to misinterpret and misapply Title III of the ADA and Section 504 of the RA. Because the ADA and RA only apply to conduct that occurs in the United States, and because the conduct in question here took place in the country of Dominica, Count I (failure to accommodate under the ADA) and Count II (failure to accommodate under the RA) fail as a matter of law.

Furthermore, Count VIII (fraudulent inducement under Florida law) and Count IX (negligent misrepresentation under Florida law) also fail because they are premised on an alleged statement on a website which is not a misrepresentation as a factual matter and cannot give rise to a claim of this type. In other words, Plaintiff cannot establish, as a matter of law, that the statement is false or that he justifiably relied on the statement. The statement, which is that it is RUSM's policy to comply with the ADA in Dominica as "applicable and practical," cannot be false where, as here, neither the ADA nor the RA apply in Dominica.

For each of these reasons, the Court should enter summary judgment in favor of RUSM and against plaintiff Oluwamuyiwa Awodiya ("Plaintiff") on the four remaining counts in this action.

## II.  FACTUAL BACKGROUND

Plaintiff is a former RUSM medical student. *See* Declaration of Oluwamuyiwa Awodiya in Support of Plaintiff's Second Motion for Partial Summary Judgment [ECF No. 102-1] at ¶ 2. Plaintiff attended RUSM's campus which is located on the island of Dominica. *Id.* at ¶¶ 11-12, 15. The RUSM Counseling Center, where Plaintiff received treatment, is located in Dominica. *See, e.g., id*. at Exhibits SJ-02, SJ-05, SJ-06, SJ-10, SJ-11, SJ-12, SJ-13 (notes of counseling sessions showing the location of RUSM's Counseling Center in Dominica). All of the conduct pertaining to Plaintiff's counseling sessions and his purported requests for an accommodation

occurred in Dominica. There is no evidence that Plaintiff met with any representative of RUSM in the United States.

In Plaintiff's Brief, rather than point to record evidence to show that actions took place in the United States rather than abroad, Plaintiff instead states that, despite the volumes of discovery conducted in this action and the fact that it was initially set for trial in late March 2019, "the record evidence before the Court is not developed to answer" that question. Plaintiff's Brief at 9. In fact, Plaintiff only alleges that certain COMP Exams – which are administered by a third party – took place in both Dominica and the United States. *Id.* However, it is undisputed that Plaintiff never met with any representative of RUSM in the United States regarding any purported accommodations request and that all of Plaintiff's counseling sessions with the RUSM Counseling Center took place overseas in Dominica. This action – just like with the *Archut* matter involving RUSM's sister veterinary program – pertains to extraterritorial conduct not covered by Title III of the ADA or Section 504 of the RA.

### III. LEGAL STANDARD

The Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of some factual disputes – as opposed to genuine disputes of material fact – will not defeat a motion for summary judgment. *See Gordilis v. Ocean Drive Limousines, Inc.*, Civ. No. 12-24358-JLK, 2014 WL 2214274, at *1 (S.D. Fla. May 28, 2014) ("A fact is 'material' if it is may determine the outcome under the applicable substantive law."). To defeat summary judgment, "the non-moving party cannot merely rest upon his bare assertions, conclusory allegations, surmises or conjectures." *McIntyre v. FLX of Miami, Inc.*, Civ. No. 08-20030-JJO, 2008 WL 4541017, at *3 (S.D. Fla. Oct. 8, 2008). A "genuine" dispute as to a material fact exists

3

48917323;4

if the evidence is such that a rational trier of fact could return a verdict for the nonmoving party. *Foreman v. City of Port St. Lucie*, Civ. No. 07-14036-KMM, 2008 WL 958030, at *1 (S.D. Fla. Apr. 8, 2008) (citing *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997)). The Court must "view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion." *Id*.

