UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60482-CIV-ALTMAN/Hunt

FILED BY PG D.C.

SEP 27 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

OLUWAMUYIWA AWODIYA,

    Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

    Defendant.

## PLAINTIFF'S MOTION FOR LEAVE
## TO FILE MOTION FOR SUMMARY JUDGMENT

*Pro se* plaintiff Oluwamuyiwa Awodiya ("Plaintiff") hereby seeks leave to file a motion for summary judgment against defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM").

**I.    ARGUMENT**

Pursuant to the original Scheduling Order [ECF No. 37] in this case, "[a]ny and all pretrial motions, including motions for summary judgment . . . must be filed no later than eighty (80) days prior to the trial date." *Id.* Trial in this matter was initially set for March of 2019. *Id.* However, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. "A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle v. Florida Mowing*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 41 (1991)). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609

1

(11th Cir. 1987). Another "function of summary judgment is to avoid a useless trial." *Broadway v. City of Montgomery, Alabama*, 530 F.2d 657, 661 (5th Cir. 1976).

In this action, Plaintiff brings a claim of fraudulent inducement under two theories, "both [1] false statement and [2] omission of fact," against RUSM. *See* Third Amended Complaint (the "Complaint") [ECF No. 47] at 20.

On December 11, 2018, Plaintiff filed a Motion for Partial Summary Judgment (the "Original Motion") [ECF No. 102].[1] In the Original Motion, Plaintiff included both theories of fraudulent inducement under false statement and omission of fact. *See* Original Motion at 19.

On March 2, 2019, this Court entered an Omnibus Order on Motions for Summary Judgment (the "March Order") [ECF No. 154], which denied Plaintiff's Original Motion for summary judgment on his fraudulent inducement claim due to the element on reliance under the theory of false statement—notably, the Court did not discuss the claim under the theory of omission of fact. *See* March Order at 6–7. Although this Court did not state a reason as to why the fraudulent inducement claim was not also considered under the omission of fact theory, it appears, as the Eleventh Circuit has recently stated, "Mr. Awodiya did not always express his fraudulent inducement claim with a lawyer's precision." *Awodiya v. Ross Univ. Sch. of Med.*, No. 19-12832, at *12 (11th Cir. May 24, 2020) [ECF No. 221]. The Eleventh Circuit further recognized that "[t]wo theories comprise Mr. Awodiya's fraudulent inducement claim—a theory that Ross affirmatively misrepresented a material fact, and a theory that Ross fraudulently omitted a material fact from its website statement." *Id.* at *14 n.5. "*[P]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.... [T]he

---

[1] On August 17, 2018, Plaintiff filed a motion for partial summary judgment [ECF No. 61]. In a paperless Order dated August 29, 2018 [ECF No. 66], this Court denied the first motion for partial summary judgment "as premature."

court ought not penalize the litigant for linguistic imprecision ...." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

The distinction between a false statement theory and an omission of fact theory is an important one because in fraud cases involving omitted or concealed information, "plaintiffs are not required to show reliance on a specific statement." *Cote v. R.J. Reynolds Tobacco Co.*, 909 F.3d 1094, 1108 (11th Cir. 2018).

Also due to Plaintiff's linguistic imprecision in the Original Motion and the complicated nature of presenting very similar but technically distinct claims that appeared related to each other, but in fact and in law, were not related at all. To its advantage, RUSM was able to conflate evidence that was only related to Plaintiff's now-dismissed claims of failure to accommodate under the Rehabilitation Act (the "RA") and the Americans with Disabilities Act (the "ADA"), with Plaintiff's other separate claim of fraudulent inducement. Now that the only claim remaining in this case is fraudulent inducement, and after continued efforts to learn and understand law, Plaintiff can show with better precision how the previously conflated evidence is impermissible circumstantial evidence under Plaintiff's fraudulent inducement claim—for both theories of fraud.

