UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 18-60482-CIV-RKA

```
OLUWAMUYIWA AWODIYA,            . Fort Lauderdale, Florida
                                . July 23, 2021
            Plaintiff,          . 1:25 p.m.
                                .
         v.                     .
                                .
ROSS UNIVERSITY SCHOOL OF       .
MEDICINE,                       .
                                .
            Defendant.          .
. . . . . . . . . . . . . . . . .
```

- - - - -

Transcript of Zoom Status Conference Hearing had

before the Honorable Roy K. Altman,

United States District Judge.

- - - - -

Proceedings recorded by mechanical stenography, transcript produced by computer.

FRANCINE C. SALOPEK, OFFICIAL COURT REPORTER
(954)769-5686

APPEARANCES:

For the Plaintiff:   Oluwamuyiwa Awodiya, Pro Se
                     15005 Dahlia Drive
                     Bowie, MD 20721

For the Defendant:   Ryan Roman, Esq.
                     Ashleigh McKenzie, Esq.
                     Akerman LLP
                     Three Brickell City Centre
                     98 Southeast Seventh Street
                     Suite 1100
                     Miami, Florida  33131

Court Reporter:      Francine C. Salopek, RMR-CRR
                     Official Court Reporter
                     United States District Court
                     299 E. Broward Blvd., Room 207B
                     Fort Lauderdale, Florida 33301
                     (954)769-5686

                     - - - - -

|  |  |
|---|---|
| 1 | <u>FRIDAY, JULY 23, 2021, 1:25 P.M.</u> |
| 2 | ***** |
| 3 | **THE COURT:**  All right.  We'll skip Empire Fire, I |
| 4 | suppose, because I don't see Mr. Kirby on there and we'll move |
| 5 | to the third case, which is Awodiya vs. Ross University, |
| 6 | 18-CV-60482. |
| 7 | Who's here for the plaintiff? |
| 8 | **MR. AWODIYA:**  Oluwamuyiwa, pro se, representing |
| 9 | myself. |
| 10 | **THE COURT:**  Good afternoon, Mr. Awodiya.  Nice to see |
| 11 | you again, sir. |
| 12 | **MR. AWODIYA:**  How you doing, Judge? |
| 13 | **THE COURT:**  I'm doing well, thank you. |
| 14 | And who's here for the defense? |
| 15 | **MR. ROMAN:**  Good afternoon, your Honor.  Ryan Roman, |
| 16 | and with me is Ashleigh McKenzie.  We represent Ross University |
| 17 | School of Medicine. |
| 18 | **THE COURT:**  Good afternoon to the you two of you. |
| 19 | Nice to see you all as well. |
| 20 | **MR. ROMAN:**  Thank you. |
| 21 | **THE COURT:**  Mr. Awodiya, before we talk about the |
| 22 | merits, you've had an issue with ECF filing? |
| 23 | **MR. AWODIYA:**  Yes. |
| 24 | **THE COURT:**  And I want you to know that my law clerk |
| 25 | brought the issue to my attention today after ToniAnn, my |

1   courtroom deputy, has had several discussions about it with the
2   Court's clerk's office.  And you're correct in a couple of
3   respects.
4          You're correct that the -- on the one hand, the
5   administrative procedures rules for CM/ECF on our court suggest
6   that a litigant cannot file using ECF if he's pro se, except by
7   Court order, which suggests that if you file a proper motion --
8   which you did -- and if the judge enters an order granting your
9   motion -- which I did -- then you should be allowed to file by
10  ECF and not be required to file conventionally, which of course
11  was my hope.
12         For whatever reason, the clerk's office is telling me,
13  presumably what they've told you, that they can't accommodate
14  my order, which is a concern because it suggests that our
15  administrative procedure rules are misleading people, not just
16  me, but you.
17         And -- so what I've done, I'll let you know, is, this
18  morning I sent an email to Judge Beth Bloom, who is the chair
19  of our Rules Committee --
20         **MR. AWODIYA:**  Okay.
21         **THE COURT:**  -- and I've alerted her to the problem.
22         **MR. AWODIYA:**  Okay.
23         **THE COURT:**  And she's usually very responsive.  She
24  hasn't gotten back to me yet.  But as soon as she gets back to
25  me about it, I will let you know what the deal is.  It may

```
 1   result -- hopefully it will result in you being able to use
 2   ECF.
 3            MR. AWODIYA:  Uh-hum.
 4            THE COURT:  If it doesn't, maybe it will have a
 5   salutary benefit in having us change our rules to make clear
 6   what the reality on the ground is.
 7            So, I appreciate you bringing that to my attention.  I
 8   apologize that it hasn't worked out yet, but hopefully this
 9   level of concern will get the issue fixed one way or the other,
10   so I just wanted to update you about that.
11            MR. AWODIYA:  Thank you very much.
12            THE COURT:  All right.  So, we all know the case quite
13   well.  It was a Rehabilitation Act, Americans with Disabilities
14   Act, fraudulent inducement and fraudulent misrepresentation
15   claim.
16            The defendant -- excuse me -- negligent
17   misrepresentation claim.
18            The plaintiff abandoned the negligent
19   misrepresentation claim at summary judgment.
20            I entered summary judgment on all the counts for the
21   defendant.
22            The Eleventh Circuit affirmed my decision with respect
23   to the Rehabilitation Act and the Americans with Disabilities
24   Act claims but reversed with respect to one count, the
25   fraudulent inducement claim.  So that's the only count that's
```

