UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:18-cv-60482-Altman/Hunt

OLUWAMUYIWA AWODIYA,

    Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

    Defendant.
_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT

Defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM"), by counsel, hereby files its Response in Opposition ("Opposition") to Plaintiff's Motion for Leave to File Motion for Summary Judgment [ECF No. 235] (the "Motion"), filed by plaintiff Oluwamuyiwa Awodiya, and in support thereof states as follows:

### I.  INTRODUCTION

This matter is before the Court following a decision from the United States Court of Appeals for the Eleventh Circuit remanding Plaintiff's fraudulent inducement claim back to this Court for final determination. On July 23, 2021, when Plaintiff and counsel for RUSM appeared before the Court following the remand, Plaintiff confirmed to the Court that the only stage remaining in the case is trial (including motions *in limine*, which Plaintiff asked about at the hearing). More than two months later, and with a trial date approaching on February 14, 2022, Plaintiff seeks leave to file a ***fourth*** summary judgment motion.

Plaintiff filed his first Motion for Partial Summary Judgment [ECF No. 61] (the "First Motion") on August 16, 2018. On December 10, 2018, Plaintiff filed his Second Motion for Partial

Summary Judgment [ECF No. 102] (the "Second Motion"). Finally, on May 22, 2019, Plaintiff filed his Third Motion for Summary Judgment [ECF No. 192] (the "Third Motion").

This Motion should be denied for several reasons. ***First***, the local rules for this district do not permit successive filings of motions for summary judgment. ***Second***, the Motion is an improper attempt to have the Court reconsider its prior rulings denying Awodiya's dispositive motions. ***Third***, the Motion is deficient because Plaintiff seeks permission to move for summary judgment out of time and has failed to show good cause warranting an extension of the deadline to submit dispositive motions. ***Fourth and finally***, the Motion should be denied because the arguments that Plaintiff seeks to make in his fourth motion for summary judgment are futile and fail as a matter of law.

The Court has the discretion to deny this motion for leave to file motion for summary judgment and should do so here.

## II. BACKGROUND

**A.      PROCEDURAL BACKGROUND**

Plaintiff, a former medical school student, filed this case in March 2018, following his dismissal from RUSM as a result of his repeated failure to pass a required exam. The Complaint alleges that Plaintiff suffers from disabilities and his claims arise from RUSM's purported failure to provide him with an accommodation. Additionally, the Complaint and all subsequent amendments thereto allege that RUSM fraudulently induced Plaintiff into applying for admission to its institution by representing on its website that "[i]t is the policy and practice of the University to comply with the Americans with Disabilities Act as applicable and practical in Dominica." *See, e.g.,* Third Amended Complaint [ECF No. 47] at ¶ 106.

The parties directly addressed the fraudulent inducement claim in their respective motions for summary judgment. *See* [EFC No. 102] & [ECF No. 120]. In its order on the motions for summary judgment, the Court dismissed six of Plaintiff's claims but allowed the fraudulent inducement claim to survive, along with three other claims. *See* Omnibus Order on Motions for Summary Judgment [ECF No. 154].

Trial in this matter was set to commence on July 8, 2019. *See* [ECF No. 184]. On May 22, 2019, the Court *sua sponte* ordered the parties to file a supplemental motion for summary judgment addressing the issue of whether the Rehabilitation Act and the Americans with Disabilities Act applied extraterritorially to conduct occurring outside of the United States. *See* [ECF No. 191]. Additionally, the parties were given the opportunity to make additional arguments regarding Plaintiff's fraudulent inducement claim and, in fact, did so. *See* [ECF No. 192] & [ECF No. 193]. Prior to trial, the Court dismissed Plaintiff's remaining claims, including the fraudulent inducement claim, with prejudice. *See* [ECF No. 210].

Plaintiff appealed the Court's decision to the United States Court of Appeals for the Eleventh Circuit. Upon consideration, the Eleventh Circuit affirmed the Court's dismissal of the Rehabilitation Act and Americans with Disabilities Act claims but remanded Plaintiff's fraudulent inducement claim back to this Court for final determination. On July 23, 2021, the parties appeared before the Court for a scheduling conference, at which time Plaintiff advised RUSM and the Court that the case was ready to proceed to trial. *See* Transcript of Zoom Status Conference Hearing had before the Honorable Roy K. Altman, July 23, 2021, [ECF 237] at 7. Consequently, trial is set in this matter for February 14, 2022. *See* Amended Scheduling Order, [ECF No. 232].

