UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60482-CIV-ALTMAN/Hunt

OLUWAMUYIWA AWODIYA,

    Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

    Defendant.
_____/

FILED BY _____ D.C.
OCT 18 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT

*Pro se* plaintiff Oluwamuyiwa Awodiya ("Plaintiff") hereby files his reply in support of Plaintiff's Motion for Leave to File Motion for Summary Judgment ("Motion") [ECF No. 235].

**I.    ARGUMENT**

Defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM") has filed its response in opposition (the "Opposition") [ECF No. 239] to the Motion.

**A.    Multiple Motions for Summary Judgment Are Permitted with Permission from the Court.**

As an initial matter, RUSM incorrectly states that Plaintiff seeks leave to file a "fourth" motion for summary—this is false. Regarding the "first" motion for partial summary judgment at [ECF No. 61], RUSM did not file a response, and in a paperless Order dated August 29, 2018 [ECF No. 66], this Court denied the first motion for partial summary judgment "without prejudice as premature." RUSM also falsely asserts that Plaintiff had previously "filed" a "third" motion for summary judgment in May of 2019. *See* Opposition at 2. The Court clearly "act[ed] on its own initiative" to *sua sponte* enter summary judgment against Plaintiff. *See* Order dated May 16, 2019

1

[ECF No. 191] at 4. The alleged "third" motion for summary judgment [ECF No. 192], *see* Opposition at 2, was not a motion for summary judgment—it was Plaintiff's "response" in opposition to summary judgment against his claims. This Court should consider whether sanctions pursuant to Fed. R. Civ. P. 11(b) and 11(c) are warranted following the false assertions made in the Opposition by RUSM. *See Bathazi v. United States Department of Homeland Security*, 667 F. Supp. 2d 1375, 1378 (S.D. Fla. 2009) ("Rule 11 sanctions are appropriate when the claimant exhibits a deliberate indifference to obvious facts" (quotation marks omitted)).

In the Opposition, RUSM also asserts that Plaintiff "confirmed" that the only "stage" remaining in this case is trial. Opposition at 1. However, following the Status Conference—and after additional time to relearn the record evidence considering the Eleventh Circuit's rulings on recent appeal—this Court entered an Amended Scheduling Order [ECF No. 232] which addressed motions for summary judgment. According to S.D. FLA. L.R. 7.1(c)(2), multiple motions for summary judgment may be filed with "permission" of the Court. RUSM concedes that this Court "has inherent authority to manage its own docket so as to achieve the orderly and expeditious disposition of cases" and that summary judgment is "designed to secure the just, speedy and inexpensive determination of every action." Motion at 1.

**B.     Plaintiff Has Shown Good Cause.**

RUSM attempts to limit the scope of what is considered "good cause" to amend a scheduling order. *See* Opposition at 4–5. Its reliance on *Fisher v. SP One, Ltd.*, 559 F. App'x 873, 878 (11th Cir. 2014), is misplaced because the case in *Fisher* was regarding "a scheduling order that sets a limit on **the amount of time to complete discovery**. The schedule set forth by the court may only be modified for good cause and with the court's consent. To establish good cause, the party seeking the extension must establish that the schedule [to complete discovery] could not be met despite the party's diligence." *Id.* (emphasis added; internal citation omitted). RUSM's

reliance on *Sanchez v. H & R Maintenance, L.C.*, 294 F.R.D. 677, 679 (S.D. Fla. 2013), is also misplaced because the *Sanchez* case was regarding a "deadline for joinder of parties and claims and amendment of pleadings." Likewise, the case in *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) is also inapposite because that case too was regarding a deadline to "join other parties and to amend the pleadings." In each of the of the above referenced cases in this paragraph, granting those extensions "would create a chain reaction of delay." *See Fisher*, 559 F. App'x at 878. Here, however, there would be no delay because trial is set for February of 2022, approximately five months from now.

RUSM argues that being *pro se* does not, "by itself," excuse a failure to raise an argument when establishing good cause. Opposition at 7. It is incorrect for RUSM to assert that Plaintiff lacked "diligence" and merely failed to raise an argument. As RUSM points out, Plaintiff attempted to distinguish his omission of fact theory from his false statement theory in the Original Motion [ECF No. 102], however, as the Eleventh Circuit has recently stated, "[Plaintiff] did not always express his fraudulent inducement claim with a lawyer's precision." Motion at 2 (quoting *Awodiya v. Ross Univ. Sch. of Med.*, No. 19-12832, at *12 (11th Cir. May 24, 2020) [ECF No. 221]). In addition to less stringent standards than pleadings drafted by attorneys, *pro se* plaintiffs should not be penalized for "imprecision." Motion at 2–3 (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). In support of its argument, RUSM relies on *Sherman v. Quest*, No. 18-60973-CIV, 2020 WL 6791100, at *18 (S.D. Fla. Nov. 19, 2020). In *Sherman*, even though the Court observed that the *pro se* plaintiff "has (arguably) waived any argument he might have had," *id.* at *17, especially where the *pro se* plaintiff "has advanced some arguments, but not others," *id.* at *18, the Court still afforded *the pro se* plaintiff one additional "opportunity to advance an argument on [the] question," *id.*

