UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60482-CIV-ALTMAN/Hunt

**OLUWAMUYIWA AWODIYA**,

    *Plaintiff*,

v.

**ROSS UNIVERSITY SCHOOL OF MEDICINE**,

    *Defendant*.

_____/

## ORDER

On March 6, 2018, more than three years ago, the Plaintiff—Oluwamuyiwa Awodiya—sued the Defendant, Ross University School of Medicine. Under the original scheduling order, "[a]ny and all pretrial motions, including motions for summary judgment . . . must be filed no later than eighty (80) days prior to the trial date." Scheduling Order [ECF No. 37]. That fixed the summary-judgment deadline at December 28, 2018. *Id.* In accordance with that scheduling order, Awodiya filed his summary-judgment motion on December 10, 2018. *See* Motion for Partial Summary Judgment [ECF No. 102].

That motion was denied around four months later, on March 2, 2019, *see* Order on Summary Judgment [ECF No. 154]—about a month before the case was reassigned to us, *see* Order of Reassignment [ECF No. 176]. Notably, in denying Awodiya's summary-judgment motion, the Court found that Awodiya's fraudulent-inducement claim raised genuine issues of material fact. *See* Order on Summary Judgment at 6–7.

Shortly after the Court entered that summary-judgment order, Awodiya moved for reconsideration. *See* Motion for Reconsideration [ECF No. 178]. In doing so, Awodiya *never* disputed the Court's ruling on his fraudulent-inducement claim. *See generally id.* Instead, he attacked only the

Court's refusal to grant him summary judgment on his claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). *See generally id.* The Court denied that motion for reconsideration, ordered additional summary-judgment briefing on whether the ADA and the RA applied extraterritorially, and directed the parties to explain how the extraterritoriality analysis affected the viability of Awodiya's remaining claims, including (as relevant here) his fraudulent-inducement claim. *See* Order Denying Reconsideration [ECF No. 191].

After further briefing, we granted summary judgment for Ross University on all remaining counts, *see* Order Granting Summary Judgment [ECF No. 210], and Awodiya appealed, *see* Notice of Appeal [ECF No. 218]. The Eleventh Circuit affirmed our decision in all respects, except as to Awodiya's fraudulent-inducement claim. *See* Mandate [ECF No. 221]. On that count, the Eleventh Circuit remanded. *Id.* When the case came back, we held a status conference, where both parties said that they were ready for trial. *See* Minute Entries [ECF No. 226]. So, we set the trial for February 14, 2022. *See* Amended Scheduling Order [ECF No. 232].

Now, however, despite almost four years of litigation—and with trial fast approaching—Awodiya has moved for leave to file a successive motion for summary judgment. *See* Motion for Leave to File Summary Judgment Motion [ECF No. 235] (the "Motion"). In this Motion, Awodiya claims that this Court's initial order denying summary judgment—entered more than a year-and-a-half ago—failed to consider an omission-based theory that (he says) lay just beneath the surface of his fraudulent-inducement claim. *Id.* For four reasons, we **DENY** the Motion and proceed to trial.

*First*, Awodiya has failed to establish "good cause" for modifying the Court's scheduling order. Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish good cause, a party seeking to extend a scheduling order must show that he was unable to meet the applicable deadlines "despite due diligence." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *see also Ventron Mgmt., LLC v. Tokio Marine*

*Specialty Ins. Co.*, 2021 WL 2592393, at *1 (S.D. Fla. June 3, 2021) (Cannon, J.) (denying motion to file out-of-time summary-judgment motion under Rule 16). Although a district court has "authority to grant a *post hoc* extension . . . for good cause, it [is] under no obligation to do so." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011). In fact, the Eleventh Circuit has been clear that "a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." *Id.*

Awodiya has failed to show good cause to extend the summary-judgment deadline, which has long passed. Indeed, the Court entered the order he now objects to almost a year-and-a-half ago. And he never tells us why he failed to raise this issue before. Instead, he says only that he'd like to present "additional arguments that reliance is not required under the theory of omission of fact and that previously permissible direct evidence in this action is now completely impermissible circumstantial evidence." Reply [ECF No. 241] (cleaned up). But he doesn't explain why he couldn't, with due diligence, advance these arguments in his original motion (filed years ago). Nor does he explain why he failed to raise these issues in his motion for reconsideration. Awodiya (in short) hasn't justified his request to reopen the summary-judgment briefing, inflict additional costs on the Defendant, and further delay a case that has been lingering for years.

