UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  0:18-cv-60482-RKA

OLUWAMUYIWA AWODIYA,

     Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

     Defendant.

_____/

**DEFENDANT'S SECOND MOTION IN LIMINE**

Defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM"), by counsel, files its Motion in Limine (the "Motion") seeking an Order excluding plaintiff Oluwamuyiwa Awodiya ("Plaintiff") from introducing evidence at trial relating to: (i) conduct occurring after May 12, 2014, which is the date Plaintiff enrolled at RUSM; (ii) prior lawsuits involving RUSM; (iii) Ross University School of Veterinary Medicine ("RUSVM"), a separate and distinct legal entity that operates a veterinary school in St. Kitts; and (iv) Plaintiff's purported entitlement to money damages other than rescissory damages.  The issues left to be tried in this action are narrow and limited.  Allowing Plaintiff to introduce evidence of wholly unrelated matters will only serve to prejudice RUSM and confuse the jury; therefore, RUSM respectfully requests that the Court grant its Motion and exclude the aforementioned evidence.

## I.  INTRODUCTION

On May 24, 2020, the United States Court of Appeals for the Eleventh Circuit affirmed this Court's grant of summary judgment in RUSM's favor on the two primary causes of action – violation of the Americans with Disabilities Act, 42 U.S.C. § 12182, and the Rehabilitation Act, 29

U.S.C. § 794 – and reversed judgment in RUSM's favor on a single cause of action for fraudulent inducement.  The fraudulent inducement claim is simple – Plaintiff alleges that, ***at the time he enrolled at RUSM***, RUSM's website contained a statement that "[i]t is the policy and practice of the University to comply with the Americans with Disabilities Act as applicable and practical in Dominica."  *See* Third Amended Complaint [ECF No. 47] at ¶¶ 106, 110.  At trial, Plaintiff has the burden of proving that (i) RUSM made a misrepresentation of material fact; (ii) RUSM knew or should have known of the falsity of the statement; (iii) RUSM intended for the misrepresentation to induce Plaintiff to rely on it and act on it; and (iv) Plaintiff suffered injury in justifiable reliance on the representation.  *Biscayne Inv. Grp., Ltd. v. Guarantee Mgmt. Servs., Inc.*, 903 So. 2d 251, 255 (Fla. 3d DCA 2005) (*citing Samuels v. King Motor Co. of Ft. Lauderdale*, 782 So. 2d 489, 497 (Fla. 4th DCA 2001)).

The relevant time period for purposes of this cause of action is narrow – it is the time during which Plaintiff applied to, and subsequently enrolled at, RUSM.  Plaintiff submitted his application to RUSM on January 25, 2013, and enrolled at RUSM on May 12, 2014; therefore, any conduct which is alleged to have occurred after May 12, 2014, is not relevant to this claim and should be excluded from trial.

In addition, evidence of other lawsuits involving RUSM is not relevant to the lawsuit, will create "mini-trials" about other cases with different legal issues, thereby confusing the jury, and is unduly prejudicial hearsay; therefore, pursuant to Federal Rules of Evidence 403, 801, and 802, such evidence should be excluded.  Likewise, Plaintiff has recently stated that he intends to introduce evidence pertaining to Ross University School of Veterinary Medicine, which is a separate legal entity that operates a veterinary school on the island of St. Kitts.  While RUSM and RUSVM are owned by the same parent company – a parent company whose net worth has been

excluded from this trial by a prior order (*see* ECF No. 155 at 3-4) – they are operated separately from one another and evidence pertaining to RUSVM is completely irrelevant and would constitute hearsay.

Finally, Plaintiff has stated that he elects the remedy of rescissory damages. *See* Plaintiff's Corrected Computation of Damages, a copy of which is attached hereto as **Exhibit A**. As such, he is not entitled to recover other types of monetary damages, including emotional distress and punitive damages. Consequently, evidence pertaining to such types of damages should be excluded.

## II.     LEGAL STANDARD

"'The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Reyes v. Aqua Life Corp.*, Case No. 10-23548-Civ-MGC, 2012 WL 12892213, at *1 (S.D. Fla. July 9, 2012) (quoting *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008)). While relevant evidence is generally admissible, "[r]elevant evidence 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. …'" *Id*. (quoting Fed. R. Evid. 403).

