## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.  0:18-cv-60482-RKA

OLUWAMUYIWA AWODIYA,

      Plaintiff,

v.

ROSS UNIVERSITY SCHOOL OF
MEDICINE, SCHOOL OF VETERINARY
MEDICINE LIMITED,

      Defendant.

_____/

## DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL

Defendant Ross University School of Medicine, School of Veterinary Medicine Limited ("RUSM"), by counsel, files this motion to strike Plaintiff's demand for jury trial.  *See* Third Amended Compl. [ECF No. 47] at 25.  Following the Eleventh Circuit's decision on May 24, 2021, regarding summary judgment, the only count that remains to be tried is a fraudulent inducement claim.  *See* 11th Cir. Mandate & Opinion [ECF No. 221].  Because Plaintiff is seeking rescission, which is an equitable remedy, and no other non-rescissory damages are available to Plaintiff for the reasons set forth in RUSM's Second Motion in Limine [ECF No. 243], no right to jury trial exists.  Thus, the Court should grant RUSM's motion to strike Plaintiff's demand for jury trial.

## I.     RELEVANT PROCEDURAL HISTORY & FACTS

On July 17, 2018, Plaintiff filed his Third Amended Complaint alleging causes of action tied to the American with Disabilities Act and the Rehabilitation Act.  [ECF No. 47].  After summary judgment was decided by this Court, and the Eleventh Circuit reviewed that decision, the only remaining claim to be tried is Plaintiff's claim that he was fraudulent induced to enroll at

RUSM.  [ECF No. 221].  Specifically, Plaintiff alleges that, at the time he enrolled at RUSM, RUSM's website contained a statement that "[i]t is the policy and practice of the University to comply with the Americans with Disabilities Act as applicable and practical in Dominica."  *See* Third Amended Complaint [ECF No. 47] at ¶¶ 106, 110.

Plaintiff has stated that he intends to seek rescissory damages, as well as seeking prior lost wages, emotional distress and punitive damages.  *See* Plaintiff's Corrected Computation of Damages, a copy of which is attached hereto as **Exhibit A**.  During the meet and confer process for this Motion and RUSM's Second Motion *in Limine*, Plaintiff further stated that he will seek, in the alternative, lost future earning capacity damages.  RUSM has filed separately a motion in limine setting forth why emotional distress, punitive, and past and future lost wage damages are not available to Plaintiff.  [ECF No. 243] at 8-11.  With respect to lost future earnings, the Court has previously expressed "concern[] that Plaintiff's rationale for his requested lost earning capacity damages is unduly speculative" and further has held that "[t]o the extent that Plaintiff seeks to testify to vocational rehabilitation beyond his own personal experience of applying for jobs and being rejected, or to labor and employment statistics outside of his own personal experience, this testimony is impermissible."  [ECF No. 155] at 5-6. Plaintiff is left with rescissory damages in this action and rescissory damages are an equitable remedy for which no right to a jury trial exists.  Therefore, the Court should strike Plaintiff's jury demand and proceed by way of a bench trial in this action.

## II.   ARGUMENT

A fraud claim seeking rescission should not be submitted to a jury because it is an equitable remedy; therefore, there is no Seventh Amendment right to a jury trial. *See Reassure Am. Life Ins. Co. v. Shomers*, No. 08-22664-CIV, 2010 WL 11506256, at *1 (S.D. Fla. Nov. 9, 2010) (citing

*Phillips v. Kaplus*, 764 F.2d 807, 813-14 (11th Cir. 1985) ("federal law is clear that an action for rescission is equitable, triable by the court without a jury.")).  As explained by one court:

> "[T]he right to a jury trial in the federal court is to be determined as a matter of federal law." *Phillips v. Kaplus,* 764 F.2d 807, 812 (11th Cir. 1985). The Seventh Amendment "extends the right to a jury trial to all [suits] where legal rights are involved, whether at common law or arising under federal legislation." *Waldrop v. Southern Co. Services, Inc.,* 24 F.3d 152, 156 (11th Cir. 1994). "In contrast, the right to a jury trial does not extend to cases in which only equitable rights are at stake." *Id.*

*Reassure Am. Life Ins. Co.*, 2010 WL 11506256, at *1.  The Supreme Court directs courts to engage in the following analysis to determine whether a jury trial under the Seventh Amendment is available:

> First, the nature of the statutory action is compared to 18th-century actions brought in the English courts prior to the merger of the courts of law and equity. Second, the remedy sought is examined to determine whether it is legal or equitable in nature. The Supreme Court has repeatedly stressed that the second inquiry is the 'more important' of the two."