IV. **ARGUMENT**

    a. **Judgment Should be Entered on Count I and Count II of the Complaint Because the ADA and RA are Not Applicable in Dominica as a Matter of Law**

The ADA and RA are American laws. Dominica is an island country in the West Indies and is an independent sovereign from the United States. Neither the ADA nor the RA can be found to be applicable in Dominica absent express consent by Congress. *See Archut v. Ross Univ. Sch. of Veterinary Med.*, Civil Action No. 10-1681 (MLC), 2012 WL 5867148, at *4 (D.N.J. Nov. 19, 2012) (citing *Morrison v. Nat'l Austl. Bank, Ltd.*, 130 S.Ct. 2869, 2877 (2010) ("There is a presumption against extraterritorial application of United States law where Congress failed to expressly communicate an intent to have the law apply extraterritorially.")). Neither Title III of the ADA nor the RA contain clear indication of an extraterritorial application. Thus, Counts I and II fail because these statutes do not apply to conduct allegedly occurring outside of the United States.

In *Archut,* the United States District Court for the District of New Jersey examined virtually identical allegations to those made by the Plaintiff in this case. In fact, *Archut* involved RUSM's sister veterinary school in St. Kitts. In *Archut*, the plaintiff argued that RUSM should be subjected to liability under the RA because the institution received federal financial aid. In rejecting the plaintiff's argument, the court stated:

> While federal funds are distributed to many institutions, some of which are beyond the physical territory of the United States,

4

> Congress failed to mention that these anti-discrimination standards for institutions receiving assistance were to follow wherever the money went. Without an express extension of the statute to foreign institutions receiving federal financial aid, it cannot be implied that Congress actually intended such extraterritorial application. The inclusion of "any program or activity receiving Federal financial assistance" is not a clear communication indicating that Congress intended foreign institutions receiving money to also be subject to these restrictions aimed at equalizing domestic educational, professional, or social opportunities for disabled individuals within the United States.

*Archut*, 2012 WL 5867148, at *10.

Further, the court in *Archut* declined to find that RUSM subjected itself to liability by mentioning the United States anti-discrimination standards in a student handbook. *Id*. at *10 ("The Court does not find that this case supports the proposition that mentioning United States anti-discrimination standards in a student handbook binds a school to liability if it fails to meet the standards of law it is not legally obligated to follow."). The Third Circuit affirmed the trial court's ruling and approvingly noted that "we can add little to that court's analysis and discussion" of the extraterritoriality issue. *Archut v. Ross Univ. School of Med.*, 580 Fed. App'x 90 (3d. Cir. 2014).

Contrary to Plaintiff's assertion that *Archut* is no longer good law following *RJR Nabisco, Inc. v. European Community*, 136 S. Ct. 2090 (2016), Archut was cited approvingly just three months ago in *Galligan v. Adtalem Global Education, Inc.*, Case No. 17 C 6310, 2019 WL 423356 (N.D. Ill. Feb. 4, 2019), another lawsuit involving RUSM's veterinary school, where the Court dismissed plaintiff's ADA and RA claims on the basis that those statutes do not apply outside of the United States. *Id.* at *3 ("Neither of the federal statutes on which Galligan relies applies outside the United States."). The plaintiff in *Galligan* made identical allegations to those made by Plaintiff in this action – namely, that he allegedly requested additional testing time accommodations from the school and that the request was denied. *Id*. at *1. The Court dismissed the accommodations claims with prejudice. *Id*. at *8. In *Galligan*, the federal district court cited to the standard from

5

*Morrison*, which remains good law. *Galligan*, 2019 WL 423356, at *3 ("statutes are presumed not to apply extraterritorially; '[w]hen a statute gives no clear indication of extraterritorial application, it has none.'" (quoting *Morrison*, 561 U.S. at 255). The district court goes on to cite to *RJR Nabisco* as well, to determine the very question facing this Court: "whether the case involves a domestic application of the statute." *Galligan*, 2019 WL 423356, at *3 (*citing RJR Nabisco*, 136 S. Ct. at 2101). The district court in *Galligan* concludes that the accommodations claims under Title III of the ADA and the RA – the same claims raised by Plaintiff here – did not involve domestic application of the statutes and dismissed the claims. *Galligan*, 2019 WL 423356, at *8. In determining that Title III of the ADA and the RA did not apply outside of the United States, the court held as follows:

> Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns ... or operates a place of accommodation." 42 U.S.C. § 12182(a). ***Title III does not clearly indicate that it applies outside the United States. And like the Rehab Act, there is evidence pointing in the other direction***, as Title I of the ADA (prohibiting employment discrimination) explicitly extends outside the United States, see Civil Rights Act of 1991, Pub. L. 102-166 § 109, 105 Stat. 1071 (1991) (codified at 42 U.S.C. § 12111(4)), but Title III does not. "[W]hen a statute provides for some extraterritorial application, the presumption against extraterritoriality operates to limit that provision to its terms." *Morrison*, 561 U.S. at 265.