RUSM attempts to contest the credibility of Plaintiff's testimony based on the circumstantial fact that he was not aware of having a disability when he enrolled. *See* March Order at 7 [ECF No. 154].[2] RUSM cannot survive summary judgment via the reliance element because there is no evidence that Plaintiff ever stated that he relied on the website statement due to a then-known disability—as opposed to the evidence showing that he relied on the website statement for completely different reasons—and thus the mere possibility of RUSM's subsequent pyramiding

---

[2] Also, even though there is evidence that Plaintiff didn't know the legal technicalities of the ADA, there is no evidence that Plaintiff didn't know that the purpose of the ADA is to prevent discrimination—as opposed to the evidence showing that he knew of the ADA and its purpose despite the fact that he didn't know the legal technicalities.

inferences from circumstantial evidence, does not qualify those inferences as reasonable. "Where a non-movant presents direct evidence that creates a genuine issue of material fact, the only issue is one of credibility; thus, there is no legal issue for the court to decide." *Mize v. Jefferson City Board of Education*, 93 F.3d 739, 742 (11th Cir. 1996). However, "[w]here the evidence is circumstantial, a court may grant summary judgment when it concludes that no reasonable jury may infer from the assumed facts the conclusion upon which the nonmovant's claim rests." *Id.* at 743.

"According to federal law there is no prohibition against pyramiding inferences; instead all inferences are permissible so long as they are reasonable.... [A]n inference is not reasonable if it is 'only a guess or a possibility,' for such an inference is not based on the evidence but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1983). "[T]he practice in civil cases is to evaluate the probative value of every inference on its own merits. When inferences are built upon inferences, the probability of the last or ultimate inference is attenuated by each underlying inference." *Salter v. Westra*, 904 F.2d 1517, 1525 (11th Cir. 1990) (citing *Cora Pub., Inc., v. Continental Casualty Co.*, 619 F.2d 482, 485-86 (11th Cir. 1980)). "The important question is whether the inference is reasonably well supported by the evidence." *Cora Pub, Inc.*, 619 F.2d at 486.

Lastly, under the theory of false statement, the Court initially stated that "Defendant provides no evidence why the [website] statement is true." March Order at 19. When RUSM was given a second opportunity for summary judgment to explain why the statement was true, RUSM argued "that, because the ADA is inapplicable in Dominica, any assurances it may have made concerning its compliance with the ADA 'cannot be false as a matter of law.'" *See* Order dated June 18, 2019 (the "June Order") [ECF No. 210] at 12. The Court rejected its argument, stating:

"The Court is not persuaded that summary judgment as to Count VIII is appropriate on this basis. If, when it published the alleged avowal on its website, RUSM knew, as its papers here suggest, that the ADA did *not* apply in Dominica, then its promise to abide by the ADA 'as practical *and* [legally] applicable' in Dominica could indeed be false." *Id.*

Plaintiff requests leave to file a motion for summary judgment to present additional arguments that (1) reliance is not required under the theory of omission of fact; (2) RUSM cannot survive summary judgment under the theory of false statement because previously permissible direct evidence related to the dismissed claims of failure to accommodate are now completely impermissible circumstantial evidence in this action; and (3) there is no genuine dispute as to any material fact and therefore Plaintiff is entitled to judgment as a matter of law.

A copy of the motion for summary judgment and the accompanying statement of facts are attached hereto as Exhibits A and B, respectively.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter an Order granting Plaintiff leave to file his motion for summary judgment on Count VIII of the Complaint and granting Plaintiff such other and further relief as the Court deems just and proper.

DATED this 23rd day of September, 2021:

Respectfully submitted,

_____
Oluwamuyiwa Awodiya
Email: drmuyiwa.a@gmail.com
15005 Dahlia Dr.
Bowie, MD 20721
Phone: (240) 602-1836
*Pro Se* Plaintiff

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that Plaintiff has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. RUSM opposes the relief sought in this motion.