1  left. And my reading of the decision, but I'll hear what you
2  all think, is that it's time to go to trial on that one count.
3           And so, of course, I brought you in for two reasons.
4           One is I want to know, especially from the defendant's
5  perspective, whether it makes sense to have you guys get into a
6  room, maybe with my magistrate judge, and see if you can work
7  this thing out now that we all know we're going to trial and
8  that we all know we're going to trial on only one count.
9           And if, two, even if we're not able to work it out,
10 what can we do in terms of scheduling a trial, because I'd like
11 to put it on the docket and get it scheduled now that we're
12 starting to try cases in the Southern District of Florida.
13 Most people in Miami-Dade and Broward are vaccinated, and so I
14 think we can have a trial safely as a result of the vaccines,
15 but I'll hear from both parties about all that.
16          So, Mr. Awodiya, two questions -- three questions --
17 do you agree that there's nothing left to do but to try the
18 case; two, are you interested in having a discussion with the
19 defense about trying to resolve the case before trial; three,
20 let's talk trial dates.
21          **MR. AWODIYA:** Okay. For the first question, I think
22 there might be just some tiny things that might need to be
23 addressed before going to trial, such as, there was -- most of
24 the motions, the motions that were filed right before the case
25 was closed, I think they are relevant now or they are moot now

1  because they largely dealt with failure to accommodate claims.
2  But there was some motions regarding the damages. And -- yeah,
3  so I -- there's like a motion in limine, I don't know if I'm
4  saying this right -- motion in limine?
5       **THE COURT:** No, a motion -- I don't mean that. You're
6  all going to get an opportunity to file a motion in limine.
7  That's not --
8       **MR. AWODIYA:** Okay.
9       **THE COURT:** My point is there's no additional summary
10 judgment avenue. It's trial. Motion in limine is a trial
11 motion. Summary judgment is a different kind of motion --
12      **MR. AWODIYA:** Oh.
13      **THE COURT:** -- so my question is, other than going to
14 trial, is there anything else left to do in the case? I don't
15 think there is. So, if you agree with that, then --
16      **MR. AWODIYA:** Yeah, I don't, I don't think --
17      **THE COURT:** All right.
18      So the second question, are you open to having a
19 discussion either alone with the defense or with my magistrate
20 judge or a mediator in order to try to get this case resolved
21 before we go to trial?
22      **MR. AWODIYA:** I think me and Ryan, Mr. Roman, can, we
23 can have a discussion alone and try to resolve it. We're
24 pretty good at communicating with each other, so I think that
25 would -- you know, we can kind of have a discussion on it and