### B.  Plaintiff's Second Motion for Partial Summary Judgment

In his Second Motion, Plaintiff sought summary judgment on his fraudulent inducement claim. [ECF No. 102] at 15-20.  Specifically, Plaintiff argued that the contested statement is false because RUSM did not have a policy of complying with the ADA.  *Id.*  Additionally, Plaintiff argued that RUSM knew that the statement was false and made with intent to induce prospective students to enroll in its institution. *Id.*   Plaintiff also asserted that he relied on the statement when making his decision to attend RUSM.  *Id.*  The Second Motion also asserted that RUSM committed fraud by omission by materially omitting that it was not required to comply with the ADA.  *Id.* On March 2, 2019, the Court denied the Second Motion, finding that disputed facts exist as to whether RUSM made a misstatement and whether Plaintiff relied on the statement, which are elements necessary to prove fraudulent inducement.  *See* Omnibus Order on Motions for Summary Judgment, [ECF No. 154].  Since the filing of the Second Motion, no further discovery has occurred and the record evidence presented to the Court at that time has remained unchanged.

## II.  LEGAL STANDARD

Early in the case, the Court issued a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b).  This scheduling order controls the course of the litigation and Federal Rule of Civil Procedure 16(b) provides that a schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The Court retains broad discretion in deciding whether to consider untimely motions for summary judgment. *Enwonwu v. Fulton-Dekalb Hosp. Auth.*, 286 F. App'x 586, 595 (11th Cir. 2008).

"To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Fisher v. SP One Ltd.*, 559 Fed. Appx. 873, 878

(11th Cir. 2014). A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry. *Sanchez v. H&R Maint., L.C.*, 294 F.R.D. 677, 679 (S.D. Fla. 2013). Further, a party's lack of diligence and failure to notify the court of delays would render scheduling orders meaningless. *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

### III. ARGUMENT

**A.  Plaintiff should not be allowed to file a *fourth* motion for summary judgment seeking reconsideration of arguments made – or that could have been made – in his prior summary judgment motions.**

Plaintiff has filed three prior motions for summary judgment. In addition to the Court's inherent power to manage its docket, the Local Rules do not permit successive filings of motions for summary judgment absent the Court's prior approval. Courts within this District have enforced this limitation, holding that "the local rules provide parties with a single opportunity to file a motion for summary judgment in order to dispose of all or part of a complaint or counterclaim." *Williams Island Synagogue, Inc. v. City of Aventura*, No. 04-20257-CIV-Ungaro, 2004 WL 2504633, at *2 (S.D. Fla. Nov. 2, 2004). *See also* L.R. 7.1(c)(2). Further, in denying a motion for leave to file a second motion for partial summary judgment, the court in *Williams Island Synagogue* stated:

> The bar imposed by the local rules, in part, protects the partying opposing summary judgment and conserves judicial resources by preventing Plaintiff from filing a second (or third or fourth) motion for partial summary judgment.

*Id.*

Additionally, Plaintiff already sought summary judgment as to his fraudulent inducement claim in his Second Motion [ECF No. 102]. There, Plaintiff argued that summary judgment was warranted based on the undisputed material facts. [ECF No. 102] at 22-26. Plaintiff specifically argued that he was entitled to summary judgment under a theory of fraud by omission. *Id.* at 25.

5

However, the Court denied Plaintiff's Second Motion with respect to this claim, finding that disputed material facts existed as to two required elements of the claim: (1) whether RUSM made a misstatement and (2) whether Plaintiff relied on the purportedly fraudulent statement. *See* Omnibus Order on Motions for Summary Judgment [ECF No. 154] at 7.

Although Plaintiff filed a motion for reconsideration [ECF No. 178], Plaintiff did not seek reconsideration of the Court's finding with respect to his fraudulent inducement claim. Because Plaintiff failed to timely file a motion for reconsideration with respect to his fraudulent inducement claim, any opportunity to have the Court reconsider arguments previously advanced in his prior motion for summary judgment is untimely. *See* Fed. R. Civ. P. 59(e); *Grant v. Miami Dade Cnty. Sch. Bd.*, 284 F. App'x 779, 780-81 (11th Cir. 2008) (affirming denial of motion for reconsideration as untimely). Plaintiff should not be allowed a ***fourth*** opportunity to file a motion for summary judgment.

**B.      The Motion should be denied because a motion for summary judgment is untimely.**

The Motion should also be denied because a motion for summary judgment is untimely at this stage of the proceedings. Plaintiff has not filed a motion seeking to amend the scheduling order – in fact, during the scheduling conference on July 23, 2021, Plaintiff confirmed that there was nothing left but to set the case for trial. [ECF 237] at 7. The deadline to submit dispositive motions has long passed. In *Lowe's Home Center, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002), the Eleventh Circuit affirmed denial of a motion for leave where the motion was filed after the close of discovery, past the deadline for amendments and past the deadline for filing dispositive motions.