RUSM also argues the record evidence in this action is "unchanged." Opposition at 7. This is incorrect. The relevance and admissibility of the record evidence has recently changed pursuant to Fed. R. Evid. 401 and 402. Prior to the dismissal of Plaintiff's RA and ADA claims for failure to accommodate, there was probative evidence related to the RA and ADA claims and was therefore admissible at that time—specifically, evidence regarding the fact as to when Plaintiff was diagnosed with having a disability. Now that the RA and ADA claims are no longer a part of this action, evidence related to Plaintiff's disabilities diagnosed after the fraudulent inducement to enroll occurred, is no longer relevant to this action pursuant to Fed. R. Evid. 401 and is therefore not admissible pursuant to Fed. R. Evid. 402. The record evidence has changed and therefore Plaintiff has, again, shown good cause. Motion 3–4. And even assuming, *arguendo*, that the evidence could be relevant to the fraudulent inducement claim—to be clear, it is not—it would be circumstantial at best. *Id.*

**C. The Motion Is Not a Motion for Reconsideration of Prior Rulings. The Motion Seeks to Present New Arguments That Were Not Discussed in the Court's Prior Rulings.**

RUSM asserts that Plaintiff has already argued for summary judgment under the theory of fraud by omission. Opposition at 5–6. However, RUSM concedes that Plaintiff did not express his theory of fraud by omission "with a lawyer's precision" and it further concedes that this Court did not "discuss" or address the claim under the theory of omission of fact in its Order denying the Original Motion. *See* Motion at 2.

The Motion does not seek reconsideration, instead, it seeks to present additional arguments that "reliance is not required under the theory of omission of fact" and that "previously permissible direct evidence" in this action is "now completely impermissible circumstantial evidence," and therefore Plaintiff is entitled to judgment as a matter of law. Motion at 5.

**D. The Proposed Motion for Summary Judgment Is Not Futile.**

4

      i.     <u>False Statement Theory</u>

As an initial matter, RUSM misstates the elements of fraudulent inducement. Opposition at 9. Under Florida law, fraudulent inducement requires the existence of "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) (internal quotation marks omitted); *accord Awodiya v. Ross Univ. Sch. of Med.*, No. 19-12832, at *11 (11th Cir. May 24, 2020) [ECF No. 221]. The Supreme Court of Florida in *Butler* clarified that reliance is not required to be "justifiable." *See Butler*, 44 So. 3d at 105.

RUSM also argues that there are genuine issues of material fact as to whether the statement on its website was false. Opposition at 9. RUSM also argues that the website statement is "true." Opposition at 10. RUSM conflates whether the website statement is "not false" with whether the statement is "not true." RUSM incorrectly cites evidence in efforts to assert that the statement is "true." However, the proposed motion for summary judgment is not based on whether the website statement as any truth, rather, it is based precisely on whether RUSM has produced any evidence as to whether the website statement "is not false" to create a genuine issue of material fact. *See* [ECF No. 235-1 at 9].

RUSM continues to mischaracterize Plaintiff's fraudulent inducement claim. RUSM tries to modify material parts of the website statement. The website statement falsely states that it was the "policy" and "practice" of RUSM "to comply" with the ADA, contrary to RUSM's assertion, the website statement does not state that it was the policy to "apply" the ADA. Opposition at 9.

The evidence cited by RUSM does not create a genuine issue of "material" fact. *See* Opposition at 9–10. None of the evidence cited by RUSM disputes the material fact that its own administration testified that it was not the "policy" of RUSM for the university to comply with the

5

ADA in Dominica. To create an illusion of a dispute, RUSM omits record evidence from its analysis. However, the Court must analyze the record as a whole—and not just the evidence the parties have singled out for consideration. *See Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1570 (11th Cir. 1987). The accommodation coordinator testified that throughout the time that RUSM was located in Dominica, and when Plaintiff enrolled, RUSM did not have a "policy" requiring faculty "to comply" with the ADA, and instead that it abided by the "spirit" of the ADA via the process outlined within the student handbook. Stewart-Fulton Dep. at 32:1–19 [ECF No. 236-1 at 36]. Dean Hayse testified that employees at RUSM were not beholden to the ADA and only used it as a guideline, and confirmed that RUSM did not require its employees to comply with the ADA. Hayse Dep. 10:14–17, 14:11–18 [ECF No. 236-1 at 47, 48]. The RUSM student handbooks and academic catalogs published on www.rossu.edu between 2013 through 2018 do not contain the terms "Americans with Disabilities Act" or "ADA." *See* [ECF No. 236] at ¶ 3.