*Second*, beyond the constraints imposed by the scheduling order, we'd (independently) reject Awodiya's motion as a successive summary-judgment motion. "In this circuit, successive motions for summary judgment are disfavored." *Tibbets Lumber Co., LLC v. Amerisure Ins. Co.*, 2021 WL 1087223, at *1 (M.D. Fla. Mar. 22, 2021) (Mizelle, J.); *see also Allstate Fin. Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961) ("[W]e certainly do not approve in general the piecemeal consideration of successive motions for summary judgment[.]"). The Eleventh Circuit has suggested that a party may file a successive summary-judgment motion only where there's "good reason" and where "the district judge allows a second summary judgment motion." *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 569

(11th Cir. 1990). And this presumption against successive summary-judgment motions makes sense:

> To proceed otherwise would be to allow litigants to treat their initial summary judgment motions as a 'dry run' which they would have an opportunity to redo or supplement—at considerable additional cost to opposing parties and at a considerable drain to scarce judicial resources—via a new Rule 56 motion later on to correct any deficiencies identified by opposing counsel or the court in processing the initial motion.

*Cap. Holdings USA, LLC v. Am. Paramount Fin.*, 2012 WL 13018351, at *1 (S.D. Fla. Feb. 3, 2012) (Ryskamp, J.) (quoting *Middlegate Dev., LLP v. Beede*, 2011 WL 3475474, at *11 n.26 (S.D. Ala. Aug. 9, 2011) (Steele, J.)).

As we've explained, Awodiya hasn't given us a "good reason" to allow him a second bite at the summary-judgment apple. He repeatedly leans on the Eleventh Circuit's observation that "Mr. Awodiya did not always express his fraudulent inducement claim with a lawyer's precision." *Awodiya v. Ross Univ. Sch. of Med.*, 857 F. App'x 533, 538 (11th Cir. 2020); *see also* Motion at 2–3; Reply at 3–4. We are, of course, mindful that "pro se [filings] are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). But we decline to inflict the "considerable additional costs" and the "drain to scarce judicial resources" Awodiya now proposes simply because his initial briefing was less than pellucid—especially when he's failed to explain why he let this issue linger for so long.[1]

*Third*, even if none of this were true, we'd still deny Awodiya's Motion under our Local Rules, which provide that "[f]iling and service of multiple motions for partial summary judgment is prohibited, absent prior permission of the Court." S.D. FLA. L.R. 7.1(c)(2). Courts in this District have regularly cited this provision in refusing to allow second motions for summary judgment. *See, e.g.*,

---

[1] Awodiya will, it goes without saying, have the chance to litigate the merits of his claim at trial. If he loses, then summary-judgment would have been inappropriate. If he wins, then he would have gotten all he's asked for. Either way, he cannot show that requiring him to live with the summary-judgment motion he filed years ago will prejudice him in any meaningful way.

*Leoncio v. Louisville Ladder, Inc.*, 2014 WL 11429107, at *2 (S.D. Fla. Apr. 11, 2014) (Altonaga, J.) ("As the Local Rules do not contemplate successive motions for summary judgment, and the filing of another motion for summary judgment at this late stage necessarily implicates extending the remaining dates in the Court's Scheduling Order, the Court denies Defendant's alternate request."); *The Williams Island Synagogue, Inc. v. City of Aventura*, 2004 WL 2504633, at *2 (S.D. Fla. Nov. 2, 2004) (Ungaro, J.) ("'The local rules provide parties with a single opportunity to file a motion for summary judgment in order to dispose of all or part of a complaint or counterclaim.").

*Fourth*, to the extent Awodiya is asking for reconsideration of the Court's initial summary-judgment order, that request is untimely. A motion for reconsideration under Rule 60(b) must be made "within a reasonable time" and, in certain circumstances, "no more than a year after the entry of the judgment or order." FED. R. CIV. P. 60(c)(1). That one-year deadline applies to claims raised under Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect." *Id.* "Rule 60(b)(1) encompasses mistakes in the application of the law and the mistakes of judges." *Kemp v. United States*, 857 F. App'x 573, 575 (11th Cir. 2021). In our case, that's precisely what Awodiya has alleged: that this Court made a mistake by not considering a ground for summary judgment that (he says) he'd obliquely raised. Because more than one year has passed since the Court denied his motion for summary judgment—and given that he's waited an unreasonable amount of time in any event—Awodiya's Motion is untimely.

***

Ultimately, district courts have "inherent authority to manage [their] own docket[s] 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Exercising that authority here, we think the fairest—and most efficient—course is to proceed to trial *without* extending long-expired deadlines. Accordingly, we **ORDER and ADJUDGE**

5

that Awodiya's Motion [ECF No. 235] is **DENIED**.

        **DONE AND ORDERED** in Fort Lauderdale, Florida, this 27th day of October 2021.

                                                **ROY K. ALTMAN**
                                                **UNITED STATES DISTRICT JUDGE**

cc:      counsel of record
           Oluwamuyiwa Awodiya, *pro se*