## III.    ARGUMENT

**A.  Evidence of conduct occurring after Plaintiff enrolled at RUSM is irrelevant and should be excluded.**

Plaintiff's sole remaining claim in this action is for fraudulent inducement. He alleges that he was induced to enroll at RUSM based upon a statement contained on RUSM's website. For purposes of this claim, the only relevant evidence would be at or before the time he enrolled at RUSM on May 12, 2014.

3

60482456;7

A claim for fraudulent inducement has the following elements: (i) that the defendant made a misrepresentation of material fact; (ii) that the defendant knew or should have known of the falsity of the statement; (iii) that the defendant intended for the misrepresentation to induce the plaintiff to rely on it and act on it; and (iv) that the plaintiff suffered injury in justifiable reliance on the representation. *Biscayne Inv. Grp., Ltd.,* 903 So. 2d at 255.

According to the Third Amended Complaint, which is the operative pleading in this action, "Plaintiff relied on RUSM's fraudulent ADA statement ***when he chose to enroll at RUSM for its medical degree program in Dominica***." Third Amended Complaint [ECF No. 47] at ¶ 110; *see also id.* at ¶ 39 ("When Plaintiff enrolled into RUSM, he fully relied and depended on RUSM's statement about ADA applicability and compliance that they advertised to prospective students. …"). Therefore, the conduct that could plausibly give rise to Plaintiff's claim must have occurred prior to the enrollment date.

The jury will hear evidence as to what policies RUSM had in place regarding the accommodation of disabilities at the time of Plaintiff's enrollment. To the extent that Plaintiff has admissible evidence that he wishes to introduce pertaining to RUSM's policies at that time of enrollment, he is also able to introduce such evidence before the jury. Plaintiff also had an opportunity to depose – and did depose – RUSM's former dean, associate dean, accommodations coordinator, and two counselors from the counseling center. To the extent that he obtained testimony that relates to the relevant time period, he can also introduce such evidence at trial.

Conduct occurring after the enrollment date, however, is irrelevant to the elements of a claim for fraudulent inducement. *See, e.g., Hollister Inc. v. Zassi Holdings, Inc.*, 752 F. App'x 888, 893 (11th Cir. 2018) ("[T]he crucial time for the measurement [of damages for a claim of fraud] is the time of the fraudulent representation."); *Totale, Inc. v. Smith*, 877 So. 2d 813, 815

(Fla. 4th DCA 2004) (same).  Therefore, the Court should grant the Motion pursuant to Federal Rule of Evidence 403 and exclude evidence occurring after May 12, 2014.

**B.     Prior lawsuits involving RUSM should be excluded.**

Plaintiff should be precluded from introducing evidence relating to prior lawsuits involving RUSM because such evidence is irrelevant, will give rise to "mini-trials" that will prolong trial and confuse the jury, is unduly prejudicial, and contains hearsay.  Here, Plaintiff alleges that the following statement on RUSM's website is materially false: "[i]t is the policy and practice of the University to comply with the Americans with Disabilities Act as applicable and practical in Dominica."  Plaintiff further alleges that RUSM has taken the position in prior lawsuits that the ADA does not apply in Dominica and, therefore, such a legal position somehow is probative as to whether the statement allegedly set forth on RUSM's website is materially false.

First and foremost, the Eleventh Circuit recently held in this action that the ADA does not apply extraterritorially and, therefore, does not apply to Plaintiff's claims in this action.  Therefore, RUSM's position in prior lawsuits is correct as a matter of law.  If evidence of RUSM's prior lawsuits to vindicate this legal position is admitted at trial, then the jury will need to hear about the various contours of the ADA and RUSM's efforts to obtain – and ultimately, to have been vindicated – as to its interpretation of a narrow provision of the ADA.  Whether the ADA applies as a legal matter, however, is irrelevant to Plaintiff's single remaining claim as to whether the statement on the website is materially false. Thus, prior litigation should be excluded.

In *Hydentra HLP Int'l Ltd. v. Luchian*, Case No. 1:15-cv-22134-UU, 2016 WL 5942525, at *2 (S.D. Fla. 2016), the Court excluded testimony and arguments concerning the number of plaintiff's previous lawsuits after defendant failed to show how the previous lawsuits were directly, substantially and materially relevant to defendant's affirmative defenses.  Similarly here, Plaintiff

5

cannot show how RUSM's prior lawsuits are relevant to Plaintiff's claims in this lawsuit. To the extent Plaintiff attempts to show that the statement on RUSM's website is materially false, he should not be able to rely on prior lawsuits involving RUSM to do so.