*Id.* (cleaned up).

In the instant case, Plaintiff's request for money damages is equitable where the damages are rescissory or restitutionary in nature.  While actions for money damages were "the traditional form of relief offered in the courts of law," the Supreme Court has "characterized damages as equitable where they are restitutionary."  *Id.* (citing *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 570 (1990)).  In *Phillips v. Kaplus,* 764 F.2d 807, 812-13 (11th Cir. 1985), the Eleventh Circuit held that a suit for the rescission of a contract was in equity such that no jury trial was mandated.  *See also Fed. Trade Comm'n v. On Point Glob. LLC*, No. 19-25046-CIV, 2020 WL 4505811, at *2 (S.D. Fla. Aug. 4, 2020) (Scola, J., striking jury demand because rescission of contracts, which seeks to restore parties to a transaction to the status quo ex ante, is an equitable remedy) (relying on *Ross v. Bank South, N.A.*, 885 F.2d 723, 742 (11th Cir. 1989)).  In *Reassure Am. Life Ins. Co.,* the plaintiff alleged rescission for fraud or duress related to a written beneficiary form.  2010 WL 11506256, at *1.  The district court determined that because the money

sought was restitutionary, the damages were equitable; therefore, there was no Seventh Amendment right to jury trial. *Id.*

Here, Plaintiff is electing rescissory damages; therefore, the determination is left to the discretion of this Court. *See, e.g., Sprint Nextel Corp. v. AU Elecs., Inc.,* No. 12 C 9095, 2014 WL 258808, at *7 (N.D. Ill. Jan. 23, 2014) ("Rescission is an equitable remedy, and its application is largely left to the discretion of the trial judge."). Thus, there is no Seventh Amendment right to a jury trial.

**WHEREFORE**, defendant Ross University School of Medicine, School of Veterinary Medicine Limited respectfully requests that the Court enter an Order striking Plaintiff's jury demand and granting RUSM such other and further relief as the Court deems just and proper.

Dated: January 14, 2022

Respectfully submitted,

**AKERMAN LLP**

*s/Ryan Roman*
MICHAEL C. MARSH
Florida Bar Number:  0072796
Email:  michael.marsh@akerman.com
RYAN ROMAN
Florida Bar Number:  0025509
Email:  ryan.roman@akerman.com
SOWMYA BHARATHI
Florida Bar Number:  0081676
Email: sowmya.bharathi@akerman.com
201 E. Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile:  (954) 463-2224

- and –

OCTAVIA M. GREEN
Florida Bar Number: 119179
Email: octavia.green@akerman.com
999 Peachtree Street, Suite 1700
Atlanta, Georgia 30309
Telephone: (404) 733-9800
Facsimile:  (404) 733-9898

*Attorneys for Defendant Ross University School of Medicine, School of Veterinary Medicine Limited*

## CERTIFICATE OF CONFERRAL

The undersigned attorney certifies that prior to filing this Motion he conferred with plaintiff Oluwamuyiwa Awodiya pursuant to Local Rule 7.1(a)(3) and the parties were unable to resolve the issues identified herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 14, 2022, a true and correct copy of the foregoing document was served via CM/ECF on:

Oluwamuyiwa Awodiya
15005 Dahlia Drive
Bowie, Maryland 20721
Telephone: (240) 602-1836
E-mail: drmuyiwa.a@gmail.com

*s/Ryan Roman*
Ryan Roman

61644000;3