*Id*. at *3 (emphasis added).

The law is clear. Applied to the undisputed facts, the Court should enter summary judgment in RUSM's favor on Counts I and II. Here, all of the conduct pertaining to any purported request for accommodation took place in Dominica, which is where Plaintiff attended RUSM. Therefore, the ADA and RA do not apply.

6

### b. Because the ADA and RA are Not Applicable in Dominica as a Matter of Law, Judgment Should Also be Entered on Count VIII and Count IX of the Complaint

Plaintiff contends that RUSM is liable for fraudulent inducement and negligent misrepresentation because it made a misstatement on its website by representing that: "It is the policy and practice of the University to comply with the Americans with Disabilities Act as applicable and practical in Dominica." Compl. at ¶¶ 106, 115. However, Plaintiff cannot succeed on these claims because he cannot prove that the aforementioned statement is actually false or that he justifiably relied on such a statement.

Under Florida law, to prevail on a claim for fraudulent inducement, plaintiff must show that (1) the defendant made a misrepresentation of material fact; (2) the defendant knew or should have known of the falsity of the statement; (3) the defendant intended for the misrepresentation to induce plaintiff to rely and act on it; and (4) the plaintiff suffered injury in justifiable reliance on the representation. *Biscayne Inv. Grp. Ltd. v. Guarantee Mgmt. Servs., Inc.*, 903 So. 2d 251, 255 (Fla. 3d DCA 2005). *See also* Order at 6.

Similarly, to succeed on a cause of action for negligent misrepresentation, a plaintiff must prove that (1) the defendant made a misrepresentation of material fact that he believed to be true but was in fact false; (2) the defendant was negligent in making the statement because he should have known that the representation was false; (3) the defendant intended to induce the plaintiff to rely on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation. *Simon v. Celebration Co.*, 883 So. 2d 826, 832 (Fla. 5th DCA 2004). *See also* Order at 6-7.

Here, because the ADA is not applicable in Dominica, RUSM's statement that it would comply with the ADA "***as applicable and practical in Dominica***" cannot be false as a matter of law, nor could Plaintiff justifiably rely on such a representation. Moreover, the evidence in the

record establishes that, even though RUSM is not bound by the ADA in Dominica, the school made every effort to provide students with an accommodation where such an accommodation was requested. Therefore, Counts VIII and IX fail and summary judgment is appropriate.

## V.     CONCLUSION

WHEREFORE, defendant Ross School of Medicine, School of Veterinary Medicine Limited respectfully requests that the Court enter an Order: (i) granting summary judgment in favor of RUSM and against Plaintiff on Counts I, II VIII and IX of Plaintiff's Third Amended Complaint and (ii) granting RUSM such other and further relief as the Court deems just and proper.

Dated: May 29, 2019

Respectfully submitted,

*s/Ryan Roman*
MICHAEL C. MARSH
Florida Bar Number: 0072796
Email: michael.marsh@akerman.com
Secondary: sharon.luesang@akerman.com
RYAN A. ROMAN
Florida Bar Number: 0025509
Email: ryan.roman@akerman.com
Secondary: dorothy.matheis@akerman.com
DONNIE M. KING
Florida Bar Number: 101386
Email: donnie.king@akerman.com
Secondary: simone.tobie@akerman.com
OCTAVIA M. GREEN
Florida Bar Number: 119179
Email: octavia.green@akerman.com
Secondary: simone.tobie@akerman.com
**AKERMAN LLP**
98 SE 7th Street, Suite 1100
Miami, FL 33131
Phone: (305) 374-5600
Fax: (305) 374-5095

*Attorneys for Defendant Ross University School of Medicine, School of Veterinary Medicine Limited*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 29, 2019 a true and correct copy of the foregoing document was served via CM/ECF on:

Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721
Telephone: (240) 602-1836
E-mail: drmuyiwa.a@gmail.com

*s/Ryan Roman*
Ryan Roman