1   see where everyone is at right now.  I have no problem with
2   that.
3           **THE COURT:**  And the third thing is, in terms of a
4   trial schedule, have you thought about when you'd like to go to
5   trial?
6           **MR. AWODIYA:**  I would like some time to relearn some
7   of the things that I have forgotten about, like the whole
8   process and everything, it's been a little bit.  I've been
9   trying to, like, to get back into it and like learn procedures
10  and rules and stuff.  But it's a lot of law and everything.
11  This is simplified now that it's just fraud, but I would still
12  like some time to, just to like prepare a little bit more
13  because I'm not --
14          **THE COURT:**  You're definitely -- you're definitely
15  going to get some time to prepare.
16          But, for example, I think -- ToniAnn can correct me if
17  I'm wrong -- if that I have the week of September the 6th just
18  opened up.  I had a trial that was going to go that week and
19  they just asked me to move it.  Let me look.
20          *(Pause)*
21          **THE COURT:**  Brandon, are you on?
22          **THE LAW CLERK:**  I'm here, Judge.
23          **THE COURT:**  Is Slayden vs. Castro still set for the
24  week of August the 30th?
25          **THE LAW CLERK:**  Let me check right now.

1  **THE COURT:** Because it's on the calendar for that week
2  and so is Red Door, although this case is older than Red Door.
3  **THE LAW CLERK:** For August the 30th, I see Obremski,
4  Slayden --
5  **THE COURT:** That's the thing. So if we try Obremski
6  on the 30th, then we'd probably try Slayden the following week,
7  right?
8  **THE LAW CLERK:** I think that's right.
9  **THE COURT:** Okay. All right. So, I could set you for
10 that week, but you may not go, because I've got two cases
11 already set for that two-week period.
12         And then when we start on the 13th, I start with my
13 criminal cases in September. So I could set you for that week
14 of the 13th, but I couldn't promise you that you would go that
15 week either. It kind of depends on what happens with some of
16 these criminal matters that I have there.
17         How much time do you think you would want? It's July
18 now, Mr. Awodiya.
19 **MR. AWODIYA:** I was actually thinking about a little
20 bit more time than that.
21 **THE COURT:** How much more time?
22 **MR. AWODIYA:** Maybe like three, at least like three
23 months, three, four months-ish.
24 **THE COURT:** Well, so right now it's July.
25 September is three months. That's two months. So, you want

1   October?

2   **MR. AWODIYA:**  Yeah, like October, November would be
3   better.

4   **THE COURT:**  All right.  Let me ask counsel for the
5   defense.  First question, do you agree that what we have to do
6   now is just try the case?

7   **MR. ROMAN:**  Yes, we agree.

8   **THE COURT:**  And then, second question, are you open to
9   having a mediation either informally or formally with
10  Mr. Awodiya to try to get the case resolved?

11  **MR. ROMAN:**  We have willing to and we have
12  communicated well, so I'm happy to engage with
13  Mr. Awodiya directly on that.

14  **THE COURT:**  How long do you think it would take for
15  you guys to do that and see, because what I wouldn't want is to
16  let this case linger if it's going to get resolved, you know?

17  **MR. ROMAN:**  I'd be happy to have that discussion with
18  Mr. Awodiya early next week.

19  **THE COURT:**  Okay.

20  **MR. ROMAN:**  And if we're making progress, obviously we
21  can notify the Court so you don't lose time.

22  **THE COURT:**  Great.

23  Mr. Awodiya, does that work for you?

24  **MR. AWODIYA:**  That's great with me.  Yeah.