Further, the Motion is devoid of any facts supporting a finding of good cause for extending the deadline to submit a motion for summary judgment and Plaintiff's arguments for leave are

unavailing. Plaintiff argues that leave should be granted because he has now educated himself on the law and he can now make arguments that he did not know previously. [ECF No. 235] at 2. Although courts within this district have held that *pro se* pleadings are to be held to a less stringent standard, "[b]eing *pro se* does not, by itself, excuse a failure to raise an argument." *Sherman v. Quest*, Case No. 18-60973-CIV-Altman/Reid, 2020 WL 6791100, at *18 (S.D. Fla. Nov. 19, 2020) (citation omitted). Further, at the time of filing his Second Motion, Plaintiff was aware of – and in fact raised – similar arguments to those he now seeks to make. The Court denied the Second Motion.

Additionally, the record evidence in this matter is unchanged. There has been no additional discovery taken and Plaintiff had the same record evidence at his disposal at the time he filed his Second Motion. Thus, Plaintiff knew or should have known of the arguments he now seeks to advance. *See Asphalt Refining & Tech. Co., LLC v. Underwriters at Lloyd's London*, 416 F. App'x 815, 817 (11th Cir. 2011) (finding that party failed to demonstrate "good cause" to amend the scheduling order as required by Federal Rule of Civil Procedure 16(b)(4) because party was aware of the predicate facts supporting a claim sought to be added before the deadline for amendments).

Plaintiff has not provided any legal authority where a party was granted leave to file a renewed motion for summary judgment to make arguments that were made previously (or could have been made previously) because those legal arguments were newly discovered. For these reasons, the Motion should be denied.

**D.      Even if the Court allowed Plaintiff to file a renewed motion for summary judgment, the argument he now seeks to advance is futile.**

Plaintiff attaches a proposed motion for summary judgment to his filing. Even if the Court allowed Plaintiff to file a fourth motion for summary judgment, the arguments would fail on summary judgment, making leave to amend futile. *See Christman v. Walsh*, 416 F. App'x 841,

7

844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss."); *Berry v. Great Am. Dream Inc.*, No. 1:13-CV-03297-TWT-GGB, 2015 WL 11199218, at *3 (N.D. Ga. Apr. 28, 2015).

A court may only grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if a reasonable trier of fact could return judgment for the non-moving party. *See Ali v. Dist. Dir., U.S. Citizenship & Immigration Servs.*, 209 F. Supp. 3d 1268,1271 (S.D. Fla. 2016). A fact is material if it might affect the outcome of the suit under the governing law. *Id.* "The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

When determining if a non-moving party has met its burden, the court shall not weigh the evidence and/or making a determination regarding the credibility of the truth of the matter. *Tipton v. Bergrohr GBMH Siegen,* 965 F.2d 994, 999 (11th Cir. 1993). The Court must believe the evidence presented by the non-moving party and draw all justifiable inferences in its favor. *Id.* Even where the facts are undisputed, if reasonable minds could differ on the inferences arising from them, summary judgment should be denied. *Id.*

Plaintiff's fourth motion for summary judgment fails. The record evidence shows that genuine issues of material fact exist as to whether RUSM made a false statement and whether Plaintiff relied on the statement, precluding summary judgment.

Under Florida law, in order to prevail on a claim for fraudulent inducement, a plaintiff must show that: (i) the defendant made a misrepresentation material fact; (ii) the defendant knew or should have known of the falsity of the statement; (iii) the defendant intended for the representation to induce plaintiff to rely on it and act on it; and (iv) the plaintiff suffered injury in justifiable reliance on the representation. *Biscayne Inv. Group, Ltd. v. Guarantee Management Servs., Inc*. 903 So. 2d 251 (Fla. 3d DCA 2005).

"Generally, fraud in the inducement is not appropriate for summary judgment because a determination of fraud requires a full explanation of the facts and circumstances." *Point Blank Sols. Inc. v. Toyobo Am., Inc.*, Case No. 09-61166-CIV-Seitz/Goodman, 2011 WL 13174652, at *4 (S.D. Fla. May 19, 2011). *See also Joseph v. Liberty Nat. Bank*, 873 So. 2d 384, 389 (Fla. 5th DCA 2004) (finding that trial court erred in granting motion for summary judgment on claim for misleading advertisement because fraud in the inducement is not appropriate for summary disposition); *Burton v. Linotype Co.*, 556 So. 2d 1126, 1128 (Fla. 3d DCA 1989) ("Fraud is ordinarily inappropriate for summary disposition; only after a full explanation of the facts and circumstances can the occurrence of fraud be determined.").

Here, summary judgment must be denied because genuine issues of material fact remain as to whether the statement on RUSM's website was false. There is ample evidence that RUSM in fact had a policy of applying the ADA as applicable and practical in Dominica. RUSM has an accommodation office and an accommodations coordinator. Sharma Dep. at 28-29 [ECF No. 102] at 102; Stewart-Fulton Dep. at 8:5-16 [ECF No. 119-21] at 256. Further, Dr. Sharma, a RUSM Professor of Behavioral Sciences, testified that he has helped other students obtain testing accommodations at RUSM. Sharma Dep. at 27:1-18 [ECF No. 102] at 102. The evidence further shows that RUSM grants student accommodations once documentation is adequate. Sharma Dep.