Also, none of the evidence cited by RUSM disputes the material fact that it implemented an exclusory requirement in its practice that did not comply with the ADA. In noncompliance with the ADA, RUSM's exclusory requirement for students to request an accommodation in writing, did not comply with the ADA because it screens out and excludes requests that are not in writing. As this Court has previously stated in this case, under the ADA, a request is not required to be in writing. *See* March Order at 9 [ECF No. 154]. The ADA prohibits "the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any ... accommodations." 42 U.S.C. § 12182(b)(2)(A)(i). According to the process outlined within the RUSM 2013-2014 Student Handbook, a request for accommodation must be made "in writing." *See* RUSM 2013-2014 Student Handbook at 9 [ECF No. 236-1 at 51]. The accommodation coordinator testified that

a request for accommodation must be in writing and that verbal requests were not accepted by RUSM. Stewart-Fulton Dep. 15:23–16:2 [ECF No. 236-1 at 33–34]. Dr. Sharma testified that requests for accommodation were required to be in writing and that an oral or verbal request "doesn't count to the accommodations office" and that "a verbal request is not a request for accommodations." Sharma Dep. 35:18–36:3, 42:8–15 [ECF No. 236-1 at 55–57].

RUSM also presents a conclusory statement that there is a genuine issue of material fact as to whether Plaintiff relied on the website statement. Opposition at 8. However, RUSM did not provided any explanation or discussion to support its assertion. RUSM concedes it can no longer survive summary judgment under the theory of false statement via the reliance element with the now-impermissible circumstantial evidence. *See* Motion at 3–4.

ii. Omission of Fact Theory

RUSM argues that Plaintiff cannot show that there was an omission of a material fact. Opposition at 10. RUSM continues with the same mischaracterization of Plaintiff's claim by omitting the term "policy" from its assertions regarding the website statement. *Id.* at 10–11. Contrary to RUSM's assertion, the website statement does not contain the word "apply." *Id.* at 11. RUSM's own administration testified that it was not the "policy" of RUSM for the university to comply with the ADA in Dominica, *see supra* Part I.D.i, and RUSM omitted this material fact from the website statement. RUSM concedes that there is no record evidence that disputes this specific material fact.

RUSM also argues that a fiduciary duty is required under the theory of fraud by omission. Opposition at 10. RUSM misstates the law. The case in *Nicholson v. Kellin*, 481 So. 2d 931, 936 (Fla. Dist. Ct. App. 1986) is on point. In *Nicholson*, "the [defendants] contend that they owed [plaintiffs] no fiduciary duty and hence their mere nondisclosure of all material facts is not actionable. However, **even assuming that a party to a transaction owes no duty to disclose**

7

**facts within his knowledge or to answer inquiries respecting such facts, if he undertakes to do so he must disclose the whole truth**.... [Defendant] had disclosed some facts and thus they were under a duty to do so in a non-negligent or non-fraudulent fashion." *Id.* (emphasis added). The case in *Artec Group, Inc. v. Chugach Management Services*, 470 F. Supp. 2d 1353, 1356 (M.D. Fla. 2006) is also on point. "A knowing concealment or non-disclosure of a material fact can support an action for fraud when there exists a duty to disclose the material information.... [E]ven in the absence of a fiduciary relationship, when a party voluntarily undertakes to disclose information, it must disclose all material facts." *Id.* Even this Court has recently made a similar ruling. *See Kleiman v. Wright*, No. 18-CV-80176, 2020 WL 5632654, at *34 (S.D. Fla. Sept. 21, 2020) ("[F]raud also includes the intentional omission of a material fact.... Even if 'a party to a transaction owes no duty to disclose facts within his knowledge or to answer inquiries respecting such facts, if he undertakes to do so he must disclose the whole truth.'").

Dated: October 15, 2021

Respectfully submitted,

/s/ Oluwamuyiwa Awodiya

Oluwamuyiwa Awodiya
Email: drmuyiwa.a@gmail.com
15005 Dahlia Dr.
Bowie, MD 20721
Phone: (240) 602-1836
*Pro Se* Plaintiff

# PRIORITY MAIL EXPRESS™

OUR FASTEST SERVICE IN THE U.S.



EMS

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

EP13F July 2013  OD: 12.5 x 9.5

PRESS FIRMLY TO SEAL

**FROM:** (PLEASE PRINT)  **PHONE** ( 240 ) 602-1836
Oluwamuyiwa Awodiya
1505 Dahlia Dr.
Bowie, MD 20721

**TO:** (PLEASE PRINT)  **PHONE** (     )
U.S. Courthouse
400 North Miami Avenue, Room 8N09
Miami, FL 33128

PO ZIP Code: 48318
Scheduled Delivery Date: 10/16
Date Accepted: 10/15/21
Time Accepted: 11:30 AM
Weight: 4 lbs
Postage: $27.10
Total Postage & Fees: $27.10

U.S. POSTAGE PAID
PME 1-DAY
UTICA, MI 48317
OCT 15 21
AMOUNT
$27.10
R2305H126489-06

EJ 824 829 814 US

- For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
- $100.00 insurance included.

LABEL 11-B, MAY 2021  PSN 7690-02-000-9996