Second, evidence of prior lawsuits involving RUSM should be excluded under Federal Rule of Evidence 403. Rule 403 provides that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Here, the legal positions taken by RUSM in other lawsuits would mislead the jury and have the tendency to confuse issues that were raised in other lawsuits with issues raised in the instant lawsuit. *See, e.g., Swintelski v. Am. Med. Sys., Inc.*, Case No. 20-60410-CIV-AMC, 2021 WL 3668019, at *3 (S.D. Fla. Aug. 9, 2021) (precluding evidence or other argument regarding other unrelated pelvic mesh actions brought against defendant previously or against nonparty manufacturers under Rule 403); *Schumacher v. Prime Coast Constr. Mgmt. Assoc., Inc.*, Case No. 06-14240-CIV-KMM, 2010 WL 1155206, at * 3 (S.D. Fla. Jan. 27, 2010) (excluding evidence pertaining to state lawsuit as minimally relevant within the meaning of Federal Rule of Evidence 401 and finding that any probative value is far outweighed by the potential for prejudice); *French Cuff, Ltd. v. Markel Am. Ins. Co.*, Case No. 07-60006-CIV-JAL, 2010 WL 11504372, at *4 (S.D. Fla. Feb. 8, 2010) (precluding introduction of evidence or testimony regarding other lawsuit where prejudicial effect significantly outweighs the non-existent probative value of the evidence). As one court explained, allowing evidence of prior lawsuits can "lead to a series of mini-trial" and confuse and mislead a jury "from the task at hand of evaluating plaintiff's claims" – ultimately wasting "time and judicial resources." *Smith v. E-backgroundchecks.com, Inc.,* 1:13-CIV-02658-RGV, 2015 WL 11233453, at *2 (N.D. Ga. June 4, 2015).

Third, prior unrelated lawsuits are regularly excluded as prejudicial. *See French Cuff, Ltd.*, 2010 WL 11504372, at *4 (precluding introduction of evidence or testimony regarding other lawsuit where prejudicial effect significantly outweighs the non-existent probative value of the evidence); *Schumacher,* 2010 WL 11595206 , at * 3 (excluding evidence pertaining to state law suit as minimally relevant within the meaning of Fed. R. Evid. 401 and finding that any probative value is far outweighed by the potential for prejudice).

Fourth, evidence of prior lawsuits is also inadmissible hearsay under Federal Rules of Evidence 801 and 802. *Steed v. EverHome Mortg. Co.*, 308 F. App'x 364, 369 n.2 (11th Cir. 2009) (excluding a complaint filed in a prior lawsuit against defendant as hearsay); *Roberts v. Harnischfeger Corp.*, 901 F.2d 42, 44-45 (5th Cir. 1989) (affidavit summarizing copies of notices of pending litigation against the defendant properly excluded as hearsay); *A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, Case No. 17-24223-CIV-KMW, 2018 WL 5886663, at *8 (S.D. Fla. Nov. 9, 2018) (excluding evidence of other lawsuits); *Amegy Bank Nat'l Ass'n v. DB Private Wealth Mortg., Ltd.*, No. 2:12-cv-243-FtM-38CM, 2014 WL 791505, at *2 (M.D. Fla. Feb. 24, 2014) (excluding any "references to allegations, petitions, complaints or claims against [defendant] in other suits" as hearsay). Because evidence of other lawsuits involving RUSM also constitutes inadmissible hearsay, the Court should grant the Motion and exclude such evidence at trial.

**C.    Plaintiff should be precluded from introducing evidence related to RUSVM, a separate and distinct legal entity.**

Plaintiff has indicated an intent to introduce evidence related to RUSVM, a separate and distinct entity that operates a veterinary school in St. Kitts. Specifically, Plaintiff intends to introduce RUSVM's academic catalogs and student handbooks into evidence at trial even though Plaintiff did not apply to RUSVM or enroll there. Plaintiff applied to a medical school, RUSM, not a veterinary school. RUSVM is not a party to this lawsuit and has not involvement in the

claims and defenses in this action. The introduction of evidence relating to RUSVM would be confusing to a jury and prejudicial to RUSM.

In *McCune v. Graco Children's Products, Inc.*, Civil No. 16-CV-81232-MATTHEWMAN, 2011 WL 13217898, at *13 (E.D. Tex. Aug. 8, 2011), the court barred plaintiff from making any argument, suggestion, or mention of a parent corporation's involvement with the defendant's business activities, the parent corporation's control over the defendant, or the parent corporation's net worth. The court also noted that the plaintiff had not shown why the parent corporation's existences as the defendant's corporate parent was of consequential relevance in the case. *Id.* RUSVM is an even more remote entity since it is a subsidiary of the same parent as RUSM, and not the parent entity itself.