25  **THE COURT:**  Perfect.  Okay.  You want me to schedule

```
 1   it or you guys want to schedule it with each other?
 2            MR. ROMAN:  We can schedule it with one another.
 3            THE COURT:  All right.  This is what I'll do.  I'll
 4   require you to do your informal settlement conference with each
 5   other next week.  It can be in person, if you feel comfortable
 6   doing that.  I know a lot of people don't feel comfortable, but
 7   if you're fully vaccinated and you want to be in the same room,
 8   go ahead.  If you don't want to do that and you want to do it
 9   by Zoom, that's fine, too.
10            I just require that by the end of the week on Friday,
11   the 30th, you file a joint notice with me telling me that you
12   had your settlement conference and whether you settled the case
13   or not.  Simple.  Just two lines.
14            And I want it to be joint, even though I recognize
15   that Mr. Awodiya doesn't have filing privileges, I think what
16   we should do is, obviously before you file it, Mr. Roman, you
17   just get Mr. Awodiya's signoff and then you can file it as a
18   joint document even though he's not going to be on ECF.  Does
19   that make sense?
20            MR. ROMAN:  Yes, your Honor.
21            THE COURT:  Okay.  So you'll have your settlement
22   conference next week.  That resolves that.
23            Does it make sense then for me to wait until you guys
24   have your settlement conference before I schedule a trial, do
25   you think, Mr. Roman?
```

```
 1            MR. ROMAN:  That would be fine, your Honor.
 2            THE COURT:  I think that makes sense.  So, why don't
 3   we do this.  Why don't I wait to hear from you next Friday.  If
 4   you told me you settled, I'll close the case and I'll -- I
 5   guess it's closed now, so I'll keep the case closed and give
 6   you all as much time as you need to file your stipulation of
 7   dismissal and your settlement agreement -- get it signed if you
 8   want -- 14 days, 30 days, whatever you want, I'll give you.
 9            On the other hand, if you tell me you came close to
10   settling but didn't, you could tell me that, too.  Then what I
11   think I'll do, is I'll bring you in the following week and
12   we'll schedule a formal settlement conference with my
13   magistrate judge for that week.  I think that might get you
14   over the top, if you don't settle next week, but you're close.
15            If on the other hand you tell me that you had your
16   discussion and you're nowhere close and you need to go to
17   trial, please tell me that, too.  I'll bring you in the
18   following week, we'll do this again just like this, and we'll
19   schedule a trial, okay, probably for October or November.
20            Does that work for you, Mr. Awodiya?
21            MR. AWODIYA:  Appreciate it.
22            THE COURT:  Does that work for you, Mr. Roman?
23            MR. ROMAN:  Yes, your Honor.  Thank you.
24            THE COURT:  All right.  Anything else that you think I
25   can help you with or address with you, Mr. Awodiya?
```

1       **MR. AWODIYA:** If we do in fact go to trial, there
2  might need to be a discussion about whether certain pieces of
3  evidence needs to be updated, because they were like based on
4  like the current, like, you know, financial status prepandemic
5  at the time. So, there might be, need to be a discussion about
6  those type of -- I don't think like a full discovery period
7  would be, like, necessary, more so, is maybe, maybe like a
8  stipulation as to which like data we might want to use or
9  whether we should just go ahead and just use like more updated
10 things.
11      But, as of right now, I don't -- I'm not too -- I feel
12 like I should talk to Mr. Roman first to see where he's at.
13 Maybe we can work out a stipulation or something like that. If
14 not, then we would have to bring it back to the Court, the
15 Court's attention.
16      **THE COURT:** Okay. I'm here to deal with things *(voice
17 dropped)*
18      **THE COURT REPORTER:** I'm sorry, Judge.
19      **THE COURT:** I don't know why -- I said I'm here to
20 deal with things as they come in.
21      **MR. AWODIYA:** Okay.
22      **THE COURT:** But, again, that's the kind of thing where
23 before trial, you're going to get together with Mr. Roman,
24 you're going to do what we call a joint pretrial stipulation,
25 where you stipulate to all the things --

```
 1              MR. AWODIYA:  Okay.
 2              THE COURT:  -- that you all agree to, and tell me all
 3    the things that are still outstanding.
 4              MR. AWODIYA:  Okay.  Yeah.
 5              THE COURT:  Okay?
 6              Then you also get to file a motion in limine, which is
 7    all the things you want to include or exclude that you think
 8    are controversial.  They get to respond.  They also get to file
 9    their own motion in limine and you get to respond.  All that
10    happens and gets fleshed out before trial.
11              MR. AWODIYA:  Okay.
12              THE COURT:  That's hopefully putting the cart before
13    the horse, because hopefully, Mr. Awodiya, you're going to go
14    into the meeting next week with Mr. Roman with an open mind,
15    and with a willingness to negotiate in good faith.
16              MR. AWODIYA:  Yes, I am.
17              THE COURT:  Okay.
18              Anything else I can help or address for the defendant
19    here today?
20              MR. ROMAN:  No, your Honor.  Thank you.
21              THE COURT:  All right.  Thank you all very much.  Have
22    a good day.
23              MR. AWODIYA:  Thank you.  You, too.
24              THE COURT:  Bye-bye.
25              MR. AWODIYA:  Bye-bye.
```

```
1          MR. ROMAN:  Bye-bye.
2  *****
3          (Proceedings concluded.)
4                   - - - - -
```

18                    C E R T I F I C A T E

19     I hereby certify that pursuant to Section 753,
20  Title 28, United States Code, the foregoing is a true and
21  correct transcript from the record of proceedings in the
22  above-entitled matter.