9

at 74:3-5. Further, testimony establishes that RUSM used the ADA as a guideline, even if they were not legally required to apply it outside of the United States. Hayse Dep. at 10:14-17 [ECF No. 102] at 114. RUSM abided by the spirit of the ADA and Section 504 of the Rehabilitation Act to provide appropriate accommodations. Stewart-Fulton Dep. at 32:1-10 [ECF No. 102] at 122. Because the record evidence clearly shows that a jury could conclude that the statement is in fact true and that RUSM attempted to comply with the ADA as applicable and practical in Dominica, summary judgment must be denied.

Even if the Court analyzes the fraudulent inducement claim as one of omission, summary judgment must be denied. Under Florida law, the elements of a cause of action for fraud by omission are: (1) misrepresentation *or* omission of a material fact; (2) by someone who knew or should have known of the statement's falsity; (3) with the intent that the representation would induce another to rely and act on it; and (4) injury suffered in justifiable reliance on the representation. *Clear Marine Ventures, Ltd. v. Cazadores, Inc.*, Case No. 08-22418-CIV-Moreno/Torres, 2010 WL 11504398, at *2 (S.D. Fla. Jan. 26, 2010).

In a claim for fraudulent concealment by omission or silence, a defendant's knowing concealment or non-disclosure of a material fact may only support an action for fraud where there is a duty to disclose such information. *Id.* Such a duty arises when one party has information that the other party has a right to know because of the existence of a fiduciary relationship or another relationship of trust or confidence between the parties. *Id.* Here, Plaintiff's claim for fraud by omission fails as a matter of law for several reasons. First, Plaintiff cannot show that there was an omission of a material fact. In his fourth motion for summary judgment, Plaintiff argues that RUSM committed fraud by omission by failing to state that RUSM did not have to comply with the ADA. However, as mentioned above, the evidence supports a finding that RUSM did in fact

apply the ADA as applicable and practical in Dominica through its robust accommodations process.

Moreover, Plaintiff cannot establish that RUSM owed a duty to make a disclosure. The Court has already dismissed Plaintiff's claim for breach of fiduciary duty, finding that RUSM did not owe Plaintiff a duty. *See* Omnibus Order on Motions for Summary Judgment, [ECF No. 154] at 8. Thus, because no such duty exists between Plaintiff and RUSM, Plaintiff's argument fails as a matter of law and his claim – to the extent it relies on a theory of fraud by omission – cannot succeed. Therefore, the fourth summary judgment motion is futile and the Motion should be denied.

If the Court grants Plaintiff's Motion, RUSM respectfully request an opportunity to file a Response in Opposition and supporting Statements of Material Facts pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1 to fully brief the issues addressed herein.

## **CONCLUSION**

WHEREFORE, defendant Ross University School of Medicine, School of Veterinary Medicine Limited respectfully requests that the Court enter an Order denying Plaintiff's Motion for Leave to File a Supplemental Motion for Summary Judgment and granting RUSM such other and further relief as the Court deems just and proper.

Dated: October 11, 2021	Respectfully submitted,

                                                   **AKERMAN LLP**

*/s/ Ryan Roman*
MICHAEL C. MARSH
Florida Bar Number: 0072796
Email: michael.marsh@akerman.com
Secondary: joan.davis@akerman.com
RYAN ROMAN
Florida Bar Number: 0025509
Email: ryan.roman@akerman.com
Secondary: lauren.chang-williams@akerman.com
DONNIE M. KING
Florida Bar Number: 101386
Email: donnie.king@akerman.com
Secondary: joan.davis@akerman.com
ASHLEIGH C. MCKENZIE
Florida Bar Number: 123883
Email: ashleigh.mckenzie@akerman.com
Secondary: lauren.chang-williams@akerman.com
201 E. Las Olas Boulevard
Suite 1800
Fort Lauderdale, Florida 33301
Phone: (305) 374-5600
Fax: (305) 374-5095

- and –

OCTAVIA M. GREEN
Florida Bar Number: 119179
999 Peachtree Street
Suite 1700
Atlanta, Georgia 30309
Phone: (404) 733-9800
Fax: (404) 733-9898
Email: octavia.green@akerman.com
Secondary: sharon.luesang@akerman.com

*Attorneys for Defendant Ross University School of Medicine, School of Veterinary Medicine Limited*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on October 11, 2021, a true and correct copy of the foregoing document was served via CM/ECF on:

Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721
Telephone: (240) 602-1836
E-mail: drmuyiwa.a@gmail.com

                                              */s/Ryan Roman*
                                              Ryan Roman