Evidence of RUSM's parent company's net worth has already been excluded from this case as "irrelevant to [this] litigation," and because the parent company is not named in Plaintiff's pleadings and is not a party to this case. [ECF No. 155] at 3-4 (then-Chief Judge Moore's order excluding said evidence from trial in the instant case, further explaining, "Plaintiff has not shown what [parent company's] existence as Defendant's corporate parent is of consequential relevance in this case."). Based on similar reasoning, the Court should exclude any evidence referring or relating to sister company RUSVM.

**D.    Plaintiff should be precluded from introducing any evidence relating to money damages other than rescissory damages.**

Because Plaintiff is seeking rescissory damages, he is precluded by law from seeking punitive, emotional distress and lost wages damages; therefore, he should be precluded from introducing evidence at trial that allegedly supports punitive, emotional distress and lost wages damages. *See Trilogy Props. v. SB Hotel Assocs., LLC*, Case No. 09-21406-CIV-AJ, 2011 WL 13115430, at *2 (S.D. Fla. May 17, 2011) ("a plaintiff cannot seek punitive damages in a claim

for rescission, since it, by definition, merely seeks to place the parties in the place they stood before they entered a contract."); *Kravitz v. Homeowners Warranty Corp.,* 542 F. Supp. 317, 319 (E.D. Penn. 1982) (under doctrine of fraud, where party seeks recission, court may award damages "so that the parties are restored to the *status quo ante* as if the fraudulent contract had never been made.").

As an initial matter, "fraudulent inducement is based in contract law and is the inducement to enter into a contract." *Fagan v. Cent. Bank of Cyprus*, Case No. 19-80239-CIV-RLR, 2021 WL 2845034, at *11 (S.D. Fla. June 28, 2021). In an action for fraudulent inducement, Florida law allows for the election of damages, and a party may either: 1) rescind a contract and seek damages to place them back in the position they would have been had the alleged misrepresentation not have occurred; or 2) affirm the contract and seek damages. *See Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So. 2d 306, 313 (Fla. 2000).

"Rescission is an equitable remedy, not a cause of action, whose object is 'to undo the original transaction and restore the former status of the parties.'" *Fagan*, 2021 WL 2845034, at *11. *See also Bloch v. DiLorenzo,* No. 08-80271-CIV, 2008 WL 783721, at *2 n. 5 (S.D. Fla. Mar. 20, 2008) ("The prime object of rescission and cancellation is to undo the original transaction and restore the former status … and an award of punitive damages would be unavailable."). In *TigerDirect, Inc. v. Manhattan Associates, Inc.*, the Court held that punitive damages are not available where the plaintiff is seeking rescission because "equity will not award punitive damages unless authorized by statute …" and "by bringing the action in equity the plaintiff waives the right to punitive damages. …" Case No. 05-22591-CIV-KMM, 2007 WL 9701962, at *3 (S.D. Fla. Jan. 5, 2007) (internal citations and quotations omitted).

Here, Plaintiff seeks to rescind his contract with RUSM and has provided RUSM with a calculation of damages to support this position. *See* Exh. A, Plaintiff's Corrected Computation of

9

Damages. Plaintiff is electing to seek damages placing him back in the position that he would have been had the alleged misrepresentation not have occurred; thus, his damages are limited to the cost of attendance. Consequently, he should be precluded from introducing evidence relating to his purported claims for punitive damages, as those damages are unrecoverable. Any evidence pertaining to that category of damages is irrelevant and immaterial and should be excluded.

Applying the same legal analysis which precludes punitive damages, because Plaintiff seeks to rescind his contract, emotional distress and lost wages damages, which are special or consequential damages, are similarly unavailable. *See* 12A C.J.S. Cancellation of Inst. § 174 ("Consequential damages awarded upon rescission may not include damages for pain and suffering."); *Fagan*, 2021 WL 2845034, at *11. In *Kargar v. Sorentino*, a Texas court of appeals held that the remedy of rescission precludes an award of actual damages, including specifically lost wages. 788 S.W.2d 189, 191 (Tex. Ct. App. 1990) ("Appellant claims the remedies of rescission and actual damages are mutually exclusive. … We agree."). *See also Solin v. Guardian Ins. & Annuity Co., Inc.*, Case No. 08 CIV.2837(KTD), 2011 WL 2161868, at *2 (S.D.N.Y. May 25, 2011) (plaintiff's demand for lost earnings "contradicts the legal principle behind rescission to place the parties in the same positions that they occupied prior to the cancelled transaction").