24     /s/Francine C. Salopek                    10-6-2021
    Francine C. Salopek, RMR-CRR                 Date
    Official Court Reporter

MR. AWODIYA: [26]
MR. ROMAN: [12]
THE COURT REPORTER: [1]  13/18
THE COURT: [43]
THE LAW CLERK: [4]

/

/s/Francine [1]  15/23

1

10-6-2021 [1]  15/23
1100 [1]  2/6
13th [2]  9/12 9/14
14 [1]  12/8
15005 [1]  2/2
18-60482-CIV-RKA [1]  1/4
18-CV-60482 [1]  3/6
1:25 [2]  1/6 3/1

2

2021 [3]  1/6 3/1 15/23
20721 [1]  2/3
207B [1]  2/9
23 [2]  1/6 3/1
28 [1]  15/20
299 [1]  2/9

3

30 [1]  12/8
30th [4]
33131 [1]  2/7
33301 [1]  2/10

5

5686 [1]  2/10

6

60482 [1]  3/6
6th [1]  8/17

7

753 [1]  15/19
769-5686 [1]  2/10

9

954 [1]  2/10
98 [1]  2/6

A

abandoned [1]  5/18
above [1]  15/22
above-entitled [1]  15/22
accommodate [2]  4/13 7/1
Act [4]
address [2]  12/25 14/18
addressed [1]  6/23
administrative [2]  4/5 4/15
affirmed [1]  5/22
afternoon [3]  3/10 3/15 3/18
agree [5]
agreement [1]  12/7
Akerman [1]  2/5
alerted [1]  4/21

allowed [1]  4/9
alone [2]  7/19 7/23
although [1]  9/2
Altman [1]  1/14
Americans [2]  5/13 5/23
apologize [1]  5/8
APPEARANCES [1]  2/1
appreciate [2]  5/7 12/21
Ashleigh [2]  2/4 3/16
August [2]  8/24 9/3
avenue [1]  7/10
AWODIYA [14]
Awodiya vs. Ross [1]  3/5
Awodiya's [1]  11/17
Awodiya, [1]  14/13

B

benefit [1]  5/5
Beth [1]  4/18
Bloom [1]  4/18
Blvd [1]  2/9
Bowie [1]  2/3
Brandon [1]  8/21
Brickell [1]  2/5
Broward [2]  2/9 6/13
bye [6]
Bye-bye [3]  14/24 14/25 15/1

C

calendar [1]  9/1
call [1]  13/24
cart [1]  14/12
Castro [1]  8/23
Centre [1]  2/5
certify [1]  15/19
chair [1]  4/18
check [1]  8/25
Circuit [1]  5/22
City [1]  2/5
CIV [1]  1/4
claim [4]
claims [2]  5/24 7/1
clear [1]  5/5
clerk [1]  3/24
clerk's [2]  4/2 4/12
close [4]
closed [3]  6/25 12/5 12/5
CM [1]  4/5
CM/ECF [1]  4/5
Code [1]  15/20
comfortable [2]  11/5 11/6
Committee [1]  4/19
communicated [1]  10/12
communicating [1]  7/24
computer [1]  1/22
concern [2]  4/14 5/9
concluded [1]  15/3
conference [6]
controversial [1]  14/8
conventionally [1]  4/10
counsel [1]  10/4
count [4]
counts [1]  5/20
court [9]
Court's [2]  4/2 13/15

courtroom [1]  4/1
criminal [2]  9/13 9/16
CRR [2]  2/8 15/24
CV [1]  3/6

D

Dade [1]  6/13
Dahlia [1]  2/2
damages [1]  7/2
data [1]  13/8
Date [1]  15/24
dates [1]  6/20
dealt [1]  7/1
decision [2]  5/22 6/1
defendant [5]
defendant -- excuse [1]  5/16
defendant's [1]  6/4
defense [4]
depends [1]  9/15
deputy [1]  4/1
directly [1]  10/13
Disabilities [2]  5/13 5/23
discovery [1]  13/6
discussion [8]
discussions [1]  4/1
dismissal [1]  12/7
DISTRICT [5]
DIVISION [1]  1/3
docket [1]  6/11
document [1]  11/18
Door [2]  9/2 9/2
Drive [1]  2/2
dropped [1]  13/17