To the extent that Plaintiff is continuing to seek lost future earnings, and pursuant to a prior order in the instant case, which directed RUSM to "renew its argument to exclude Plaintiff's damages calculation at trial" in part because the Court was "concerned that Plaintiff's rationale for his requested lost earning capacity damages is unduly speculative," RUSM renews its motion to exclude. *See* [ECF No. 155] at 6 (addressing RUSM's *Daubert* motion). In that same order, the Court ruled that "Plaintiff may not testify to any medical opinions failing within the scope of Federal Rule of Evidence 702, any technical matters beyond his knowledge, or to any out–of–court

statements of medical professionals constituting inadmissible hearsay." *Id.* at 5. The Court further ruled that, "[t]o the extent that Plaintiff seeks to testify to vocational rehabilitation beyond his own personal experience of applying for jobs and being rejected, or to labor and employment statistics outside of his own personal experience, this testimony is impermissible." *Id.* at 5-6. Plaintiff has made clear that he intends to rely upon precisely the type of evidence that the Court has previously ruled is impermissible. In his Third Amended Calculation of Damages, Plaintiff relies entirely on information obtained from the U.S. Department of Labor, Bureau of Labor Statistics to arrive at lost earning capacity damages. *See* Third Amended Calculation of Damages, a copy of which is attached hereto as **Exhibit B**. Plaintiff states in his "Corrected Computation of Damages" that the lost earning capacity damages "are to remain intact and unaffected by the supplemental submission of this corrected computation of damages." Exh. A at 1.

RUSM hereby renews its argument that Plaintiff is not qualified to opine on lost earning capacity. *See* [ECF No. 117] at 8-9 (explaining that Plaintiff's lost earning calculation was unreliable where it was based on his conclusion that he would have had an average earning of a U.S. physician or surgeon for 41 years, yet Plaintiff's calculation failed to consider that he had: (1) been unable to gain admission to a U.S. medical school; (2) had a low GPA at RUSM; (3) failed his fifth semester at RUSM; (4) been unable to pass a necessary universal medical exam (the NBME CBSE") in five attempts; and (5) scored poorly on the USMLE Step 1 exam). This speculative and unreliable testimony should be excluded.

## **CONCLUSION**

WHEREFORE, defendant Ross University School of Medicine, School of Veterinary Medicine Limited respectfully requests that the Court enter an Order (i) granting its motion in limine, (ii) excluding Plaintiff from presenting any evidence relating to: (a) conduct occurring after

May 12, 2014, which is the date Plaintiff enrolled at RUSM; (b) prior lawsuits involving RUSM; (c) RUSVM, a separate and distinct legal entity that operates a veterinary school in St. Kitts; and (d) Plaintiff's purported entitlement to money damages other than rescissory damages; and (iii) granting RUSM such other and further relief as the Court deems just and proper.

Dated: January 14, 2022

Respectfully submitted,

**AKERMAN LLP**

*s/Ryan Roman*
MICHAEL C. MARSH
Florida Bar Number: 0072796
Email: michael.marsh@akerman.com
RYAN ROMAN
Florida Bar Number: 0025509
Email: ryan.roman@akerman.com
SOWMYA BHARATHI
Florida Bar Number: 0081676
Email: sowmya.bharathi@akerman.com
201 E. Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224

- and –

OCTAVIA M. GREEN
Florida Bar Number: 119179
Email: octavia.green@akerman.com
999 Peachtree Street, Suite 1700
Atlanta, Georgia 30309
Telephone: (404) 733-9800
Facsimile: (404) 733-9898

*Attorneys for Defendant Ross University School of Medicine, School of Veterinary Medicine Limited*

**CERTIFICATE OF CONFERRAL**

The undersigned attorney certifies that prior to filing this Motion he conferred with plaintiff Oluwamuyiwa Awodiya pursuant to Local Rule 7.1(a)(3) and the parties were unable to resolve the issues identified herein.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 14, 2022, a true and correct copy of the foregoing document was served via CM/ECF on:

Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721
Telephone: (240) 602-1836
E-mail: drmuyiwa.a@gmail.com

                                        *s/Ryan Roman*
                                        Ryan Roman