E

early [1]  10/18
ECF [6]
Eleventh [1]  5/22
email [1]  4/18
Empire [1]  3/3
engage [1]  10/12
enters [1]  4/8
entitled [1]  15/22
especially [1]  6/4
Esq [2]  2/4 2/4
everyone [1]  8/1
evidence [1]  13/3
exclude [1]  14/7
excuse [1]  5/16

F

fact [1]  13/1
failure [1]  7/1
faith [1]  14/15
file [11]
filed [1]  6/24
filing [2]  3/22 11/15
financial [1]  13/4
fine [2]  11/9 12/1
Fire [1]  3/3
fixed [1]  5/9
fleshed [1]  14/10
FLORIDA [5]
foregoing [1]  15/20
forgotten [1]  8/7

**F**
formal [1] 12/12
formally [1] 10/9
FORT [3] 1/3 1/5 2/10
Francine [3] 2/8 15/23 15/24
fraud [1] 8/11
fraudulent [3] 5/14 5/14 5/25
FRIDAY [3] 2/13 11/10 12/3

**G**
gets [2] 4/24 14/10
gotten [1] 4/24
granting [1] 4/8
great [2] 10/22 10/24
ground [1] 5/6

**H**
hand [3] 4/4 12/9 12/15
hank [1] 3/20
happy [2] 10/12 10/17
hear [3] 6/1 6/15 12/3
Hearing [1] 1/13
help [2] 12/25 14/18
hereby [1] 15/19
Honor [5]
Honorable [1] 1/14
hope [1] 4/11
hopefully [4]
horse [1] 14/13
hum [1] 5/3

**I**
I'd [2] 6/10 10/17
I'll [12]
I'm [10]
I've [4]
in limine [6]
include [1] 14/7
inducement [2] 5/14 5/25
informal [1] 11/4
informally [1] 10/9
interested [1] 6/18
ish [1] 9/23
issue [3] 3/22 3/25 5/9

**J**
joint [4]
judge [9]
judgment [4]
July [4]

**K**
keep [1] 12/5
Kirby [1] 3/4

**L**
largely [1] 7/1
LAUDERDALE [3] 1/3 1/5 2/10
law [2] 3/24 8/10
learn [1] 8/9
limine [6]
lines [1] 11/13
linger [1] 10/16
litigant [1] 4/6
LLP [1] 2/5
lose [1] 10/21

**M**
magistrate [3] 6/6 7/19 12/13
matter [1] 15/22
matters [1] 9/16
McKenzie [2] 2/4 3/16
MD [1] 2/3
mean [1] 7/5
mechanical [1] 1/21
mediation [1] 10/9
mediator [1] 7/20
MEDICINE [2] 1/9 3/17
meeting [1] 14/14
merits [1] 3/22
Miami [2] 2/7 6/13
Miami-Dade [1] 6/13
misleading [1] 4/15
misrepresentation [3] 5/14 5/17 5/19
months [4]
months-ish [1] 9/23
moot [1] 6/25
morning [1] 4/18
motion [11]
motions [3] 6/24 6/24 7/2
move [2] 3/4 8/19
Mr [2] 3/4 9/18
Mr. [19]
Mr. Awodiya [8]
Mr. Awodiya directly [1] 10/13
Mr. Awodiya early [1] 10/18
Mr. Awodiya's [1] 11/17
Mr. Awodiya, you're [1] 14/13
Mr. Roman [7]

**N**
necessary [1] 13/7
negligent [2] 5/16 5/18
negotiate [1] 14/15
Nice [2] 3/10 3/19
notice [1] 11/11
notify [1] 10/21
November [2] 10/2 12/19
nowhere [1] 12/16

**O**
Obremski [2] 9/3 9/5
October [3] 10/1 10/2 12/19
October or [1] 12/19
office [2] 4/2 4/12
Official [2] 2/8 15/24
Oh [1] 7/12
older [1] 9/2
OLUWAMUYIWA [3] 1/5 2/2 3/8
open [3] 7/18 10/8 14/14
opportunity [1] 7/6
order [4]
outstanding [1] 14/3

**P**
p.m [2] 1/6 3/1
parties [1] 6/15
Pause [1] 8/20
people [3] 4/15 6/13 11/6
Perfect [1] 10/25
period [2] 9/11 13/6
person [1] 11/5
perspective [1] 6/5
pieces [1] 13/2
plaintiff [4]
point [1] 7/9
prepandemic [1] 13/4
prepare [2] 8/12 8/15
pretrial [1] 13/24
privileges [1] 11/15
pro [3] 2/2 3/8 4/6
pro se [2] 3/8 4/6
problem [2] 4/21 8/1
procedure [1] 4/15
procedures [2] 4/5 8/9
proceedings [3] 1/21 15/3 15/21
process [1] 8/8
produced [1] 1/22
progress [1] 10/20
promise [1] 9/14
proper [1] 4/7
pursuant [1] 15/19

**Q**
question [5]
questions [2] 6/16 6/16

**R**
reading [1] 6/1
reality [1] 5/6
reasons [1] 6/3
recognize [1] 11/14
record [1] 15/21
recorded [1] 1/21
Red [2] 9/2 9/2
Rehabilitation [2] 5/13 5/23
relearn [1] 8/6
relevant [1] 6/25
Reporter [3] 2/8 2/8 15/24
represent [1] 3/16
representing [1] 3/8
required [1] 4/10
resolve [2] 6/19 7/23
resolved [3] 7/20 10/10 10/16
resolves [1] 11/22
respond [2] 14/8 14/9
responsive [1] 4/23
result [3] 5/1 5/1 6/14
reversed [1] 5/24
RKA [1] 1/4
RMR [2] 2/8 15/24
RMR-CRR [2] 2/8 15/24
Roman [9]
room [3] 2/9 6/6 11/7
ROSS [3] 1/8 3/5 3/16
Roy [1] 1/14
rules [5]
Ryan [3] 2/4 3/15 7/22

**S**
Salopek [3] 2/8 15/23 15/24
salutary [1] 5/5
schedule [7]
scheduled [1] 6/11

### S

scheduling [1]  6/10
SCHOOL [2]  1/8 3/17
se [3]  2/2 3/8 4/6
second [2]  7/18 10/8
Section [1]  15/19
sense [4]
September [3]  8/17 9/13 9/25
September is [1]  9/25
September the [1]  8/17
settle [1]  12/14
settled [2]  11/12 12/4
settlement [6]
settling [1]  12/10
Seventh [1]  2/6
signed [1]  12/7
signoff [1]  11/17
Simple [1]  11/13
simplified [1]  8/11
skip [1]  3/3
Slayden [3]  8/23 9/4 9/6
Slayden vs. Castro [1]  8/23
soon [1]  4/24
Southeast [1]  2/6
SOUTHERN [2]  1/2 6/12
starting [1]  6/12
STATES [4]
status [2]  1/13 13/4
stenography [1]  1/21
stipulate [1]  13/25
stipulation [4]
Street [1]  2/6
stuff [1]  8/10
suggest [1]  4/5
suggests [2]  4/7 4/14
Suite [1]  2/6
summary [4]

### T

take [1]  10/14
talk [3]  3/21 6/20 13/12
tell [5]
telling [2]  4/12 11/11
terms [2]  6/10 8/3
thank [6]
think [20]
thinking [1]  9/19
thought [1]  8/4
time [10]
tiny [1]  6/22
Title [1]  15/20
ToniAnn [2]  3/25 8/16
top [1]  12/14
transcript [3]  1/13 1/21 15/21
trial [21]
true [1]  15/20
two-week [1]  9/11

### U

Uh [1]  5/3
Uh-hum [1]  5/3
UNITED [4]
UNIVERSITY [3]  1/8 3/5 3/16
update [1]  5/10

updated [2]  13/3 13/9
us [1]  5/5

### V

vaccinated [2]  6/13 11/7
vaccines [1]  6/14
voice [1]  13/16
vs. [2]  3/5 8/23

### W

wait [2]  11/23 12/3
we'd [1]  9/6
week [18]
who's [2]  3/7 3/14
willing [1]  10/11
willingness [1]  14/15
work [6]
worked [1]  5/8
wrong [1]  8/17

### Y

you'd [1]  8/4

### Z

Zoom [2]  1/13 11/9